TIMOTHY S. LAFFREDI (SBN WI 1055133)
Assistant United States Trustee
CAMERON GULDEN (SBN MN 310931)
Trial Attorney
TERRI H. DIDION (SBN CA 133491)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
450 Golden Gate Ave., Ste #05-0153
San Francisco, CA 94102
Telephone: (415) 252-2065
Facsimile: (415) 705-3379
Email: cameron.m.gulden@usdoj.gov

Attorney for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC., a California Corporation; PROFESSIONAL INVESTORS SECURITY FUND, INC., a California Corporation<br><br>      Debtors. | Case No. 20-30604<br>(Jointly Administered with Case No. 20-30579)<br><br>Chapter 11<br><br>Date: October 1, 2020<br>Time: 11:00 a.m.<br>Place: Telephone or Video Conference Only<br>Judge: Hon. Hannah L. Blumenstiel |

**UNITED STATES TRUSTEE'S OBJECTION TO THE RETENTION OF RAGGHIANTI FREITAS LLP, AND STATEMENT AND RESERVATION OF RIGHTS**

Tracy Hope Davis, United States Trustee for Region 17 (the "United States Trustee"), by and through her undersigned counsel, hereby files this objection to the retention of Ragghianti Freitas LLP, and statement and reservation of rights to the applications of Professional Financial Investors, Inc. and Professional Investors Security Fund, Inc. ("Debtors") for Orders Authorizing Employment of various professionals (the "Applications"). In support of this Objection, Statement and Reservation of Rights, the United States Trustee states as follows:

1

## I. INTRODUCTION

Mr. Ken Casey, the recently deceased CEO of the Debtors, operated a Ponzi scheme that defrauded over 500 investors who "loaned funds to [his] Companies, with a significant portion of those funds being used to service the debt owed to existing investors and to personally enrich Mr. Casey himself."[1] ECF No. 5 at 4. And, according to the Debtors, "[t]he scale of the potential misappropriation appears to be in the hundreds of millions of dollars, the number of direct victims approximately 1,000, and the number of additionally affected investors who have had their investments co-mingled with potential ill-gotten gains approximately 500." *Id*.

Based on the foregoing, the United States Trustee filed a motion for the appointment of a trustee or an examiner under 11 U.S.C. § 1104 so that a neutral, independent third party could investigate the admitted fraud, misconduct, and gross mismanagement of the Debtors' affairs. ECF No. 71. Although the Debtors appointed Mr. Michael Hogan as Chief Restructuring Officer shortly before filing chapter 11 (and are seeking approval of Mr. Hogan's employment by this Court), Mr. Hogan was retained by the Debtors at a time when only Mr. Casey's ex-wife, Ms. Charlene Albanese, was in control of the Debtors.[2]

The United States Trustee and Debtor's General and Special Counsel have been working towards mutually agreed resolution raised informally by the United States Trustee. With the exception of issues pertaining to the retention application of Ragghianti Freitas LLP (ECF No. 79) as special counsel, all other matters have been addressed unless a specific objection has been filed by the United States Trustee.

---

[1] The United States Trustee also requests that the Court take judicial notice of the pleadings and documents filed in these cases pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201, and reserves all rights, including the right to seek discovery in connection with the Motion.

[2] Upon Mr. Casey's death on May 6, 2020, Ms. Albanese, became the 100% shareholder of the Debtors and a lifetime income beneficiary through two trusts that Mr. Casey established for Ms. Albanese's benefit. ECF No. 5. Ms. Albanese was also the sole director of the Debtor PFI until her resignation. *See Action by Written Consent of the Sole Director of Professional Financial Investors, Inc* ECF Nos. 1, 5 Case No. 20-30604 (Bankr. N.D. Cal.).

**II.  The Scope of the Ragghianti Freitas LLP Application is Inconsistent with 11 U.S.C. §327(e).**

The issues remaining with the application of Ragghianti Freitas LLP include:

1. Services include duplication of those to be performed by Sheppard Mullin Richter & Hampton LLP ("Sheppard Mullin") as general counsel and other professionals. ECF No. 79, p. 4,5.  The services that appear to be beyond the scope of 327(e) as follows:
   a. Continue investigation, forensic accounting, and recovery of Debtor's assets.
   b. Advise / Assist with legitimate business operation and corporate governance matters.
   c. Locate and recover assets of Debtors.
   d. Advise / Assist with sale of assets.
   e. Advise / Assist PFI as managing member of 30 affiliated LLCs and as general partner of 10 affiliated LPs.
   f. Respond to creditor / investors.

2. No engagement letter is attached to the application.

3. The partner who will perform the majority of the work serves on the North Bay Advisory Board of Presido Bank who merged with Heritage Bank of Commerce in 2019.  Heritage has a secured claim of $3.468 million.  In light of the broad scope of services to be performed by Ragghianti Freitas LLP , the partners relation with Heritage Bank appears to be a disqualifying conflict.  *Id.* at p. 11.

Section 327(e) establishes a three-prong test for employment: 1) the proposed employment may only be authorized for a specified special purpose; 2) the proposed representation must be in the best interest of the estate; and 3) there must be no conflict with the debtor or the estate arising from the matter(s) for which the trustee seeks to engage special counsel.  *In re Running Horse, LLC*, 371 B.R. 446, 451 (Bankr. E.D. Cal. 2007).  Attorneys retained under section 327(e) are not subject to the disinterestedness requirement of 11 U.S.C. § 327(a).  Rather, proposed attorneys under section 327(e) "are disqualified only if [they have an] 'adverse interest … with respect to the matter on which such attorney is to be employed.'"

*See In re Polaroid Corp.*, 424 B.R. 446, 452 (Bankr. D. Minn. 2010) (emphasis in original). Attorneys retained under section 327(e) may represent a trustee only for a "specified special purpose." They may not represent a trustee in "conducting the case." See 11 U.S.C. § 327(e). "Conducting the case" includes matters which are related to the reorganization of the estate.³ This limitation makes sense. Attorneys retained under section 327(e) are not subject to the disinterestedness requirement of section 327(a). Rather, proposed attorneys under section 327(e) "are disqualified only if [they have an] '*adverse interest ... with respect to the matter on which such attorney is to be employed.*'" *See In re Polaroid Corp.*, 424 B.R. 446, 452 (Bankr. D. Minn. 2010) (emphasis in original).

The Debtors have already retained Sheppard Mullin as their general counsel in virtually all aspects of the case. The scope of the services to be performed by Ragghianti Freitas LLP is admittedly duplicative of Sheppard Mullin. ECF No. 79, p. 15. If Sheppard Mullin seeks to retain Ragghianti Freitas LLP as co-general bankruptcy counsel, then Ragghianti Freitas LLP must be disinterested and meet all of the other requirement of 11 U.S.C. § 329(a). As set forth above, Ragghianti Freitas LLP is neither disinterested nor able to meet the requirements of section 327(a). For these reasons, the Application should be denied.

**III. RESERVATION OF RIGHTS**

The United States Trustee specifically reserves all her rights to objection to any, including but not limited to any subsequent applications or amendments which might be filed by the Debtors, the committees or other interested parties.

/ / / /

/ / / /

---

³ For example, assisting in the formulation of a plan, assisting in the carrying out of any investigations by a trustee, examining the validity of liens and claims, and collecting assets when legal action is required are the types of matters included in "conducting the case." *In re Hart Oil & Gas, Inc.*, 2013 LEXIS 3128 at *7 (Bankr. D.N.M. Aug. 2, 2013) *citing* 3 Colliers on Bankruptcy (16th ed.), ¶327.04[9][c]. *See also In re Running Horse, LLC*, 371 B.R. at 452-453; *In re Helicraft Holdings, LLC*, 2017 LEXIS 3629 at *5-7 (Bankr. D. Mont. Oct. 18, 2017).

## IV. CONCLUSION

WHEREFORE, the United States Trustee requests the Court deny the Application of Ragghianti Freitas LLP , and for other relief as the Court deems appropriate.

Dated: September 21, 2020

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

/s/ *Terri H. Didion*

Terri H. Didion
Attorney for the United States Trustee