SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
J. BARRETT MARUM, Cal. Bar No. 228628
MATT KLINGER, Cal. Bar No. 307362
GIANNA SEGRETTI, Cal. Bar No. 323645
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:        okatz@sheppardmullin.com
              bmarum@sheppardmullin.com
              mklinger@sheppardmullin.com
              gsegretti@sheppardmullin.com

Proposed Counsel for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC., a California corporation; PROFESSIONAL INVESTORS SECURITY FUND, INC., a California corporation,<br><br>Debtors. | Case No. 20-30604<br>(Jointly Administered with Case No. 20-30579)<br><br>Chapter 11<br><br>**DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISORS TO THE DEBTORS EFFECTIVE AS OF SEPTEMBER 3, 2020**<br><br>[No Hearing Required Unless Requested] |

Professional Financial Investors, Inc. ("PFI") and Professional Investors Security Fund, Inc. ("PISF" and, together with PFI, the "Debtors"), the debtors in the respective above-captioned bankruptcy cases, hereby apply (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the employment and retention of FTI Consulting, Inc., together with its wholly owned subsidiaries, agents and independent contractors (collectively "FTI"), as financial advisors for the Debtors effective as of September 3, 2020. As set forth in this Application, the Debtors expect FTI to conduct a forensic investigation into the fraud committed by the Debtors' prior management. The Debtors may also retain FTI for other services. Before retaining FTI, the Debtors and key creditor constituencies each canvassed and/or interviewed several potential financial advisor firms and mutually agreed that FTI was the best candidate to conduct the investigation needed in these bankruptcy cases.

This Application is based on the concurrently filed Declaration of David Alfaro (the "FTI Declaration"), other relevant papers of record, and upon such further oral and documentary evidence as may be presented in connection with this Application.

In support of this Application, the Debtors respectfully represent as follows:

## BACKGROUND

On July 16, 2020, Jacques Achsen, Samuel Goldberger, Elizabeth Goldblatt, Arthur Indenbaum, Andrew Michaels, Mary Michaels, and Joel Rubenzahl (the "Petitioning Creditors"), each of which assert that they are creditors of PISF, commenced an involuntary chapter 11 bankruptcy action against PISF, Case No. 20-30579 (the "PISF Case"). On July 26, 2020, PISF filed a consent to the entry of an order for relief in the PISF Case, which this Court entered on July 27, 2020.

On July 26, 2020 (the "Petition Date"), PFI also commenced its bankruptcy case, Case No. 20-30604, by filing a voluntary chapter 11 petition (the "PFI Case" and together with the PISF case, the "Bankruptcy Cases") and sought joint administration with the PISF Case, which this Court granted on July 27, 2020. The Debtors continue to operate their respective businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the

SMRH:4841-4245-7802.5 -1- FINANCIAL ADVISOR EMPLOYMENT APPLICATION
Case: 20-30604 Doc# 166 Filed: 09/30/20 Entered: 09/30/20 19:17:36 Page 2 of 16

Bankruptcy Code. The Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in each of the Bankruptcy Cases on August 19, 2020.

The *Declaration of Michael Hogan in Support of the Bankruptcy Filing and Early Case Administration Motions* filed on July 26, 2017 as Docket No. 5 (the "<u>First Day Hogan Declaration</u>") contains a detailed discussion of the Debtors' background, capital structure, and the events leading to their chapter 11 cases. The discussion contained in the First Day Hogan Declaration is incorporated in this motion as though fully set forth here.

## **RETENTION OF FTI**

The Debtors retained FTI on September 3, 2020. Before doing so, the Debtors obtained written information from five potential financial advisory firms and interviewed three of those firms. Separately, key creditor constituencies interviewed six potential financial advisory firms. Ultimately, both the Debtors and the key creditor constituencies mutually agreed that FTI was best-qualified to perform the forensic investigation that is necessary to the successful administration of the Bankruptcy Cases.

The Debtors' prior management engaged in fraudulent activity over a period of multiple decades. Fully unraveling that fraud is critical to addressing the claims against the Debtors and reorganizing their affairs. The Debtors need an experienced financial advisor, one that is accepted by key creditor parties, to perform a forensic analysis of their historic operations and distributions in order to fully untangle the fraud, and has the ability to support the Debtors and its board for other requested services. The Debtors believe FTI is qualified to perform such an analysis. FTI's retention by the Debtors is supported by the Official Committee of Unsecured Creditors and by the Ad Hoc Committee of LLC Members and Ad Hoc Committee of Deed of Trust Holders that have formed in the Bankruptcy Cases (collectively, the "Committees"). The Debtors believe FTI is well qualified and able to work with the Debtors and the Committees in a cost-effective, efficient, and timely manner.

# RELIEF REQUESTED AND SCOPE OF SERVICES

As permitted by Bankruptcy Code section 327(a) and Federal Rule of Bankruptcy Procedure 2014(a), the Debtors wish to employ FTI as their financial advisor in connection with the Bankruptcy Cases, effective as of September 3, 2020. Accordingly, the Debtors respectfully request the entry of an order, substantially in the form attached to this Application as Exhibit "A", pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) authorizing their employment and retention of FTI as their financial advisor to perform the services set forth in this Application, effective as of September 3, 2020.

Specifically, it is anticipated that, if its employment is approved, FTI will provide the following services as the Debtors' financial advisor (the "Services"):

A. Identify, inventory, and preserve all relevant information to support a forensic analysis of, but not limited to, the Debtors' current and historical financial reporting, property purchases and refinancing, investor entitlements, and cashflow (the "Targeted Analyses"), which work shall include:

   i. Validating and augmenting existing inventories as necessary.
   ii. Scanning and OCRing relevant paper documents as necessary.
   iii. Implementing a document review platform with professional reviewers as necessary.

B. Synthesize and validate the information collected for the purpose of supporting Targeted Analyses, which includes assessing and responding to allegations of fraud and/or other illegal activities, including, but not limited, tracing the depth and breadth of such activity (e.g., how far back such activity occurred and how widespread such activity was), which work shall include:

   i. Identifying net new cash in, net cash movement, and net cash out.
   ii. Identifying legitimate ownership rights.
   iii. Identifying legitimate deeds of trusts.

C. Assess and respond to inquiries of government agencies, downstream litigation, and current/future investigations into the fraud and/or other illegal activities of the Debtors' prior management.

D. Electronic discovery services as requested by the Debtors.

E. Any other services requested by the Debtors or their board of directors.

## NO DUPLICATION OF SERVICES

The Services provided by FTI will complement and not duplicate the services rendered by any other professional retained in the Bankruptcy Cases. Armanino LLP ("Armanino"), which employs the Debtors' proposed Chief Restructuring Officer ("CRO"), has already initiated a forensic investigation into the fraudulent acts of the Debtors' prior management. Armanino has transitioned the work it performed in this regard to FTI, which will review that work, takeover, and complete the investigation.

As set forth in the FTI Declaration, FTI understands that the Debtors have retained and may retain additional professionals during the term of FTI's engagement and agrees to work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors. FTI is providing distinct and specific forensic analysis and consulting services as set forth in this Application, and such Services are not expected to duplicate those to be provided by any other consultants, legal advisors, or investment bankers.

## QUALIFICATIONS OF FTI

In light of the size and complexity of the Bankruptcy Cases, the Debtors require a qualified and experienced financial advisor, with the resources, capabilities and experience of FTI. As described in the FTI Declaration, FTI has a wealth of experience in providing financial advisory services in complex restructurings and reorganizations, including those involving prepetition fraud. FTI enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States. FTI has expertise in all the aspects of a forensic fraud investigation that are critical to unraveling the illegal acts of the Debtors' prior management, including performing a corporate bank account review, assessing the validity of purported security interests, and conducting a property cash flow analysis, investor netting analysis, and commingling analysis.

The Debtors are familiar with the professional standing and reputation of FTI. The Debtors understand that FTI has a wealth of experience in providing financial advisory

services in restructurings and reorganizations, including the forensic analysis of prepetition fraud and other illegal activity, and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

## FTI'S DISINTERESTEDNESS

FTI has informed the Debtors that, to the best of FTI's knowledge, information, and belief, other than as set forth in the Alfaro Declaration, FTI: (a) has no connection with the Debtors, their creditors, their equity security holders or other parties in interest or their respective attorneys or accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee in any matter related to the Debtors and their estates and (b) does not hold or represent any interest adverse to the estate, and therefore believes it is eligible to represent the Debtor under Bankruptcy Code section 1103(b).

In connection with the preparation of this Application, FTI requested and obtained from the Debtors' proposed counsel, a list of interested parties and significant creditors in these Chapter 11 Cases (collectively, the "Potential Parties in Interest"). A list of the Potential Parties in Interest is reflected on Schedule A attached to the Declaration.

FTI then compared the names of each of the Potential Parties in Interest to the names contained in a database of current and former clients and other relationships (the "Client Database"). The Client Database generally includes: (i) the name of each client of FTI; (ii) the name of each party who is or was known to be adverse to such client of FTI in connection with the matter in which FTI is or was engaged for such client; (iii) the name of each party that has, or had, a substantial role with regard to the subject matter of FTI's retention; and (iv) the names of FTI professionals who are, or were, primarily responsible for matters for such clients.

An email was issued to all managing directors and senior managing directors of FTI, requesting disclosure of information regarding: (i) any known personal or professional connections between the respondent and/or FTI on the one hand, and the

Debtors and/or its affiliates, on the other hand;[1] (ii) any known representations by the respondent and/or FTI of any of the Debtors and/or its affiliates in any matter; and (iii) any other conflict or reason why FTI may be unable to represent the Debtor in the Chapter 11 Cases.

A listing of any relationships between FTI and the Debtors or the Potential Parties in Interest is annexed to the Declaration. FTI will supplement the Declaration and its schedules as FTI continues to review Potential Parties in Interest and as additional facts bearing on these Chapter 11 Cases are known. By way of further disclosure:

    (a)    From time to time, FTI, which is providing the services in these Chapter 11 Cases, has provided services, and likely will continue to provide services to certain attorneys, professionals, creditors (including lenders) and/or security holders of the Debtors and various other parties, come of whom may be providing services to, or may be adverse to, or may be otherwise connected to, the Debtors, in each case in matters unrelated to these Chapter ii Cases.

    (b)    FTI is engaged in providing various consulting services through five business segments: Corporate Finance & Restructuring, Economic Consulting, Forensic & Litigation Consulting, Strategic Communications and Technology services globally to a wide range of institutions and individuals and may in the past have had, and may currently or in the future have, financial advisory or other investment banking or consulting relationships with parties that may have interests with respect to the Debtors.

---

[1] In reviewing its records and the relationships of its professional, FTI did not seek information as to whether any FTI professional or member of his/her immediate family: (a) indirectly owns, through a public mutual fund or through partnerships in which certain FTI professionals have invested but as to which such professionals have no control over or knowledge of investment decisions, securities of the Debtors or any other party in interest; or (b) has engaged in any ordinary course consumer transaction with the Debtors or any party in interest. If any such relationship does exist, it does not impact FTI's disinterestedness or otherwise give rise to a finding that FTI holds or represents an interest adverse to the Debtors' estates.

Each of the FTI's five business segments is separate and distinct from the other, with separate employees and management. Compass Lexecon is a wholly-owned subsidiary of FTI that provides economic consulting services, and operates separately from FTI, with separate management and employees. In most locations, FTI and Compass Lexecon work out of separate office locations.

(c) In the ordinary course of business, investment funds in which FTI's employees may have financial interests, but over whose investment decisions such employees have no input or control, may acquire, hold or sell, long or short positions, or trade or otherwise effect transactions, in debt, equity, and other securities and financial instruments (including bank loans and other obligations) of, or investments in, the Debtors or other parties that may have an interest in these Chapter 11 Cases or have other relationships with such parties. With respect to any such securities, financial instruments, and/or investments, all rights in respect of such securities, financial instruments, and investments, including any voting rights, will be exercised by the holder of the rights, in its sole discretion. Moreover, the FTI employees who are working on these Chapter 11 Cases are subject to compliance mechanisms and policies and procedures designed to prevent confidential, non-public information from being improperly shared.

(d) In the ordinary course of its business, FTI from time to time discusses issues concerning stressed and distressed companies with creditors and prospective creditors that are clients of the firm, or that otherwise contact FTI, or that are referred to the firm in light of FTI's reputation for covering such companies and/or relevant industry expertise. At the time of those contacts, it is not known whether any particular company will actually file for bankruptcy, or if any of these creditors and/or potential creditors will serve on any future creditors' committee, or even be a creditor of the relevant

estates in the event of a future bankruptcy. It is also FTI's customary practice to communicate with and, when appropriate or requested, send materials to one, or more, of the largest unsecured creditors identified by a debtor and who are, therefore, potential members of a creditors' committee, if we either know, work with, are contacted by, or are otherwise referred to the relevant creditor. In some circumstances, FTI may contact potential committee members with whom we are not previously familiar.

(e) FTI personnel may have business associations with certain creditors of the Debtors or counsel or other professionals involved in these Chapter 11 Cases on matters unrelated to these Chapter 11 Cases. In addition, in the ordinary course of its business, FTI may engage counsel or other professionals in unrelated matters who now represent, or in the future may represent, creditors or other parties in interest in these Chapter 11 Cases.

Given the large number of parties in interest in these Chapter 11 Cases, despite the efforts described above to identify and disclose FTI's relationships with parties in interest in these Chapter 11 Cases, FTI is unable to state with complete certainty that every client relationship or other connection has been disclosed. In particular, among other things, FTI may have relationships with persons who are beneficial owners of parties in interest and persons whose beneficial owners include parties in interest or persons who otherwise have relationships with parties in interest.

As these Chapter 11 Cases progress, new parties may become parties in interest and similarly, FTI may have been engaged, may currently be engaged and may in the future be engaged by such new parties in interest in matters unrelated to these Chapter 11 Cases. Also, FTI may have engaged or had mutual clients with, may have a current engagement or have mutual clients with and may in the future engage or have mutual clients with certain law firms, financial advisors, accounting firms, or other professionals that are Potential Parties in Interest or may become parties in interest, all in matters unrelated to these cases. In addition, FTI may have also been engaged by, be currently engaged by, or

in the future be engaged by persons who are creditors or shareholders of the Debtors, otherwise have a business relationship with the Debtors, or who are competitors of, or customers of, the Debtors. Potential Parties in Interest, persons that may become parties in interest in these Chapter 11 Cases, and persons that have business relationships with the Debtors, that are competitors of the Debtors, or that are customers of the Debtors, may be: (a) parties in interest in other bankruptcy cases where FTI is engaged or (b) may be affiliates of, or creditors of, persons who may have engaged, have currently engaged, or may in the future engage FTI. In the ordinary course of its business, FTI may also purchase services or products from Potential Parties in Interest and other persons that are or may become parties in interest in these Chapter 11 Cases.

Moreover, FTI's employees may have relationships with persons that may become parties in interest in these Chapter 11 Cases, and/or persons that have business relationships with the Debtors, are competitors of the Debtors or that are customers of the Debtors.

Further, some of FTI's employees may have, or may in the future have, personal involvement in funds, or other investment vehicles, over whose investment decisions such employees have no input or control. Such entities may have made, or may in the future make, investment in the claims or securities of the Debtors, or those of their creditors, or other parties in interest in these Chapter 11 Cases.

Based on the foregoing, the Debtors believe that FTI is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. FTI is not believed to be a "creditor" with respect to fees and expenses of any of the Debtors within the meaning of sections 101(10) of the Bankruptcy Code. FTI is not believed to hold or represent any interest adverse to the estate, and therefore is eligible to represent the Debtors under Bankruptcy Code section 1103(b). FTI has informed the Debtors that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. To the extent FTI discovers any new material relevant facts bearing on the matters described herein during the period of FTI's employment, FTI will amend and

supplement the information contained in the Declaration to disclose any additional facts and will promptly file a Bankruptcy Rule 2014(a) Supplemental Declaration.

### FTI'S COMPENSATION

In consideration of the Services to be provided by FTI, subject to this Court's approval, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and any applicable orders of the Court, the Debtors have agreed to the following fee structure (the "Fee Structure") to: (i) compensate FTI for the Services set forth in this Application on an hourly basis in accordance with FTI's ordinary and customary rates in effect on the date such Services are rendered and (ii) reimburse actual and necessary costs and expenses incurred by FTI in connection with all Services performed on behalf of the Debtors. The customary hourly rates, subject to periodic adjustments, charged by FTI professionals anticipated to be assigned to these Bankruptcy Cases are as follows:

**Corporate Finance Rates, if Requested**

| Billing Category | Hourly Billing Rate |
|---|---|
| Senior Managing Directors | $920 to $1,295 |
| Directors/Senior Directors/Managing Directors | $690 to $905 |
| Consultants/Senior Consultants | $370 to $660 |
| Administrative/Paraprofessionals | $150 to $280 |

**Forensic Investigation** – FTI will bill for all staff, except Paraprofessionals at $500 per hour. Paraprofessionals will be billed at $150 per hours.

**FTI eDiscovery** – FTI will bill for services per the attached rate sheet (see Exhibit B).

The hourly rates set forth above are FTI's applicable hourly rates for the work of its professionals and staff members for the engagement set forth in this Application. These hourly rates reflect FTI's normal and customary billing practices for engagements of this complexity and magnitude.

1    FTI revises its hourly rates periodically. To the extent this engagement requires
2 services of FTI's international divisions or personnel, their time will be multiplied by
3 FTI's standard hourly rates applicable for FTI's international divisions or personnel.
4 Additionally, FTI may use employees from its U.S. subsidiary affiliates, depending on the
5 Debtors' needs. To the extent FTI uses employees of its U.S. subsidiary affiliates during
6 this engagement, FTI will charge standard U.S. hourly rates for each such employee.

7    In addition, FTI will invoice the Debtors for its reasonable and direct out-of-pocket
8 expenses charged during these Bankruptcy Cases, which include, among other things,
9 telephone and other charges, mail and express mail charges, travel expenses, and expenses
10 for meals. Further, if FTI and/or any of its employees are required to testify or provide
11 evidence at or in connection with any judicial or administrative proceeding relating to the
12 engagement, the Debtors will compensate FTI at its regular hourly rates and reimburse FTI
13 for reasonable allocated and direct expenses (including counsel fees) with respect thereto.

14    The Debtors understand that FTI intends to apply to the Court for allowances of
15 compensation and reimbursement of expenses for financial advisory support services in
16 accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules,
17 corresponding local rules, orders of this Court and guidelines established by the United
18 States Trustee.

19    The Debtors believe that the Fee Structure is reasonable and comparable to those
20 generally charged by financial advisors and consultants of similar stature to FTI for
21 comparable engagements, both in and out of chapter 11. The Fee Structure summarized
22 above is consistent with FTI's normal and customary billing practices for comparably-
23 sized and complex chapter 11 cases and transactions, both in and out of court, involving
24 the services to be provided in connection with chapter 11 cases. Moreover, the Fee
25 Structure is consistent with and typical of arrangements entered into by FTI and other
26 financial advisory and consulting firms in connection with the rendering of comparable
27 services to clients such as the Debtors. FTI and the Debtors believe that the Fee Structure
28 is both reasonable and on market terms.

As set forth in the FTI Declaration, the Debtors are informed that FTI has not and will not share or agree to share any of compensation paid or to be paid by the Debtors, other than as permitted by section 504 of the Bankruptcy Code. No promises have been made by FTI as to compensation in connection with the Bankruptcy Cases. As of the filing date, FTI has not performed any services for the Debtors or owed any amounts.

## INDEMNIFICATION

In addition to the preceding, and as a material part of the consideration for the agreement of FTI to furnish services to the Debtors pursuant to the terms of this Application, the Debtors and FTI agree to the provisions indemnifying FTI as set forth below. FTI believes that the following indemnification terms are customary and reasonable for financial advisors in chapter 11 cases:

(a) Subject to the provisions of subparagraphs (b) and (c) below and approval of the Court, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement under this Application, but not for any claim arising from, related to, or in connection with FTI's post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

(b) The Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's gross negligence, willful misconduct or fraud unless the Court determines that indemnification would be permissible pursuant to *In re United Artists Theatre company, et al., 315 F.3d 217 (3d Cir. 2003),* or (ii) settled prior to a judicial determination as to FTI's gross negligence, willful misconduct or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Application; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under this Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request this Court enter an Order, substantially in the form attached to hereto as Exhibit "A", approving the retention of FTI as their financial advisor effective as of September 3, 2020, subject to the terms set forth in this Application, and for such other and further relief as may be just and proper.

Dated: September 30, 2020

PROFESSIONAL FINANCIAL INVESTORS, INC. AND
PROFESSIONAL INVESTORS SECURITY FUND, INC.

By  *Michael Hogan* (DocuSigned)
      MICHAEL HOGAN

Proposed Chief Restructuring Officer for Debtors

Dated: September 30, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s J. Barrett Marum*
ORI KATZ
J. BARRETT MARUM
MATT KLINGER
GIANNA SEGRETTI

Proposed Counsel for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC., a California corporation; PROFESSIONAL INVESTORS SECURITY FUND, INC., a California corporation,<br><br>Debtors. | Case No. 20-30604<br>(Jointly Administered with Case No. 20-30579)<br><br>Chapter 11<br><br>**[PROPOSED] ORDER APPROVING DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISORS TO THE DEBTORS EFFECTIVE AS OF SEPTEMBER 3, 2020**<br><br>[No Hearing Required Unless Requested] |

The *Debtors' Application for an Order Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisors to the Debtor* (the "Application"), filed by Professional Financial Investors, Inc. ("PFI") and Professional Investors Security Fund, Inc. ("PISF" and, together with PFI, the "Debtors"), in the above-captioned jointly-administered bankruptcy cases on September 30, 2020 as Docket No. __, came before the Court for consideration. Based upon the Court's review of the Application, the declaration and other pleadings filed in support of the Application, and all pleadings and evidence of record in this case.

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED. Capitalized terms not defined in this Order shall have the meanings given to them in the Application.

2. The Debtors are authorized to employ FTI Consulting, Inc. as their financial advisor, effective as of September 3, 2020, on the terms set forth in the Application.

***END OF ORDER***