SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
J. BARRETT MARUM, Cal. Bar No. 228628
MATT KLINGER, Cal. Bar No. 307362
GIANNA SEGRETTI, Cal. Bar No. 323645
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
Email: okatz@sheppardmullin.com
      bmarum@sheppardmullin.com
      mklinger@sheppardmullin.com
      gsegretti@sheppardmullin.com

Counsel for the Original Debtors and
Proposed Counsel for the LLC/LP Debtors[1]

Richard A. Lapping (SBN: 107496)
TRODELLA & LAPPING LLP
540 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 399-1015
Facsimile: (415) 651-9004
Email: Rich@TrodellaLapping.com

Conflicts Counsel for Original Debtors and
Proposed Conflicts Counsel for the LLC/LP
Debtors

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC.<br><br>        Debtor.<br>In re<br><br>PROFESSIONAL INVESTORS SECURITY FUND, INC.<br><br>        Debtor.[2]<br><br>PROFESSIONAL INVESTORS SECURITY FUND I, A CALIFORNIA LIMITED PARTNERSHIP<br><br>        Debtor. | Case No. 20-30604<br>(Jointly Administered with Case No. 20-30579)<br><br>(Joint Administration Requested with Case Nos. 20-30908, 20-30909, 20-30910, 20-30911, 20-30912, 20-30913, 20-30914, 20-30915, 20-30916, 20-30917, 20-30919, 20-30920, 20-30922, 20-30923, 20-30924, 20-30925, 20-30927, 20-30928, 20-30929, 20-30930, 20-30934, 20-30935, 20-30936, 20-30937, 20-30938, 20-30939, 20-30940, 20-30941, 20-30942)<br><br>Chapter 11<br><br>***EX PARTE* APPLICATION REQUESTING (I) JOINT ADMINISTRATION OF CASES AND (II) TEMPORARY SUSPENSION OF DEADLINE FOR FILING PROOF OF CLAIM**<br><br>[No Hearing Required] |

---

[1] Professional Financial Investors, Inc. ("PFI") and Professional Investors Security Fund, Inc. ("PISF"), are collectively referred to herein as the "Original Debtors"). The term "LLC/LP Debtors" is defined further below in this Motion.

[2] The chapter 11 bankruptcy cases of the Original Debtors are jointly administered pursuant to an order entered by this Court on July 27, 2020 as Dkt. No. 12 in Case No. 20-30604 (the "PFI Case").

| # | |
|---|---|
| 1 | PROFESSIONAL INVESTORS SECURITY FUND IV, A CALIFORNIA LIMITED PARTNERSHIP |
| 2 | |
| 3 | Debtor. |
| 4 | |
| 5 | PROFESSIONAL INVESTORS SECURITY FUND VII, A CALIFORNIA LIMITED PARTNERSHIP |
| 6 | |
| 7 | Debtor. |
| 8 | PROFESSIONAL INVESTORS SECURITY FUND IX, A CALIFORNIA LIMITED PARTNERSHIP |
| 9 | |
| 10 | Debtor. |
| 11 | PROFESSIONAL INVESTORS SECURITY FUND XII, A CALIFORNIA LIMITED PARTNERSHIP |
| 12 | |
| 13 | Debtor. |
| 14 | |
| 15 | PROFESSIONAL INVESTORS SECURITY FUND XIV, A CALIFORNIA LIMITED PARTNERSHIP |
| 16 | |
| 17 | Debtor. |
| 18 | PROFESSIONAL INVESTORS SECURITY FUND XV, A CALIFORNIA LIMITED PARTNERSHIP |
| 19 | |
| 20 | Debtor. |
| 21 | PROFESSIONAL INVESTORS SECURITY FUND XVII, A CALIFORNIA LIMITED PARTNERSHIP |
| 22 | |
| 23 | Debtor. |
| 24 | |
| 25 | PROFESSIONAL INVESTORS SECURITY FUND XVIII, A CALIFORNIA LIMITED PARTNERSHIP |
| 26 | |
| 27 | Debtor. |
| 28 | |

| | |
|---|---|
| 1 | PROFESSIONAL INVESTORS 20, LLC |
| 2 | Debtor. |
| 3 | |
| 4 | PROFESSIONAL INVESTORS 21, LLC |
| 5 | Debtor. |
| 6 | PROFESSIONAL INVESTORS 22, LLC |
| 7 | Debtor. |
| 8 | |
| 9 | PROFESSIONAL INVESTORS 23, LLC |
| 10 | Debtor. |
| 11 | PROFESSIONAL INVESTORS 24, LLC |
| 12 | Debtor. |
| 13 | |
| 14 | PROFESSIONAL INVESTORS 25, LLC |
| 15 | Debtor. |
| 16 | PROFESSIONAL INVESTORS 26, LLC |
| 17 | Debtor. |
| 18 | |
| 19 | PROFESSIONAL INVESTORS 27, LLC |
| 20 | Debtor. |
| 21 | PROFESSIONAL INVESTORS 29, LLC |
| 22 | Debtor. |
| 23 | |
| 24 | PROFESSIONAL INVESTORS 30, LLC |
| 25 | Debtor. |
| 26 | PROFESSIONAL INVESTORS 32, LLC |
| 27 | Debtor. |
| 28 | |

| |
|---|
| PROFESSIONAL INVESTORS 33, LLC |
| Debtor. |
| PROFESSIONAL INVESTORS 34, LLC |
| Debtor. |
| PROFESSIONAL INVESTORS 35, LLC |
| Debtor. |
| PROFESSIONAL INVESTORS 36, LLC |
| Debtor. |
| PROFESSIONAL INVESTORS 37, LLC |
| Debtor. |
| PROFESSIONAL INVESTORS 40, LLC |
| Debtor. |
| PROFESSIONAL INVESTORS 41, LLC |
| Debtor. |
| PROFESSIONAL INVESTORS 46, LLC |
| Debtor. |

Professional Financial Investors, Inc., the above-captioned debtor and debtor-in-possession, hereby applies (the "Application") to the Court for the entry of an order (i) directing the joint administration of the PFI Case with the bankruptcy cases (collectively, the "LLC/LP Cases") of each of the twenty-nine (29) of PFI's affiliates (collectively, the "LLC/LP Debtors") listed on Exhibit A for procedural purposes only, including authorizing the Original Debtors and LLC/LP Debtors to file their monthly operating reports on a consolidated basis in the PFI Case and (ii) temporarily suspending the deadline for non-government creditors to file proofs of claim against the LLC/LP Debtors and approving related notice procedures. In support of this

Application, PFI submits the declaration of Michael Hogan filed concurrently with this Application (the "Hogan Declaration"). In further support of this Application, PFI respectfully represents as follows:

## I.
## INTRODUCTION

This Court has previously granted PFI's request to jointly administer the PFI Case with the bankruptcy case of PISF. This Application seeks similar relief for reasons parallel to those described in that prior request.[3] Granting the joint administration of the LLC/LP Cases under the PFI Case will eliminate the burden on the Court of administering what would otherwise be thirty (30) separately-administered bankruptcy cases involving affiliated entities, simplify the United States Trustee's ability to supervise such cases, and aid creditors and the debtors themselves as they monitor and participate in the bankruptcy process of PFI and LLC/LP Debtors. PFI and the LLC/LP Debtors anticipate that their respective chapter 11 case will proceed according to the same timetable and that most of the notices, applications, motions and other pleadings filed and orders entered in these cases will effect each of the debtors. Joint administration of the LLC/LP Debtors' Cases with the PFI Case will eliminate the need to prepare, replicate, serve, and file duplicative notices, applications, and orders, thereby saving PFI and the LLC/LP Debtors' estates considerable expense and resources, without adversely affecting creditors' rights.

Meanwhile, the deadline for non-governmental creditors to file proofs of claim against LLC/LP Debtors (the "Bar Date") has not been set, but likely will be sometime in March or April 2021. The LLC/LP Debtors believe they will have several hundred total potential creditors and equity holders, many of whom are believed to be elderly individuals and may have trouble completing a proof of claim. Numerous non-governmental creditors expressed concern about the

---

[3] The prior request did not seek authorization to for the Original Debtors to file consolidated monthly operating reports.

bar date in the PFI Case and their ability to timely file a claim.[4]  The LLC/LP Debtors anticipate that numerous of their non-governmental creditors and equity holders, who substantially overlap with creditors in the PFI Case, will have similar concerns.  Temporarily suspending the Bar Date as requested in this Application, which was granted in the PFI Case, will alleviate the likely concerns of the LLC/LP Debtors' creditors and equity holders and to allow such parties ample time to file any proof of claim they determine is necessary.  Once the LLC/LP Debtors' Schedules are on file and after gathering perspectives from creditors regarding a reasonable new Bar Date, the Original Debtors and the LLC/LP Debtors will submit a subsequent motion to set a new Bar Date for such claims.

PFI anticipates that over the next several months, twelve (12) more limited liability companies that are affiliated to PFI will also enter into chapter 11.  PFI further anticipates requesting that the bankruptcy cases of those entities also be jointly administered, for procedural purposes only, under the PFI Case.  PFI and the LLC/LP Debtors are exploring how to most efficiently (i) seek the joint administration of those likely future cases and (ii) obtain for those future debtors the same "first day" relief that is afforded to the LLC/LP Debtors.  PFI is considering filing a motion that would allow such future debtors to opt in to any existing "first day" orders that provide relief to the LLC/LP Debtors.  PFI and the LLC/LP Debtors welcome a discussion with the Court regarding the most efficient means of addressing such issues.

This Application is based on the discussion below, the declaration of Michael Hogan filed concurrently with this Application (the "Hogan Declaration"), all relevant papers of record in these proceedings, and such further pleadings, evidence, and argument as may be presented in connection with this Application.

## II.

## BACKGROUND

---

[4] As a result of this concern, on August 13, 2020, PFI filed an ex parte motion to temporarily suspend the bar date in the PFI Case.  This Court granted that motion pursuant to its order entered on August 14, 2020 as Dkt. No. 56.

On July 26, 2020 PFI commenced the PFI Case under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

On July 27, 2020, this Court entered an order as Dkt. No. 12 approving PFI's application to jointly administer the PFI Case with the chapter 11 bankruptcy case of PISF.

On August 13, 2020, the Original Debtors filed their Ex Parte Motion to Temporarily Suspend Deadline for Filing Proofs of Claim (the "Bar Date Motion") in the PFI Case in which they requested the Court temporarily suspend the deadline for filing proofs of claim against the Original Debtors. This Court entered its order approving the Bar Date Motion on August 14, 2020. The Original Debtors have not yet filed a motion to set a new bar date in the PFI Case.

On November 20, 2020, PFI filed an involuntary chapter 11 petition against each of the LLC/LP Debtors under chapter 11 of the Bankruptcy Code, commencing the LLC/LP Cases.

On December 11, 2020, this Court entered an order for relief against each of the LLC/LP Debtors,

The LLC/LP Debtors are in possession of their properties and assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in the LLC/LP Cases.

## III.

## RELIEF REQUESTED

By this Application, PFI respectfully requests entry of an order, substantially in the form attached hereto as Exhibit B, (i) directing the joint administration of the LLC/LP Cases for procedural purposes only, under the case number assigned to the PFI Case (i.e., 20-30604), including authorizing the Original Debtors and LLC/LP Debtors to file their monthly operating reports on a consolidated basis in the PFI Case and (ii) temporarily suspending the deadline for non-government creditors to file proofs of claim against the LLC/LP Debtors and approving related notice procedures. The statutory bases for directing the joint administration of the PFI Case with the LLC/LP Cases as requested herein are section 105(a) of the Bankruptcy Code; Rule

1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"); and Rule 1015-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Northern District of California (the "<u>Local Rules</u>").  The statutory bases for temporarily suspending the deadline for non-government creditors to file proofs of claim as requested herein are sections 105(a) and 501 of the Bankruptcy Code; Rules 2002, 3002, 3003(c)(3), and 9006(b) of the Bankruptcy Rules; and Rule 3003-1 of the Local Rules.

## IV.

## ARGUMENT

**A.    Joint Administration is Warranted Under These Circumstances**

Pursuant to Bankruptcy Rule 1015(b), this Court may order the joint administration of the estates of "a debtor and an affiliate" if their petitions "are pending in the same court." Fed. R. Bankr. P. 1015(b).  The LLC/LP Debtors are "affiliates" of PFI as that term is defined in section 101(2) of the Bankruptcy Code.  11 U.S.C. §101(2).  PFI has an equity interest ranging from 30% to 40% in each of the above-captioned limited liability companies and is also the general manager of each of the LLCs.   PFI has a general partner interest in each of the above-captioned limited partnerships and owns the vast majority of interest in the LPs.  Accordingly, the Court is authorized to jointly administer the LLC/LP Cases under the case number assigned to the PFI Case for procedural purposes.

In addition, Rule 1015-1 of the Local Rules provides in relevant part, as follows:

> In the event there are related bankruptcy cases, the debtor shall file a Notice of Related Case(s) at the time of filing of a petition for relief, and shall serve a copy of the notice upon the United States Trustee, other than when filed by ECF. The notice shall list the name, filing date, and case number of any related cases.
>
> A motion by a party in interest to transfer a case or cases shall be addressed to the Judge presiding in the earliest filed case and served on the debtors and all trustees appointed in the cases.

Local Rule 1015-1(b), (d).

Pursuant to Local Rule 1015-1, on November 20, 2020, PFI filed a Notice of Related Cases in each of the LLC/LP Cases and such notices were served upon the United States Trustee.

The Hogan Declaration filed concurrently with this Application establishes that the joint administration of the LLC/LP Debtors' respective estates with the estate of PFI is warranted and will promote an efficient administration of the respective bankruptcy cases of PFI and each of the LLC/LP Debtors.

Given the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, as well as the LLC/LP Debtors' affiliation with PFI joint administration of the LLC/LP Cases with the PFI Case is warranted. PFI anticipates that the LLC/LP Cases will proceed according to the same timetable and that most of the notices, applications, motions and other pleadings filed and orders entered in the LLC/LP Cases will also effect PFI. Joint administration of the LLC/LP Cases with the PFI Case will eliminate the need to prepare, replicate, serve, and file duplicative notices, applications, and orders, thereby saving the estates of PFI and the LLC/LP Debtors considerable expense and resources. This will allow PFI, the LLC/LP Debtors, and other parties-in-interest to (i) file one pleading in one case rather than separate pleadings in separate cases, (ii) combine and streamline the service of pleadings and notices on creditors and other parties-in-interest, and (iii) monitor the PFI Case and each of the LLC/LP Cases by reviewing only one docket. Further, joint administration will relieve this Court of the burden of entering multiplicative orders and maintaining multiplicative files and dockets. Similarly, joint administration will simplify the supervision of the administrative aspects of the PFI Case and the LLC/LP Cases by the Office of the United States Trustee for Northern District of California.

In addition, the relief requested will not adversely affect creditors' rights as the relief requested by this Application is only procedural, seeking only administrative, and not substantive, consolidation of the LLC/LP Debtors' estates with the PFI's estate. Moreover, if necessary to file claims, each creditor may still file its claim against a particular estate. In fact, the reduced costs that will result from the joint administration of these cases will inure to the benefit of all creditors.

Furthermore, in this district, Courts have routinely permitted the joint administration of affiliated debtors' chapter 11 cases, such as these, for procedural purposes. *See*, *e.g.*, *In re Professional Financial Investors, Inc.*, Case No. 20-30604 Bankr. N.D. Cal. July 27, 2020 [Dkt. No. 12]; *In re Wrap Media, LLC*, Case No. 16-31325 Bankr. N.D. Cal. Dec. 10, 2016) [Docket

No. 39]; *In re Santa Cruz Berry Farming Company, LLC*, Case No. 15-51771 (Bankr. N.D. Cal. June 17, 2015) [Docket No. 64]; *In re Clement Support Services, Inc.*, Case No. 15-50794 (Bankr. N.D. Cal. Mar. 17, 2015) [Docket No. 41]. Accordingly, PFI respectfully requests that the court jointly administer each of the LLC/LP Cases under the case number assigned to the PFI Case.

**(a)     Cause Exists to Temporarily Suspend the Bar Date**

Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case "and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3); *see also Prestige Ltd. P'ship. v. E. Bay Car Wash Partners (In re Prestige P'ship.)*, 234 F.3d 1108, 1118 (9th Cir. 2000) (stating that Bankruptcy Rule 3003(c)(3) requires the bankruptcy court to fix the time within which a proof of claim may be filed; *In re Smartt Constr. Co.*, 138 B.R. 269, 271 (D. Colo. 1992) (stating that Bankruptcy Rule 3003 "expressly authorizes the bankruptcy court to extend the time for filing proofs of claim" in chapter 11 cases). Additionally, Bankruptcy Local Rule 3003-1 provides that the deadline for non-government unit creditors to file proofs of claim shall be 90 days after the initial date set for the section 341(a) meeting of creditors "[u]nless otherwise ordered by the Court[.]" BLR 3003-1.

Cause exists to temporarily suspend the Bar Date and extend the deadline for creditors of the LLC/LP Debtors to file proofs of claim beyond the time proscribed by Bankruptcy Local Rule 3003-1 in light of the fact that the LLC/LP Debtors have yet to file their Schedules and the likely concerns many of the LLC/LP Debtors' creditors will have about filing proofs of claim by the anticipated Bar Date. According to the LLC/LP Debtors' books and records, they likely have a total of several hundred creditors, many of whom are believed to be elderly and may require assistance in filing proofs of claim. The Original Debtors and their counsel received numerous inquiries from individual creditors and potential claimants of the Original Debtors regarding the claims filing process and expressing concern about their ability to file a claim, if necessary, before the deadline that was originally set in the PFI Case. The LLC/LP Debtors believe they will receive similar inquiries from their creditors and potential claimants. Further, due to the substantial overlap among creditors of the Original Debtors and LLC/LP Debtors, a temporary

suspension of the Bar Date for creditors of the LLC/LP Debtors, which has already been granted for creditors of the Original Debtors, will allow a single Bar Date and significantly reduce confusion among this group of creditors.

To accommodate the anticipated concerns of the LLC/LP Debtors' creditors, PFI and the LLC/LP Debtors wish to temporarily suspend the Bar Date. After the LLC/LP Debtors have filed their Schedules and have had a chance to work with their key creditor constituents to establish a reasonable Bar Date, the LLC/LP Debtors will file a subsequent motion to set a Bar Date.

As such, cause exists to temporarily suspend the Bar Date for non-governmental creditors to file proofs of claim against the LLC/LP Debtors' estates.

## V.

## NO PRIOR REQUEST FOR RELIEF

No previous application for the relief sought herein has been made to this or to any other court.

## VI.

## CONCLUSION

**WHEREFORE,** based on the arguments and authorities set forth above and the record in these jointly-administered cases, the PFI respectfully requests that the Court enter an order (i) directing the joint administration of the LLC/LP Cases for procedural purposes only, under the case number assigned to the PFI Case, including authorizing the Original Debtors and LLC/LP Debtors to file their monthly operating reports in a consolidated basis in the PFI Case and (ii) temporarily suspending the Bar Date and directing the LLC/LP Debtors to provide their creditors with notice of such action.

Dated: December 16, 2020

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By      */s/ J. Barrett Marum*
ORI KATZ
J. BARRETT MARUM
MATT KLINGER
GIANNA SEGRETTI

Counsel for Original Debtors and Proposed Counsel for LLC/LP Debtors

Dated: December 16, 2020

TRODELLA & LAPPING LLP

By      */s/ Richard A. Lapping*
RICHARD A. LAPPING

Conflicts Counsel for Original Debtors and Proposed Conflicts Counsel for LLC/LP Debtors

# EXHIBIT A

| | Entity Name | Case No. |
|---|---|---|
| 1. | Professional Investors Security Fund I, A California Limited Partnership | 20-30908 |
| 2. | Professional Investors Sec Fund IV, A California Limited Partnership | 20-30909 |
| 3. | Professional Investors Security Fund VII, A California Limited Partnership | 20-30911 |
| 4. | Professional Investors Security Fund IX, A California Limited Partnership | 20-30910 |
| 5. | Professional Investors Security Fund XII, A California Limited Partnership | 20-30912 |
| 6. | Professional Investors Security Fund XIII, A California Limited Partnership | 20-30913 |
| 7. | Professional Investors Security Fund XIV, A California Limited Partnership | 20-30914 |
| 8. | Professional Investors Security Fund XV, A California Limited Partnership | 20-30915 |
| 9. | Professional Investors Security Fund XVII, A California Limited Partnership | 20-30916 |
| 10. | Professional Investors Security Fund XVIII, A California Limited Partnership | 20-30917 |
| 11. | Professional Investors 20, LLC | 20-30919 |
| 12. | Professional Investors 21, LLC | 20-30920 |
| 13. | Professional Investors 22, LLC | 20-30922 |
| 14. | Professional Investors 23, LLC | 20-30923 |
| 15. | Professional Investors 24, LLC | 20-30924 |
| 16. | Professional Investors 25, LLC | 20-30925 |
| 17. | Professional Investors 26, LLC | 20-30927 |
| 18. | Professional Investors 27, LLC | 20-30928 |
| 19. | Professional Investors 29, LLC | 20-30929 |
| 20. | Professional Investors 30, LLC | 20-30930 |
| 21. | Professional Investors 32, LLC | 20-30934 |
| 22. | Professional Investors 33, LLC | 20-30935 |
| 23. | Professional Investors 34, LLC | 20-30936 |
| 24. | Professional Investors 35, LLC | 20-30937 |
| 25. | Professional Investors 36, LLC | 20-30938 |
| 26. | Professional Investors 37, LLC | 20-30939 |
| 27. | Professional Investors 40, LLC | 20-30940 |
| 28. | Professional Investors 41, LLC | 20-30941 |
| 29. | Professional Investors 46, LLC | 20-30942 |

**EXHIBIT B**

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC., *et al.*<br><br>Debtors. | Case No. 20-30604<br><br>(Jointly administered)<br><br>Chapter 11<br><br>**[PROPOSED] ORDER DIRECTING THE (I) JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) TEMPORARY SUSPENSION OF DEADLINE FOR FILING PROOFS OF CLAIM**<br><br>[No Hearing Required] |

The Court having considered the *Ex Parte Application Requesting (I) Joint Administration of Chapter 11 Cases and (II) Temporary Suspension of Deadline for Filing Proofs of Claim* (the "Application") filed by the debtor and debtor-in-possession, Professional Financial Investors, Inc. ("PFI"), on December 16, 2020, as Docket No. __, seeking an order directing (i) the joint administration of the above-captioned jointly-administered chapter 11 case with the chapter 11 cases of the PFI affiliates listed on Exhibit A to the Application, (collectively, the "LLC/LP Debtors" and, together with PFI and Professional Investors Security Fund, Inc., the "Debtors") and (i) the temporary suspension of the deadline for non-government creditors to file proofs of claim against the LLC/LP Debtors, the declaration and other pleadings filed in support of the Application, and all pleadings and evidence of record in this case,

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. The chapter 11 cases of the LLC/LP Debtors shall be jointly administered for procedural purposes only under the chapter 11 case of PFI, Case No. 20-30604.

3. The caption of the jointly administered cases shall read as follows:

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC., *et al.*.<br><br>Debtors. | Case No. 20-30604____<br>(Jointly Administered with Case Nos. 20-30908, 20-30909, 20-30910, 20-30911, 20-30912, 20-30913, 20-30914, 20-30915, 20-30916, 20-30917, 20-30919, 20-30920, 20-30922, 20-30923, 20-30924, 20-30925, 20-30927, 20-30928, 20-30929, 20-30930, 20-30934, 20-30935, 20-30936, 20-30937, 20-30938, 20-30939, 20-30940, 20-30941, 20-30942)<br><br>Chapter 11<br><br>**[PLEADING TITLE]**<br><br>[Hearing Information] |

4. Except as provided here, the caption page for all pleadings, notices, and orders, filed in any of the LLC/LP Debtors bankruptcy cases shall be filed in Case No. 20-30604. The docket for case number Case No. 20-30604 shall be designated as the single pleadings docket for all pleadings with respect to these jointly administered cases.

5. Absent further order of the Court, each of the LLC/LP Debtors shall separately file its own top 20 list of unsecured creditors, creditor mailing matrix, list of equity security holders, schedules of assets and liabilities, statements of financial affairs in its respective case, and each shall maintain its own claims register.

6. The Debtors may file monthly operating reports and any post-effective date quarterly operating reports on a consolidated bases for the jointly-administered Debtors; *provided, however*, that income and disbursements shall be tracked and broken out on a Debtor-by-Debtor basis.

7. Proofs of claims shall be filed in each case in which the filing creditor is asserting a claim, and identify in the caption the name of the LLC/LP Debtor against which such claim is asserted.

SMRH:4851-4163-6818.7
-3-
Case: 20-30604    Doc# 293    Filed: 12/16/20    Entered: 12/16/20 16:11:07    Page 15 of 16

8. The deadline for non-governmental unit creditors to file proofs of claim against the LLC/LP Debtors' estates (the "Bar Date") is temporarily suspended.

9. The LLC/LP Debtors shall file a subsequent motion seeking approval of a specific new bar date for non-governmental unit creditors to file proofs of claim.

10. The LLC/LP Debtors are further directed to provide notice via U.S. mail of the temporary suspension of the Bar Date to all non-governmental creditors listed in the mailing matrix for their respective bankruptcy case by serving such creditors with a copy of this order.

**\*\*\* END OF ORDER \*\*\***