SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
J. BARRETT MARUM, Cal. Bar No. 228628
MATT KLINGER, Cal. Bar No. 307362
GIANNA SEGRETTI, Cal. Bar No. 323645
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:    okatz@sheppardmullin.com
      bmarum@sheppardmullin.com
      mklinger@sheppardmullin.com
      gsegretti@sheppardmullin.com

Counsel for the Original Debtors and
Proposed Counsel for the LLC/LP Debtors[1]

Richard A. Lapping (SBN: 107496)
TRODELLA & LAPPING LLP
540 Pacific Avenue
San Francisco, CA  94133
Telephone:    (415) 399-1015
Facsimile:    (415) 651-9004
Email: Rich@TrodellaLapping.com

Conflicts Counsel for Original Debtors and
Proposed Conflicts Counsel for the LLC/LP
Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC., a California corporation, *et al.*,<br><br>      Debtors. | Case No.  20-30604<br>(Jointly Administered with Case No. 20-30579)<br><br>(Joint Administration Requested with Case Nos. 20-30908, 20-30909, 20-30910, 20-30911, 20-30912, 20-30913, 20-30914, 20-30915, 20-30916, 20-30917, 20-30919, 20-30920, 20-30922, 20-30923, 20-30924, 20-30925, 20-30927, 20-30928, 20-30929, 20-30930, 20-30934, 20-30935, 20-30936, 20-30937, 20-30938, 20-30939, 20-30940, 20-30941, 20-30942)<br><br>Chapter 11<br><br>**EMERGENCY MOTION FOR ORDER AUTHORIZING THE LLC/LP DEBTORS TO USE CASH COLLATERAL**<br><br>[*Hearing Requested on Shortened Time*]<br><br>Date:    TBD<br>Time:    TBD<br>Judge:    Hannah L. Blumenstiel<br>Place:  **Telephonic/Video Appearances Only**<br>      450 Golden Gate Avenue<br>      16th Floor, Courtroom 19<br>      San Francisco, CA  94102 |

---

[1] Professional Financial Investors, Inc. and Professional Investors Security Fund, Inc., are referred to herein as the "Original Debtors").  The term "LLC/LP Debtors" is defined further below in this Motion.

# <u>TABLE OF CONTENTS</u>

**Page**

I. INTRODUCTION ................................................................................. 1

SUMMARY OF RELIEF REQUESTED .............................................. 2

II. CERTIFICATION ............................................................................. 1

III. STATEMENT OF FACTS ............................................................... 1

    A.    The Background of the LLC/LP Debtors ................................ 1

    B.    LLC/LP Debtor's Properties and Secured Prepetition Indebtedness. ............ 2

    C.    The LLC/LP Debtors' Immediate Need for Cash Collateral ....................... 3

IV. THE PROPOSED USE OF CASH COLLATERAL ......................... 4

V. ARGUMENT ..................................................................................... 4

    1.    The Proposed Use of Cash Collateral is Warranted and Should be Approved ............... 4

    2.    The Proposed Adequate Protection Should be Approved ................... 5

VI. NEED FOR EMERGENCY RELIEF ............................................. 7

VII. REQUEST FOR WAIVER OF ANY APPLICABLE STAY ......................... 7

VIII. CONCLUSION ............................................................................ 8

SMRH:4834-5740-3603.5

-i-

27.SL-319169

# TABLE OF AUTHORITIES

Page(s)

Cases

*Chrysler Credit Corp. v. George Ruggiere Chrysler-Plymouth, Inc. (In re George Ruggiere Chrysler-Plymouth, Inc.)*
727 F.2d 1017 (11th Cir. 1984) ..................................................................... 5

*In re Martin*
761 F.2d 472 (8th Cir. 1985) ........................................................................ 6

*MBank Dallas, N.A. v. O'Connor (In re O'Connor)*
808 F.2d 1393 (10th Cir. 1987) ................................................................ 5, 6

*In re Mickler*
9 B.R. 121 (Bankr. M.D. Fla. 1981) ............................................................. 5

*In re Shaw Indus., Inc.*
300 B R. 861 (Bankr. W.D. Pa. 2003) .......................................................... 6

*In re Swedeland Dev. Group, Inc.*
16 F.3d 552 (3d Cir. 1994) .......................................................................... 6

Statutes

United States Code Title 11 § 105(a) ............................................................ 1

United States Code Title 11 § 361 ................................................................ 1

United States Code Title 11 § 363 ................................................................ 1

Bankruptcy Code § 361 ............................................................................... 6

Bankruptcy Code § 363(a) ................................................................... 1, 4, 5

Bankruptcy Code § 363(c)(2) ................................................................... 4, 7

Bankruptcy Code § 363(e) ....................................................................... 6, 7

Bankruptcy Code § 1107(a) .......................................................................... 1

Bankruptcy Code § 1108 ............................................................................... 1

Other Authorities

Bankruptcy Rule 4001 ................................................................................. 1

Case: 20-30604   Doc# 296   Filed: 12/16/20   Entered: 12/16/20 16:47:46   Page 3 of 37

Bankruptcy Rule 4001(b)(1)(B) ............................................................................................ 2

Bankruptcy Rule 4001(b)(2) ............................................................................................... 7

Bankruptcy Rule 4001(b)(2) ............................................................................................... 7

Bankruptcy Rule 6003 ........................................................................................................ 7

Bankruptcy Rule 6003 ........................................................................................................ 7

Bankruptcy Rule 6004(h) .................................................................................................... 7

Bankruptcy Rule 9024 ........................................................................................................ 1

Court's *Guidelines for Cash Collateral and Financing Motions and Stipulations*. I .............................................................................................. 1

# I.

## INTRODUCTION

Professional Investors Security Fund I, A California Limited Partnership; Professional Investors Security Fund IV, A California Limited Partnership; Professional Investors Security Fund VII, A California Limited Partnership; Professional Investors Security Fund IX, A California Limited Partnership; Professional Investors Security Fund XII, A California Limited Partnership; Professional Investors Security Fund XIII, A California Limited Partnership; Professional Investors Security Fund XIV, A California Limited Partnership; Professional Investors Security Fund XV, A California Limited Partnership; Professional Investors Security Fund XVII, A California Limited Partnership; Professional Investors Security Fund XVIII, A California Limited Partnership (collectively the "LP Debtors") and Professional Investors 20, LLC; Professional Investors 21, LLC; Professional Investors 22, LLC; Professional Investors 23, LLC ("23 LLC"); Professional Investors 24, LLC; Professional Investors 25, LLC ("25 LLC"); Professional Investors 26, LLC; Professional Investors 27, LLC ("27 LLC"); Professional Investors 29, LLC ("29 LLC"); Professional Investors 30, LLC; Professional Investors 32, LLC; Professional Investors 33, LLC; Professional Investors 34, LLC ("34 LLC"); Professional Investors 35, LLC; Professional Investors 36, LLC; Professional Investors 37, LLC; Professional Investors 40, LLC; Professional Investors 41, LLC; Professional Investors 46, LLC ("46 LLC" and, collectively, the "LLC Debtors," and together with the LP Debtors, the "LLC/LP Debtors"), hereby file this motion (the "Motion"), pursuant to sections 105(a), 361, and 363 of Title 11 of the United States Code, as amended ("Bankruptcy Code") and to Rule 4001 of the Federal Rules of Bankruptcy Procedure, as amended ("Bankruptcy Rules"), for entry of an interim and final order, in substantially the form attached to this Motion as Exhibit A: (i) authorizing each LLC/LP Debtor to use funds that may constitute "cash collateral" as defined in Bankruptcy Code section 363(a) ("Cash Collateral") for payment of costs and expenses incurred in the ordinary course of each LLC/LP Debtor's business maintaining its real property asset in accordance with the budget ("Budget")

SMRH:4834-5740-3603.5

Case: 20-30604    Doc# 296    Filed: 12/16/20    Entered: 12/16/20 16:47:46    Page 5 of 37
SMRH-319169

attached to this Motion as <u>Exhibit B</u>[1]; (ii) authorizing each LLC/LP Debtor to provide adequate protection to its respective secured creditors for any diminution in the value of such creditors' interest in their collateral; (iii) scheduling a final hearing ("<u>Final Hearing</u>") to consider the relief requested in the Motion and approving the form of notice with respect to the Final Hearing; and (iv) granting related relief. Pursuant to the *Emergency Motion for Order Authorizing LLC/LP Debtors to (I) Maintain Certain Existing Bank Accounts, (II) Maintain Cash Management System, (III) Continue Performing Intercompany Transactions, and (IV) Certain Related Relief* (the "<u>Cash Management Motion</u>"), filed by the LLC/LP Debtors concurrently herewith, the LLC/LP Debtors seek authority under the circumstances set forth in such motion, to use Cash Collateral to make certain limited "Intercompany Transfers" (as defined in the Cash Management Motion) to facilitate the LLC/LP Debtors' payment of insurance premiums, utilities, and other operating expenses.[2]

## SUMMARY OF RELIEF REQUESTED

In accordance with Bankruptcy Rule 4001(b)(1)(B), the LLC/LP Debtors provide the following summary of the proposed use of Cash Collateral:

A.    <u>Parties with Interest in Cash Collateral</u>: The parties with an interest in the Cash Collateral are each respective LLC/LP Debtor and those bank and investor lenders identified in <u>Exhibit C</u> to this Motion, who hold either a First Lien Mortgage or a Second Lien Mortgage.

---

[1] The Budget is a consolidated budget covering the Original Debtors, the LLC/LP Debtors, and the twelve (12) additional limited liability companies that are affiliates of PFI but that are not currently the subject of a bankruptcy proceeding. The Budget covers these additional twelve (12) entities because PFI anticipates that they will also be in bankruptcy within the next few months. Each of the LLC/LP Debtors is willing to provide an entity-specific budget to any of the Committees or any lender upon request.

[2] As set forth in the Cash Collateral Motion, such transactions would be subject to (i) consultation with the official and ad hoc creditors' committees, (ii) written consent of any affected bank lender(s), and (iii) a total cap on such transactions of $100,000 for the period covered by the LLC/LP Debtors' then-current cash collateral budget. No Intercompany Transfers are reflected in the Budget attached to this Motion as <u>Exhibit B</u>.

B.    Use of Cash Collateral: To pay for the services that each respective LLC/LP Debtor has customarily paid with respect to its specific LLC/LP Debtor Property (as defined below) to which such Cash Collateral pertains, including payment of taxes incurred in connection with such LLC/LP Debtor Property, maintaining customary insurance coverage of such LLC/LP Debtor Property, and payment of other expenses incurred in each LLC/LP Debtor's chapter 11 case in accordance with the terms of the Budget and any orders entered by this Court regarding the use of Cash Collateral. Budget: Each LLC/LP Debtor's use of Cash Collateral will be for the purposes of funding the types and corresponding amounts of itemized expenditures contained in the Budget, subject to (i) a variance of no more than 20 percent on a single line item, and no more than 10 percent in the aggregate and (ii) the LLC/LP Debtors' entry into "Intercompany Transactions" as defined in and under the terms set forth in the Cash Management Motion.

C.    Duration: Initially for a fifteen (15) week period, subject to extension.

D.    Adequate Protection Provided: Holders of a valid First Lien Mortgage will be adequately protected by having an equity cushion.  In addition, for the benefit of the holders of a valid First Lien Mortgage or Second Lien Mortgage, each LLC/LP Debtor will (i) keep insurance on its respective LLC/LP Debtor Property (as defined below) current and generally maintain its LLC/LP Debtor Property in good condition and keep taxes on such property current when sufficient funds exist to do so and (ii) continue making regular debt service payments to any banks with liens on its LLC/LP Debtor Property.[1]

This motion is based on the discussion below, the *Declaration of Michael Hogan in Support of the Early Case Administration Motions by Certain LLC and LP Affiliates of Professional Financial Investors, Inc.* filed concurrently with this motion (the "Hogan

_____

[1] 23 LLC, 25 LLC, 27 LLC, 29 LLC, 34 LLC, and 46 LLC defaulted on the real property taxes each was due to pay as of December 10, 2020.  All of the other LLC/LP Debtors are current on their real property taxes as of the date of this Motion.  All but seven of the LLC/LP Debtors anticipate they will be able to pay their respective real property taxes due in April 2021 and the lenders with valid First Lien Mortgages on such LLC/LP Debtors' property are protected by significant equity cushions.  The LLC/LP Debtors anticipate addressing all property tax defaults pursuant to a plan of reorganization.

Case: 20-30604    Doc# 296    Filed: 12/16/20    Entered: 12/16/20 16:47:46    Page 7 of 37

1  Declaration"), the other papers of record in this case and upon such further oral and

2  documentary evidence as may be presented prior to or at the time of the hearing on the

3  motion.

4        The relief requested in this Motion is necessary and appropriate to ensure a smooth

5  transition of the LLC/LP Debtors into their respective chapter 11 cases, to maintain the

6  operations of each LLC/LP Debtor Property for the benefit of its tenants, and to maximize

7  the value of the LLC/LP Debtor Properties, each of which is the key asset of one of the

8  LLC/LP Debtors.  If each LLC/LP Debtor is not allowed to use its respective Cash

9  Collateral, its ability to maintain and deliver the services it customarily provides to its

10  respective LLC/LP Debtor Property would diminish or cease, the tenants at such LLC/LP

11  Debtor Property would suffer, and the value of such LLC/LP Debtor Property would be

12  significantly reduced.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**II.**

**CERTIFICATION**

The undersigned proposed counsel for each of the LLC/LP Debtors has read the Motion. To the best of my knowledge, information, and belief, formed after reasonable inquiry, and except as identified herein, the terms and relief sought in the Motion are in conformity with the Court's *Guidelines for Cash Collateral and Financing Motions and Stipulations*. I understand and have advised the LLC/LP Debtors that the Court may grant appropriate relief under Bankruptcy Rule 9024 if the Court determines that a material element of the Motion was not adequate disclosed in the Introductory Statement.

Dated: December 16, 2020

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____ */s/ J. Barrett Marum*_____
ORI KATZ
J. BARRETT MARUM
MATT KLINGER
GIANNA SEGRETTI

Counsel for Original Debtors and Proposed Counsel for LLC/LP Debtors

Dated: December 16, 2020

TRODELLA & LAPPING LLP

By _____ */s/ Richard A. Lapping*_____
RICHARD A. LAPPING

Conflicts Counsel for Original Debtors and Proposed Conflicts Counsel for LLC/LP Debtors

# III.

## STATEMENT OF FACTS

### A.  The Background of the LLC/LP Debtors

Professional Financial Investors, Inc. ("PFI") has an equity interest ranging from 30% to 40% in each of the LLCs and is also the general manager of each of the LLCs.[5] PFI has a general partner interest in each of the LPs and owns the vast majority of interests in the LPs.

On July 26, 2020 PFI filed a voluntary chapter 11 petition commencing Case No. 20-30604 (the "PFI Case") before this Court.

On October 6, 2020, this Court entered its final order approving the Original Debtors' emergency motion for order authorizing the use of cash collateral as Dkt. No. 178.

On November 20, 2020, PFI filed an involuntary chapter 11 petition against each of the LLC/LP Debtors.  On December 4, 2020, this Court entered an order for relief against each the LLC/LP Debtors.

Each of the LLC/LP Debtors continues to operate its respective business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On August 19, 2020, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in the jointly-administered bankruptcy cases of PFI and PISF. Meanwhile, investors in the LLCs have formed an Ad Hoc Committee of LLC Members and noteholders with a deed of trust on properties owned by the Original Debtors or the LLC/LP Debtors have formed an Ad Hoc Committee of DOT Noteholders.  The Office of the United States Trustee has not appointed an Official Committee of Unsecured Creditors in any of the LLC/LP Debtors' bankruptcy cases.

---

[5] PFI has an equity interest and is also the general manager in twelve other limited liability companies besides the LLCs, which twelve are not yet in bankruptcy.  PFI anticipates that these twelve other limited liability companies will eventually be in bankruptcy and will seek relief very similar to the relief sought in this Motion.

**B.    LLC/LP Debtor's Properties and Secured Prepetition Indebtedness.**

Each LLC/LP Debtor either directly owns in fee simple or has an interest as a tenant in common in a certain real property location located in Marin or Sonoma County, California (each an "<u>LLC/LP Debtor Property</u>" and, collectively, the "<u>LLC/LP Debtor Properties</u>"). Each LLC/LP Debtor Real Property is either an apartment building or office park.

PFI serves as the property manager of the LLC/LP Debtor Properties, collecting rents from the tenants of each of the LLC/LP Debtor Properties and using the rents collected from each such property to pay for mortgage costs, certain utilities, insurance coverage, and other costs related to that property. In early July 2020, PFI obtained broker opinions of value for each of the LLC/LP Debtor Properties, which gave an aggregate value to LLC/LP Debtor Properties of approximately $316 million.

Each LLC and LP has its own operating account that is exclusively used for receiving rent payments and paying expenses related to its respective LLC/LP Debtor Property (each an "<u>LLC/LP Debtor Operating Account</u>" and, collectively the "<u>LLC/LP Debtor Operating Accounts</u>").

All of the LLC/LP Debtor Properties are subject to a first lien mortgage in favor of a bank or investor (each a "<u>First Lien Mortgage</u>" and, collectively, the "<u>First Lien Mortgages</u>"). In addition, approximately ten of the LLC/LP Debtor Properties are also subject to a second lien mortgage (each a "<u>Second Lien Mortgage</u>" and, collectively, the "<u>Second Lien Mortgages</u>") in favor of investors. The LLC/LP Debtors estimate that, as of June 30, 2020, (i) the aggregate total of outstanding principal secured by the First Lien Mortgages was approximately $180 million and (ii) the aggregate total of outstanding principal secured by the Second Lien Mortgages was approximately $68 million.

Attached as <u>Exhibit D</u> to this Motion is a list of the LLC/LP Debtor Properties that identifies (i) the value of each such property, (ii) the total outstanding principal secured by a First Lien Mortgage on each such property and monthly payment, (iii) the total outstanding principal secured by any Second Lien Mortgage on each such property and

1    monthly payment, and (iv) the net equity in each LLC/LP Debtor Property after accounting

2    for the amount of the First Lien Mortgage and any Second Lien Mortgage on each such

3    property.[6]

4    **C.      The LLC/LP Debtors' Immediate Need for Cash Collateral**

5              Each LLC/LP Debtor Property is the primary asset of its respective LLC or LP

6    owner.  The only Cash Collateral at issue in these Bankruptcy Cases are rent proceeds

7    received from tenants at each LLC/LP Debtor Property.  Each LLC/LP Debtor has an

8    immediate need for access to its Cash Collateral.  If it does not obtain swift authorization

9    to use the Cash Collateral, each LLC/LP Debtor, its respective LLC/LP Debtor Property,

10   and its commercial or residential tenants at such property, will suffer immediate and

11   irreparable harm. Without the use of the Cash Collateral, each LLC/LP Debtor will not

12   have the liquidity to continue to pay for expenses related to maintaining and preserving its

13   respective LLC/LP Debtor Property.  If each LLC/LP Debtor is not permitted to use its

14   Cash Collateral to pay these critical expenditures, its LLC/LP Debtor Property will

15   deteriorate and the residential or commercial tenants at such property will suffer.  The

16   preservation of each LLC/LP Debtor's ability to maintain its respective LLC/LP Debtor

17   Property depends heavily upon the expeditious approval of each LLC/LP Debtor's use of

18   Cash Collateral for general working capital purposes.  Absent this Court's approval of the

19   interim relief sought herein, each LLC/LP Debtor faces a substantial risk of severe

20   disruption to its ability to maintain its respective LLC/LP Debtor Property and resulting

21   irreparable damage to its relationships with tenants, employees, and vendors, and further

22   damage to its reputation in the industry and marketplace, all of which would diminish the

23   value of its assets.

24

25

26   _____

27   [6] Exhibit D also identifies this information for the properties owned by each of the twelve (12) limited
     liability companies that are affiliates of PFI but that are not currently the subject of a bankruptcy
28   proceeding, with such entities and properties marked in orange.  Exhibit D covers these additional twelve
     (12) entities because PFI anticipates that they will also be in bankruptcy within the next few months.

# IV.

## THE PROPOSED USE OF CASH COLLATERAL

The LLC/LP Debtors request authority to use the Cash Collateral in accordance with the Budget. Each LLC/LP Debtor does not have available sources of working capital and financing to carry on paying the customary expenses its pays for its respective LLC/LP Debtor Property without the use of Cash Collateral. To maintain normal operations at each LLC/LP Debtor and its respective LLC/LP Debtor Property, and to otherwise operate in chapter 11 in a manner consistent with its ordinary course practices, each LLC/LP Debtor must have access to cash that is encumbered by the liens of secured lenders. By way of this Motion, the LLC/LP Debtors propose using the Cash Collateral to pay for the services that it has customarily paid with respect to its respective LLC/LP Debtor Property, including payment of taxes incurred in connection with such property, maintaining customary insurance coverage of such property, and payment of other expenses incurred by in the Chapter 11 case in accordance with the terms of the Budget and any order approving the use of Cash Collateral.

# V.

## ARGUMENT

1. **The Proposed Use of Cash Collateral is Warranted and Should be Approved**

Pursuant to Section 363(c)(2) of the Bankruptcy Code, "[t]he trustee may not use . . . cash collateral . . . unless (A) each entity that has an interest in such cash collateral consents or (B) the court, after notice and a hearing, authorizes such use . . . in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2). Section 363(a) defines "cash collateral" as follows:

> [C]ash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title.

Case: 20-30604   Doc# 296   Filed: 12/16/20   Entered: 12/16/20 16:47:46   Page 13 of 37

1    11 U.S.C. § 363(a).

2        It is universally acknowledged that a debtor's cash "is the life's blood of the

3    business," and the bankruptcy court must ensure that such life's blood "is available for use

4    even if to a limited extent."  *In re Mickler*, 9 B.R. 121, 123 (Bankr. M.D. Fla. 1981).

5    Courts repeatedly have recognized that use of cash collateral is appropriate where

6    necessary, as it is here, to preserve a debtor's ability to reorganize and thus maximize the

7    value of an estate.  *See, e.g., MBank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d

8    1393, 1398 (10th Cir. 1987) (permitting debtor to use cash collateral to expand operations

9    after finding there was not a significant risk that secured creditor's interest would

10   diminish); *Chrysler Credit Corp. v. George Ruggiere Chrysler-Plymouth, Inc. (In re*

11   *George Ruggiere Chrysler-Plymouth, Inc.)*, 727 F.2d 1017, 1019 (11th Cir. 1984)

12   (allowing use of cash collateral and stating that "[w]ithout the availability of cash to meet

13   daily operating expenses such as rent, payroll, utilities, etc., the congressional policy

14   favoring rehabilitation over economic failure would be frustrated.").

15       Absent the use of the Cash Collateral, the LLC/LP Debtors will not have access to

16   sufficient working capital and financing to continue operating their respective LLC/LP

17   Debtor Property and to administer and preserve the value of such property.  Each LLC/LP

18   Debtor  needs to continue to use its Cash Collateral to, among other things, finance the

19   operations that it historically has paid for with respect to its LLC/LP Debtor Property,

20   maintain business relationships with the vendors that provide services to such property,

21   and keep the property taxes at such property current.  Without the use of Cash Collateral,

22   the continued operation of each LLC/LP Debtor Property may not be possible, and serious

23   and irreparable harm to the tenants at those locations, the LLC/LP Debtors, their estates

24   and their creditors would likely occur.  This result would jeopardize the possibility for a

25   successful reorganization and conflict with the rehabilitative purpose of chapter 11.

26   Consequently, the use of Cash Collateral is critical to preserve and maintain the value of

27   the LLC/LP Debtor Properties.

28   2.    **The Proposed Adequate Protection Should be Approved**

Section 363(e) of the Bankruptcy Code provides that, "on request of an entity that has an interest in property used . . . or proposed to be used . . . by [a debtor in possession], the court, with or without a hearing, shall prohibit or condition such use . . . as is necessary to provide adequate protection of such interest."  11 U.S.C. § 363(e).  What constitutes adequate protection is decided on a case-by-case basis.  *See In re O'Connor*, 808 F.2d 1393, 1396 (10th Cir. 1987); *In re Martin*, 761 F.2d 472 (8th Cir. 1985); *In re Shaw Indus., Inc.*, 300 B R. 861, 865 (Bankr. W.D. Pa. 2003).  By providing adequate protection, the goal is to protect a secured creditor from diminution in the value of its interest in the particular collateral during the period of use.  *See In re Swedeland Dev. Group, Inc.*, 16 F.3d 552, 564 (3d Cir. 1994) ("The whole purpose of adequate protection for a creditor is to insure that the creditor receives the value for which he bargained prebankruptcy.") (internal citations omitted).

Section 361 of the Bankruptcy Code sets forth non-exclusive examples of adequate protection, which include periodic cash payments, additional liens, and replacement liens.  11 U.S.C. § 361.  Here, the adequate protection that is proposed to be provided to the holders of a valid First Lien Mortgage or Second Lien Mortgage is protection against risks that might adversely affect the value of the LLC/LP Debtor Properties.  Each LLC/LP Debtor intends to keep insurance on its respective LLC/LP Debtor Property current, keep property taxes on such property current when sufficient funds exist to do so, and continue to pay for customary services to such property, including service that maintain such property in good condition.  These actions will help preserve the value of each LLC/LP Debtor Property and the equity cushion that many of the holders of a valid First Lien Mortgage or Second Lien Mortgage already possess.  In addition, each LLC/LP Debtor proposes making regular debt service payments to any banks with liens on its respective LLC/LP Debtor Property and, if cash flow permits, to make regular debt service payments to investors that hold a valid First Lien Mortgage.  As such, the LLC/LP Debtors  believe that the proposed forms of adequate protection for the benefit of their secured lenders are

1    fair and reasonable and sufficient to satisfy the requirements of sections 363(c)(2) and (e)

2    of the Bankruptcy Code.

## VI.

### NEED FOR EMERGENCY RELIEF

5       The LLC/LP Debtors respectfully request emergency consideration of this motion

6    pursuant to Bankruptcy Rule 4001(b)(2).  Bankruptcy Rule 4001(b)(2) permits the Court to

7    conduct an expedited preliminary hearing on this Motion and to grant preliminary relief

8    "as is necessary to avoid immediate and irreparable harm to the estate pending a final

9    hearing."  As previously discussed in this motion, without entry of an order granting the

10    relief requested herein, the LLC/LP Debtors would not be able to continue maintaining the

11    services and operations – including the collection of rent, payment of insurance costs,

12    certain utilities, and other expenses necessary to maintain the operation of its respective

13    LLC/LP Debtor Property - that it customarily has provided to such property.  This likely

14    would create severe hardship for the tenants at the LLC/LP Debtor Properties and

15    negatively impact the value of  such properties, each of which is the primary asset of an

16    LLC/LP Debtor.  Accordingly, the LLC/LP Debtors respectfully submit that they have

17    satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 4001(b)(2)

18    and, therefore, respectfully request that the Court approve the relief requested in this

19    Motion on an emergency interim basis.

## VII.

### REQUEST FOR WAIVER OF ANY APPLICABLE STAY

22       The LLC/LP Debtors  request that the terms of any interim order granting this

23    Motion become effective immediately to ensure that LLC/LP Debtors  will be able to use

24    the Cash Collateral to pay critical expenses and preserve services. Rule 6004(h) does not

25    apply to cash collateral orders. To the extent that any other provision imposes a stay, the

26    LLC/LP Debtors  request that it be waived to allow any interim order granting this Motion

27    to become effective immediately. As explained above and in the Hogan Declaration, the

28

relief requested herein is necessary to avoid immediate and irreparable harm to the LLC/LP Debtor Properties and to the LLC/LP Debtors.

## VIII.

## CONCLUSION

WHEREFORE, the LLC/LP Debtors  respectfully requests that the Court enter an order (1) approving the Motion and granting the LLC/LP Debtors authority to use Cash Collateral as proposed herein, effective as of December 11, 2020, and (2) granting such other and further relief as the Court deems appropriate.

Dated:  December 16, 2020

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____ */s/ J. Barrett Marum*
ORI KATZ
J. BARRETT MARUM
MATT KLINGER
GIANNA SEGRETTI

Counsel for Original Debtors and Proposed Counsel for LLC/LP Debtors

Dated:  December 16, 2020

TRODELLA & LAPPING LLP

By _____ */s/ Richard A. Lapping*
RICHARD A. LAPPING

Conflicts Counsel for Original Debtors and Proposed Conflicts Counsel for LLC/LP Debtors

2

## EXHIBIT A

3    UNITED STATES BANKRUPTCY COURT

4    NORTHERN DISTRICT OF CALIFORNIA

5    SAN FRANCISCO DIVISION

| | |
|---|---|
| 6 In re | Case No. 20-30604 |
| 7 PROFESSIONAL FINANCIAL INVESTORS, INC., *et al.* | (Jointly Administered with Case No. 20-30579) |
| 8 Debtors. | (Joint Administration Requested with Case Nos. 20-30908, 20-30909, 20-30910, 20-30911, 20-30912, 20-30913, 20-30914, 20-30915, 20-30916, 20-30917, 20-30919, 20-30920, 20-30922, 20-30923, 20-30924, 20-30925, 20-30927, 20-30928, 20-30929, 20-30930, 20-30934, 20-30935, 20-30936, 20-30937, 20-30938, 20-30939, 20-30940, 20-30941, 20-30942) |

13    Chapter 11

14    **[PROPOSED] INTERIM ORDER APPROVING EMERGENCY MOTION FOR ORDER AUTHORIZING THE USE OF CASH COLLATERAL**

16
Date:    TBD
Time:    TBD
Judge:   Hannah L. Blumenstiel
Place:   **Telephonic/Video Appearances Only**
         450 Golden Gate Avenue
         16th Floor, Courtroom 19
         San Francisco, CA  94102

The  *Emergency Motion for Order Authorizing the Use of Cash Collateral* (the "Motion"), filed on December 16, 2020 as Docket No. __ by Professional Investors Security Fund I, A California Limited Partnership;  Professional Investors Security Fund IV, A California Limited Partnership; Professional Investors Security Fund VII, A California Limited Partnership; Professional Investors Security Fund IX, A California Limited Partnership; Professional Investors Security Fund XII, A California Limited Partnership; Professional Investors Security Fund XIII, A California Limited Partnership;

Professional Investors Security Fund XIV, A California Limited Partnership; Professional Investors Security Fund XV, A California Limited Partnership; Professional Investors Security Fund XVII, A California Limited Partnership; Professional Investors Security Fund XVIII, A California Limited Partnership (collectively the "LP Debtors") and Professional Investors 20, LLC; Professional Investors 21, LLC; Professional Investors 22, LLC; Professional Investors 23, LLC; Professional Investors 24, LLC; Professional Investors 25, LLC; Professional Investors 26, LLC; Professional Investors 27, LLC; Professional Investors 29, LLC; Professional Investors 30, LLC; Professional Investors 32, LLC; Professional Investors 33, LLC; Professional Investors 34, LLC; Professional Investors 35, LLC; Professional Investors 36, LLC; Professional Investors 37, LLC; Professional Investors 40, LLC; Professional Investors 41, LLC; Professional Investors 46, LLC (collectively, the "LLC Debtors," and together with the LP Debtors, the "LLC/LP Debtors"), came before the Court for hearing on December __, 2020 at ___ _.m. Appearances were as noted on the record. Based upon the Court's review of the Motion, the declarations and other pleadings filed in support of the Motion, the arguments of counsel at the hearing on the Motion, and all pleadings and evidence of record in this case,

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED as set forth herein. Capitalized terms not defined in this Order shall have the meanings given to them in the Motion.

2.     Subject to the terms set forth herein, each LLC/LP Debtor is authorized to use its Cash Collateral in accordance with the terms of the Motion and as set forth in the Budget (subject to a variance of no more than twenty percent (20%) on a single line item, and no more than ten percent (10%) in the aggregate).

3.     Each Monthly Operating Report of each LLC/LP Debtor shall include an "actual to Budget" reconciliation unless otherwise agreed to by the parties.

4.     In addition to the security interests, liens, rights, equity and other interests that the holders of a First Lien Mortgage or Second Lien Mortgage have with respect to their collateral, as adequate protection pursuant to section 363(e) of the Bankruptcy Code,

each LLC/LP Debtor shall (i) keep insurance on its respective LLC/LP Property current and generally maintain such property in good condition and keep taxes on its respective LLC/LP Property current when sufficient funds exist to do so and (ii) continue making regular debt service payments to any banks with a First Lien Mortgage on such property, including, but not limited to, JPMorgan Chase Bank, Tri Counties Bank, Poppy Bank, Banner Bank, Pacific Western Bank, First Foundation Bank, HomeStreet Bank, and Five Star Bank (collectively, the "<u>Banks</u>").

5.     As additional adequate protection and compensation for the consensual use of the Cash Collateral by the LLC/LP Debtors in accordance with the Motion, and in accordance with sections 361 and 363 of the Bankruptcy Code, the Banks shall receive from the appropriate LLC/LP Debtor quarterly payments of their reasonable and documented fees and disbursements (whether incurred before or subsequent to the date of the entry of an order for relief against such LLC/LP Debtor, the "<u>Relief Date</u>"), so long as the Banks' status as over-secured creditors under section 506(b) of the Bankruptcy Code remains unchanged, and provided further that the Banks or their professionals have complied with the provisions of this paragraph. No later than the 15th day of each month, each such Bank or professional shall deliver a summary form invoice (which shall include a summary of the services generally, a summary setting forth each timekeeper and the total hours and value billed for such timekeeper, and a summary setting forth total expenses by category but shall not be required to include time entries) to counsel to the LLC/LP Debtors, each official or ad hoc committee appointed in this case, and the U.S. Trustee (the "<u>Review Parties</u>"). The Review Parties shall have until the end of the month following the applicable quarter, commencing with the quarter ending December 31, 2020, to object to any or all of any invoice by providing email notice to such Bank or professional and the Review Parties. To the extent that a Bank previously submitted invoices for fees allocated to any LLC/LP Debtor that were reviewed under the cash collateral order applicable to Professional Financial Investors, Inc., it need not do so again, and the applicable LLC/LP Debtor shall pay such previously reviewed fees prior to December 31, 2020. The

respective LLC/LP Debtor shall pay any invoice that has not been objected to (and the uncontested portion of any invoice that has been objected to) within five business days of the objection period as noted above for such invoice. The Bankruptcy Court shall determine any unresolved objections regarding such invoices, after notice and a hearing. Any Bank that fails to comply with this paragraph may submit its monthly invoices but review and payment shall be deferred to the end of the following calendar quarter. Notwithstanding the foregoing, the LLC/LP Debtors' and any party in interest's rights are fully reserved to seek a determination that adequate protection payments should be recharacterized under section 506(b) of the Bankruptcy Code as payment on account of the secured portion of the applicable Bank's First Lien Mortgage claims as of the Relief Date, and this reservation does not waive any rights of the Banks under Section 506(b).

6.      No Cash Collateral or proceeds thereof may be used by any of the LLC/LP Debtors, their estates, any affiliate of any LLC/LP Debtor, any official or other committees appointed in the Chapter 11 Cases pursuant to section 328 or 1103 of the Bankruptcy Code, any trustee or examiner appointed in these Chapter 11 Cases or any chapter 7 trustee in the event these Chapter 11 cases are converted to Chapter 7, or any other person, or related entity, to directly or indirectly assert, join, commence, support, investigate, or prosecute any action for any claim, raised in any form, including, but not limited to, an adversary proceeding, or other contested matter seeking any affirmative relief against, or adverse to the interests of, in any capacity, the Holders of a valid First Lien Mortgage, with respect to any transaction, occurrence, omission, or action, including, without limitation, (a) any action arising under the Bankruptcy Code; (b) any so-called "lender liability" claims and causes of action; (c) any action with respect to the validity and extent of the prepetition obligations of the Holders of a valid First Lien Mortgage, or the validity, extent, perfection, and priority of their prepetition liens; (d) any action seeking to invalidate, set aside, avoid, reduce, set off, offset, recharacterize, subordinate (whether equitable, contractual, or otherwise), recoup against, disallow, impair, raise any defenses, cross-claims, or counter claims or raise any other challenges under the Bankruptcy Code or

any other applicable domestic or foreign law or regulation against or with respect to the liens or prepetition obligations of the Holders of a valid First Lien Mortgage in whole or in part; (e) appeal or otherwise challenge the Interim Order, this Order, or any of the transactions contemplated herein or therein; and/or (f) any action that has the effect of preventing, hindering, or delaying (whether directly or indirectly) the Holders of a valid First Lien Mortgage in respect of their liens and security interests in the Cash Collateral or any of their rights, powers, or benefits hereunder. This limitation shall not apply to funds generated in these estates that are not the Cash Collateral of Holders of a First Lien Mortgage.

7. The LLC/LP Debtors shall cooperate in good faith in fulfilling any reasonable due diligence requests made by the Holders of a First Lien Mortgage including, but not limited to, requests for appraisals, title reports, tenant vacancy reports and other loan-related requests.

8. The grant of adequate protection to the Holders of a First Lien Mortgage pursuant hereto is without prejudice to the right of the Holders of a First Lien Mortgage to seek relief from this Order, or different or additional adequate protection as necessary, in the event that (i) a LLC/LP Debtor or the Holders of a First Lien Mortgage become aware that the net equity on any of the properties on which the Holders of a First Lien Mortgage is materially different than as presented in the Motion, (ii) if any material violation of applicable law, regulation, or code is filed, assessed, or asserted against an LLC/LP Debtor Property, (iii) the condition of an LLC/LP Debtor Property materially deteriorates, or (iv) any action is brought against an LLC/LP Debtor involving an LLC/Debtor Property.

9. Except as expressly provided herein, nothing contained in this Order (including without limitation, the authorization to use any Cash Collateral) shall impair or modify any rights, claims, or defenses available in law or equity to the Holders of a First Lien Mortgage. Nothing in this Order shall constitute an admission that the Holders of a First Lien Mortgage are not entitled to payment under section 506(b) of the Bankruptcy Code.

10.     Except as expressly provided herein, nothing contained in this Order (including without limitation, the authorization to use any Cash Collateral) shall impair or modify any rights, claims, or defenses available in law or equity to the Holders of a First Lien Mortgage or to non-LLC/LP Debtor interest holders in the LLC/LP Properties or the Second Lien Holders.

11.     The requirements for immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b) have been satisfied.

12.     The notice the LLC/LP Debtors provided of the Interim Hearing and the emergency relief requested in the Motion is in compliance with the Court's Order Shortening Time for Notice and Specially Setting Hearing Date Regarding Debtors' Early Case Administration Motions entered on  December [_], 2020 and shall be deemed good and sufficient notice of such Motion under the circumstances and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

13.     A final hearing (the "Final Hearing") to consider the relief requested in the Motion shall be held on [_____] at [_____] (prevailing Pacific Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to [_____] at [_____] (prevailing Pacific Time).

14.     This Interim Order shall serve as notice of the Final Hearing.

15.     The Final Hearing will not be conducted in the presiding judge's courtroom but instead will be conducted by telephone or video.  All interested parties should consult the Bankruptcy Court's website at www.canb.uscourts.gov for information about court operations during the COVID-19 pandemic.  The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance.  If you have any questions regarding how to appear at a court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website.

16.     On or before December [__], 2020, the Debtors shall serve, by United States mail, first-class postage prepaid, a copy of this Interim Order upon: (a) the office of the

United States Trustee, (b) the creditors on each of the LLC/LP Debtors' respective list of twenty largest unsecured creditors, (c) the parties listed on Exhibit C to the Motion; and (d) any parties that have specially requested notice.

17.     The Court retains jurisdiction over the matters arising from or related to the interpretation or implementation of this Interim Order.

***END OF PROPOSED ORDER***

**EXHIBIT B**

**(See attached).**

**Professional Financial Investors, Inc. (PFI, LLC & LP)**
**15 Week Cash Consolidated Flow Forecast**

15 Week Cash Forecast Through 03/26/21

| | Estimated Wk-1 12/04/20 | Estimated Wk-2 12/11/20 | Forecast Wk-3 12/18/20 | Forecast Wk-4 12/25/20 | Forecast Wk-5 01/01/21 | Forecast Wk-6 01/08/21 | Forecast Wk-7 01/15/21 | Forecast Wk-8 01/22/21 | Forecast Wk-9 01/29/20 | Forecast Wk-10 02/05/21 | Forecast Wk-11 02/12/21 | Forecast Wk-12 02/19/21 | Forecast Wk-13 02/26/21 | Forecast Wk-14 03/05/21 | Forecast Wk-15 03/12/21 | Forecast Wk-16 03/19/21 | Forecast Wk-17 03/26/21 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Beginning Cash Balances** | 4,287,187 | 4,883,805 | 4,461,698 | 4,402,283 | 2,334,372 | 5,806,917 | 4,351,146 | 3,828,455 | 2,881,299 | 2,646,160 | 6,211,790 | 4,716,519 | 4,702,148 | 3,715,493 | 7,281,122 | 5,785,852 | 5,723,533 |
| **Fees & Other Collections to PFI Corporate** | | | | | | | | | | | | | | | | | |
| Management Fees (Paid from LPs & LLCs to PFI) | 141,479 | | | | 141,479 | | | | | 141,479 | | | | 141,479 | | | |
| Admin Fees (Due to PFI from all properties; payroll allocation, repairs & maintenance) | 125,103 | | | | 125,103 | | | | | 125,103 | | | | 125,103 | | | |
| **Total Collections** | 266,582 | | | | 266,582 | | | | | 266,582 | | | | 266,582 | | | |
| **PFI Owned Properties** | | | | | | | | | | | | | | | | | |
| PFI dba Duffy Place - **Duffy Place** | 64,627 | | | | 64,627 | | | | | 64,627 | | | | 64,627 | | | |
| PFI dba Gate 5 - **Mariners Landing** | 36,366 | | | | 44,172 | | | | | 44,172 | | | | 44,172 | | | |
| PFI dba 107 Marin Apartments - **107 Marin** | 18,910 | | | | 24,050 | | | | | 24,050 | | | | 24,050 | | | |
| PFI dba 1129 - **1129 3rd Street Apartments** | 5,740 | | | | 5,796 | | | | | 5,796 | | | | 5,796 | | | |
| PFI dba 117 Las Gallinas Business - **Las Gallinas Business Center** | 16,639 | | | | 17,460 | | | | | 17,460 | | | | 17,460 | | | |
| PFI dba 1315 Rafael Gardens Apartments - **San Rafael Gardens** | 23,774 | | | | 23,774 | | | | | 23,774 | | | | 23,774 | | | |
| PFI dba 1506 Novato Court Apartments - **Novato Apartments** | 11,078 | | | | 10,771 | | | | | 10,771 | | | | 10,771 | | | |
| PFI dba 353 Bel Marin Keys - **The Keys Center** | 34,065 | | | | 26,095 | | | | | 26,095 | | | | 26,095 | | | |
| PFI dba 355 Redwood Manor Apartments - **Redwood Manor** | 15,759 | | | | 16,312 | | | | | 16,312 | | | | 16,312 | | | |
| PFI dba 390 Woodland Ave. - **Woodland Apartments** | 12,189 | | | | 11,428 | | | | | 11,428 | | | | 11,428 | | | |
| PFI dba 419 Prospect Dr. - **419 Prospect Drive** | 20,454 | | | | 20,131 | | | | | 20,131 | | | | 20,131 | | | |
| PFI dba 461 Ignacio Blvd. - **Ignacio Hills Tennis & Gardens** | 26,775 | | | | 26,270 | | | | | 26,270 | | | | 26,270 | | | |
| PFI dba 501 Ignacio Blvd. - **Ignacio Hills Tennis & Gardens** | 23,729 | | | | 23,950 | | | | | 23,950 | | | | 23,950 | | | |
| PFI dba 515 Brookside Apartments - **Brookside** | 19,586 | | | | 19,436 | | | | | 19,436 | | | | 19,436 | | | |
| PFI dba 7200 Redwood Blvd. - **North Bay Business Center** | 107,871 | | | | 107,871 | | | | | 107,871 | | | | 107,871 | | | |
| PFI dba 885 Broadway Apartments - **885 Broadway** | 29,637 | | | | 36,991 | | | | | 36,991 | | | | 36,991 | | | |
| PFI dba Hammondale Apartments - **Hammondale** | 12,229 | | | | 12,221 | | | | | 12,221 | | | | 12,221 | | | |
| PFI dba iLane Ignacio Lane - **Ignacio Lane** | 15,981 | | | | 12,720 | | | | | 12,720 | | | | 12,720 | | | |
| PFI dba Merrydale Apartments - **Merrydale View Apartments** | 13,675 | | | | 14,410 | | | | | 14,410 | | | | 14,410 | | | |
| PFI dba Pacheco Villa 1 - **Pacheco Villa** | 33,944 | | | | 36,130 | | | | | 36,130 | | | | 36,130 | | | |
| PFI 350 Ignacio Blvd (**ATM rental fee income from Bank of America**) | 2,394 | | | | 2,394 | | | | | 2,394 | | | | 2,394 | | | |
| PFI dba Santa House - **Santa Land** | | | | | | | | | | | | | | | | | |
| PFI dba 16914 Sonoma - TIC - **16914 Sonoma Highway** | 36,074 | | | | 36,074 | | | | | 36,074 | | | | 36,074 | | | |
| ***Subtotal PFI Rent receipts*** | 572,786 | | | | 593,083 | | | | | 593,083 | | | | 593,083 | | | |
| **LP Properties** | | | | | | | | | | | | | | | | | |
| LP 01 - Ignacio Hills Apartments **I** | 44,000 | | | | 44,000 | | | | | 44,000 | | | | 44,000 | | | |
| LP 04 - Ignacio Hills Apartments **IV** | 22,000 | | | | 22,000 | | | | | 22,000 | | | | 22,000 | | | |
| LP 07 - Albion Terrace Apartments **VII** | 93,500 | | | | 93,500 | | | | | 93,500 | | | | 93,500 | | | |
| LP 09 - Northgate Apartments **IX** | 155,150 | | | | 155,150 | | | | | 155,150 | | | | 155,150 | | | |
| LP 12 - Ignacio Hills Apartments **XII** | 47,250 | | | | 47,250 | | | | | 47,250 | | | | 47,250 | | | |
| LP 13 - Lincoln Villa Apartments PISF **XIII** | 112,282 | | | | 112,282 | | | | | 112,282 | | | | 112,282 | | | |
| LP 14 - Fairway Apartments **XIV** | 116,301 | | | | 116,301 | | | | | 116,301 | | | | 116,301 | | | |
| LP 15 - Country Club Apartments **XV** | 44,000 | | | | 44,000 | | | | | 44,000 | | | | 44,000 | | | |
| LP 17 - Country Club Apartments **XVII** | 72,500 | | | | 72,500 | | | | | 72,500 | | | | 72,500 | | | |
| LP 18 - Ignacio Gardens **XVIII** | 212,350 | | | | 212,350 | | | | | 212,350 | | | | 212,350 | | | |
| ***Subtotal LP Rent receipts*** | 919,333 | | | | 919,333 | | | | | 919,333 | | | | 919,333 | | | |
| **LLC Properties** | | | | | | | | | | | | | | | | | |
| LLC 20 - Professional Investors 20, LLC | 49,471 | | | | 49,471 | | | | | 49,471 | | | | 49,471 | | | |
| LLC 21 - Ignacio Hills Apartments | 78,109 | | | | 78,109 | | | | | 78,109 | | | | 78,109 | | | |
| LLC 22 - Sonoma Mission Apartments | 85,487 | | | | 85,487 | | | | | 85,487 | | | | 85,487 | | | |
| LLC 23 - City Center | 70,729 | | | | 70,729 | | | | | 70,729 | | | | 70,729 | | | |
| LLC 24 - Baywood Center | 49,613 | | | | 49,613 | | | | | 49,613 | | | | 49,613 | | | |
| LLC 25 - The Creekside Center | 40,568 | | | | 40,568 | | | | | 40,568 | | | | 40,568 | | | |
| LLC 26 - Tamal Plaza | 63,868 | | | | 63,868 | | | | | 63,868 | | | | 63,868 | | | |
| LLC 27 - Novato Business Center | 23,728 | | | | 23,728 | | | | | 23,728 | | | | 23,728 | | | |
| LLC 28 - Professional Investors 28, LLC | 34,344 | | | | 34,344 | | | | | 34,344 | | | | 34,344 | | | |
| LLC 29 - The Broadway | 19,495 | | | | 19,495 | | | | | 19,495 | | | | 19,495 | | | |
| LLC 30 - Redwood Business Center | 69,275 | | | | 69,275 | | | | | 69,275 | | | | 69,275 | | | |
| LLC 31 - San Pedro Business Center | 69,843 | | | | 69,843 | | | | | 69,843 | | | | 69,843 | | | |
| LLC 32 - Northgate Business Center | 42,836 | | | | 42,836 | | | | | 42,836 | | | | 42,836 | | | |
| LLC 33 - Ignacio Place | 80,912 | | | | 80,912 | | | | | 80,912 | | | | 80,912 | | | |
| LLC 34 - Gateway Business Center | 42,116 | | | | 42,116 | | | | | 42,116 | | | | 42,116 | | | |
| LLC 35 - Sequoia Business Center | 86,662 | | | | 86,662 | | | | | 86,662 | | | | 86,662 | | | |
| LLC 36 - Village Green Apartments I | 66,439 | | | | 66,439 | | | | | 66,439 | | | | 66,439 | | | |
| LLC 37 - Broadway Square | 54,401 | | | | 54,401 | | | | | 54,401 | | | | 54,401 | | | |
| LLC 38 - Northgate Professional Center | 150,868 | | | | 150,868 | | | | | 150,868 | | | | 150,868 | | | |
| LLC 39 - 4th St. Business Ctr | 28,053 | | | | 28,053 | | | | | 28,053 | | | | 28,053 | | | |
| LLC 40 - Glen Ellen Madrone | 62,054 | | | | 62,054 | | | | | 62,054 | | | | 62,054 | | | |
| LLC 41 - Professional Investors 41, LLC | 36,848 | | | | 36,848 | | | | | 36,848 | | | | 36,848 | | | |
| LLC 42 - Northgate Heights Business Center | 173,676 | | | | 173,676 | | | | | 173,676 | | | | 173,676 | | | |
| LLC 43 - The Heights | 36,189 | | | | 36,189 | | | | | 36,189 | | | | 36,189 | | | |
| LLC 44 - 100 Sycamore Apartments | 49,201 | | | | 49,201 | | | | | 49,201 | | | | 49,201 | | | |
| LLC 45 - The American Building | 55,066 | | | | 55,066 | | | | | 55,066 | | | | 55,066 | | | |
| LLC 46 - 285 Woodland Ave | 28,366 | | | | 28,366 | | | | | 28,366 | | | | 28,366 | | | |
| LLC 47 - The Hunt Plaza | 48,699 | | | | 48,699 | | | | | 48,699 | | | | 48,699 | | | |
| LLC 48 - Pali Marin | 77,519 | | | | 77,519 | | | | | 77,519 | | | | 77,519 | | | |
| LLC 49 - 1732 Lincoln Avenue (*See Bldg 49 Adjtd Rent Receipts*) | 12,198 | | | | 12,198 | | | | | 12,198 | | | | 12,198 | | | |
| LLC 1222 - PFI Glenwood | 17,000 | | | | 17,000 | | | | | 17,000 | | | | 17,000 | | | |
| ***Subtotal LLC Rent receipts*** | 1,803,031 | | | | 1,786,531 | | | | | 1,786,531 | | | | 1,786,531 | | | |
| **Cash generated from operations in current week** | 3,562,332 | | | | 3,565,629 | | | | | 3,565,629 | | | | 3,565,629 | | | |
| **Cash balance after collections in current week** | 7,849,519 | 4,883,805 | 4,461,698 | 4,402,283 | 5,900,002 | 5,806,917 | 4,351,146 | 3,828,455 | 2,881,299 | 6,211,790 | 6,211,790 | 4,716,519 | 4,702,148 | 7,281,122 | 7,281,122 | 5,785,852 | 5,723,533 |

**Professional Financial Investors, Inc. (PFI, LLC & LP)**
**15 Week Cash Consolidated Flow Forecast**

15 Week Cash Forecast Through 03/26/21

| | Estimated Wk-1 12/04/20 | Estimated Wk-2 12/11/20 | Forecast Wk-3 12/18/20 | Forecast Wk-4 12/25/20 | Forecast Wk-5 01/01/21 | Forecast Wk-6 01/08/21 | Forecast Wk-7 01/15/21 | Forecast Wk-8 01/22/21 | Forecast Wk-9 01/29/21 | Forecast Wk-10 02/05/21 | Forecast Wk-11 02/12/21 | Forecast Wk-12 02/19/21 | Forecast Wk-13 02/26/21 | Forecast Wk-14 03/05/21 | Forecast Wk-15 03/12/21 | Forecast Wk-16 03/19/21 | Forecast Wk-17 03/26/21 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**Disbursements – PFI Properties** (*First Week includes 50% of Annual Property Tax due 12/10/20*)

Row labels include:
- PFI dba Duffy Place - **Duffy Place**
- PFI dba Gate 5 - **Mariners Landing**
- PFI dba 107 Marin Apartments - **107 Marin**
- PFI dba 1129 - **1129 3rd Street Apartments**
- PFI dba 117 Las Gallinas Business - **Las Gallinas Business Center**
- PFI dba Rafael Gardens Apartments - **San Rafael Gardens**
- PFI dba 1506 Novato Court Apartments - **Novato Apartments**
- PFI dba 353 Bel Marin Keys - **The Keys Center**
- PFI dba 355 Redwood Manor Apartments - **Redwood Manor**
- PFI dba 390 Woodland Ave. - **Woodland Apartments**
- PFI dba 419 Prospect Dr. - **419 Prospect Drive**
- PFI dba 461 Ignacio Blvd - **Ignacio Hills Tennis & Gardens**
- PFI dba 501 Ignacio Blvd. - **Ignacio Hills Tennis & Gardens**
- PFI dba 515 Brookside Apartments - **Brookside**
- PFI dba 7200 Redwood Blvd. - **North Bay Business Center**
- PFI dba 885 Broadway Apartments - **885 Broadway**
- PFI dba Hammondale Apartments - **Hammondale**
- PFI dba iLane Ignacio Lane - **Ignacio Lane**
- PFI dba Merrydale Apartments - **Merrydale View Apartments**
- PFI dba Pacheco Villa 1 - **Pacheco Villa**
- PFI dba Santa House - **Santa Land**
- PFI dba 16914 Sonoma - TIC - **16914 Sonoma Highway**
- 350 Ignacio Bldg expenses
- Payroll
- Payroll taxes
- Benefits

**PFI - Other disbursements**
- Total Admin Fees
- Total Mgt Exp
- Total Utility Exp
- Total Repairs & Maintenance
- Total Insurance Maintenance
- Mortgage Expense

**Subtotal PFI Disbursements (Including Property Taxes & Insurance)**

**Disbursements - LP Properties**
- LP 01 - Ignacio Hills Apartments I
- LP 04 - Ignacio Hills Apartments IV
- LP 07 - Albion Terrace Apartments VII
- LP 09 - Northgate Apartments IX
- LP 12 - Ignacio Hills Apartments XII
- LP 13 - Lincoln Villa Apartments PISF XIII
- LP 14 - Fairway Apartments XIV
- LP 15 - Country Club Apartments XV
- LP 17 - Country Club Apartments XVII
- LP 18 - Ignacio Gardens XVIII

**Subtotal LP Disbursements (Including Property Taxes & Insurance)**

**Disbursements - LLC Properties**
- LLC 20 - Professional Investors 20, LLC
- LLC 21 - Ignacio Hills Apartments
- LLC 22 - Sonoma Mission Apartments
- LLC 23 - City Center
- LLC 24 - Baywood Center
- LLC 25 - The Creekside Center
- LLC 26 - Tamal Plaza
- LLC 27 - Novato Business Center
- LLC 28 - Professional Investors 28, LLC
- LLC 29 - The Broadway
- LLC 30 - Redwood Business Center
- LLC 31 - San Pedro Business Center
- LLC 32 - Northgate Business Center
- LLC 33 - Ignacio Place
- LLC 34 - Gateway Business Center
- LLC 35 - Sequoia Business Center
- LLC 36 - Village Green Apartments I
- LLC 37 - Broadway Square
- LLC 38 - Northgate Professional Center
- LLC 39 - 4th St. Business Ctr
- LLC 40 - Glen Ellen Madrone
- LLC 41 - Professional Investors 41, LLC
- LLC 42 - Northgate Heights Business Center
- LLC 43 - The Heights
- LLC 44 - 100 Sycamore Apartments
- LLC 45 - The American Building
- LLC 46 - 285 Woodland Ave
- LLC 47 - The Hunt Plaza
- LLC 48 - Parc Marin
- LLC 49 - 1732 Lincoln Avenue
- LLC 122 - PFI Glenwood

**Subtotal LLC Disbursements (Including Property Taxes & Insurance)**

**Total forecasted residential turnover expense (allocated across all properties)**

**Total cash disbursements in current week**

**Net cash generated during period**

**Net ending cash at end of week**

**Professional Fees - Disbursements**
- Independent Director
- Armanino - CRO/Operations
- Armanino - Forensics
- Armanino - Tax
- Sheppard Mullin (B)
- Ragghianti, Freitas (B)
- Other Debtor Professionals
- Committee of Unsecured Creditors' Counsel
- Ad Hoc DOT Holders Committee's Counsel
- Ad Hoc LLC Members Committee's Counsel
- FTI Forensics

**Total Professional Fees - Disbursements**

**Net cash after Non-Operating Disbursements**

**Professional Fees - Accrued**
- Independent Director
- Armanino - CRO/Operations
- Armanino - Tax
- Sheppard Mullin
- Ragghianti, Freitas
- Other Debtor Professionals
- Committee of Unsecured Creditors' Counsel
- Ad Hoc DOT Holders Committee's Counsel
- Ad Hoc LLC Members Committee's Counsel
- FTI Forensics

**Total Professional Fees - Accrued**

Case: 20-30604   Doc# 596   Filed: 12/15/20   Entered: 12/15/20 16:44:06   Page 27 of 37

# EXHIBIT C

2

3  **BANK LENDERS:**

4  Pacific Western Bank
   P.O. Box 131207
5  Carlsbad, CA 92013-1207

6  Banner Bank
   P.O. Box 1117
7  Walla Walla, WA 99362-0265

8  Chase Commercial Term Lending
   P.O. Box 9176
9  Coppell, TX 75019-9176

10 First Foundation Bank
   18101 Von Karman, Suite 750
11 Irvine, CA 92612

12 One United Bank
   3683 Crenshaw Blvd
13 Los Angeles, CA 90016

14 Tri Counties Bank
   P.O. Box 909
15 Chico, CA 95927

16 Poppy Bank
   438 First Street
17 Santa Rosa, CA 95401

18 Opus Bank
   19900 Macarthur Blvd., 12th Floor
19 Irvine, CA 92612

20 Five Star Bank
   3100 Zinfandel Drive, Suite #100
21 Rancho Cordova, CA 95670

22 HomeStreet Bank
   Commercial Real Estate Loan Servicing
23 601 Union Street, Ste #2000
   Seattle WA 98101-2326

24

25

26

27

28

SMRH:4834-5740-3603.5

**LP INVESTORS:**

**Professional Investors Security Fund I, A California Limited Partnership**:

Teresa Ratto
1147 Cambridge Street
Novato, CA 94947

Ardath Steves
317 Melrose Avenue
Mill Valley, CA 94941

Jim Tanner
827 Hayden Avenue
Novato, CA 94945

**Professional Investors Security Fund IV, A California Limited Partnership;**

John Burke
11600 Red Dog Road
Nevada City, CA 95959

G. Minhoto & J. Rowley
2 Hyannis Cove
San Rafael, CA 94901

Judd & Susan Shellito
2001 Dauphine Street
New Orleans, LA 70116

**Professional Investors Security Fund VII, A California Limited Partnership;**

Altman/Saltzman Trust
390 S. Morningsun Avenue
Mill Valley, CA 94941

Gerald Arpino
180 MacDougal Street
New York, NY 10011

Sandy Fields Trust
P.O. Box 632
Point Reyes Station, CA 94956

Walt Nagle
P.O. Box 1063
Pleasanton, CA 94588

James & Tina Selman
2034 Greet Street
San Francisco, CA 94123

SMRH:4834-5740-3603.5

Joan Willis, 401k
67 Junipero Serra Avenue
San Rafael, CA 94901

**Professional Investors Security Fund IX, A California Limited Partnership;**

Jacques Achsen
124 Pine Street
San Anselmo, CA 94960

Sandy Fields Trust
PO Box 632
Point Reyes Station, CA 94956

Larry Gettler
8 Gilbert Street
San Rafael, CA 94901

Rod Juncker
15850 Orange Blossom Lane
Los Gatos, CA 95032

Michael K. Leary
29 Timothy Place
San Anselmo, CA 94960

Sunil Maheshwari
101 Utah Street, #130
San Francisco, CA 94103

Sushil Maheshwari
101 Utah Street, #130
San Francisco, CA 94103

David Rabb Profit Plan
15 San Marcos Place
San Rafael, CA 94901

Linda Tanner, TOCA #IRZ-6030-OT
827 Hayden Avenue
Novato, CA 94945

**Professional Investors Security Fund XII, A California Limited Partnership;**

Jacques Achsen
124 Pine Street
San Anselmo, CA 94960

Robert Aston
123 6th Avenue
San Francisco, CA 94118

Sandy Fields Trust
PO Box 632
Point Reyes Station, CA 94956

SMRH:4834-5740-3603.5

Arnold Fleming
25 Grenadier Drive
Mahwah, NJ 07430

Rod Juncker
15850 Orange Blossom Lane
Los Gatos, CA 95032

Rabinder Maheshwari
360 Moseley Road, #302
Hillsborough, CA 94010

Sunil Maheshwari
101 Utah Street, #130
San Francisco, CA 94103

Sushil Maheshwari
101 Utah Street, #130
San Francisco, CA 94103

**Professional Investors Security Fund XIII, A California Limited Partnership;**

Robert Aston
123 6th Avenue
San Francisco, CA 94118

Ira Peter Bagatelos
105 Shooting Star Isle
Foster City, CA 94404

Barry Ira Fadem
920 Diablo Drive
Lafayette, CA 94549

Sandy Fields Trust
PO Box 632
Point Reyes Station, CA 94956

Eric Greidanus
15887 Avenue, #264
Visalia, CA 93292

Rob & Betty Heschong
36 Rafael Drive
San Rafael, CA 94901

London Chimney Services
32 Currey Avenue
Sausalito, CA 94965

Allan Reed
45 Hillcrest Court
San Anselmo, CA 94960

SMRH:4834-5740-3603.5

SMRH:319169

James Scagliola Trust
1030 Western Avenue
Petaluma, CA 94952

**Professional Investors Security Fund XIV, A California Limited Partnership;**

W. Jumbe Allen, O.M.D.
11130 Kerrigan Drive
Oakland, CA 94605

Shari & Richard Bashing-Sullivan
03 Camino Del Diablo
Orinda, CA 94563

Philip Gorny
2300 Road E.
Redwood Valley, CA 95470

Eric Greidanus
15887 Avenue, #264
Visalia, CA 93292

Rod Juncker
15850 Orange Blossom Lane
Los Gatos, CA 95032

Sunil Maheshwari
101 Utah Street, #130
San Francisco, CA 94103

Sushil Maheshwari
101 Utah Street, #130
San Francisco, CA 94103

**Professional Investors Security Fund XV, A California Limited Partnership;**

Jacques Achsen
124 Pine Street
San Anselmo, CA 94960

Russell Davis, TOCA #SRE-0037-00
1555 Henry Way
Petaluma, CA 94954

Sandy Fields Trust
PO Box 632
Point Reyes Station, CA 94956

Sushil Maheshwari
101 Utah Street, #130
San Francisco, CA 94103

Dale & Anne Stocking
1080 Bel Marin Keys Blvd.
Novato, CA 94949

SMRH:4834-5740-3603.5

Linda Tanner, TCOA #IRZ-6030-OT
827 Hayden Avenue
Novato, CA 94945

John Trimble
35 Main Burfordville Street
Burfordville, MO 63739

John & Kathy Trimble
35 Main Burfordville Street
Burfordville, MO 63739

**Professional Investors Security Fund XVII, A California Limited Partnership;**

Jacques Achsen
124 Pine Street
San Anselmo, CA 94960

Ira Peter Bagatelos
105 Shooting Star Isle
Foster City, CA 94404

Barry Ira Fadem
920 Diablo Drive
Lafayette, CA 94549

Arnold Fleming
25 Grenadier Drive
Mahwah, NJ 07430

Jamie Kate Heller
8304 184 Street SW
Edmonds, WA 98026

Steve Horgan
16360 Craig Lane
Anderson, CA 96007

Sunil Maheshwari
101 Utah Street, #130
San Francisco, CA 94103

Jacques Achsen (listed twice but different amounts)
124 Pine Street
San Anselmo, CA 94960

W. Jumbe Allen, O.M.D.
11130 Kerrigan Drive
Oakland, CA 94605

Robert Aston
123 6th Avenue
San Francisco, CA 94118

| | |
|---|---|
| 1 | Ira Peter Bagatelos<br>105 Shooting Star Isle |
| 2 | Foster City, CA 94404 |
| 3 | Robert Barbarick<br>5091 Solano Avenue |
| 4 | Napa, CA 94558 |
| 5 | Shari & Richard Bashing-Sullivan<br>03 Camino Del Diablo |
| 6 | Orinda, CA 94563 |
| 7 | Barry Ira Fadem<br>920 Diablo Drive |
| 8 | Lafayette, CA 94549 |
| 9 | Eric Greidanus<br>15887 Avenue, #264 |
| 10 | Visalia, CA 93292 |
| 11 | Darcy Ann Hansen<br>One Fernwood Drive |
| 12 | San Anselmo, CA 94960 |
| 13 | Rod & Betty Heschong<br>36 Rafael Drive |
| 14 | San Rafael, CA 94901 |
| 15 | Rabinder Maheshwari<br>360 Moseley Road, #302 |
| 16 | Hillsborough, CA 94010 |
| 17 | Valery Uhl<br>11 Sessions Road |
| 18 | Lafayette, CA 94549 |
| 19 | David and Nora Willis<br>797 The Dallas Avenue |
| 20 | Sunnyvale, CA 94087 |
| 21 | **Professional Investors Security Fund XVIII, A California Limited Partnership:** |
| 22 | |
| 23 | Jacques Achsen<br>124 Pine Street |
| | San Anselmo, CA 94960 |
| 24 | |
| 25 | W. Jumbe Allen, O.M.D.<br>11130 Kerrigan Drive |
| | Oakland, CA 94605 |
| 26 | |
| 27 | Robert Aston<br>123 6th Avenue |
| | San Francisco, CA 94118 |
| 28 | |

Case: 20-30604    Doc# 296    Filed: 12/16/20    Entered: 12/16/20 16:47:46    Page 34 of 37

| | |
|---|---|
| 1 | Ira Peter Bagatelos<br>105 Shooting Star Isle |
| 2 | Foster City, CA 94404 |
| 3 | Robert Barbarick<br>5091 Solano Avenue |
| 4 | Napa, CA 94558 |
| 5 | Shari & Richard Bashing-Sullivan<br>03 Camino Del Diablo |
| 6 | Orinda, CA 94563 |
| 7 | Barry Ira Fadem<br>920 Diablo Drive |
| 8 | Lafayette, CA 94549 |
| 9 | Eric Greidanus<br>15887 Avenue, #264 |
| 10 | Visalia, CA 93292 |
| 11 | Darcy Ann Hansen<br>One Fernwood Drive |
| 12 | San Anselmo, CA 94960 |
| 13 | Rod & Betty Heschong<br>36 Rafael Drive |
| 14 | San Rafael, CA 94901 |
| 15 | Rabinder Maheshwari<br>360 Moseley Road, #302 |
| 16 | Hillsborough, CA 94010 |
| 17 | Valery Uhl<br>11 Sessions Road |
| 18 | Lafayette, CA 94549 |
| 19 | David and Nora Willis<br>797 The Dallas Avenue |
| 20 | Sunnyvale, CA 94087 |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

SMRH:4834-5740-3603.5

-8-

SMRH:4832-1f-319169

**EXHIBIT D**

**(See attached).**

*Professional Financial Investors, Inc.*

*Summary Review of Properties as of June, 2020* [1]

| Code | Type | Owner | TYPE | Mort | DOT | TIC | Interest/Equity | Property | City | zip | # of units | % of total units | Code | Broker Opinion of Value | Code | Bank | Ending Balance as of 06/30/2020 | Comments | Net Equity After First Lien | Code | Detailed Principal 6/20 | Net Equity After DOT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | RES | PISF/LP | LP | ✓ | ✓ | | ✓ | Ignacio Hills Tennis & Garden Apts. / 475 Ignacio Blvd | Novato | 94949 | | 0.00% | | $ 7,763,688.00 | | Pacific Western Bank | $ 4,175,000.00 | | $ 3,588,688.00 | 1 | $ 3,139,933.39 | $ 448,754.61 |
| IV | RES | PISF/LP | LP | ✓ | ✓ | | ✓ | 531 Alameda Del Prado | Novato | 94949 | 10 | 1.09% | IV | $ 3,500,000.00 | IV | Bonner Bank | $ 2,312,300.00 | Refinanced | $ 1,187,700.00 | IV | $ 1,512,250.00 | $ (324,550.00) |
| VII | RES | PISF/LP | LP | ✓ | ✓ | | ✓ | Albion Terrace Apts. / 225 Nova Albion Way | San Rafael | 94903 | 40 | 4.36% | VII | $ 16,000,000.00 | VII | Chase Bank | $ 9,500,000.00 | | $ 6,500,000.00 | VII | $ 6,050,000.00 | $ 450,000.00 |
| IX | RES | PISF/LP | LP | ✓ | ✓ | | ✓ | Northgate Apts. / 825 Las Gallinas Avenue | San Rafael | 94903 | 50 | 5.45% | IX | $ 19,600,000.00 | IX | First Foundation | $ 12,000,000.00 | | $ 7,600,000.00 | IX | $ 10,037,678.00 | $ (2,437,678.00) |
| XII | RES | PISF/LP | LP | ✓ | ✓ | | ✓ | Ignacio Hills Tennis & Garden Apts. / 445 Ignacio Blvd | Novato | 94949 | 20 | 2.18% | XII | $ 8,000,000.00 | XII | OneUnited Bank | $ 4,934,500.00 | | $ 3,065,500.00 | XII | $ 3,570,196.00 | $ (504,696.00) |
| XIII | RES | PISF/LP | LP | ✓ | ✓ | | ✓ | Lincoln Vista / 1826 Lincoln Avenue | San Rafael | 94901 | 65 | 7.08% | XIII | $ 21,440,000.00 | XIII | Pacific Western Bank | $ 13,205,000.00 | | $ 8,235,000.00 | XIII | $ 10,383,983.55 | $ (2,148,983.55) |
| XIV | RES | PISF/LP | LP | ✓ | ✓ | | ✓ | Fairway Apts. / 1000 Ignacio Blvd | Novato | 94949 | 54 | 5.88% | XIV | $ 21,600,000.00 | XIV | Pacific Western Bank | $ 12,000,000.00 | | $ 9,600,000.00 | XIV | $ 8,953,183.62 | $ 646,816.38 |
| XV | RES | PISF/LP | LP | ✓ | ✓ | | ✓ | Country Club Apt. / 980 Ignacio Blvd | Novato | 94949 | 18 | 1.96% | XV | $ 6,930,000.00 | XV | Chase Bank | $ 4,138,639.78 | | $ 2,791,360.22 | XV | $ 3,707,001.89 | $ (915,641.67) |
| XVII | RES | PISF/LP | LP | ✓ | ✓ | | ✓ | Oak Hill Apts. / 216 Marin Street | San Rafael | 94901 | 36 | 3.92% | XVII | $ 14,000,000.00 | XVII | Chase Bank | $ 7,940,000.00 | | $ 6,060,000.00 | XVII | $ 6,230,861.02 | $ (170,861.02) |
| XVIII | RES | PISF/LP | LP | ✓ | ✓ | | ✓ | Ignacio Gardens / 380 - 450 Alameda Del Prado | Novato | 94949 | 96 | 10.46% | XVIII | $ 40,800,000.00 | XVIII | Tri Counties | $ 22,600,000.00 | | $ 18,200,000.00 | XVIII | $ 14,844,100.00 | $ 3,355,900.00 |
| 20 | RES | PFI/LLC | LLC | ✓ | | | ✓ | Ignacio Hills Tennis & Garden Apts. / 511 & 531 Alameda Del Prado | Novato | 94949 | 20 | 2.18% | 20 | $ 8,750,000.00 | 20 | Pacific Western Bank | $ 3,997,690.80 | | $ 4,752,309.20 | 20 | | $ 4,752,309.20 |
| 21 | RES | PFI/LLC | LLC | ✓ | | | ✓ | Ignacio Tennis & Garden Apts. / 401 Ignacio Blvd. & 521 Alameda Del Prado | Novato | 94949 | 30 | 3.27% | 21 | $ 12,875,000.00 | 21 | Pacific Western Bank | $ 5,923,652.47 | | $ 6,951,347.53 | 21 | | $ 6,951,347.53 |
| 22 | RES | PFI/LLC | LLC | ✓ | | | ✓ | Sonoma Mission Apts. / 120 Orchard Ave | Sonoma | 95476 | 43 | 4.68% | 22 | $ 11,125,000.00 | 22 | Chase Bank | $ 7,000,000.00 | | $ 4,125,000.00 | 22 | | $ 4,125,000.00 |
| 23 | COM | PFI/LLC | LLC | ✓ | | | ✓ | City Center / 1701 Novato Blvd. | Novato | 94947 | 19 | 4.13% | 23 | $ 11,000,000.00 | 23 | Chase Bank | $ 5,375,236.52 | | $ 5,624,893.48 | 23 | | $ 5,624,893.48 |
| 24 | COM | PFI/LLC | LLC | ✓ | | | ✓ | Baywood Center / 1682 Novato Blvd. | Novato | 94947 | 15 | 3.26% | 24 | $ 5,750,000.00 | 24 | Chase Bank | $ 4,426,847.15 | | $ 1,323,152.85 | 24 | | $ 1,323,152.85 |
| 25 | COM | PFI/LLC | LLC | ✓ | | | ✓ | Creekside / 7 Mt. Lassen Drive | San Rafael | 94903 | 68 | 14.79% | 25 | $ 5,712,500.00 | 25 | Chase Bank | $ 4,344,892.91 | | $ 1,367,607.09 | 25 | | $ 1,367,607.09 |
| 26 | COM | PFI/LLC | LLC | ✓ | | | ✓ | 100 Tamal Vista / 100 Tamal Vista | Corte Madera | 94925 | 22 | 4.78% | 26 | $ 8,475,000.00 | 26 | Chase Bank | $ 5,000,000.00 | | $ 3,475,000.00 | 26 | | $ 3,475,000.00 |
| 27 | COM | PFI/LLC | LLC | ✓ | | | ✓ | Novato Business Center / 1500,1510,1516 Grant Ave. | Novato | 94945 | 54 | 11.74% | 27 | $ 7,125,000.00 | 27 | Chase Bank | $ 2,682,839.96 | | $ 4,443,170.04 | 27 | | $ 4,443,170.04 |
| 29/117 | RES | PFI/LLC | LLC | ✓ | | | ✓ | The Broadway / 1151 Broadway | Sonoma | 95476 | 11 | 2.39% | 29 | $ 3,375,000.00 | 29 | Poppy Bank | $ 2,055,194.80 | | $ 1,319,805.20 | 29/117 | | $ 1,319,805.20 |
| 30 | COM | PFI/LLC | LLC | ✓ | | | ✓ | The Redwoods / 1341-1363 Redwood Way | Petaluma | 94945 | 9 | 1.96% | 30 | $ 10,300,000.00 | 30 | Poppy Bank | $ 4,858,441.25 | | $ 5,441,558.75 | 30 | | $ 5,441,558.75 |
| 32 | COM | PFI/LLC | LLC | ✓ | | | ✓ | The Northgate Business Center / 555 North Gate Drive | San Rafael | 94903 | 15 | 3.26% | 32 | $ 6,100,000.00 | 32 | Tri Counties | $ 3,221,081.14 | | $ 2,878,918.86 | 32 | | $ 2,878,918.86 |
| 33 | COM | PFI/LLC | LLC | ✓ | | | ✓ | Ignacio Place Apartment / 335 Enframe Rd | San Rafael | 94949 | 40 | 4.36% | 33 | $ 14,850,000.00 | 33 | Tri Counties | $ 8,456,200.00 | | $ 6,393,800.00 | 33 | | $ 6,393,800.00 |
| 34 | COM | PFI/LLC | LLC | ✓ | | | ✓ | Gateway Business Center / 851 Irwin Street | San Rafael | 94901 | 17 | 3.70% | 34 | $ 8,975,000.00 | 34 | Chase Bank | $ 4,900,000.00 | | $ 4,075,000.00 | 34 | | $ 4,075,000.00 |
| 35 | COM | PFI/LLC | LLC | ✓ | | | ✓ | Sequoia Business Center / 1425 North McDowell | Petaluma | 94954 | 15 | 3.26% | 35 | $ 6,750,000.00 | 35 | Poppy Bank | $ 4,784,977.28 | | $ 1,965,022.72 | 35 | | $ 1,965,022.72 |
| 36 | RES | PFI/LLC | LLC | ✓ | | | ✓ | Village Green Apts. / 350 Robinson St. | Sonoma | 95476 | 17 | 4.47% | 36 | $ 9,050,000.00 | 36 | Tri Counties | $ 5,250,000.00 | | $ 3,800,000.00 | 36 | | $ 3,800,000.00 |
| 37 | COM | PFI/LLC | LLC | ✓ | | | ✓ | Broadway Square / 10 Maple St & 635-651 Broadway | Sonoma | 95476 | 17 | 3.70% | 37 | $ 4,550,000.00 | 37 | Poppy Bank | $ 4,065,000.00 | | $ 485,000.00 | 37 | | $ 485,000.00 |
| 40 | RES | PFI/LLC | LLC | ✓ | | | ✓ | Madrone Apartment Homes / 15411-15499 Marty Drive | Glen Ellen | 95442 | 42 | 4.58% | 40 | $ 9,250,000.00 | 40 | PNC real estate | $ 4,550,000.00 | | $ 4,700,000.00 | 40 | | $ 4,700,000.00 |
| 41/121 | RES | PFI/LLC/TIC | LLC | ✓ | | ✓ | ✓ | Marin Heights Apartment Homes / 19 Merrydale Rd | San Rafael | 94903 | 18 | 1.96% | 41 | $ 6,037,500.00 | 41 | Opus Bank | $ 3,175,000.00 | | $ 2,862,500.00 | 41/121 | | $ 2,862,500.00 |
| 46 | RES | PFI/LLC | LLC | ✓ | | | ✓ | Woodland Apartments / 285 Woodland Ave | San Rafael | 95401 | 20 | 2.18% | 46 | $ 6,075,000.00 | 46 | Five Star | $ 3,600,000.00 | | $ 2,475,000.00 | 46 | | $ 2,475,000.00 |
| | | | | | | | | | | | | | | $ 515,758,688.00 | | | $ 254,075,444 | | $ 180,471,354 | | $ 135,287,334 | $ 68,429,157 / $ 66,858,176 |
| **LLC Entities Not Currently in Bankruptcy** | | | | | | | | | | | | | | | | | | | | | | |
| 28/110 | RES | PFI/LLC | LLC | ✓ | | | ✓ | Ignacio Hills Tennis & Garden Apts. / 481 Ignacio Blvd | Novato | 94949 | 16 | 1.74% | 28 | $ 5,875,000.00 | 28 | Fremont Bank | $ 2,538,252.24 | | $ 3,336,747.76 | 28/110 | | $ 3,336,747.76 |
| 31 | COM | PFI/LLC | LLC | ✓ | | | ✓ | San Pedro Business Center / 30 North San Pedro Rd | San Rafael | 94903 | 15 | 3.26% | 31 | $ 6,612,500.00 | 31 | Five Star | $ 5,044,000.00 | | $ 1,568,500.00 | 31 | | $ 1,568,500.00 |
| 38 | COM | PFI/LLC | LLC | ✓ | | | ✓ | Northgate Professional Center / 899 Northgate Dr | San Rafael | 94903 | 25 | 5.43% | 38 | $ 23,625,000.00 | 38 | Tri Counties | $ 11,341,837.63 | | $ 12,283,162.37 | 38 | | $ 12,283,162.37 |
| 39 | COM | PFI/LLC | LLC | ✓ | | | ✓ | 4th Street Business Center / 523 4th St & 930 Irwin St. | San Rafael | 95401 | 25 | 5.43% | 39 | $ 7,100,000.00 | 39 | Chase Bank | $ 4,100,000.00 | | $ 3,000,000.00 | 39 | | $ 3,000,000.00 |
| 42 | RES | PFI/LLC | LLC | ✓ | | | ✓ | Northgate Heights Business Center / 1050 Northgate Dr | San Rafael | 95401 | 42 | 9.13% | 42 | $ 20,900,000.00 | 42 | Chase Bank | $ 11,865,000.00 | | $ 9,035,000.00 | 42 | | $ 9,035,000.00 |
| 43 | RES | PFI/LLC/TIC | LLC/TIC | ✓ | | ✓ | ✓ | The Height Apartment Homes / 100 Professional Center Parkway | San Rafael | 94903 | 20 | 2.18% | 43 | $ 7,175,000.00 | 43 | First Foundation | $ 3,850,000.00 | | $ 3,325,000.00 | 43 | | $ 3,325,000.00 |
| 44 | RES | PFI/LLC/TIC | LLC/TIC | ✓ | | ✓ | ✓ | Sycamore Creek Apartments / 100 Sycamore Ave | San Anselmo | 94960 | 24 | 2.61% | 44 | $ 9,175,000.00 | 44 | Pacific Western Bank | $ 4,200,000.00 | | $ 4,975,000.00 | 44 | | $ 4,975,000.00 |
| 45 | COM | PFI/LLC/TIC | LLC/TIC | ✓ | | | ✓ | The American Building / 1099 D. Street | San Rafael | 95401 | 16 | 3.48% | 45 | $ 10,505,000.00 | 45 | Five Star | $ 6,600,000.00 | | $ 3,905,000.00 | 45 | | $ 3,905,000.00 |
| 47 | COM | PFI/LLC/TIC | LLC/TIC | ✓ | | | ✓ | Hunt Plaza / 240 Tamal Vista | Corte Madera | 92925 | 17 | 3.70% | 47 | $ 8,350,000.00 | 47 | Five Star | $ 5,730,000.00 | | $ 2,620,000.00 | 47 | | $ 2,620,000.00 |
| 48 | RES | PFI/LLC/TIC | LLC/TIC | ✓ | | | ✓ | Parc Marin / 1441 Casa Buena Drive | Corte Madera | 94952 | 32 | 3.49% | 48 | $ 20,500,000.00 | 48 | Five Star | $ 13,300,000.00 | | $ 8,200,000.00 | 48 | | $ 8,200,000.00 |
| 49 | RES | PFI/LLC/TIC | LLC/TIC | ✓ | | | ✓ | Lincoln Redwoods / 1732 Lincoln Ave | San Rafael | 94901 | 19 | 2.07% | 49 | $ 7,137,500.00 | 49 | HomeStreetBank | $ 4,150,000.00 | | $ 2,987,500.00 | 49 | | $ 2,987,500.00 |
| 120 | RES | PFI/LLC | LLC | ✓ | ✓ | | ✓ | Glenwood Apartments / 1222 Irwin St. | San Rafael | 94901 | 10 | 1.09% | 120 | $ 2,885,000.00 | 120 | First Foundation | $ 1,885,000.00 | | $ 1,965,000.00 | 120 | $ 872,000.00 | $ 1,093,000.00 |
| | | | | | | | | | | | | | | $ 130,805,000 | | | $ 73,604,090 | | | | $ 872,000 | $ 69,321,157 |

Notes:

1. This initial draft has been prepared based on information generated from the books and records of Professional Financial Investors, Inc. ("PFI") and Professional Investors Security Fund, Inc. (PSF and collectively the "Company"), unless otherwise noted. This information has not been audited or reviewed or independently verified at this time and certain discrepancies have been identified during this work that require further investigation. Further, the information was derived from broker opinions of value and certain points of time and is subject to change. This draft is being continuously updated to enable further investigation is undertaken and should be treated accordingly.

2. Property valuations are derived from broker opinions of value that were generated on June 5, 2020 for the # of properties and July 3, 2020 for the LLCs and PFI owned properties, with the expection of the suites in headquarters building at 350 Ignacio Blvd which are condominiums.

3. Based on information prepared by the Company as of June 30, 2020 and subject to further confirmation against the underlying recorded documents. The total amount of Net Equity that would ultimately be available to equity/interest holders in the LPs and LLCs, Tenants in Common and Straight Noteholders, and the distribution to those parties would be dependent on their respective positions.

4. Equity estimates are for initial presentation purposes only, and do not include any adjustments for cash on hand, unsecured creditors or intercompany loans between PFI, PSF or the LP or LLC entities.

5. Cash information is derived from the Company's accounting system for accounts at Umpqua as of 6/30/20 and do not reflect any reconciling items between the book balances and bank balances.

6. Claims of unsecured creditors, including, the Straight Noteholders, PFI (in LPs and LLCs) or PSF (in LLCs or PFI Properties), would likely be pari passu and absent their being aggregated, however for individual LPs and LLCs, those claims would only apply to those specific entities they would not be aggregated the InterCompany is treated in the following section.

7. Information from the Companies records, however certain discrepancies have already been identified, including that the Company did not reconcile these accounts and differences exist in the general ledger for the corresponding accounts. As such, this section should be considered with the appropriate degree of skepticism. Further, the "Unrecoverable" amount is based off the Equity calculation and does not include any adjustments for cash on hand or other unsecured claims.