Ori Katz (CA Bar No. 209561)
J. Barrett Marum (CA Bar No. 228628)
Matt Klinger (CA Bar No. 307362)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4019
Telephone:    (415) 434-9100
Facsimile:    (415) 434-3947
Email:    okatz@sheppardmullin.com
              bmarum@sheppardmullin.com
              mklinger@sheppardmullin.com

*Counsel to Debtors and Debtors in Possession*

Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Cia H. Mackle (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA  94111
Telephone:    (415) 263-7000
Facsimile:    (415) 263-7010
E-mail:    dgrassgreen@pszjlaw.com
              jfiero@pszjlaw.com
              cmackle@pszjlaw.com
*Counsel to the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC., *et al.*,<br><br><div align="center">Debtors.</div> | Chapter 11<br><br>Case No. 20-30604<br><br>(Jointly Administered)<br><br>**JOINT MOTION FOR AN ORDER (I) APPROVING THE PLAN SUMMARY AND CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (II) SCHEDULING COMBINED HEARING ON APPROVAL OF DISCLOSURE STATEMENT  AND CONFIRMATION OF PLAN AND APPROVING THE FORM AND MANNER OF SERVICE OF THE COMBINED HEARING NOTICE; (III) ESTABLISHING NON-INVESTOR BAR DATES FOR FILING PROOFS OF CLAIM; (IV) APPROVING FORM AND MANNER OF NOTICE OF NON-INVESTOR BAR DATES; (V) ESTABLISHING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES ON PLAN; AND (VI) APPROVING RELATED MATTERS**<br><br>**Hearing Requested on Shortened Time**:<br>Date:    to be set<br>Time:    (Pacific Time)<br>Place:    450 Golden Gate Avenue, 16th Floor<br>              San Francisco, CA 94102<br>Judge:    Honorable Hannah Blumenstiel |

Professional Financial Investors, Inc. ("PFI") and its affiliated debtors and debtors in possession (collectively, with PFI, the "Debtors")[1] and the Official Committee of Unsecured Creditors (the "Committee" and together with the Debtors, the "Proponents"), submit this motion (the "Motion"), pursuant to sections 105, 1123(a), 1124, 1125, 1126, and 1128 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3003, 3016, 3017, 3018, 9006(c), and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3003-1 and 3017-1 of the Bankruptcy Local Rules for the Northern District of California (the "Local Rules"), for the entry of an order:

    a. approving the executive summary (the "Plan Summary") of the *Joint Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee* (as it may be amended or modified, the "Plan");[2]

    b. conditionally approving the *Disclosure Statement for the Joint Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee* (as it may be amended or modified, the "Disclosure Statement");[3]

    c. scheduling a combined hearing (the "Combined Hearing") on approval of the Disclosure Statement and confirmation of the Plan;

    d. approving the form and manner of notice of the Combined Hearing (the "Combined Hearing Notice");

    e. establishing May 13, 2021 as the deadline by which parties, excluding governmental units and Investors (as defined herein),[4] that wish to assert claims pursuant to section

---

[1] A complete list of the Debtors and their respective chapter 11 case numbers may be found at www.donlinrecano.com/pfi. The federal tax identification numbers of each of the Debtors is also available in the bankruptcy petitions of each Debtor, also available at the Donlin Recano website. As discussed herein, for purposes of this Motion, the term "Debtors" also shall include PFI Glenwood LLC, which is expected to be filed for bankruptcy protection shortly as part of these cases.

[2] The Plan Summary and the Plan were both filed in these cases on March 21, 2021 as Docket Nos. 488 and 489, respectively. The Proponents anticipate updating the Plan Summary and will file any such updates prior to the hearing on this Motion. The Proponents also anticipate supplementing the Plan and will file any such supplements on or before May 6, 2021, as set forth herein

[3] The Disclosure Statement was filed in these cases on March 21, 2021 as Docket No. 490.

[4] For clarity purposes, and as explained in greater detail below, FTI is in the process of reconciling the Debtors' books and records and bank accounts to determine proposed claim amounts for each Investor, but such work is not projected to be complete prior to late-April. As such, the Proponents believe that setting a

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 2 of 90

501 of the Bankruptcy Code must file proofs of claim or forever be barred from asserting such claims against the Debtors (the "Non-Investor General Bar Date");

f. establishing the following as the deadlines by which governmental units that wish to assert claims pursuant to section 501 of the Bankruptcy Code must file proofs of claim or forever be barred from asserting such claims against the applicable Debtors (the "Governmental Claims Bar Dates," and together with the Non-Investor General Bar Date, the "Non-Investor Bar Dates"):

   a. May 13, 2021 (as to governmental claims against Debtors PFI and Professional Investors Security Fund, Inc.); or

   b. 180 days after the date of the entry of the Order for Relief (as to governmental claims against the other Debtors);

g. approving the form of notice of the Non-Investor General Bar Date and Governmental Claims Bar Date for non-Investor creditors (the "Non-Investor Bar Date Notice"); and

h. approving certain procedures (the "Solicitation Procedures") for the solicitation and tabulation of votes to accept or reject the Plan, including:

   i. the forms of ballots for submitting votes on the Plan;

   ii. the contents of the proposed solicitation packages (collectively, the "Solicitation Packages");

   iii. the proposed record date for voting on the Plan;

   iv. the procedures and deadlines for objecting to and establishing amounts used to calculate claims for voting purposes; and

   v. certain other relief relating to the Solicitation Procedures.

In support of this Motion, the Proponents attach the following exhibits:

| Exhibit | Description |
| --- | --- |
| Exhibit A | Proposed Combined Hearing Notice |
| Exhibit B | Proposed Non-Investor Bar Date Notice |

bar date deadline by which Investors must file proofs of claims at this time, prior to the completion of FTI's reconciliation analysis, would only serve to frustrate or confuse Investors, and would result in higher administrative costs by requiring the Debtors to undergo two separate processes to reconcile Investor claims (i.e., a bar date process now just to establish the validity of the Investor body without claim amounts, and then later a process to establish claim amounts determined by FTI). When FTI has completed its reconciliation of the Investor accounts, the Debtors (or, if applicable, their successor) will file a motion to set a bar date and to establish specialized procedures for the filing of Investor claims that are intended to streamline and simplify such process for Investors.

| Exhibit | Description |
|---|---|
| Exhibit C | Proposed Contents and Procedures for Serving Solicitation Packages |
| Exhibit D | 1. Proposed Form of Ballot (Class 1)<br>2. Proposed Form of Ballot (Class 4)<br>3. Proposed Form of Ballot (Class 5)<br>4. Proposed Form of Ballot (Class 6) |
| Exhibit E | Proposed Vote Tabulation Rules |
| Exhibit F | Proposed Notice of Non-Voting Status |
| Exhibit G | Solicitation Cover Letter |
| Exhibit H | 1. Ad Hoc LLC Members Committee Plan Support Letter<br>2. Ad Hoc DOT Noteholders Committee Plan Support Letter |
| Exhibit I | Proposed Order Approving This Motion |

In further support of this Motion, the Proponents respectfully state as follows:

## PRELIMINARY STATEMENT[5]

Since even before the commencement of the Debtors' chapter 11 cases, the investor body has played a critical role by organizing themselves to ensure that Investors' interests are well-represented and heard, and, through both the appointment of the Committee and the formation of the Ad Hoc Committees, Investors of all types are ensured an active and representative role in the bankruptcy process. To this end, the Debtors, the Committee and the Ad Hoc Committees, through open cooperation, information gathering and negotiation for the benefit of all investors, reached a global resolution aimed at: (i) mitigating the damage inflicted by Ken Casey's (and others') having operated the Debtors and their affiliates as a Ponzi scheme; and (ii) developing a level playing field that attempts to treat all aggrieved investors equally and fairly. This global resolution is embodied in the Plan being proposed.

Confirmation of the Plan in the most expeditious manner is of paramount importance to the Investor body and the Proponents believe is in the best interests of the estates and all creditors. Accordingly, the Proponents seek approval of this Motion to permit them to immediately begin solicitation of votes on the Plan and to combine the hearings on approval of the Disclosure Statement

---

[5] Capitalized terms not defined in the Preliminary Statement have the meanings ascribed to them later in the Motion.

732L-319169

and confirmation of the Plan. In addition, the Proponents seek approval of various substantive and procedural matters central to the Plan confirmation process, including the establishment of a bar date in the cases for non-Investor creditors.

The Plan is the result of extensive negotiations among the Debtors and the Committees. Under the timeline proposed below, all creditors and other parties in interest with appropriate standing will be afforded adequate time to review the Plan and Disclosure Statement prior to the deadline to vote or respond. Based on the circumstances of these cases and the great deal of information previously provided to the impacted creditors, the Proponents believe the solicitation and hearing process proposed herein is reasonable and does not unfairly prejudice any creditors. Moreover, an expedited process will reduce the burn rate of professional fees, directly preserving value of the estates for the benefit of Investors and other creditors. Thus, the Proponents submit that an expedited process is in the best interests of all creditors and parties in interest.

As a threshold matter, the Proponents seek approval of the Plan Summary and the conditional approval of the Disclosure Statement so as to enable the Proponents to immediately begin soliciting votes on the Plan. Subject to conditional approval of the Disclosure Statement, the Proponents further seek approval of (i) the confirmation procedures, which schedule the Combined Hearing for May 27, 2021, provide for adequate notice thereof and create a framework for the filing and service of objections to confirmation and any responses thereto (collectively, the "Confirmation Procedures"); (ii) the Non-Investor General Bar Date and Governmental Claims Bar Dates and procedures and forms related thereto (collectively, the "Non-Investor Bar Date Procedures"); and (iii) the Solicitation Procedures, which establish the form and manner of, as well as certain rules and timelines governing, the solicitation and tabulation of votes on the Plan, including the form of ballots and other solicitation documents.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 5 of 90

**<u>BACKGROUND</u>**

**A.      The Commencement of the Chapter 11 Cases**

On July 16, 2020, Jacque Achsen, Samuel Goldberger, Elizabeth Goldblatt, Arthur Indenbaum, Andrew Michaels, Mary Michaels, and Joel Rubenzahl, each of whom assert they are creditors of Professional Investors Security Fund, Inc. ("<u>PISF</u>"), commenced an involuntary chapter 11 bankruptcy action against PISF, Case No. 20-30579 (the "<u>PISF Case</u>").  On July 26, 2020, PISF filed a consent to the entry of an order for relief in the PISF Case, entered by the Court on July 27, 2020.

On July 26, 2020, PFI (together with PISF, the "<u>Original Debtors</u>") commenced its bankruptcy case, by filing a voluntary chapter 11 petition.  Subsequently, PFI commenced involuntary petitions against all but two of its affiliated LLCs and limited partnerships (the "<u>LLC/LP Debtors</u>").  On November 20, 2020, under authority granted by the Bankruptcy Court, PFI commenced involuntary petitions against twenty-nine LLC/LP Debtors and on December 11, 2020, PFI consented to such involuntary petitions and the Court entered orders for relief.  On February 3, 2021 and February 4, 2021, PFI commenced involuntary petitions against ten additional LLC Debtors.  On February 17, 2021, PFI consented to the ten additional involuntary petitions and on February 18, 2021, the Court entered orders for relief.  The Debtors' Chapter 11 Cases are jointly administered under Case No. 20-30604.

**B.      Proposed Substantive Consolidation of Affiliated Non-Debtor LLCs**

PFI was unable to commence, before the filing of the Plan, involuntary petitions against two other affiliates involved in the Ponzi scheme: Professional Investors 28, LLC and PFI Glenwood LLC.  The Plan, however, seeks to have these two affiliates substantively consolidated with the other Debtors.

Pursuant to authority granted by the Bankruptcy Court, PFI plans to file an involuntary petition against PFI Glenwood LLC prior to the hearing on this Motion.  As such, for purposes of this Motion, the term "Debtors" shall also include PFI Glenwood LLC.  With respect to Professional Investors 28, LLC, the Debtors will file a separate motion for authority to substantively consolidate the assets and liabilities of that entity with the Debtors' assets and liabilities.

## C.     The Disclosure Statement and Plan

Prior to the filing of this Motion, the Proponents have filed the Plan and Disclosure Statement.  The Plan places claims and interests into eight classes (each, a "Class").  In accordance with section 1123(a)(1) of the Bankruptcy Code, administrative claims and priority tax claims are not classified and are excluded from the Classes.  Each Class and its respective impairment status and voting rights are as follows:

| Class | Type | Status | Voting Rights |
|---|---|---|---|
| Class 1 | Non-Investor First-Priority Lender Claims[6] | Impaired | Entitled to Vote |
| Class 2 | Non-Investor Other Secured Claims[7] | Unimpaired | Deemed to Accept |
| Class 3 | Priority Claims | Unimpaired | Deemed to Accept |
| Class 4 | DOT Noteholder Claims[8] | Impaired | Entitled to Vote |
| Class 5 | Non-DOT Investor Claims | Impaired | Entitled to Vote |
| Class 6 | Other Unsecured Claims | Impaired | Entitled to Vote |
| Class 7 | Subordinated Claims | Impaired | Deemed to Reject |
| Class 8 | Equity Interests | Impaired | Deemed to Reject |

## **RELIEF REQUESTED**

The Proponents have concurrently filed an application to shorten the time for notice and a hearing on this Motion.

By this Motion, the Proponents respectfully request the entry of an order (the "Disclosure Statement and Bar Date Order") which, among other things, (i) approves the Plan Summary; (ii) conditionally approves the Disclosure Statement solely to permit the Proponents to distribute and solicit acceptances for the Plan, with final approval combined with the confirmation hearing as contemplated by section 105(d)(2)(B)(vi) of the Bankruptcy Code, (iii) sets the date and time for the Combined Hearing and approves certain related deadlines and the Combined Hearing Notice, (iv)

---

[6] For voting purposes and to comply with Bankruptcy Code section 1122(a), each Allowed Non-Investor First-Priority Lender Claim shall be deemed to be in its own subclass.
[7] For voting purposes and to comply with Bankruptcy Code section 1122(a), each Allowed Non-Investor Other Secured Claim shall be deemed to be in its own subclass.
[8] For voting purposes and to comply with Bankruptcy Code section 1122(a), Allowed DOT Noteholder Claims shall be deemed to be in their own subclass on a property-by-property basis.

SMRH:4839-3291-4403.2

-7-

approves the Non-Investor Bar Date Procedures, (v) approves the Solicitation Procedures, and (vi) grants related relief.

A chart listing certain dates and deadlines requested under the Disclosure Statement and Bar Date Order is provided below:

| Date | Description |
|------|-------------|
| April 15, 2021 | Proposed Hearing on this Motion. |
| April 15, 2021 | Voting Record Date |
| April 22, 2021 | Deadline to Serve Solicitation Packages |
| May 6, 2021 | Deadline to file Plan Supplement |
| May 13, 2021 | (1) Voting Deadline; (2) Deadline to File Objections to Adequacy of Disclosure Statement and Plan; and (3) Deadline to File Objections to the Proposed Assumption of Contracts under the Plan |
| May 13, 2021 | (1) Non-Investor General Bar Date; and (2) Governmental Claims Bar Date as to PFI and PISF |
| May 20, 2021 | Deadline for Proponents to file: (1) Replies to Contract Assumption Objections; (2) Replies to Objections to Plan Confirmation and/or Adequacy of Disclosure Statement; (3) Voting Certification; and (4) Confirmation Brief |
| May 27, 2021 | Combined Hearing on Plan and Disclosure Statement |
| June 9, 2021; August 16, 2021; August 17, 2021 | Governmental Claims Bar Dates as to LLC/LP Debtors for which Orders for Relief were entered on December 11, 2020, February 17, 2021, and February 18, 2021, respectively. The Governmental Claims Bar Date for PFI Glenwood LLC will be 180 days from entry of its Order for Relief. |

## **BASIS FOR RELIEF REQUESTED**

### A. **Combined Hearing**

Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128; s*ee also* Fed. R. Bankr. P. 3017(c).[9]

Section 105 of the Bankruptcy Code expressly authorizes the Court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the

---

[9] Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

SMRH:4839-3291-4403.2 -8-

Case: 20-30604   Doc# 513   Filed: 03/30/21   Entered: 03/30/21 13:39:03   Page 8 of 90

hearing on confirmation of the plan" where the Court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically." *See* 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."); *In re Luminent Mortgage Capital Inc.*, Case No. 08-21389 (Bankr. D. Md. May 15, 2009). Pursuant to this authority, courts have combined hearings on approval of disclosure statements and confirmation of plans in chapter 11 cases that were neither small business cases nor prepackaged cases. *See*, *e.g.*, *In re Mortgage Fund '08 LLC*, Case No. 11-49803 (Bankr. N.D. Cal. Dec. 22, 2011) [Docket No. 102]; *In re Van Tassel*, Case No. 10-11742-A-11, 2011 Bankr. LEXIS 5641, *5, 2011 WL 10723278, at *2 (Bankr. E.D. Cal. June 7, 2011); *In re Nuo Therapeutics, Inc.*, Case No. 16-10192 (Bankr. D. Del. Mar. 29, 2016) [Docket No. 252]; *In re RadioShack Corporation*, Case No. 15-10197 (Bankr. D. Del. June 26, 2015) [Docket No. 2561]; *In re Hipcricket, Inc.*, Case No. 15-10104 (Bankr. D. Del. Mar. 31, 2015) [Docket No. 261]; *In re AFA Investment Inc.*, Case No. 12-11127 (Bankr. D. Del. January 16, 2014) [Docket No. 1387]; *In re Devonshire PGA Holdings, LLC*, Case No. 13-12460 (Bankr. D. Del. Oct. 16, 2013) [Docket No. 104]; *In re Contract Research Solutions, Inc*., Case No. 12-11004 (Bankr. D. Del. July 10, 2012) [Docket No. 466]; *In re Rubicon US REIT, Inc*., Case No. 10-10160 (BLS) (Bankr. D. Del. June 21, 2010) [Docket No. 491].

Consistent with the foregoing authority, the Proponents respectfully request that the Court agree to consolidate its approval of the Disclosure Statement and confirmation of the Plan at single Combined Hearing and enter an order scheduling the Combined Hearing for May 27, 2021. A combined hearing will streamline and expedite the confirmation process, which will inure directly to the benefit of the Debtors' creditors by hastening the implementation of the Plan and limiting administrative expenses. Further, the Combined Hearing will spare the Debtors from additional administrative expenses associated with a two-stage process, and promote judicial efficiency and economy.

**B.** **Conditional Approval of Disclosure Statement**

As noted above, the Proponents seek approval of the Disclosure Statement at the Combined Hearing. By this Motion, the Proponents submit that the Disclosure Statement contains adequate information. Accordingly, the Proponents request that the Court: (a) approve the Disclosure Statement on a conditional basis to permit the Debtors to use it in the solicitation process as described herein; and (b) approve the Disclosure Statement on a final basis as part of the order confirming the Plan.

The Disclosure Statement contains "adequate information" as required under section 1125 of the Bankruptcy Code.[10] Section 1125 of the Bankruptcy Code defines adequate information as follows:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . . [I]n determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information . . . .

11 U.S.C. § 1125.

In sum, a debtor's disclosure statement must provide information that is "reasonably practicable" to permit an "informed judgment" by those creditors and interest holders entitled to vote on a debtor's plan. *See Abel v. Shugrue* (*In re Ionosphere Clubs, Inc.*), 179 B.R. 24, 29 (S.D.N.Y. 1995). Courts possess broad discretion in determining whether a disclosure statement contains adequate information. *See Mabey v. Sw. Power Co.* (*In re Cajun Elec. Power Coop.*), 150 F.3d 503, 518 (5th Cir. 1998).

Factors courts may consider when determining whether a disclosure statement contains adequate information include the following:

---

[10] The Proponents reserve the right to amend, modify, or supplement the Disclosure Statement, after consultation with the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee, before the hearing on the Disclosure Statement.

a.    the circumstances that gave rise to the filing of the bankruptcy petition;

b.    a complete description of the available assets and their value;

c.    the anticipated future of the debtor;

d.    the source of the information provided in the disclosure statement;

e.    the financial condition and performance of the debtor while in chapter 11;

f.    information regarding claims against the debtor's estate;

g.    a liquidation analysis identifying the estimated return that creditors would receive if the debtor's bankruptcy case were a case under chapter 7 of the Bankruptcy Code;

h.    the accounting and valuation methods used to produce the financial information in the disclosure statement;

i.    information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors or officers of the debtor;

j.    a summary of the plan of reorganization;

k.    an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

l.    the collectability of any accounts receivable;

m.    any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan of reorganization;

n.    the actual or projected value that could be obtained from avoidable transfers; and

o.    the existence, likelihood and possible success of nonbankruptcy litigation.

*See, e.g., In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988); *see also In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 980 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure statement evaluated in light of the factors set forth in *Scioto Valley Mortgage*). This list of factors is not meant to be exclusive, nor must a disclosure statement provide all the information on the list – rather, the court must decide what information is appropriate in each case. *See In re Ferretti*, 128 B.R. 16, 18-19 (Bankr. D. N.H. 1991) (adopting similar list); *see also In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) (making use of similar list of factors, but cautioning that "no one list of categories will apply in every case").

The Disclosure Statement contains more than sufficient information to make an informed judgment about the Plan, including information with respect to: (i) the terms of the Plan and its implementation; (ii) information relating to the Debtors' business and capital structure; (iii) certain events preceding the Debtors' chapter 11 cases; (iii) the wind down of the Debtors' business during the course of their chapter 11 cases; (iv) the feasibility of the Plan; (v) potential recovery actions held by the Debtors' estates and other non-bankruptcy litigation; (vii) information regarding claims against the Debtors' estates; (viii) estimates of the claims asserted, or to be asserted, against the Debtors' estates and the value of distributions to be received by holders of allowed claims; (ix) the risk factors affecting the Plan; (x) the method and timing of distributions under the Plan; (xi) a liquidation analysis identifying the estimated return that creditors would receive if the Debtors' bankruptcy cases were cases under chapter 7 of the Bankruptcy Code; (xii) the federal tax consequences of the Plan; and (xiii) appropriate disclaimers regarding the Court's approval of information only as contained in the Disclosure Statement.

Thus, the Proponents respectfully submit that the Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code. Accordingly, the Court should authorize the Proponents to use the Disclosure Statement during the solicitation period, subject to objections, and approve the Disclosure Statement at the Combined Hearing.

Because this Motion requests only conditional approval of the Disclosure Statement, the thirty-five (35) days' notice requirement under Local Bankruptcy Rule 3017-1(a) for a hearing on a disclosure statement will be met. Any objections to the adequacy of the information contained in the Disclosure Statement are expressly reserved for consideration at the Combined Hearing, at which time this Court will determine whether the Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code.

The proposed process is designed to permit expedited solicitation of the Plan, while ensuring that creditors and parties in interest will have sufficient time to review the Plan and Disclosure Statement and file objections thereto in advance of the Combined Hearing. No creditor parties are likely to object to the adequacy of the Disclosure Statement or confirmation of the Plan, which is jointly proposed by the Committee, and supported by both Ad Hoc Committees.

If approved, this process would provide a reasonable solicitation period for the Plan prior to the proposed Combined Hearing on or about May 27, 2021.

**C.      Combined Hearing Notice**

Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."  Accordingly, the Proponents request that the Court set May 13, 2021 at 4:00 p.m. (Pacific Time), as the deadline (the "Confirmation Objection Deadline") for filing and serving objections to the adequacy of the Disclosure Statement or confirmation of the Plan ("DS and Plan Objections").

27.      The Proponents request that the Disclosure Statement and Bar Date Order require that DS and Plan Objections, if any, must (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, (iv) state with particularity the legal and factual bases for the objection, and (v) be filed and served not later than the Confirmation Objection Deadline on counsel to the Proponents and the other Notice Parties (as defined in the Disclosure Statement and Bar Date Order).

28.      In addition, the Proponents request that the Court approve the form of the Combined Hearing Notice, in substantially the form attached hereto as **Exhibit A**.  In accordance with Bankruptcy Rules 2002(b) and (d), the Debtors propose to serve the Combined Hearing Notice no later than 7 days after the Court's entry of the Disclosure Statement and Bar Date Order on: (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these chapter 11 cases; (ii) counsel to the Committees; (iii) state and local taxing authorities in which the Debtors did business; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) the United States Trustee; and (vii) all other persons or entities listed on the Debtors' creditor mailing matrix.  The Combined Hearing Notice, among other things, sets forth: (i) the Voting Deadline for the submission of Ballots to accept or reject the Plan; (ii) the deadlines for filing Rule 3018(a) Motions and objections thereto; (iii) the Confirmation Objection Deadline; (iv) the time, date, and place of the Combined Hearing, and (v) instructions on how to obtain copies of the Disclosure Statement and Plan.

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 13 of 90

**D.** **Bar Dates for Non-Investors and Governmental Units**

   **a.** **Deadlines and Procedures**

Ordinarily, the Court or the Clerk of the Court automatically establishes a deadline for non-governmental creditors to file claims against a debtor's estate. In those instances, the deadline is generally set approximately 120 days after the petition date. In the PFI and PISF Cases, the Court-generated deadline for the filing of non-governmental claims was set for November 23, 2020. Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). As the Debtors planned for the filing of the various Debtor entities over time, and wanted to ensure a universal bar date for all cases to prevent confusion and extraneous claims from being filed and avoid confusion of the investor body, the Debtors filed an *ex parte* motion to temporarily suspend the November 23, 2020 bar date [Docket No. 55]. The Court entered an order suspending the deadline, and ordering that the Debtors file a subsequent motion for a new bar date [Docket No. 56]. In the subsequently filed LLC/LP Debtor Cases, the Debtors requested that no bar date be generated.

Now that all of the Debtors are or will be in bankruptcy before the hearing on this Motion (other than Professional Investors 28, LLC), the Proponents request that the Court fix the following Non-Investor Bar Dates:

   a. **May 13, 2021** as the Non-Investor General Bar Date by which all creditors, excluding Investors and governmental units, must file proofs of claim in these cases;

   b. **May 13, 2021** as the Governmental Claims Bar Date as to claims against PFI and PISF; and

   c. **180 days after the date of the entry of the Order for Relief** as the Governmental Claims Bar Dates as to the LLC/LP Debtors (which the Proponents calculate to be **June 9, 2021** as to claims against those certain LLC/LP Debtors for which Orders for Relief were entered on December 11, 2020; **August 16, 2021** as to claims against those certain LLC/LP Debtors for which Orders for Relief were entered on February 17, 2021; and

**August 17, 2021** as the Governmental Claims Bar Date as to claims against those certain LLC/LP Debtors for which Orders for Relief were entered on February 18, 2021);[11]

The Non-Investor General Bar Date and Governmental Claims Bar Dates will apply to each and every claim assertable by such parties, except as specifically set forth herein, whether of a general unsecured, priority, or secured status. The following parties may, but need not, file proofs of claim in these cases: (i) any party that has already properly filed a proof of claim against the Debtors with the Clerk of the Bankruptcy Court for the Northern District of California; (ii) any party whose claim is listed in the Schedules in an amount and/or manner with which such party agrees, and which claim is not listed in the Schedules as contingent, unliquidated, or disputed; and (iii) any holder of a claim that has been paid in full by any of the Debtors in accordance with the Bankruptcy Code or an order of the Court. Claims of Investors will be subject to a separate claims filing process, for which a separate motion will be filed in the future, the general framework of which is discussed herein, and are not required to file proofs of claim by the Non-Investor General Bar Date.

Pursuant to Bankruptcy Rule 3003(c)(2), any other non-Investor party, whose claim is not listed in the Schedules or is listed in the Schedules as disputed, contingent, or unliquidated, or who disputes the amount of its claim as stated in the Schedules or the manner in which its claim is scheduled, and who desires to participate fully in these cases and share in any distribution, should be required to file a proof of claim against the Debtors on or before the Non-Investor General Bar Date or Governmental Claims Bar Dates, as applicable.

The Debtors request a determination by the Court that any creditor that fails to file a proof of claim against the applicable Debtor in accordance with the applicable procedure set forth herein: (1) shall not, with respect to any such claim, be treated as a creditor of the applicable Debtor for the purposes of distribution under any plan; and (2) shall be forever barred from (a) filing a proof of claim with respect to such claim, (b) asserting such claim against the applicable Debtor and its respective estate or property, and (c) participating in any distribution in these cases on account of such claim.

---

[11] The Governmental Claims Bar Date for PFI Glenwood LLC cannot be calculated as the petition has not yet been filed; but the Debtors seek for the 180-day deadline to be applied to governmental creditors of PFI Glenwood LLC.

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 15 of 90

### b. Bar Date Notice for Non-Investors and Governmental Units

In accordance with Bankruptcy Rule 9007, the Debtors propose to provide the Non-Investor Bar Date Notice, substantially in the form attached as **Exhibit B** hereto, along with a proof of claim form, substantially conforming to Official Bankruptcy Form B410, via first class regular mail only to the following entities:

a) **Vendors** – all vendors with which the Debtors has conducted business within one year prior to the Petition Date;

b) **Employees** – all employees that worked for the Debtors within one year prior to the Petition Date;

c) **Parties to any litigation** – any party and counsel of record, if any, with which litigation was pending as of the Petition Date;

d) **Parties to contracts other than known Investors** – all parties, other than known Investors, with which the Debtors entered into, or maintained, contracts or other agreements within one year prior to the Petition Date;

e) **Directors and Officers** – any current and past directors and officers of the Debtors that served the Debtors within one year prior to the Petition Date;

f) **Taxing authorities** – all taxing authorities for the places where the Debtors conducted business within one year prior to the Petition Date;

g) **Lessors** – all landlords from which the Debtors leases real and/or personal property;

h) **Governmental Units** – any necessary or appropriate agencies and/or representatives of the United States federal government at the locations required by Bankruptcy Rule 2002(j), and any other applicable agencies and/or representatives of local and state government;

i) **Tenants** – all tenants to whom the Debtors lease real and/or personal property; and

j) **Tenants-in-Common –** all holders of tenant-in-common interests in the Debtors' real property.

The Debtors propose to serve the Non-Investor Bar Date Notice as described herein within seven calendar days following entry of an order on the Motion. If the Motion is granted on April 15, 2021, the Debtors will be required to serve the Non-Investor Bar Date Notice by April 22, 2021. Under that scenario, parties would receive at least 21 days' notice of the Bar Date. If a party entitled to receive notice of the Non-Investor Bar Date Notice is also entitled to receive a Solicitation Package, the Non-Investor Bar Date Notice will be included in the Solicitation Package for that party. Accordingly, the Debtors submit that parties will have more than sufficient notice, time, and opportunity to file their proofs of claim, and that service of the Non-Investor Bar Date Notice as described herein is adequate and appropriate under the circumstances.

### c. Future Investor Claim Reconciliation Procedures

The majority of the Debtors' creditors are investors in the PFI enterprise, who purchased an investment product or made an investment offered by any Debtor, whether through straight notes, notes secured by deeds of trust on PFI-owned or LP-owned property, or equity interests in PFI-managed LLCs or LPs (collectively, the "Investors").[12] In many cases, Investors held a variety of investment types through PFI.

As set forth in the Disclosure Statement, the Debtors operated a fraudulent "Ponzi scheme." Investors in the PFI enterprise, regardless of the form their investment took, are victims of the Debtors' fraudulent scheme such that they hold claims against the Debtors. The Debtors believe there exist over one thousand Investors, many of whom have incomplete information concerning the amount of their claim. Given the duration of the Ponzi scheme, the state of PFI's records, the "interest" payments made to Investors, and the Proponents' desire not to inflict further burden on the Investors, the Proponents believe a modified claim process, including the delay of the bar date as to Investors, is appropriate and in the best interests of the estates.

FTI is in the process of reconciling the Debtors' books and records and bank accounts to determine proposed claim amounts for each Investor, but such work is not projected to be complete

---

[12] Holders of tenant-in-common interests in real properties owned in part by the Debtors are classified in Class 6, unless they hold "Commingled TIC Interests" (as defined in the Plan), in which case such Holders of Commingled TIC Interests are treated as Investors with claims in Class 5. Regardless of how they are treated under the Plan, the Non-Investor Bar Date applies to Holders of all TIC Interests (including Commingled TIC Interests) and they should file a proof of claim form if they believe they are entitled to a claim on account of their TIC Interests.

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 17 of
90

prior to late-April. When FTI has completed its reconciliation of the Investor accounts, the Debtors (or, if applicable, their successor) will file a motion to set a bar date and to establish specialized procedures for the filing of Investor claims, which will enable the Debtors to transmit to each Investor FTI's calculations of each Investor's claim, taking into account applicable netting and aggregation principals as provided in the Plan. The Debtors will provide each Investor with a summary of FTI's reconciliation calculations and the proposed allowed "Investor Restitution Claim" on a personalized "Schedule of Allowed Netted Claims" (as defined in the Plan), and allow the applicable Investor to agree with FTI's calculations and file his or her claim by "approving" the FTI calculation, or alternatively file claim in a different amount if he or she believes there is an error in FTI's calculation.

The Proponents do not believe any interests are served in requiring the Investors to file a claim in advance of the FTI reconciliation, and such a dual process would only serve to frustrate or confuse Investors. In the near future, the Proponents intend to seek authority for an Investor claims procedure in accordance with the foregoing.

**E.** **Approval of the Solicitation and Voting Procedures**

   **1.** **Solicitation Packages**

Bankruptcy Rule 3017(d) specifies the materials that must be provided to holders of claims and equity interests for the purpose of solicitation of their votes and providing adequate notice of the hearing on confirmation of a chapter 11 plan:

> Upon approval of a disclosure statement, – except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders – the debtor-in-possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee, (1) the plan or a court approved summary of the plan; (2) the disclosure statement as approved by the court; (3) notice of the time within which acceptances and rejections of the plan may be filed; and (4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

Case: 20-30604   Doc# 513   Filed: 03/30/21   Entered: 03/30/21 13:39:03   Page 18 of 90

Fed. R. Bankr. P. 3017(d). After conditional approval of the Disclosure Statement, the Proponents propose to mail or cause to be mailed the Solicitation Packages consisting of the materials and in the manner set forth on **Exhibit C** attached hereto or as otherwise ordered by the Court.

The Plan and Disclosure Statement will not be included in hard copy in the Solicitation Package, but will instead be posted on Donlin Recano's PFI website in a dedicated location, with instructions provided in the Solicitation Package for accessing them. The Proponents expect that the Solicitation Packages will contain approximately 100 pages of materials. As a result, the printing and mailing costs can be minimized if the Proponents are permitted to provide a dedicated website link. In the event a party would like a hard copy (or an e-mailed electronic copy), the Proponents will send such upon request and disclose in the cover letter that such requests can be made. The distribution of the Solicitation Packages will provide all holders of claims entitled to vote on the Plan with the requisite materials to make an informed decision with respect to the Plan. *See* Fed. R. Bankr. P. 3017(d) (providing that, after approval of a disclosure statement, a debtor must transmit the plan, the approved disclosure statement, a notice of the time within which acceptances and rejections of such plan may be filed, and any other information that the Court may direct to certain holders of claims).

The Proponents intend to make reasonable efforts to ensure all applicable parties are served with the Solicitation Packages. Nevertheless, the Proponents request the Court excuse them from any requirement to re-serve Solicitation Packages to those entities for which it turns out that the Debtors have only an undeliverable address. Further, the Proponents request the Court deem that any failure to attempt to resend Solicitation Packages to entities for which the Debtors have only undeliverable addresses will not constitute inadequate notice of the Objection Deadline, the Combined Hearing, the Voting Deadline, or any other matter.

The Proponents submit that the proposed notice and service procedures are adequate and sufficient for the purposes of section 1125 of the Bankruptcy Code and should be approved and that the Solicitation Packages contain all of the materials required to be transmitted pursuant to Bankruptcy Rule 3017(d).

SMRH:4839-3291-4403.2

732L-319169

### 2.    Form of Ballots

Bankruptcy Rule 3017(d) requires the Proponents to mail a form of ballot that substantially conforms to Official Form No. 14 only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). As only holders of claims in Classes 1, 4, 5, or 6 are entitled to vote, the Debtors propose to distribute ballots (collectively, the "<u>Ballots</u>") to creditors holding only Non-Investor First-Priority Lender Claims, DOT Noteholder Claims, Non-DOT Investor Claims, and Other Unsecured Claims (as each of those terms are defined in the Plan).[13] The Ballots are based on Official Form No. 14, but have been modified to address the particular terms of the Plan and, for Investors, are personalized for each Investor that is entitled to vote, including with the amount such Investor is entitled to vote. The Proponents respectfully submit that the Ballots comply with the Bankruptcy Rules and should be approved.

### 3.    The Record Date

Bankruptcy Rule 3017(d) provides that the "date [an] order approving the disclosure statement is entered or another date fixed by the court," is the record date for determining the "holders of stock, bonds, debentures, notes, and other securities" entitled to receive the materials specified in Bankruptcy Rule 3017(d), including ballots for voting on a plan of reorganization. *See* Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.[14]

While only certain of the claimants entitled to vote to accept or reject the Plan hold claims based on "stock, bonds, debentures, notes, and other securities," with respect to which a record date would be required under Bankruptcy Rules 3017(d) and 3018(a), the establishment of the record date remains necessary to ensure the Debtors are able to conduct the solicitation process in an organized manner.

---

[13]   The proposed forms of Ballot are attached hereto as **<u>Exhibit D</u>**.

[14]   Bankruptcy Rule 3018(a) provides that "an equity security holder or creditor whose claim is based on a security of record shall not be entitled to accept or reject a plan unless the equity security holder or creditor is the holder of record of the security on the date the order approving the disclosure statement is entered or on another date fixed by the court, for cause, after notice and a hearing."

SMRH:4839-3291-4403.2
732L-319169

Establishing a record date (the "Record Date") will benefit the Proponents by providing certainty in determining which creditors are entitled to receive Solicitation Packages and to vote on the Plan. For instance, the Record Date will eliminate any question with respect to any claims filed or transferred on the eve of, or during, the solicitation period.[15] Accordingly, the Proponents respectfully request that the Bankruptcy Court establish a Record Date identical to the date of entry of the Order granting the relief sought in this Motion.

**4.      Voting Deadline for Receipt of Ballots**

Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of [a] disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject [a] plan . . . ." Fed. R. Bankr. P. 3017(c). The Proponents will complete the Plan solicitation period by mailing Ballots and other approved solicitation materials no later than April 22, 2021. Based on this schedule, the Proponents propose that, to be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed, and delivered to the Voting Agent either (a) electronically, or (b) by mail in the return envelope provided with each Ballot, (c) by overnight courier, or (d) by personal delivery so that, in each case, all Ballots are received by the Voting Agent no later than May 13, 2021 at 4:00 p.m. (Pacific Time) (the "Voting Deadline"). The Proponents submit that the proposed 28 day solicitation period provides sufficient time for creditors to make informed decisions to accept or reject the Plan and submit timely Ballots.

**5.      Vote Tabulation Procedures**

Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

Section 1126(d) of the Bankruptcy Code provides:

---

[15]   In the event of any claim transfers before the Record Date, with respect to each transferred claim entitled to vote on the Plan, the Debtors propose that the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of such transferred claim only if:  (a) all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed prior to the Record Date; or (b) the transferee files by the Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

> A class of interests has accepted a plan if such plan has been accepted by holders of such interests, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount of the allowed interests of such class held by owners of such interests, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

Further, Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow the claim . . . in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

Solely for purposes of voting on the Plan – and not for the purpose of the allowance of, or distribution on account of, any claim and without prejudice to the rights of the Debtors in any other context – the Proponents propose that each of the claims in Classes 1, 4, 5, or 6 under the Plan be temporarily allowed in accordance with the proposed tabulation and claim allowance rules set forth on **Exhibit D** hereto and incorporated herein by reference (collectively, the "Tabulation Rules"). The Tabulation Rules seek to create clarity and efficiency in how votes to accept or reject the Plan will be counted.

The Proponents believe that the proposed Tabulation Rules will establish a fair and equitable voting process. Nevertheless, if any Investor seeks to challenge the *amount* of its claim for voting purposes in accordance with the Tabulation Rules, the Proponents propose that such Investor be allowed to write in a modified amount, signed under penalty of perjury and to return such modified Ballot to the Voting Agent by either mail, overnight courier or by personal delivery so as to be received by the Voting Agent on or before the Voting Deadline.[16] Such modified amount shall be deemed a motion pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan (a "Investor Rule 3018 Motion"). If the Proponents object to the Investor Rule 3018 Motion, the Investor Rule 3018 Motion will be heard at the Combined Hearing.

If any other claimant (other than an Investor) seeks to challenge the classification of its claim or the allowance of its claim for voting purposes in accordance with the Tabulation Rules, or an Investor seeks to challenge anything other than the allowed amount of his or her claim for voting

---

[16] Any Investor that seeks to challenge the amount of its claim for voting purposes cannot submit the modified Ballot electronically.

purposes, the Proponents propose that such claimant be required to file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such claim in a different amount or classification for purposes of voting to accept or reject the Plan (an "Other Rule 3018 Motion") and serve such motion on counsel for the Proponents so that it is received by May 6, 2021 at 4:00 p.m. (Pacific Time). In accordance with Bankruptcy Rule 3018, the Proponents further propose that any Ballot submitted by a claimant that files an Other Rule 3018 Motion will be counted solely in accordance with the Proponents' proposed Tabulation Rules and the other applicable provisions contained herein unless and until the Bankruptcy Court (after notice and a hearing) temporarily allows the underlying claim for voting purposes in a different amount and/or classification. The Proponents also reserve the right to seek estimation of a Claim for voting purposes after notice and a hearing.

### 6. Notice of Non-Voting Status

Bankruptcy Rule 3017(d) provides, in relevant part, as follows:

> If the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation.

Holders of interests in Classes 2, 3, 7 and 8 (the "Non-Voting Classes") are not entitled to vote on the Plan. Holders of interests in Classes 2 and 3 are unimpaired under the Plan and are deemed to have accepted the Plan pursuant to 1126(f) of the Bankruptcy Code. Holders of interests in Classes 7 and 8 will receive no distribution under the Plan. As a result, the holders of claims or interests in Classes 7 and 8 are deemed to have rejected the Plan pursuant to 1126(g) of the Bankruptcy Code. *See* 11 U.S.C. §§ 1126(f) and (g).

The Proponents propose to send to holders of interests in the Non-Voting Classes a notice of non-voting status, substantially in the form attached hereto as **Exhibit F** (the "Notice of Non-Voting Status"). The Notice of Non-Voting Status (a) identifies the treatment of the class designated; (b) sets forth the manner in which a copy of the Plan and Disclosure Statement may be obtained; and (c)

provides notice of the Combined Hearing and the time fixed for filing objections to confirmation of the Plan.

The Proponents submit that the Notice of Non-Voting Status satisfies the requirements of Bankruptcy Rule 3017(d) because the Non-Voting Classes are conclusively presumed to either have accepted or rejected the Plan as a matter of law and the Notice of Non-Voting Status sets forth the manner in which copies of the Plan and Disclosure Statement may be obtained. The Proponents' service of the Notice of Non-Voting Status thus provides each member of the Non-Voting Classes with the opportunity to receive all pertinent documents upon request. Accordingly, the Proponents request that the Bankruptcy Court determine that it is not required to distribute Solicitation Packages, including the Plan and Disclosure Statement, to the Non-Voting Classes.

## F.    Non-Substantive Modifications

The Proponents request authorization to make non-substantive changes to the Solicitation Packages (including the Plan, Disclosure Statement, and Ballots), the Investor Bar Date Notice, the Non-Investor Bar Date Notice, the Investor Proof of Claim, the Combined Hearing Notice, the Notice of Non-Voting Status, the Solicitation Procedures, and all related documents, without further order of the Bankruptcy Court, including, without limitation, filling in any missing dates or other missing information, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, any other materials in the Solicitation Package, the Combined Hearing Notice, and the Notice of Non-Voting Status, and related documents prior to distribution of such materials.

## NOTICE

Notice of this Motion has been given to: (i) the Office of the United States Trustee for the Northern District of California; (ii) counsel to the Ad Hoc Committees; (iii) the Securities and Exchange Commission, (iv) the creditors on each Debtor's list of its twenty, thirty or forty (as applicable) largest unsecured creditors, (v) bank lenders to any of the Debtors, and (vi) all parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Proponents submit that no further notice is necessary.

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 24 of 90

WHEREFORE, the Proponents respectfully request that the Bankruptcy Court enter an order, substantially in the form attached hereto as **Exhibit I**: (i) approving the Plan Summary and conditionally approving the Disclosure Statement solely to permit the Proponents to distribute and solicit acceptances for the Plan, with final approval combined with the confirmation hearing as contemplated by section 105(d)(2)(B)(vi) of the Bankruptcy Code, (ii) setting the date and time for the Combined Hearing and approving certain related deadlines and the Combined Hearing Notice, (iii) approving the Non-Investor Bar Date Procedures, (iv) approving the Solicitation Procedures, and (v) granting such other and further relief as the Bankruptcy Court deems proper.

Dated: March 30, 2021              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                                   By: _/s/ Ori Katz_____
                                       Ori Katz
                                       J. Barrett Marum
                                       Matt Klinger

                                   Attorneys for the Debtors

Dated: March 30, 2021              PACHULSKI STANG ZIEHL & JONES LLP


                                   By: _/s/ Debra Grassgreen_____
                                       Debra Grassgreen
                                       John D. Fiero
                                       Cia H. Mackle

                                   Attorneys for the Official Committee of Unsecured
                                   Creditors

# EXHIBIT A

**Proposed Combined Hearing Notice**

SMRH:4839-3291-4403.2

73ZL-319169

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PROFESSIONAL FINANCIAL<br>INVESTORS, INC., *et al.*,[17]<br><br><br>Debtors. | Chapter 11<br><br>Case No. 20-30604<br><br>(Jointly Administered)<br><br>**NOTICE OF (I) CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT; (II) HEARING TO CONSIDER CONFIRMATION OF THE PLAN; (III) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN; AND (IV) DEADLINE FOR VOTING ON THE PLAN** |

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On March 21, 2021, Professional Financial Investors, Inc. ("PFI") and its affiliated debtors and debtors in possession (collectively, with PFI, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and together with the Debtors, the "Proponents") filed (a) *Joint Chapter 11 Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee* [Docket No. 489] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan"); (b) a related executive summary of the Plan [Docket No. 488; and (c) a related *Disclosure Statement in Support of Joint Chapter 11 Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee* [Docket No. 490] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") under section 1125 of the Bankruptcy Code.

2.      By an Order dated April [•], 2021 (the "Conditional Disclosure Statement Order"), the Bankruptcy Court conditionally approved the Disclosure Statement as containing adequate

---

[17] A complete list of the Debtors and their respective chapter 11 case numbers may be found at www.donlinrecano.com/pfi.  The federal tax identification numbers of each of the Debtors is also available in the bankruptcy petitions of each Debtor, also available at the Donlin Recano website.

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 27 of 90

information within the meaning of section 1125 of Bankruptcy Code. The Conditional Disclosure Statement Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Disclosure Statement.

3. By the Conditional Disclosure Statement Order, the Bankruptcy Court established **May 13, 2021 at 4:00 p.m. (Pacific Time)** (the "Voting Deadline") as the deadline by which ballots accepting or rejecting the Plan must be received. To be counted, your original ballot must actually be **received** on or before the Voting Deadline by the Debtors' balloting agent, Donlin Recano, either electronically as specified on your ballot or to the following address:

Professional Financial Investors, Inc., *et al.*
c/o Donlin, Recano & Co., Inc.
P.O. Box 199043
Blythebourne Station
Brooklyn, NY 11219

4. To be counted, your original ballot must actually be submitted electronically, or in a manner otherwise specified on the ballot, so that it is **received** on or before the Voting Deadline.

5. On **May 27, 2021 at [•] (Pacific Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Hannah L. Blumenstiel, United States Bankruptcy Judge via video or teleconference to consider final approval of the Disclosure Statement and confirmation of the Plan, as the same may be amended or modified (the "Combined Hearing").

6. The Combined Hearing may be adjourned from time to time, without further notice. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Plan and other applicable law, without further notice, prior to or as a result of the Combined Hearing.

7. Objections to approval of the Disclosure Statement or confirmation of the Plan, including any supporting memoranda, if any, must (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection or proposed modification and provide the specific language of any proposed modification, where possible; and (d) be filed with the Bankruptcy Court and served on the following parties so that all objections are received no later than **4:00 p.m., Pacific time on**

**May 13, 2021**: (a) Counsel to the Debtors, Sheppard Mullin Richter & Hampton, LLP, Attn: Ori Katz, Four Embarcadero Center, 17th Floor, San Francisco, CA 94111; (b) Office of the United States Trustee, Northern District of California, 300 Booth Street, Room 3009, Reno, NV 89509 (Attn: Cameron Gulden); (c) Counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, Attn: Debra Grassgreen, 150 California Street, 15th Floor, San Francisco, CA 94111; (d) Counsel to the Ad Hoc LLC Members Committee, Sklar Kirsh, LLP, Attn: Robbin L. Itkin, 1880 Century Park East, Suite 300, Los Angeles, CA 90067; (e) Counsel to the Ad Hoc DOT Noteholders Committee, BakerHostetler, Attn: Cecily A. Dumas, 600 Montgomery Street, Suite 3100, San Francisco, CA 94111; and (f) all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases.

5.    In accordance with Bankruptcy Rule 3017(a), requests for copies of the Disclosure Statement, the Plan, or the Motion by parties in interest may be made in writing to counsel for the Committee or via email at hphan@pszjlaw.com. Copies of the Disclosure Statement and the Plan (along with exhibits to each as they are filed with the Bankruptcy Court) and the Motion are available for review, at no charge, at www.donlinrecano.com/PFI.

6.    **IF YOU HAVE ANY QUESTIONS REGARDING YOUR CLAIM OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT, DONLIN RECANO AT 1-877-283-0316 OR BY EMAIL AT pfiinfo@donlinrecano.com.**

Dated: March 30, 2021                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                                          By:  _/s/ Ori Katz_____
                                              Ori Katz
                                              J. Barrett Marum
                                              Matt Klinger

                                          Attorneys for the Debtors

Dated: March 30, 2021                    PACHULSKI STANG ZIEHL & JONES LLP

| | |
|---|---|
| 1 | By: __/s/ Debra Grassgreen__ |
| 2 | Debra Grassgreen |
| | John D. Fiero |
| 3 | Cia H. Mackle |
| 4 | Attorneys for the Official Committee of Unsecured |
| 5 | Creditors |

# EXHIBIT B

**Proposed Non-Investor Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

In re:

PROFESSIONAL FINANCIAL
INVESTORS, INC., *et al.*,[1]

Debtors.

Chapter 11

Case No. 20-30604

(Jointly Administered)

**NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM FOR NON-INVESTORS AND GOVERNMENTAL UNITS**

---

**IF YOU ARE A PFI INVESTOR WHO INVESTED IN THE PFI ENTERPRISE BY PURCHASING AN INVESTMENT PRODUCT OR MADE AN INVESTMENT OFFERED BY ANY DEBTOR, WHETHER THROUGH STRAIGHT NOTES, DEEDS OF TRUST ON PFI-OWNED PROPERTY, OR EQUITY INTERESTS IN PFI-MANAGED LLCS OR LPS (AN "INVESTOR") THIS NOTICE, AND THE BAR DATE LISTED HEREIN, DOES NOT APPLY TO YOU. THERE WILL BE A SEPARATE PROCESS FOR YOU ANNOUNCED AT A LATER TIME.**

**IF YOU HOLD A TENANT-IN-COMMON INTEREST IN A PROPERTY JOINTLY OWNED WITH ONE OF THE DEBTORS AND YOU HAVE A CLAIM AGAINST THE DEBTOR(S), YOU MUST FILE IT AT THIS TIME.**

---

**TO: ALL NON-INVESTOR CREDITORS, GOVERNMENTAL UNITS, AND OTHER PARTIES IN INTEREST WITH CLAIMS AGAINST THE ABOVE-CAPTIONED DEBTORS:**

The United States Bankruptcy Court for the Northern District of California (the "Court") entered an Order (the "Bar Date Order") in above-captioned chapter 11 cases (the "Cases") of the below-listed debtors and debtors in possession (the "Debtors") in accordance with Bankruptcy Rule 3003(c) fixing the deadlines for filing proofs of claim ("Proofs of Claim") in this Case as set forth below:

    a. **May 13, 2021** (the "Non-Investor General Bar Date") as the **last day** for the filing of Proofs of Claim in this Case for all non-Investor claims (except as set forth below) against the Debtors arising prior to the time the petition in the applicable case was filed (the "Petition Date"), as set forth in the chart below;

    b. **May 13, 2021** (the "PFI/PISF Governmental Claims Bar Date") as the **last day** for all governmental units, as defined in section 101(27) of the Bankruptcy Code, to file Proofs of Claim against Debtors Professional Financial Investors, Inc., and Professional Investors Security Fund, Inc. arising before the applicable Petition Date, as set forth in the chart below; and

    c. **180 days after the date of the entry of the Order for Relief** (the "LLC/LP Governmental Claims Bar Dates") as the **last day** for all governmental units, as

---

[1] A complete list of the Debtors, their federal tax identification numbers, and their address is provided in the body of this Notice.

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 32 of 90

defined in section 101(27) of the Bankruptcy Code, to file Proofs of Claim against all remaining Debtors arising before the applicable Petition Date, which the Debtors have calculated as follows:

1. **June 9, 2021** as to claims against those certain LLC/LP Debtors for which Orders for Relief were entered on December 11, 2020;

2. **August 16, 2021** as to claims against those certain LLC/LP Debtors for which Orders for Relief were entered on February 17, 2021;

3. **August 17, 2021** as the Governmental Claims Bar Date as to claims against those certain LLC/LP Debtors for which Orders for Relief were entered on February 18, 2021; and

4. **[•]** as the Governmental Claims Bar Date as to claims against those PFI Glenwood LLC for which an Order for Relief was entered on [•], 2021.

A list of the Debtors, their bankruptcy case number, tax ID number, and applicable Petition Date or entry of the Order for Relief is as follows. The address of each of the Debtors is: 350 Ignacio Blvd, Suite 300, Novato, CA, 94949-7202:

| Debtor | Case No. | Federal Tax I.D. # | Petition Date/Entry of Order for Relief (if applicable) |
|---|---|---|---|
| Professional Financial Investors, Inc. | 20-30604 | 68-0233228 | July 26, 2020 |
| Professional Investors Security Fund, Inc. | 20-30579 | 68-0040208 | July 16, 2020 |
| Professional Investors Security Fund I, A California Limited Partnership | 20-30908 | 68-0022483 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund IV, A California Limited Partnership | 20-30909 | 68-0049491 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund VII, A California Limited Partnership | 20-30911 | 68-0115840 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund IX, A California Limited Partnership | 20-30910 | 68-0184540 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund XII, A California Limited Partnership | 20-30912 | 68-0233359 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund XIII, A California Limited Partnership | 20-30913 | 68-0264951 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund XIV, A California Limited Partnership | 20-30914 | 68-0287489 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund XV, A California Limited Partnership | 20-30915 | 68-0298084 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund XVII, A California Limited Partnership | 20-30916 | 68-0322071 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund XVIII, A California Limited Partnership | 20-30917 | 68-0340123 | November 20, 2020/ December 11, 2020 |
| Professional Investors 20, LLC | 20-30919 | 46-3353668 | November 20, 2020/ December 11, 2020 |
| Professional Investors 21, LLC | 20-30920 | 46-5084863 | November 20, 2020/ December 11, 2020 |
| Professional Investors 22, LLC | 20-30922 | 47-1285602 | November 20, 2020/ December 11, 2020 |
| Professional Investors 23, LLC | 20-30923 | 47-1699320 | November 20, 2020/ December 11, 2020 |
| Professional Investors 24, LLC | 20-30924 | 47-3144421 | November 20, 2020/ December 11, 2020 |
| Professional Investors 25, LLC | 20-30925 | 47-3879056 | November 20, 2020/ December 11, 2020 |
| Professional Investors 26, LLC | 20-30927 | 47-4335145 | November 20, 2020/ December 11, 2020 |
| Professional Investors 27, LLC | 20-30928 | 47-4930703 | November 20, 2020/ December 11, 2020 |
| Professional Investors 29, LLC | 20-30929 | 81-2625418 | November 20, 2020/ December 11, 2020 |

SMRH:4839-3291-4403.2

73ZL-319169

| | | | |
|---|---|---|---|
| Professional Investors 30, LLC | 20-30930 | 37-1827607 | November 20, 2020/ December 11, 2020 |
| Professional Investors 31, LLC | 21-30093 | 81-3273083 | February 4, 2021/ February 18, 2021 |
| Professional Investors 32, LLC | 20-30934 | 81-3281756 | November 20, 2020/ December 11, 2020 |
| Professional Investors 33, LLC | 20-30935 | 81-3302457 | November 20, 2020/ December 11, 2020 |
| Professional Investors 34, LLC | 20-30936 | 81-4307357 | November 20, 2020/ December 11, 2020 |
| Professional Investors 35, LLC | 20-30937 | 81-4323161 | November 20, 2020/ December 11, 2020 |
| Professional Investors 36, LLC | 20-30938 | 82-1387886 | November 20, 2020/ December 11, 2020 |
| Professional Investors 37, LLC | 20-30939 | 82-1409164 | November 20, 2020/ December 11, 2020 |
| Professional Investors 38, LLC | 21-30082 | 82-2734722 | February 3, 2021/February 17, 2021 |
| Professional Investors 39, LLC | 21-30083 | 82-3661635 | February 3, 2021/February 17, 2021 |
| Professional Investors 40, LLC | 20-30940 | 82-3823200 | November 20, 2020/ December 11, 2020 |
| Professional Investors 41, LLC | 20-30941 | 82-3839566 | November 20, 2020/ December 11, 2020 |
| Professional Investors 42, LLC | 21-30084 | 82-5497471 | February 3, 2021/February 17, 2021 |
| Professional Investors 43, LLC | 21-30085 | 83-2208999 | February 3, 2021/February 17, 2021 |
| Professional Investors 44, LLC | 21-30086 | 83-2294816 | February 3, 2021/February 17, 2021 |
| Professional Investors 45, LLC | 21-30087 | 83-2315445 | February 3, 2021/February 17, 2021 |
| Professional Investors 46, LLC | 20-30942 | 84-1743732 | November 20, 2020/ December 11, 2020 |
| Professional Investors 47, LLC | 21-30088 | 84-2157268 | February 3, 2021/February 17, 2021 |
| Professional Investors 48, LLC | 21-30089 | 84-3537563 | February 3, 2021/February 17, 2021 |
| Professional Investors 49, LLC | 21-30094 | 84-3792687 | February 4, 2021/ February 18, 2021 |
| PFI Glenwood, LLC | [•] | [•] | |

**All claims**, as defined in section 101(5) of title 11 of the United States Code (the "Bankruptcy Code"), **arising before the applicable Petition Date,** except as otherwise provided for or specifically excepted herein, shall be in writing, together with supporting documentation, substantially conforming with Official Bankruptcy Form 410, or as otherwise prescribed or authorized under the Bankruptcy Rules, **so they are actually received** on or before the Non-Investor General Bar Date, the PFI/PISF Governmental Claims Bar Dates, or the LLC/LP Governmental Claims Bar Date, as applicable, as follows:

<div align="center">

**[TBD]**

</div>

Proofs of Claim that are emailed or sent by facsimile or telecopy, or sent to any other location will <u>not</u> be accepted.

The following claims, administrative requests, and interests are excepted from the provisions of the Bar Date Order (the "Excepted Claims/Interests") and are <u>not</u> required to be filed on or before the Non-Investor General Bar Date, the PFI/PISF Governmental Claims Bar Date, or the LLC/LP Governmental Claims Bar Dates:  (a) claims already received by the Bankruptcy Court or Claims Agent; (b) claims listed in the Debtor's Schedules, <u>if</u> the claimant does not dispute the amount or manner in which its claim is listed in the Schedules or the nature of the claim <u>and</u> if such claim is not designated therein as "contingent," "unliquidated," "disputed" or "unknown;" (c) claims arising on or after the Petition Date; (d) claims of professionals retained by the Debtors or any official or ad hoc committee appointed in this Case pursuant to orders of this Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 328, 330, and 331 of the Bankruptcy Code; (e) claims by any person or entity whose claim has been paid by the Debtor or has been otherwise satisfied; (f) any claim for fees relating to this Case under 28 U.S.C. § 1930; and (g) claims of Investors. Should the Court, in the future, fix a date by which the Excepted Claims/Interest must be filed, you will be notified.

Any Proof of Claim required to be filed pursuant to the provisions of the Bar Date Order and not filed on or before the Non-Investor General Bar Date, the PFI/PISF Governmental Claims Bar Date,

or the LLC/LP Governmental Claims Bar Dates, as applicable, shall **not be treated as a valid claim** for the purposes of voting and distribution in these Cases.

The Debtors' Schedules and/or the Bar Date Order may be (i) for a fee, on the Court's website, www.canb.uscourts.gov (a PACER account is required); (ii) for free at the Claims Agent's dedicated PFI website at www.donlinrecano.com/pfi or (iii) by contacting counsel for the Committee as set forth below.

Any questions concerning this notice should be directed to counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, Attn: Cia H. Mackle at cmackle@pszjlaw.com or (310) 772-2328.

# EXHIBIT C

**Proposed Contents and Procedures
for Serving Solicitation Packages**

Case: 20-30604   Doc# 513   Filed: 03/30/21   Entered: 03/30/21 13:39:03   Page 36 of
90

## THE SOLICITATION PACKAGE AND GENERAL NOTICE PROCEDURES[1]

1.    By not later than April 22, 2021, the Proponents will complete the mailing of Solicitation Packages by regular U.S. mail solely to (a) holders of claims in the Classes entitled to vote on the Plan, (b) the United States Trustee, and (c) any other necessary or appropriate agencies and/or representatives of the United States federal government (the "Federal Government") at the locations required by Bankruptcy Rule 2002(j).

2.    The Solicitation Packages will contain hard copies of the following items:

   a.    the Cover Letter describing the contents of the Solicitation Package and which will direct parties to the website at which they may view the Disclosure Statement and the exhibits thereto, including the Plan and the exhibits attached thereto;

   b.    the Plan Summary;

   c.    the Ad Hoc Committees' Support Letters;

   d.    a Ballot for holders of claims in Classes entitled to vote, including instructions set forth therein regarding how to complete the Ballot;

   e.    a Ballot return envelope; and

   f.    Non-Investor Bar Date Notice, together with the standard form Proof of Claim, if and as applicable.[2]

3.    Solicitation Packages will not be provided to the Non-Voting Classes except upon express request to do so.  Holders of Claims or Interests in the Non-Voting Classes under the Plan will receive only the Confirmation Hearing Notice, the Notice of Non-Voting Status, and, if and as applicable, the Non-Investor Bar Date Notice (including the standard form Proof of Claim).

---

[1]  A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

[2]  The Non-Investor Bar Date Notice and standard Proof of Claim form may be sent under separate cover.

73ZL-319169

Case: 20-30604     Doc# 513     Filed: 03/30/21     Entered: 03/30/21 13:39:03     Page 37 of 90

4. The addresses to be used when mailing the Solicitation Packages will be as follows:

    a. for persons or entities that have filed proofs of claim that are entitled to a Ballot under the Tabulation Rules, at the address provided on the face of the filed proof of claim;

    b. for persons or entities that have not filed proofs of claim that are entitled to a Ballot under the Tabulation Rules, at the address on the Debtors' current service list or Schedules;

    c. at the address for a claim transferee set forth in a valid notice of transfer of claim; and

    d. for the United States Trustee and the Federal Government, the addresses used for notice filed in accordance with Bankruptcy Rule 2002.

5. If multiple Solicitations Packages would otherwise go to the same physical address, the Proponents shall be entitled, but not required, to combine the Solicitation Packages into a single Solicitation Package with multiple ballots, even if the claimant names are not identical.

6. With respect to any Solicitation Packages and Confirmation Hearing Notices that are returned by the United States Postal Service as undeliverable as a result of incomplete or inaccurate addresses, the Debtors may, in their discretion, but without any requirement, attempt to determine a correct address and resend the applicable materials. Any delay in such re-delivery, or the Debtors' determination not to attempt any such redelivery, will not be deemed to be inadequate notice.

# EXHIBIT D-1

**Proposed Form of Ballot (Class 1)**

73ZL-319169

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PROFESSIONAL FINANCIAL INVESTORS, INC., *et al.*, | Case No. 20-30604 |
| | (Jointly Administered) |
| Debtors. | |

**BALLOT FOR ACCEPTING OR REJECTING JOINT CHAPTER 11 PLAN OF PROFESSIONAL FINANCIAL INVESTORS, INC. AND ITS AFFILIATED DEBTORS PROPOSED BY THE DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

*CLASS 1 - NON-INVESTOR FIRST-PRIORITY LENDER CLAIMS*

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS MAY 13, 2021 AT 4:00 P.M. (PACIFIC TIME)**

This Ballot is submitted to you to solicit your vote to accept or reject the *Joint Chapter 11 Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee*, dated as of March 21, 2021 (as may be amended or modified, the "Plan"), which is being proposed by the above-captioned debtors and debtors-in-possession (the "Debtors") and Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors, the "Proponents") and which is described in the accompanying executive summary of the Plan (the "Plan Summary") and the accompanying disclosure statement, dated March 21, 2021 (the "Disclosure Statement"). On April [•], 2021, the Bankruptcy Court entered an order approving certain procedures and materials for the solicitation of votes to accept or reject the Plan (the "Solicitation Procedures Order"). Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan Summary and the Disclosure Statement provide information to assist you in deciding how to vote your Ballot. You should review the Plan Summary, the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan may be made binding on you whether or not you vote if the Plan (a) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the claims in each impaired Class of claims who vote on the Plan; (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code; and (c) the Bankruptcy Court enters an order confirming the Plan. Even if the requisite acceptances are not obtained, however, the Bankruptcy Court may still confirm the Plan if the Bankruptcy Court finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the

73ZL-319169

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 40 of 90

Bankruptcy Code.

This Ballot is solely for purposes of voting to accept or reject the Plan. This Ballot is not for the purpose of allowance or disallowance of, or distribution on account of, Non-Investor First Priority Claims in Class 1.

There are two ways by which you may submit your Ballot: (i) you may submit your Ballot via the Voting Agent's online e-balloting portal (the "E-Balloting Portal") as directed below, or (ii) you may return your Ballot to the Voting Agent via mail, overnight courier, or hand delivery by following the instructions set forth below.

If you have any questions on how to properly complete this Ballot, please contact Donlin Recano at 1-877-283-0316 or email pfiinfo@donlinrecano.com. Please be advised that Donlin Recano cannot provide legal advice.

**For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is *actually received* by the Voting Agent by no later than the Voting Deadline of 4:00 p.m. (Pacific Time) on May 13, 2021. Please submit a Ballot with your vote by *one* of the following methods:**

| | |
|---|---|
| **If Submitting Your Vote Through the E-Balloting Portal:**<br><br>**Donlin Recano will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal,** https://www.donlinrecano.com/clients/pfi/vote<br><br>**Unique E-Ballot ID#:**_____ | **If by First Class Mail:**<br><br>Professional Financial Investors, Inc., *et al.*, c/o Donlin, Recano & Co., Inc.<br>P.O. Box 199043<br>Blythebourne Station, Brooklyn, NY 11219<br><br>**A pre-addressed return envelope has been enclosed for your convenience.** |
| **If by First Class Mail, Overnight Courier or Hand Delivery:**<br><br>Professional Financial Investors, Inc., *et al.*, c/o Donlin, Recano & Co., Inc.<br>6201 15th Avenue<br>Brooklyn, NY 11219<br><br>**A pre-addressed return envelope has been enclosed for your convenience.** | |

Donlin Recano's E-Balloting Portal is the sole manner in which Ballots will be accepted via

electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

***Ballots received after 4:00 p.m. (Pacific Time) on May 13, 2021 will not be counted. Ballots submitted by e-mail or facsimile transmission will not be accepted.***

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.** **Amount of Class 1 Claim.** For purposes of voting to accept or reject the Plan, the undersigned certifies that the undersigned holds a Non-Investor First Priority Lender Claim in Class 1 against the Debtors listed below in the amount set forth below.

| **Claim Amount**: | $_____ |
|---|---|
| **Debtor(s)**: | Professional Financial Investors, Inc.; Professional Investors Security Fund, Inc.; Professional Investors Security Fund I; Professional Investors Security Fund IV; Professional Investors Security Fund VII; Professional Investors Security Fund IX; Professional Investors Security Fund XII; Professional Investors Security Fund XIII; Professional Investors Security Fund XIV; Professional Investors Security Fund XV; Professional Investors Security Fund XVII; Professional Investors Security Fund XVIII; Professional Investors 20, LLC; Professional Investors 21, LLC; Professional Investors 22, LLC; Professional Investors 23, LLC; Professional Investors 24, LLC; Professional Investors 25, LLC; Professional Investors 26, LLC; Professional Investors 27, LLC; Professional Investors 29, LLC; Professional Investors 30, LLC; Professional Investors 31, LLC; Professional Investors 32, LLC; Professional Investors 33, LLC; Professional Investors 34, LLC; Professional Investors 35, LLC; Professional Investors 36, LLC; Professional Investors 37, LLC; Professional Investors 38, LLC; Professional Investors 39, LLC; Professional Investors 40, LLC; Professional Investors 41, LLC; Professional Investors 42, LLC; Professional Investors 43, LLC; Professional Investors 44, LLC; Professional Investors 45, LLC; Professional Investors 46, LLC; Professional Investors 47, LLC; Professional Investors 48, LLC; Professional Investors 49, LLC; PFI Glenwood, LLC |

**Item 2.        Vote on the Plan.**  The undersigned Holder of a Non-Investor First Priority Lender Claim in Class 1 in the amount set forth in Item 1 above hereby votes to:

**Check one box only**:     ☐  **Accept** (vote FOR) the Plan

☐  **Reject** (vote AGAINST) the Plan

THE PROPONENTS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.

**Item 3.        Acknowledgement.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that, if this Ballot is otherwise validly executed but is not timely submitted, does not indicate either acceptance or rejection of the Plan or indicates both an acceptance and rejection of the Plan, this Ballot will not be counted as having been cast.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.

| |
|---|
| **Name of Holder:** _____ |
| *(Print or Type)* |
| **Signature:** _____ |
| **Name of Signatory:** _____ |
| **Title of Signatory:** _____ |
| **Address:** _____ |
| _____ |
| **Email Address**: _____ |
| **Date Completed:** _____ |

If your address or contact information has changed, please note the new information here.

# EXHIBIT D-2

**Proposed Form of Ballot (Class 4)**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PROFESSIONAL FINANCIAL INVESTORS, INC., *et al.*, | Case No. 20-30604 |
| Debtors. | (Jointly Administered) |

**BALLOT FOR ACCEPTING OR REJECTING JOINT CHAPTER 11 PLAN OF PROFESSIONAL FINANCIAL INVESTORS, INC. AND ITS AFFILIATED DEBTORS PROPOSED BY THE DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

*CLASS 4 – DOT NOTEHOLDER CLAIMS*

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS MAY 13, 2021 AT 4:00 P.M. (PACIFIC TIME)**

**Why You Are Receiving This Ballot**

You are being sent this Ballot because the Debtors' records show that you are a current investor in the PFI enterprise as a result of holding notes secured by deeds of trust on PFI-owned or LP-owned property.

The above-captioned Debtors and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors, the "Proponents") have proposed a bankruptcy plan, entitled the *Joint Chapter 11 Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee*, dated as of March 21, 2021 (as may be amended or modified, the "Plan"). The Plan is also supported by both ad hoc committees, the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee.

On April [•], 2021, the Bankruptcy Court entered an order approving certain procedures and materials for the solicitation of votes to accept or reject the Plan (the "Solicitation Procedures Order"). Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

This Ballot is submitted to you to solicit your vote to accept or reject the Plan.

**Information to Assist You In Voting**

The Plan Summary and the Disclosure Statement provide information to assist you in deciding how to vote your Ballot. You should review the Plan Summary, the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

73ZL-319169
Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 45 of 90

## How Your Vote Impacts Confirmation of the Plan

The Plan may be made binding on you whether or not you vote if the Plan (a) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the claims in each impaired Class of claims who vote on the Plan; (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code; and (c) the Bankruptcy Court enters an order confirming the Plan. Even if the requisite acceptances are not obtained, however, the Bankruptcy Court may still confirm the Plan if the Bankruptcy Court finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

## How to Vote

There are two ways by which you may submit your Ballot: (i) you may submit your Ballot via the Voting Agent's online e-balloting portal (the "E-Balloting Portal") as directed below, or (ii) you may return your Ballot to the Voting Agent via mail, overnight courier, or hand delivery by following the instructions set forth below. ***Please note that if you disagree with the amount listed below on your Ballot for voting purposes only and you believe you are entitled to vote a higher claim amount, and you modify such amount on the Ballot in accordance with the instructions below, YOU MUST SUBMIT YOUR MODIFIED PHYSICAL BALLOT VIA MAIL, OVERNIGHT COURIER OR HAND DELIVERY – YOU CANNOT SUBMIT SUCH MODIFIED BALLOT VIA THE ONLINE E-BALLOTING PORTAL.***

If you have any questions on how to properly complete this Ballot, please contact Donlin Recano at 1-877-283-0316 or email pfiinfo@donlinrecano.com. Please be advised that Donlin Recano cannot provide legal advice.

**For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is *actually received* by the Voting Agent by no later than the Voting Deadline of 4:00 p.m. (Pacific Time) on May 13, 2021. Please submit a Ballot with your vote by *one* of the following methods:**

| If Submitting Your Vote Through the E-Balloting Portal: | If by First Class Mail: |
|---|---|
| **Donlin Recano will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal,** https://www.donlinrecano.com/clients/pfi/vote<br><br>**Unique E-Ballot ID#:**_____ | Professional Financial Investors, Inc., *et al.*, c/o Donlin, Recano & Co., Inc. P.O. Box 199043 Blythebourne Station, Brooklyn, NY 11219<br><br>**A pre-addressed return envelope has been enclosed for your convenience.** |
| **If by Overnight Courier or Hand Delivery:**<br><br>Professional Financial Investors, Inc., *et al.*, c/o Donlin, Recano & Co., Inc. 6201 15th Avenue Brooklyn, NY 11219<br><br>**A pre-addressed return envelope has been enclosed for your convenience.** | |

Donlin Recano's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

***Ballots received after 4:00 p.m. (Pacific Time) on May 13, 2021 will not be counted. Ballots submitted by e-mail or facsimile transmission will not be accepted.***

**Ballot for Voting Only, Not to Determine Claim Amount**

This Ballot is solely for purposes of voting to accept or reject the Plan. This Ballot is not for the purpose of allowance or disallowance of, or distribution on account of, DOT Noteholder Claims in Class 4.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.**    **Amount of Class 4 Claim.**  For purposes of voting to accept or reject the Plan, the undersigned certifies that the undersigned holds a DOT Noteholder Claim in Class 4 against the Debtors listed below in the amount set forth below.

---

**Claim Amount**:     $ [to be pre-populated with amount and applicable Debtor/Investment]

*THE AMOUNTS LISTED HEREIN, WHETHER YOU MODIFY THEM OR NOT ARE FOR VOTING PURPOSES ONLY.   THEY DO NOT GOVERN THE AMOUNT OF YOUR CLAIM FOR DISTRIBUTION PURPOSES.*

*If you believe the amount listed above is incorrect and you believe you are entitled to vote a higher claim amount, please modify the amount, and check here.  If you do not check this box, the amount of your claim for voting purposes will not be modified:*

☐    **I declare under penalty of perjury that the Claim amount listed in the table above is INCORRECT, and that I am entitled to vote the amount hand-written above.**

The Debtors reserve the right to object to the amount you write in.  Any such objection will be made by May 20, 2021.

---

**Item 2.**    **Vote on the Plan.**  The undersigned Holder of a DOT Noteholder Claim in Class 4 in the amount set forth in Item 1 above hereby votes to:

**Check one box only**:     ☐   **Accept** (vote FOR) the Plan

☐   **Reject** (vote AGAINST) the Plan

THE PROPONENTS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.

**Item 3.**    **Contribution of Contributed Claims.**  I elect to contribute to the PFI Trust all Contributed Claims (as defined in the Plan) in exchange for an increase to my Class 4 DOT Noteholder Claim by 5%.

☐    **YES, I elect to contribute my Contributed Claims to the PFI Trust**.

**Item 4.**    **Acknowledgement.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that, if this Ballot is otherwise validly executed but is not timely submitted, does not indicate either acceptance or rejection of the Plan or indicates both an acceptance and rejection of the Plan, this Ballot will not be counted as having been cast.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.

**Name of Holder:** [Prepopulate with address]

**Signature:** _____

**Name of Signatory:** _____

**Title of Signatory:** _____

**Address (if different than above):**_____

_____

**Email Address**: _____

**Date Completed:** _____

If your address or contact information has changed, please note the new information here.

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 49 of 90

# EXHIBIT D-3

**Proposed Form of Ballot (Class 5)**

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 50 of 90

| | |
|---|---|
| In re:<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC., *et al.*,<br><br><div align="center">Debtors.</div> | Chapter 11<br><br>Case No. 20-30604<br><br>(Jointly Administered) |

<div align="center">

**BALLOT FOR ACCEPTING OR REJECTING JOINT CHAPTER 11 PLAN OF PROFESSIONAL FINANCIAL INVESTORS, INC. AND ITS AFFILIATED DEBTORS PROPOSED BY THE DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

***CLASS 5 – NON-DOT INVESTOR CLAIMS***

</div>

<div align="center">

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS MAY 13, 2021 AT 4:00 P.M. (PACIFIC TIME)**

</div>

**Why You Are Receiving This Ballot**

You are being sent this Ballot because the Debtors' records show that you are a current investor in the PFI enterprise as a result of holding straight notes or equity interests in PFI-managed LLCs or LPs.

The above-captioned Debtors and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors, the "Proponents") have proposed a bankruptcy plan, entitled the *Joint Chapter 11 Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee*, dated as of March 21, 2021 (as may be amended or modified, the "Plan"). The Plan is also supported by both ad hoc committees, the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee.

On April [•], 2021, the Bankruptcy Court entered an order approving certain procedures and materials for the solicitation of votes to accept or reject the Plan (the "Solicitation Procedures Order"). Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

This Ballot is submitted to you to solicit your vote to accept or reject the Plan.

**Information to Assist You In Voting**

The Plan Summary and the Disclosure Statement provide information to assist you in deciding how to vote your Ballot. You should review the Plan Summary, the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 51 of 90

## How Your Vote Impacts Confirmation of the Plan

The Plan may be made binding on you whether or not you vote if the Plan (a) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the claims in each impaired Class of claims who vote on the Plan; (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code; and (c) the Bankruptcy Court enters an order confirming the Plan. Even if the requisite acceptances are not obtained, however, the Bankruptcy Court may still confirm the Plan if the Bankruptcy Court finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

## How to Vote

There are two ways by which you may submit your Ballot: (i) you may submit your Ballot via the Voting Agent's online e-balloting portal (the "E-Balloting Portal") as directed below, or (ii) you may return your Ballot to the Voting Agent via mail, overnight courier, or hand delivery by following the instructions set forth below. ***Please note that if you disagree with the amount listed below on your Ballot for voting purposes only and you believe you are entitled to vote a higher claim amount, and you modify such amount on the Ballot in accordance with the instructions below, YOU MUST SUBMIT YOUR MODIFIED PHYSICAL BALLOT VIA MAIL, OVERNIGHT COURIER OR HAND DELIVERY – YOU CANNOT SUBMIT SUCH MODIFIED BALLOT VIA THE ONLINE E-BALLOTING PORTAL.***

If you have any questions on how to properly complete this Ballot, please contact Donlin Recano at 1-877-283-0316 or email pfiinfo@donlinrecano.com. Please be advised that Donlin Recano cannot provide legal advice.

**For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is *actually received* by the Voting Agent by no later than the Voting Deadline of <u>4:00 p.m. (Pacific Time) on May 13, 2021</u>. Please submit a Ballot with your vote by <u>*one*</u> of the following methods:**

| | |
|---|---|
| **If Submitting Your Vote Through the E-Balloting Portal:**<br><br>**Donlin Recano will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal,** https://www.donlinrecano.com/clients/pfi/vote<br><br>**Unique E-Ballot ID#:**_____ | **If by First Class Mail:**<br><br>Professional Financial Investors, Inc., *et al*.,<br>c/o Donlin, Recano & Co., Inc.<br>P.O. Box 199043<br>Blythebourne Station, Brooklyn, NY 11219<br><br>**A pre-addressed return envelope has been enclosed for your convenience.** |
| **If by Overnight Courier or Hand Delivery**<br><br>Professional Financial Investors, Inc., *et al*.,<br>c/o Donlin, Recano & Co., Inc.<br>6201 15th Avenue<br>Brooklyn, NY 11219<br><br>**A pre-addressed return envelope has been enclosed for your convenience.** | |

Donlin Recano's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

***Ballots received after 4:00 p.m. (Pacific Time) on May 13, 2021 will not be counted. Ballots submitted by e-mail or facsimile transmission will not be accepted.***

**Ballot for Voting Only, Not to Determine Claim Amount**

This Ballot is solely for purposes of voting to accept or reject the Plan. This Ballot is not for the purpose of allowance or disallowance of, or distribution on account of, Non-DOT Investor Claims in Class 5.

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.        Amount of Class 5 Claim.**  For purposes of voting to accept or reject the Plan, the undersigned certifies that the undersigned holds a Non-DOT Investor Claim in Class 5 against the Debtors listed below in the amount set forth below.

---

**Claim Amount**:        $ [to be pre-populated with amount and applicable Debtor/Investment]

*THE AMOUNTS LISTED HEREIN, WHETHER YOU MODIFY THEM OR NOT ARE FOR* <u>*VOTING PURPOSES ONLY.*</u>  *THEY DO NOT GOVERN THE AMOUNT OF YOUR CLAIM FOR DISTRIBUTION PURPOSES.*

*If you believe the amount listed above is incorrect and you believe you are entitled to vote a higher claim amount, please modify the amount, and check here.  If you do not check this box, the amount of your claim for voting purposes will not be modified:*

☐    **I declare under penalty of perjury that the Claim amount listed in the table above is <u>INCORRECT</u>, and that I am entitled to vote the amount hand-written above.**

The Debtors reserve the right to object to the amount you write in.  Any such objection will be made by May 20, 2021.

---

**Item 2.        Vote on the Plan.**  The undersigned Holder of a Non-DOT Investor Claim in Class 5 in the amount set forth in Item 1 above hereby votes to:

**Check one box only**:    ☐  <u>**Accept**</u> (vote FOR) the Plan

☐  <u>**Reject**</u> (vote AGAINST) the Plan

THE PROPONENTS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.

**Item 3.        Contribution of Contributed Claims.**  I elect to contribute to the PFI Trust all Contributed Claims (as defined in the Plan) in exchange for an increase to my Class 5 Non-DOT Investor Claim by 5%.

☐    **YES, I elect to contribute my Contributed Claims to the PFI Trust**.

**Item 4.        Acknowledgement.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that, if this Ballot is otherwise validly executed but is not timely submitted, does not indicate either acceptance or rejection of the Plan or indicates both an acceptance and rejection of the Plan, this Ballot will not be counted as having been cast.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 54 of 90

| **Name of Holder:** [Prepopulate with address] |
|---|
| **Signature:** _____ |
| **Name of Signatory:** _____ |
| **Title of Signatory:** _____ |
| **Address (if different than above):**_____ |
| _____ |
| **Email Address**: _____ |
| **Date Completed:** _____ |

If your address or contact information has changed, please note the new information here.

73ZL-319169

# EXHIBIT D-4

**Proposed Form of Ballot (Class 6)**

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 56 of 90

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PROFESSIONAL FINANCIAL INVESTORS,<br>INC., *et al.*,<br><br>                     Debtors. | Chapter 11<br><br>Case No. 20-30604<br><br>(Jointly Administered) |

**BALLOT FOR ACCEPTING OR REJECTING JOINT CHAPTER 11 PLAN OF PROFESSIONAL
FINANCIAL INVESTORS, INC. AND ITS AFFILIATED DEBTORS PROPOSED BY THE
DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

*CLASS 6 – OTHER UNSECURED CLAIMS*

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE
> PLAN IS MAY 13, 2021 AT 4:00 P.M. (PACIFIC TIME)**

This Ballot is submitted to you to solicit your vote to accept or reject the *Joint Chapter 11 Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee*, dated as of March 21, 2021 (as may be amended or modified, the "Plan"), which is being proposed by the above-captioned debtors and debtors-in-possession (the "Debtors") and Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors, the "Proponents") and which is described in the accompanying executive summary of the Plan (the "Plan Summary") and the accompanying disclosure statement, dated March 21, 2021 (the "Disclosure Statement"). On April [•], 2021, the Bankruptcy Court entered an order approving certain procedures and materials for the solicitation of votes to accept or reject the Plan (the "Solicitation Procedures Order"). Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan Summary and the Disclosure Statement provide information to assist you in deciding how to vote your Ballot. You should review the Plan Summary, the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan may be made binding on you whether or not you vote if the Plan (a) is accepted by the holders of at least two-thirds in amount and more than one-half in number of the claims in each impaired Class of claims who vote on the Plan; (b) otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code; and (c) the Bankruptcy Court enters an order confirming the Plan. Even if the requisite acceptances are not obtained, however, the Bankruptcy Court may still confirm the Plan if the Bankruptcy Court finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the

73ZL-319169

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 57 of
90

Bankruptcy Code.

This Ballot is solely for purposes of voting to accept or reject the Plan. This Ballot is not for the purpose of allowance or disallowance of, or distribution on account of, Other Unsecured Claims in Class 6.

There are two ways by which you may submit your Ballot: (i) you may submit your Ballot via the Voting Agent's online e-balloting portal (the "E-Balloting Portal") as directed below, or (ii) you may return your Ballot to the Voting Agent via mail, overnight courier, or hand delivery by following the instructions set forth below.

If you have any questions on how to properly complete this Ballot, please contact Donlin Recano at 1-877-283-0316 or email pfiinfo@donlinrecano.com. Please be advised that Donlin Recano cannot provide legal advice.

**For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is _actually received_ by the Voting Agent by no later than the Voting Deadline of 4:00 p.m. (Pacific Time) on May 13, 2021. Please submit a Ballot with your vote by _one_ of the following methods:**

| If Submitting Your Vote Through the E-Balloting Portal: | If by First Class Mail: |
|---|---|
| **Donlin Recano will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal,** https://www.donlinrecano.com/clients/pfi/vote  **Unique E-Ballot ID#:**_____ | Professional Financial Investors, Inc., _et al_., c/o Donlin, Recano & Co., Inc. P.O. Box 199043 Blythebourne Station, Brooklyn, NY 11219  **A pre-addressed return envelope has been enclosed for your convenience.** |
| **If by Overnight Courier or Hand Delivery:**  Professional Financial Investors, Inc., _et al_., c/o Donlin, Recano & Co., Inc. 6201 15th Avenue Brooklyn, NY 11219  **A pre-addressed return envelope has been enclosed for your convenience.** | |

Donlin Recano's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of

73ZL-319169

electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

***Ballots received after 4:00 p.m. (Pacific Time) on May 13, 2021 will not be counted. Ballots submitted by e-mail or facsimile transmission will not be accepted.***

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1.** **Amount of Class 6 Claim.** For purposes of voting to accept or reject the Plan, the undersigned certifies that the undersigned holds an Other Unsecured Claim in Class 6 against the Debtors listed below in the amount set forth below.

| | |
|---|---|
| **Claim Amount**: | $_____ |
| **Debtor(s)**: | Professional Financial Investors, Inc.; Professional Investors Security Fund, Inc.; Professional Investors Security Fund I; Professional Investors Security Fund IV; Professional Investors Security Fund VII; Professional Investors Security Fund IX; Professional Investors Security Fund XII; Professional Investors Security Fund XIII; Professional Investors Security Fund XIV; Professional Investors Security Fund XV; Professional Investors Security Fund XVII; Professional Investors Security Fund XVIII; Professional Investors 20, LLC; Professional Investors 21, LLC; Professional Investors 22, LLC; Professional Investors 23, LLC; Professional Investors 24, LLC; Professional Investors 25, LLC; Professional Investors 26, LLC; Professional Investors 27, LLC; Professional Investors 29, LLC; Professional Investors 30, LLC; Professional Investors 31, LLC; Professional Investors 32, LLC; Professional Investors 33, LLC; Professional Investors 34, LLC; Professional Investors 35, LLC; Professional Investors 36, LLC; Professional Investors 37, LLC; Professional Investors 38, LLC; Professional Investors 39, LLC; Professional Investors 40, LLC; Professional Investors 41, LLC; Professional Investors 42, LLC; Professional Investors 43, LLC; Professional Investors 44, LLC; Professional Investors 45, LLC; Professional Investors 46, LLC; Professional Investors 47, LLC; Professional Investors 48, LLC; Professional Investors 49, LLC; PFI Glenwood, LLC |

**Item 2.  Vote on the Plan.** The undersigned Holder of an Other Unsecured Claim in Class 6 in the amount set forth in Item 1 above hereby votes to:

**Check one box only**: ☐ **Accept** (vote FOR) the Plan

☐ **Reject** (vote AGAINST) the Plan

THE PROPONENTS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.

**Item 3.  Acknowledgement.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but is not timely submitted, does not indicate either acceptance or rejection of the Plan or indicates both an acceptance and rejection of the Plan, this Ballot will not be counted as having been cast.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.

| |
|---|
| **Name of Holder:** _____<br>(Print or Type)<br>**Signature:** _____<br>**Name of Signatory:** _____<br>**Title of Signatory:** _____<br>**Address:** _____<br>_____<br>**Email Address**: _____<br>**Date Completed:** _____ |

If your address or contact information has changed, please note the new information here.

# EXHIBIT E

**Proposed Tabulation Rules**

# VOTE TABULATION RULES

*Allowance and Disallowance of Claims for Voting Purposes*

a.  Unless otherwise provided in the Tabulation Rules described below, Claims of Investors in the PFI enterprise who may have invested through straight notes, deeds of trust on PFI-owned property, or equity interests in PFI-managed LLCs or LPs (the "Investors") will be deemed temporarily allowed for voting purposes in an amount equal to the full stated amount in the Debtors' schedules, which was based on PFI's records of the outstanding balance owed, regardless of whether such amount is designated as contingent, or, for LLC or LP Investors who are not scheduled as creditors, based on the amount listed in the most recent K-1 Form. If any Investor seeks to challenge the amount of its Claim for voting purposes, the Investor shall be allowed to write in a modified amount, signed under penalty of perjury, and to return such modified Ballot to the Voting Agent by either mail, overnight courier or by personal delivery so as to be received by the Voting Agent on or before the Voting Deadline. Modified Ballots shall not be accepted via electronically. Any Ballot with a modified amount timely received shall be deemed a motion pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan (a "<u>Investor Rule 3018 Motion</u>").  Objections to any Investor Rule 3018 Motion must be filed no later than May 20, 2021.  If any objections are filed to the Investor Rule 3018 Motion, the Investor Rule 3018 Motion will be heard at the Combined Hearing.

b.  Each Claim entitled to vote on the Plan not held by an Investor will be deemed temporarily allowed for voting purposes in an amount equal to the full stated amount claimed by the holder of such Claim in any proof of Claim filed prior to the Record Date, or as set forth in the Schedules if it is not contingent, unliquidated, or disputed, to the extent that the proof of Claim specifies a fixed or liquidated non-contingent amount.  Any additional expressly contingent or unliquidated amount will be temporarily disallowed for voting purposes.

c.  Except with respect to Investor Proofs of Claim, if a Claim for which a proof of Claim has been timely filed is (i) marked or identified as contingent or unliquidated on its face and/or (ii) does not otherwise specify a fixed or liquidated amount, such contingent or unliquidated Claim will be temporarily allowed for voting purposes in the amount of $1.00.

d.  If an objection to a Claim has been sustained by the Bankruptcy Court or a Claim has been settled by the Debtors and the claimant, such Claim will be disallowed or allowed in the settled amount for voting purposes, as the case may be, as set forth in the relevant Bankruptcy Court order or settlement agreement.

e.  If a non-Investor Claimant seeks to challenge the classification of a claim or the allowance of a claim for voting purposes, or an Investor seeks to challenge anything other than the allowed amount of a claim for voting purposes, such

73ZL-319169
Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 62 of 90

claimant is required to file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such claim in a different amount (for non-Investors only) or classification (for all such claimants) for purposes of voting to accept or reject the Plan (an "Other Rule 3018 Motion") and serve such motion on: (i) the Office of the United States Trustee; (ii) counsel for the Debtors; (iii) counsel for the Committee; (iv) counsel for the Ad Hoc Committees; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002, so that it is received by May 6, 2021 at 4:00 p.m. (Pacific Time). The request for relief sought in such Other Rule 3018 Motion will be heard at the Confirmation Hearing. Objections to any Other Rule 3018 Motion must be filed no later than May 13, 2021.

f.     In accordance with Bankruptcy Rule 3018, any Ballot submitted by a claimant that files a Other Rule 3018 Motion will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a hearing, prior to the Combined Hearing. The Proponents may also seek an estimation of a Claim for voting purposes after notice and a hearing.

g.     The Proponents may enter into stipulations with holders of claims (including Investors, as well as Other Unsecured Claims) allowing such claims for voting purposes. Such stipulations must be filed with the Bankruptcy Court on or before May 13, 2021.

h.     If a Claim holder identifies a Claim amount on its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the Claim will be temporarily allowed for voting purposes in the lesser amount.

### *Rules for Counting Votes to Accept or Reject Plan*

In tabulating the Ballots, the following procedures will apply:

1.     Any Ballot that is properly completed, executed, and timely returned to the Balloting Agent, but does not indicate the acceptance or rejection of the Plan, or indicates both, will not be counted.

2.     If a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last properly executed Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots.

3.     Creditors will be required to vote all of their claims under the Plan either to accept or reject the Plan and may not split their votes.

4.     Where any portion of a single claim has been transferred to a transferee, all holders of any portion of such single claim will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein) and

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 63 of 90

(ii) required to vote every portion of such claim collectively either to accept or reject the Plan.

5.  In the event that a Ballot or a group of Ballots within a Class received from a single creditor partially rejects and partially accepts the Plan, such Ballots will not be counted.

73ZL-319169

# EXHIBIT F

## Proposed Notice of Non-Voting Status

SMRH:4839-3291-4403.2

73ZL-319169

Case: 20-30604   Doc# 513   Filed: 03/30/21   Entered: 03/30/21 13:39:03   Page 66 of 90

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PROFESSIONAL FINANCIAL INVESTORS, INC., et al.,1 | Case No. 20-30604 |
| Debtors. | (Jointly Administered) |
| | **NOTICE OF NON-VOTING STATUS** |

**PLEASE TAKE NOTICE THAT:**

1.      On March 21, 2021, Professional Financial Investors, Inc. and its affiliated debtors and debtors in possession (collectively, "PFI" or the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and together with the Debtor, the "Proponents") filed (a) *Joint Chapter 11 Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee* [Docket No. 489] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan"); (b) a related executive summary of the Plan; and (c) a related *Disclosure Statement in Support of Joint Chapter 11 Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee* [Docket No. 490] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") under section 1125 of the Bankruptcy Code.

2.      By an Order dated April [•], 2021 (the "Solicitation Procedures Order"), the Bankruptcy Court conditionally approved the Disclosure Statement as containing adequate information within the meaning of section 1125 of Bankruptcy Code and approved certain procedures (collectively, the "Solicitation Procedures") for the solicitation and tabulation of votes to accept or reject the Plan, and scheduled hearings on confirmation of the Plan.

---

1  A complete list of the Debtors and their respective chapter 11 case numbers may be found at www.donlinrecano.com/pfi.  The federal tax identification numbers of each of the Debtors is also available in the bankruptcy petitions of each Debtor, also available at the Donlin Recano website.

SMRH:4839-3291-4403.2                                                    -1-                                                    732L-319169

3. Proponents (a) are required to mail voting materials to all creditors and equity interest holders entitled to vote on the Plan and (b) are not required to provide voting materials to such holders that are conclusively presumed to either accept or reject the Plan (collectively, the "Non-Voting Classes"). Accordingly, you are receiving this Notice of Non-Voting Status for the Plan instead of voting materials containing the Disclosure Statement and the Plan.

4. If you wish to challenge the classification of your claim or interest, you, pursuant to Bankruptcy Rule 3018(a), must file a motion (a "Rule 3018 Motion") for an order temporarily allowing your claim in an amount for purposes of voting and serve such motion on the parties listed below so that it is received by May 6, 2021. The request for relief sought in such Rule 3018 Motion will be heard at the Combined Hearing (as defined below). Rule 3018 Motions that are not timely filed and served in the manner as set forth above will not be considered.

5. On **May 27, 2021 at ___ a.m. (Pacific Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Hannah L. Blumenstiel, United States Bankruptcy Judge via video or teleconference to consider final approval of the Disclosure Statement and confirmation of the Plan, as the same may be amended or modified (the "Combined Hearing").

6. The Combined Hearing may be adjourned from time to time, without further notice. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Plan and other applicable law, without further notice, prior to or as a result of the Combined Hearing.

7. Objections, if any, to the adequacy of the Disclosure Statement or confirmation of the Plan must (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed with the Bankruptcy Court at the address set forth below and served on the following **so that any such objections are received no later than May 13, 2021 at 4:00 p.m. (Pacific Time)**: (a) counsel to the Debtors, Sheppard, Mullin, Richter & Hampton, LLP, Four Embarcadero Center, 17th Floor, San Francisco, CA 94111 (Attn: Ori Katz); (b) Office of the United States Trustee, 300 Booth Street, Room 3009, Reno, NV 89509 (Attn: Cameron Gulden); (c) counsel to the Official

Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111 (Attn: Debra Grassgreen); (d) Counsel to the Ad Hoc LLC Members Committee, Sklar Kirsh, LLP, 1880 Century Park East, Suite 300, Los Angeles, CA 90067 (Attn: Robbin L. Itkin); (e) Counsel to the Ad Hoc DOT Noteholders Committee, BakerHostetler, 600 Montgomery Street, Suite 3100, San Francisco, CA 94111 (Attn: Cecily A. Dumas); and (f) all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases.

5. In accordance with Bankruptcy Rule 3017(a), requests for copies of the Disclosure Statement, the Plan, or the Motion by parties in interest may be made in writing to counsel for the Committee or via email at hphan@pszjlaw.com. Copies of the Disclosure Statement and the Plan (along with exhibits to each as they are filed with the Bankruptcy Court) and the Motion are available for review, at no charge, at www.donlinrecano.com/PFI.

Dated: March 30, 2021        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _/s/ Ori Katz_____
Ori Katz
J. Barrett Marum
Matt Klinger
Attorneys for the Debtors

Dated: March 30, 2021        PACHULSKI STANG ZIEHL & JONES LLP

By: _/s/ Debra Grassgreen_____
Debra Grassgreen
John D. Fiero
Cia H. Mackle

Attorneys for the Official Committee of Unsecured Creditors

# EXHIBIT G

**Cover Letter**

SMRH:4839-3291-4403.2

73ZL-319169

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 69 of
90

# IN RE PROFESSIONAL FINANCIAL INVESTOR, INC. AND AFFILIATES

**DATE:**     April [•], 2021

**TO:**     Holders of DOT Noteholder Claims - Class 4
Holders of Non-DOT Investor Claims - Class 5

**FROM:**     Professional Investors, Inc. and its affiliated debtors (the "Debtors")
and the Official Committee of Unsecured Creditors (the "UCC")

**RE:**     **SOLICITATION OF CHAPTER 11 PLAN AND DISCLOSURE STATEMENT**

The Debtors and UCC are pleased to propose the *Joint Chapter 11 Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee* (the "<u>Plan</u>"),[22] for which your vote is being solicited.

## <u>Why You Are Receiving This Solicitation Package.</u>

You are receiving this Memorandum and accompanying materials because, as of April 15, 2021 (the "<u>Voting Record Date</u>"), you are the Holder of a DOT Noteholder Claim and/or a Non-DOT Investor Claim against the Debtors and are therefore entitled to vote on the Plan.

## <u>What You Are Receiving.</u>

The materials enclosed (the "<u>Solicitation Package</u>") with this Memorandum are being provided to enable you to vote on the Plan. **YOU DO NOT NEED TO FILL OUT A CLAIM FORM AT THIS TIME.** The Solicitation Package consists of:

     g.     Plan Proponents' Plan Summary;

     h.     Support Letters from Ad Hoc Committees;

     i.     Personalized Ballot(s) with instructions regarding how to complete the Ballot;

     j.     Pre-addressed, return envelope to return your Claim and Ballot;

     k.     Tabulation Rules; and

     l.     Notice of dates and deadlines.

The following additional materials are available to view online at https://www.donlinrecano.com/Clients/pfi/PlanOfReorg:

     a.     the *Disclosure Statement for the Joint Chapter 11 Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by*

---

[22] All capitalized terms not defined herein shall have the meaning ascribed to such terms in the Plan.

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 70 of 90

the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee (the "<u>Disclosure Statement</u>") and the exhibits thereto; and

    b.    the Plan (as an exhibit to the Disclosure Statement).

If your Solicitation Package does not contain all of the above documents, or you would like paper copies of the Disclosure Statement and Plan, please contact the Voting Agent at: pfiinfo@donlinrecano.com or 1-877-283-0316.

**<u>What Actions You Need To Take.</u>**

1. Locate and complete your Ballot(s) included within this Solicitation Package. NOTE: YOU MAY HAVE RECEIVED MORE THAN ONE BALLOT IN THIS SOLICITATION PACKAGE, OR MAY HAVE RECEIVED MORE THAN ONE SOLICITATION PACKAGE. PLEASE SUBMIT ALL OF THEM, WHETHER ELECTRONICALLY OR BY MAIL.

2. **Please submit a Ballot with your vote by _one_ of the following methods so that it is _actually received_ by the Voting Agent by no later than the Voting Deadline of 4:00 p.m. (Pacific Time) on May 13, 2021:**

| If Submitting Your Vote Through the E-Balloting Portal: | If by First Class Mail: |
|---|---|
| Donlin Recano will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, follow the instructions on your Ballot.<br><br>If you received multiple Ballots, you will need to repeat this process for each Ballot received. | Professional Financial Investors, Inc., _et al._, c/o Donlin, Recano & Co., Inc. P.O. Box 199043 Blythebourne Station, Brooklyn, NY 11219<br><br>A pre-addressed return envelope has been enclosed for your convenience. |
| If by Overnight Courier or Hand Delivery:<br><br>Professional Financial Investors, Inc., _et al._, c/o Donlin, Recano & Co., Inc. 6201 15th Avenue Brooklyn, NY 11219<br><br>A pre-addressed return envelope has been enclosed for your convenience. | |

**<u>What Actions You Need To Take.</u>**

73ZL-319169

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 71 of 90

The Plan Summary and Disclosure Statement provide a comprehensive description of the classification and treatment of your claim(s) under the Plan. You should review these documents in their entirety before you vote.

You may wish to seek legal advice concerning the terms and conditions of the Plan and the classification and treatment of your claim under the Plan.

The Court has fixed the following deadlines relating to voting on the Plan:

►Deadline by which Ballots **must be received** by the Voting Agent:

                                     May 13, 2021 at 4:00 p.m. Pacific Time

►Objection Deadline for the Plan:   May 13, 2021 at 4:00 p.m. Pacific Time

►Confirmation Hearing:        May 27, 2021 at [] Pacific Time

## Recommendation

The Debtors and UCC who have proposed the Plan, and the Ad Hoc Committees who support the Plan, believe that the Plan offers you the best recovery on your Claim. **Thus, these parties strongly recommend that you vote in favor of the Plan.**

## More Information or Help

Michael Goldberg, the Debtors' independent director, and the attorneys for the UCC will participate in all-investor calls to discuss the contents of this Solicitation Package and logistics of voting on the Plan. If you have questions about the Plan or voting process, we encourage you to join these calls.

If you have questions about submitting your ballot or obtaining forms, please contact the Voting Agent at: pfiinfo@donlinrecano.com or 1-877-283-0316. Any further questions should be directed to counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, Attn: Cia H. Mackle at cmackle@pszjlaw.com or (310) 772-2328.

# EXHIBIT H-1

**AD Hoc LLC Members Committee Plan Support Letter**

**AD HOC LLC MEMBERS COMMITTEE'S LETTER IN SUPPORT
OF PLAN OF PROFESSIONAL FINANCIAL INVESTORS, INC., *ET AL.***

Re: Lead Chapter 11 Case No. Case No. 20-30604
U.S. Bankruptcy Court for the Northern District of California

To:     **Holders of Equity Interests in Limited Liability Companies ("LLCs")
Managed by Professional Financial Investors, Inc. ("PFI"), and All
Other Investors in PFI Related Investments**

From:   **The Ad Hoc LLC Members Committee**[23]

The Ad Hoc LLC Members Committee is comprised of ten (10) investors (collectively, the "Committee Members") with membership interests in LLCs formed and controlled by the debtor PFI, and it also includes one member that has a tenant in common interest ("TIC") in real estate owned by certain LLCs. These Committee Members are acting in concert to specifically advocate in the above-captioned chapter 11 bankruptcy cases (the "Chapter 11 Cases") of PFI, *et al.* (collectively, the "Debtors") on behalf of over 250 investors that invested in the LLCs (collectively, the "LLC Investors").

We write to advise you of the Ad Hoc LLC Members Committee's position regarding the "*Joint Chapter 11 Plan of Professional Financial Investors, Inc. and Its Affiliated Debtors Proposed by the Debtors and Official Committee Of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee*" (as amended and supplemented from time to time, the "Plan"),[24] filed by the Debtors and the Official Committee of Unsecured Creditor (the "OCUC").

> **BASED ON THE CURRENTLY KNOWN FACTS AND CIRCUMSTANCES AND THE INFORMATION PROVIDED BY THE DEBTORS, THE OCUC, AND THEIR RESPECTIVE PROFESSIONALS, THE AD HOC LLC MEMBERS COMMITTEE SUPPORTS THE PLAN, INCLUDING THE PLAN'S TREATMENT OF ALL INVESTORS, INCLUDING LLC INVESTORS, AND STRONGLY URGES ALL INVESTORS, INCLUDING LLC INVESTORS, TO VOTE TO ACCEPT THE PLAN.**

The Ad Hoc LLC Members Committee believes that the terms of the Plan, and the recoveries to be provided to Holders of Investor Claims, specifically including claims held by LLC Investors, under the Plan represent a fair and reasonable resolution of the conflicting interests and rights of all creditors. The Ad Hoc LLC Members Committee believes that any alternative (including conversion to a chapter 7 bankruptcy case), other than confirmation of the Plan, could result in extensive delays, increased administrative expenses and less favorable tax consequences, which, in turn, could result in smaller distributions to LLC Investors and other Investors.

---

[23] The Committee Members are: (i) Rama Sethi-Gulati (Chair); (ii) The Gangaji Retirement Foundation, Barbara Joan Denempont as trustee (Vice Chair); (iii) Bruce Riezenman; (iv) Cheryl Reinhardt; (v) Douglas Korb; (vi) Ted Turina; (vii) Jim Adams; (viii) Jeff Kaus; and (ix) the Jonathan C. Marmelzat Revocable Trust, Jonathan Marmelzat as trustee. Francesca McCartney serves as an *ex officio* member. The Ad Hoc LLC Members Committee is represented by Robbin L. Itkin of Sklar Kirsh, LLP.

[24] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Plan.

73ZL-319169
Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 74 of 90

## A.    Global Resolution of Investor Claims Under the Plan

The Ad Hoc LLC Members Committee is conscientious of the unique challenges of these Chapter 11 Cases and the incredible injustice and financial hardship suffered by Investors as a result of the complex and long-standing Ponzi scheme perpetrated by Ken Casey and others through the PFI investment vehicles. Although Investors believed that they were investing in a legitimate and lucrative real estate enterprise, as the facts have unfolded since Mr. Casey's death and the commencement of these Chapter 11 Cases, the business enterprise promulgated by Mr. Casey was not a legitimate or well-run business at all, but was just a Ponzi scheme run to personally enrich Mr. Casey and his cohorts to the detriment of aggrieved Investors. The involvement of approximately 1,000 direct victims with different PFI related investments and interests in this Ponzi scheme, combined with inaccurate, incomplete and poorly kept business records and the lack of outside auditors, have posed considerable logistical and financial challenges. The Ad Hoc LLC Members Committee is very grateful for the Investors' patience and support as the Debtors, the OCUC, the two Ad Hoc Committees, and their respective professionals have attempted to organize, analyze and reconstruct the information necessary to formulate a speedy end to these Chapter 11 Cases that will provide a meaningful recovery to creditors.

## B.    Treatment of LLC Investors Under the Plan

Recognizing that the Investors, irrespective of the type of investment made, are all victims of this massive and long-running Ponzi scheme, the Plan provides for the same treatment of all Investors to ensure a fair and equitable result.

With respect to LLC Investors, their LLC investments are not treated as equity interests under the Plan (which equity interests will not receive any distributions under the Plan). Rather, each investment, regardless of its form, including LLC investments, will be treated as a general unsecured "Investor Claim" held by the Investor against the Debtors. An "Investor Claim" will be composed of (i) an "Investor Restitution Claim" (which is essentially the Investor's netted claim), and (ii) an "Investor Subordinated Claim" (which is essentially 7% interest, compounded annually, on an Investor's principal investments from January 1, 2007 through July 26, 2020, and as further described in the Plan), each of which will be calculated without regard to the type of investment held. Each Investor (including LLC Investors), in exchange for the Investor Claim, will become a beneficiary of the PFI Trust (the "PFI Trust Beneficiaries"), receiving one "Class A PFI Trust Interest" for each dollar of the Investor Restitution Claim and one "Class B PFI Trust Interest" for each dollar of the Investor Subordinated Claim.

This is a "one pot Plan." The Plan provides for the consolidation of all of the Debtors' assets (including, without limitation, the Debtor's ownership interests in approximately 70 real properties), and liabilities and the transfer of such assets and liabilities on the Effective Date of the Plan, either directly or indirectly, to the PFI Trust. The PFI Trust also will own litigation claims against third parties and may generate cash through prosecution or settlement of those claims as described in the Plan and Disclosure Statement. The PFI Trust will operate, litigate, settle, sell or otherwise dispose of the assets it owns to generate cash, and will distribute that cash to the PFI Trust Beneficiaries (which includes the LLC Investors).

In addition, the Plan provides for the elevation of the LLC Investors' membership interests from equity interests to unsecured claims effective retroactively to the date of

73ZL-319169

such investments. As a result, LLC Investors receive the same treatment as all other Investors and are not unfairly tax burdened from property sales that are benefitting all Investors and creditors.

**C.     The Ad Hoc LLC Members Committee Urges LLC Investors to Accept the Plan**

It is the Ad Hoc LLC Members Committee's firm belief that confirming the Plan and transitioning to the PFI Trust as soon as possible is the best, and perhaps only, way to maximize recovery for all creditors (including LLC Investors) and minimize the costs associated with the Chapter 11 Cases. It is primarily for these reasons the Ad Hoc LLC Members Committee has worked diligently with the Debtors, the other Committees and their respective professionals to accomplish a quick exit from bankruptcy, and the Ad Hoc LLC Members Committee strongly supports the Plan.

If the Plan is not confirmed, the Debtors retain the right to amend, modify, or revoke the Plan and set forth an alternative plan that could be far inferior to the Plan which the Ad Hoc LLC Members Committee may not support. If the Plan is revoked, amended, or modified, the process will delay concluding these Chapter 11 Cases, resulting in increased costs and a decrease in potential recoveries to all Investors. Further, such a delay could result in alternative plans being proposed by third parties whose interests are not in line with interests of Investors, which may cause confusion, prolong the bankruptcy process, and increase costs. Failure to confirm the Plan also could result in the Chapter 11 Cases being converted to cases under chapter 7 of the Bankruptcy Code, which, as further detailed in the Disclosure Statement, may result in a lower projected recovery and less favorable tax treatment to LLC Investors.

**D.     Disclaimers**

Notwithstanding the Ad Hoc LLC Members Committee's recommendation to accept the Plan, you must make your own independent determination as to whether the Plan is acceptable to you and should consult your own legal and/or financial advisor(s).

**BEFORE VOTING ON THE PLAN, YOU ARE URGED TO CAREFULLY READ THE PLAN, THE DISCLOSURE STATEMENT, AND THE EXHIBITS ATTACHED THERETO IN THEIR ENTIRETY, INCLUDING THE DISCUSSION OF THE RISK FACTORS RELATED TO THE PLAN AND ALL OTHER DOCUMENTS SUBMITTED TO YOU BY THE DEBTORS AND THE OCUC. THIS COMMUNICATION DOES NOT CONSTITUTE, AND SHALL NOT BE CONSTRUED AS, A SOLICITATION BY THE AD HOC LLC MEMBERS COMMITTEE OR ANY OF ITS INDIVIDUAL MEMBERS OR REPRESENTATIVES. THIS LETTER MAY NOT BE RELIED UPON FOR ANY PURPOSE OTHER THAN THE AD HOC LLC MEMBERS COMMITTEE'S RECOMMENDATION TO SUPPORT THE PLAN. THIS LETTER IS NOT AND SHOULD NOT BE CONSTRUED AS LEGAL ADVICE, AND MAY NOT BE RELIED UPON BY ANY PERSON FOR ANY REASON. TO THE EXTENT YOU WISH TO SEEK LEGAL ADVICE, YOU SHOULD CONSULT WITH YOUR OWN LEGAL COUNSEL.**

**REGARDLESS OF HOW YOU VOTE ON THE PLAN, THERE REMAINS A RISK THAT FURTHER LITIGATION AND/OR A LATER SETTLEMENT COULD RESULT IN HIGHER OR LOWER RECOVERIES FOR INVESTORS. THE AD HOC LLC MEMBERS COMMITTEE DOES NOT GUARANTEE ANY PARTICULAR RESULT IN THE CHAPTER 11 CASES. ALTHOUGH THE**

BANKRUPTCY COURT HAS AUTHORIZED THE DEBTORS TO INCLUDE THIS RECOMMENDATION LETTER AS PART OF THE PLAN SOLICITATION PACKAGE, SUCH AUTHORIZATION DOES NOT CONSTITUTE AN ENDORSEMENT BY THE BANKRUPTCY COURT OF THE MERITS OF THE PLAN OR THE ACCURACY OR COMPLETENESS OF THE INFORMATION CONTAINED THEREIN. THE AD HOC LLC MEMBERS COMMITTEE RESERVES THE RIGHT TO CHANGE ITS POSITION AND RECOMMENDATION REGARDING THE PLAN, OR FILE ANY OBJECTION, RESPONSE OR OTHER PLEADING IN RESPONSE TO THE PLAN OR ANY OTHER MATTER IN THE DEBTORS' CHAPTER 11 CASES, TO THE EXTENT THAT SUBSEQUENT DEVELOPMENTS SO WARRANT, AS DETERMINED BY THE AD HOC LLC MEMBERS COMMITTEE, OR OTHERWISE.

### E.    Continued Communications with LLC Investors and Voting Deadlines

The Ad Hoc LLC Members Committee will continue to communicate with and address questions of LLC Investors through continued investor telephonic video meetings and various social media channels, and otherwise attempt to keep the LLC Investor community informed of the Ad Hoc LLC Members Committee's on-going negotiations with the Debtors and other Committees and the Plan confirmation process.

Please be reminded that for the Plan to be confirmed, Investors and other creditors must vote on the Plan. For any class of Investors and other creditors under the Plan to accept the Plan, two-thirds in dollar amount of those voting on the Plan, and more than one-half in number of those voting on the Plan, must vote in favor of the Plan. LLC Investors are included in Class 5 of the Plan.

**The voting deadline is _____, 2021 at _:00 p.m. (prevailing Pacific time). Please complete and submit your ballot in accordance with the instructions contained in the solicitation package sent to you so that it is received by no later than the voting deadline**.

Thank you for understanding the importance of voting on the Plan, and your support.

Dated: ____, 2021               Respectfully submitted,
                                THE AD HOC LLC MEMBERS COMMITTEE

73ZL-319169

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 77 of
90

# **EXHIBIT H-2**

## Ad Hoc DOT Noteholders Committee Plan Support Letter

73ZL-319169

Case: 20-30604   Doc# 513   Filed: 03/30/21   Entered: 03/30/21 13:39:03   Page 78 of
90

## AD HOC COMMITTEE OF DEED OF TRUST HOLDERS'
## LETTER IN SUPPORT OF THE JOINT CHAPTER 11 PLAN OF
## PROFESSIONAL FINANCIAL INVESTORS, INC., *ET AL.*

The Ad Hoc Committee of Deed of Trust Holders (the "**DOT Committee**") is comprised of six (6) investors (collectively, the "**DOT Committee Members**") holding interests in one or more notes or deeds of trust related to certain real property owned by Professional Financial Investors, Inc. ("**PFI**") or its affiliates.[25] Since its formation, the Committee has advocated in the chapter 11 bankruptcy cases (collectively, the "**Bankruptcy Case**") of PFI, Professional Investment Securities Fund, Inc. ("**PISF**") and their debtor affiliates (collectively, the "**Debtors**") on behalf of all investors holdings interests in notes secured by real property owned by the Debtors (collectively, the "**DOT Investors**").

We write to advise you that **the DOT Committee supports** the *Joint Chapter 11 Plan of Professional Financial Investors, Inc. and Its Affiliated Debtors Proposed by the Debtors and Official Committee Of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee*" (as amended and supplemented, the "**Plan**"),[26] filed by the Debtors and the Official Committee of Unsecured Creditors (the "**OCUC**") in the Chapter 11 Cases, **and urges Investors to vote "yes" on the Plan**.

## WHY WE SUPPORT THE PLAN:

From the beginning, the primary objective of the DOT Committee has been to assist Investors to reach a fair compromise consistent with the rights of Investors under California law and the law that is applied when a Ponzi scheme has been perpetrated on Investors. We believe that this Plan is a fair compromise. We also focused on avoiding litigation where possible, because the cost of litigation would come out of Investor recoveries. **Finally, we pursued these objectives while pursuing the overall goal of confirming a plan of reorganization as quickly as possible**.

Further, the Committee believes that the potential alternatives to the Plan, including conversion of the Bankruptcy Case to a liquidation under chapter 7 of the Bankruptcy Code, would result in lower recoveries for Investors. This is partly because a chapter 7 trustee cannot operate a business, with very limited exceptions, and would have to liquidate the real estate portfolio as soon as practicable. Also, a trustee is entitled to payment of a commission of up to 3% on all monies disbursed, including the amounts needed to repay the bank loans. The liquidation analysis attached to the Disclosure Statement clearly shows the Plan is preferable to chapter 7.

## BALANCING OF DIFFERING RIGHTS AND INTERESTS

---

[25] The DOT Committee Members are: (i) Carole Levine (Chair); (ii) Steven Teal (Vice Chair); (iii) Robin Altman; (iv) David Lee; (v) John Mangini; and (vi) Alan Ziff. The DOT Committee Members hold their investments either individually, through family trusts or other entities. Certain DOT Committee Members also hold LLC interests, straight notes or TIC interest. The Ad Hoc Committee of Deed of Trust Holders is represented by Cecily A. Dumas of Baker & Hostetler LLP.

[26] Capitalized terms used herein and not otherwise defined shall have the meanings given to such terms in the Plan.

As you are all now aware, the Ponzi scheme perpetrated by Ken Casey, Lewis Wallach and other resulted in tremendous harm to thousands of victims. Investors invested hundreds of millions of dollars with the Debtors over years—each believing that PFI and their investments were legitimate. Upon disclosure of the fraud, Investors quickly realized that the three different investment options offered by PFI—straight notes, DOTs (notes secured by deeds of trust on real properties owned by PFI or its affiliates), and equity interests in limited liability companies (LLCs) formed by PFI—created differences between the investments under state law that could have consequences for each such investor group's recoveries. Investors formed two *ad hoc* committees in addition to the statutory OCUC and selected the members they wanted to advance their respective interests. This set-up of three committees enabled the compromises set forth in the Plan and demonstrates the benefit of Investor involvement in the Bankruptcy Cases.

1.  The straight notes were all issued by PISF. PISF owns only limited partner interests in ten limited partnerships. While each limited partnership owns real property, the properties are all subject to bank loans and DOT loans. PISF has no practical ability to repay the straight notes, but it holds litigation claims against the other PFI entities to which Casey and Wallach transferred cash.

2.  Each LLC owns a single real property. Although the properties are subject to bank loans, in most of the LLCs there is value in the equity interests owned by LLC Investors. However, PFI used cash from PISF and PFI for the LLC properties and used LLC member cash for PFI's activities, so there are substantial intercompany claims among the entities.

3.  Most of the DOT Investments were perfected by recording the deed of trust in the public record. Unfortunately, we learned that PFI removed from the record (reconveyed) DOT Investments worth more than $18 million before the bankruptcy was filed. The documentation of the DOT Investments was often riddled with legal errors, leaving those investments subject to challenge. We also uncovered a pervasive pattern and practice where PFI reconveyed DOT Investor liens, re-filed the liens, reconveyed the liens again, and so on. This leads to the risk that the recorded DOT liens could be subject to being set aside in the bankruptcy and the DOT Investors' secured claims becoming unsecured claims.

## THE LLCs' DECISION TO COMPROMISE

Each LLC member could have insisted on keeping his or her equity in their own LLC property. The LLCs also could have forced the Debtors to bring litigation over the transferred funds. The LLCs could have fought the involuntary petitions that brought them into bankruptcy. Instead, the LLC Committee took a leadership role in educating LLC members and ultimately led the LLCs to a productive outcome where the properties owned by LLCs have come into the bankruptcy with the PFI and LP-owned properties. Under the Plan, the LLC properties will be substantively consolidated with the properties owned by PFI and the LPs. Had the LLCs forced litigation over their separate ownership interests, the Debtors would have been forced to spend hundreds of thousands of dollars or more to bring the LLC properties into one pot. In exchange, LLC members' interests will be recharacterized as general unsecured restitution claims (a higher

73ZL-319169

Case: 20-30604   Doc# 513   Filed: 03/30/21   Entered: 03/30/21 13:39:03   Page 80 of
90

priority in bankruptcy than equity) and will receive distributions on a *pro rata* basis with DOTs and straight note investors.

### THE DOTs' DECISION TO COMPROMISE

Each DOT Investor could insist on enforcing his or her own lien against their particular real property. Some of the properties have sufficient equity; some do not because PFI took cash-out refinancings that diluted the equity cushion and used the money elsewhere. Some of the DOT liens were removed from title without their knowledge or consent. Some of the DOT documentation has deficiencies under California law. Many of the DOT liens may be subject to avoidance (being set aside) as fraudulent transfers due to the bankruptcy or under Ponzi laws. The DOT Committee took a leadership role in educating DOT Investors regarding the risks of enforcing their secured claims individually. The DOT Committee believes that the fairest solution consistent with state law is for the value of all properties encumbered by DOTs to be included in the pot, and DOT Investors share *pro rata* with other investors. If the DOTs force litigation to avoid their liens on properties, the Debtors will be forced to spend hundreds of thousands of dollars or more to prosecute the avoidance actions that will reduce the recoveries under the Plan. And, during the litigation, which may last years, the properties affected by litigation may be unmarketable.

### THE ONE-POT PLAN

The one-pot Plan treats each of the three investment types the same. All assets will go into one pot for distribution on a *pro rata* basis to all Investors and other unsecured creditors such as trade creditors. With respect to DOT Investors, the Plan provides that each DOT Investor will be treated as holding a general unsecured "DOT Noteholder Claim" in Class 4 of the Plan. A "DOT Noteholder Claim" is composed of two parts: first, an "Investor Restitution Claim," which is essentially the Investor's "netted" claim (i.e., principal investment minus total interest received on account of the investment); and, second, an "Investor Subordinated Claim," which is 7% interest *per annum*, compounded annually, on an Investor's principal investment from January 1, 2007 through July 26, 2020 (plus any amount returned in a claw-back). On account of "DOT Noteholder Claims," DOT Investors will become beneficiaries of the PFI Trust—receiving one "Class A PFI Trust Interest" for each dollar of the Investor Restitution Claim and one "Class B PFI Trust Interest" for each dollar of the Investor Subordinated Claim.

Each Investor is encouraged to assign to the PFI Trust his or her personal claims against any third party that may also be legally responsible for their losses. If you assign your personal claims, you will receive an additional five percent (5%) distribution on your Restitution Claim, or to your Investor Subordinated Claim, should there be sufficient distributions to pay Investor Subordinated Claims.

However, the Plan also provides that claims that are specific to DOT Investors may be prosecuted by DOT Investors separately, with any recoveries going to DOT Investors, depending on the type of claim, separate from the PFI Trust.

### REMOVAL OF DOT LIENS FROM THE PUBLIC RECORD

Title to the real properties that are subject to DOT investor liens is clouded because of the number of recordings, re-conveyances, re-recordings, and reconveyances. These investor liens must be dealt with in order for these properties to be marketable for sale. The Plan currently contemplates a Bankruptcy Court order expunging the liens. DOT Investors should anticipate further information regarding the treatment of their liens.

**THE TICs**

Eight of the LLC-owned properties have co-owners defined under California law as tenants-in-common. The Plan currently does not address the TIC interests. The DOT Committee is informed that some of the TICs claim PFI is not entitled to its ownership interest in the written TIC agreement if such ownership interest is not shown on the grant deed. California law unambiguously provides that the TICs are bound by ownership interests of which they have knowledge and agreed to in the TIC agreement. The DOT Committee believes that the TICs are bound by the terms of the TIC agreements to which they are a party, and objects to any compromise that takes the value of PFI's ownership interests out of the pot available to all Investors and distributes it to TICs.

**PLEASE READ THE FOLLOWING CAVEATS**:

**BEFORE VOTING ON THE PLAN, YOU ARE URGED TO CAREFULLY READ THE PLAN, THE DISCLOSURE STATEMENT, ANY SUPPLEMENTS THEREO, AND THE EXHIBITS ATTACHED TO ANY OF THE FOREGOING IN THEIR ENTIRETY, INCLUDING THE DISCUSSION OF THE RISK FACTORS RELATED TO THE PLAN, AND ALL OTHER DOCUMENTS SUBMITTED TO YOU BY THE DEBTORS AND THE OCUC. THIS COMMUNICATION DOES NOT CONSTITUTE, AND SHALL NOT BE CONSTRUED AS, A SOLICITATION BY THE DOT COMMITTEE, ITS REPRESENTATIVES OR ANY OF ITS INDIVIDUAL MEMBERS. THIS LETTER MAY NOT BE RELIED UPON FOR ANY PURPOSE OTHER THAN THE DOT COMMITTEE'S RECOMMENDATION TO SUPPORT THE PLAN AS CURRENTLY DRAFTED. THIS LETTER IS NOT AND SHOULD NOT BE CONSTRUED AS LEGAL ADVICE, AND MAY NOT BE RELIED UPON BY ANY PERSON FOR ANY REASON. TO THE EXTENT YOU WISH TO SEEK LEGAL ADVICE, YOU SHOULD CONSULT WITH YOUR OWN LEGAL COUNSEL.**

**REGARDLESS OF HOW YOU VOTE ON THE PLAN, THERE REMAINS A RISK THAT IMPLEMENTATION OF THE PLAN COULD RESULT IN HIGHER OR LOWER RECOVERIES FOR INVESTORS. THE DOT COMMITTEE DOES NOT GUARANTEE ANY PARTICULAR RESULT IN THE CHAPTER 11 CASES. ALTHOUGH THE BANKRUPTCY COURT HAS AUTHORIZED THE DEBTORS TO INCLUDE THIS RECOMMENDATION LETTER AS PART OF THE PLAN SOLICITATION PACKAGE, SUCH AUTHORIZATION DOES NOT CONSTITUTE AN ENDORSEMENT BY THE BANKRUPTCY COURT OF THE MERITS OF THE PLAN OR THE ACCURACY OR COMPLETENESS OF THE INFORMATION CONTAINED THEREIN. THE DOT COMMITTEE RESERVES THE RIGHT TO CHANGE ITS POSITION AND RECOMMENDATION REGARDING THE PLAN, OR FILE ANY OBJECTION, RESPONSE OR OTHER PLEADING IN RESPONSE TO THE PLAN OR**

73ZL-319169

**ANY OTHER MATTER IN THE DEBTORS' CHAPTER 11 CASES, TO THE EXTENT THAT SUBSEQUENT DEVELOPMENTS SO WARRANT, AS DETERMINED BY THE COMMITTEE.**

**The voting deadline is _____, 2021 at \_\_:00 p.m. (prevailing Pacific time). Please complete and submit your ballot in accordance with the instructions contained in the solicitation package sent to you so that it is received by no later than the voting deadline**.

Dated: \_\_\_, 2021

Respectfully submitted,

The Ad Hoc Committee of Deed of Trust Holders

_____

_____

_____

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 83 of 90

# EXHIBIT I

**Proposed Order**

Ori Katz (CA Bar No. 209561)
J. Barrett Marum (CA Bar No. 228628)
Matt Klinger (CA Bar No. 307362)
SHEPPARD, MULLIN, RICHTER & HAMPTON
LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4019
Telephone:     (415) 434.9100
Facsimile:     (415) 434.3947
Email:     okatz@sheppardmullin.com
          bmarum@sheppardmullin.com
          mklinger@sheppardmullin.com

*Counsel to Debtors and Debtors in Possession*

Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Cia H. Mackle (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

150 California Street, 15th Floor
San Francisco, CA  94111
Telephone:     (415) 263.7000
Facsimile:     (415) 263.7010
E-mail:     dgrassgreen@pszjlaw.com
           jfiero@pszjlaw.com
           cmackle@pszjlaw.com
*Counsel to the Official Committee of
Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC., *et al.*,[1]<br><br>                       Debtors. | Chapter 11<br><br>Case No. 20-30604<br><br>(Jointly Administered)<br><br>**ORDER (I) APPROVING THE PLAN SUMMARY AND CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (II) SCHEDULING COMBINED HEARING ON APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN AND APPROVING THE FORM AND MANNER OF SERVICE OF THE COMBINED HEARING NOTICE; (III) ESTABLISHING NON-INVESTOR BAR DATES FOR FILING PROOFS OF CLAIM; (IV) APPROVING FORM AND MANNER OF NOTICE OF NON-INVESTOR BAR DATES; (V) ESTABLISHING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES ON PLAN; AND (VI) APPROVING RELATED MATTERS**<br><br>**Hearing Date**:<br>Date:    to be set<br>Time:    (Pacific Time)<br>Place:   450 Golden Gate Avenue, 16th Floor<br>         San Francisco, CA 94102<br>Judge:  Honorable Hannah Blumenstiel |

---

[1] A complete list of the Debtors and their respective chapter 11 case numbers may be found at www.donlinrecano.com/pfi. The federal tax identification numbers of each of the Debtors is also available in the bankruptcy petitions of each Debtor, also available at the Donlin Recano website.

Case: 20-30604     Doc# 513     Filed: 03/30/21     Entered: 03/30/21 13:39:03     Page 85 of 90

This matter coming before the Court on the *Motion for an Order (I) Approving the Plan Summary and Conditionally Approving Disclosure Statement; (II) Scheduling Combined Hearing on Approval of Disclosure Statement and Confirmation of Plan and Approving the Form and Manner of Service of the Combined Hearing Notice; (III) Establishing Non-Investor Bar Dates for Filing Proofs of Claim; (IV) Approving Form and Manner of Notice of Non-Investor Bar Dates; (V) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; and (VI) Approving Related Matters* (the "Motion")[2] [Docket No. [•]], jointly filed by the above-captioned debtors and debtors-in-possession (the "Debtors") and Official Committee of Unsecured Creditors (the "Committee"); the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED.

2.      The Plan Summary, Cover Letter, AD Hoc LLC Members Committee Plan Support Letter, and Ad Hoc DOT Noteholders Letter are approved as part of the Solicitation Package.

3.      The Disclosure Statement is conditionally approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code. Any objections to the adequacy of the information contained in the Disclosure Statement are expressly reserved for consideration at the Combined Hearing (defined below).

4.      The following Non-Investor bar dates are set:

   a.   **May 13, 2021** (the "Non-Investor General Bar Date") as the **last day** for the filing of Proofs of Claim in this Case for all non-Investor claims (except as set forth below) against the Debtors arising prior to the time the petition in the applicable case was filed (the "Petition Date"), as set forth in the chart below;

   b.   **May 13, 2021** (the "PFI/PISF Governmental Claims Bar Date") as the **last day** for all governmental units, as defined in section 101(27) of the Bankruptcy Code, to file Proofs of Claim against Debtors Professional

---

[2]     A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

SMRH:4839-3291-4403.2

Case: 20-30604    Doc# 513    Filed: 03/30/21    Entered: 03/30/21 13:39:03    Page 86 of 90

Financial Investors, Inc., and Professional Investors Security Fund, Inc. arising before the applicable Petition Date, as set forth in the chart below; and

c. **180 days after the date of the entry of the Order for Relief** (the "<u>LLC/LP Governmental Claims Bar Dates</u>") as the **<u>last day</u>** for all governmental units, as defined in section 101(27) of the Bankruptcy Code, to file Proofs of Claim against all remaining Debtors arising before the applicable Petition Date, which the Debtors have calculated as follows:

    i. **<u>June 9, 2021</u>** as to claims against those certain LLC/LP Debtors for which Orders for Relief were entered on December 11, 2020;

    ii. **<u>August 16, 2021</u>** as to claims against those certain LLC/LP Debtors for which Orders for Relief were entered on February 17, 2021;

    iii. **<u>August 17, 2021</u>** as the Governmental Claims Bar Date as to claims against those certain LLC/LP Debtors for which Orders for Relief were entered on February 18, 2021;

    iv. **[•]** as the Governmental Claims Bar Date as to claims against PGI Glenwood LLC for which an Order for Relief was entered on [•].

5.    The following persons and other entities whose claims otherwise would be subject to the Non-Investor Bar Dates are excepted from the provisions herein and are <u>not</u> required to file proofs of claim against the Debtors on or before the Non-Investor Bar Dates:

    a. Claims of Investors;

    b. Claims already duly filed in these cases with the Clerk of this Court;

    c. Claims listed in the Debtor's Schedules, <u>if</u> the claimant does not dispute the amount or manner in which its claim is listed in the Schedules or the nature of the claim <u>and</u> if such claim is not designated therein as "contingent," "unliquidated," "disputed" or "unknown;"

    d. Claims arising on or after the Petition Date;

    e. Claims of professionals retained by the Debtors or the Committees who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 328, 330, and 331 of the Bankruptcy Code;

    f. Claims by any person or entity whose claim has been paid by the Debtor or has been otherwise satisfied;

    g. Claims for cure payments if the Debtors assume a contract pursuant to 11 U.S.C. section 365; and

    h. Any claim for fees relating to this Case under 28 U.S.C. § 1930;

6.    Any proof of Claim required to be filed pursuant to the provisions of this Order and not filed on or before the applicable Non-Investor Bar Date shall be forever barred from assertion against the Debtors, the Debtors' estates, and any successor to the foregoing under a confirmed plan

Case: 20-30604   Doc# 513   Filed: 03/30/21   Entered: 03/30/21 13:39:03   Page 87 of 90

of reorganization and/or liquidation or structured dismissal or otherwise (a "Confirmed Plan"), and the holder of such Claim shall be forever barred and prohibited from participating in any distribution in these cases including, but not limited to, any distribution under a Confirmed Plan and in a subsequent chapter 7 liquidation of the Debtors' estates.

7. The Non-Investor Notice of Bar Date is approved in all respects. In accordance with Bankruptcy Rule 2002, the Debtors are hereby authorized to cause the Non-Investor Notice of Bar Date to be given by first class mail, postage prepaid, on or before April 22, 2021, upon (i) all known creditors, (ii) all parties listed on the Debtors' master mailing matrix; (iii) all entities having filed a notice of appearance and demand for papers; and (iv) the Office of the United States Trustee, except that the Non-Investor Notice of Bar Date shall be not be sent to known Investors. For any non-Investor claimants entitled to vote on the Plan, the Non-Investor Notice of Bar Date, together with the standard form Proof of Claim may (but are not required to) be sent in the Solicitation Package.

8. The Combined Hearing Notice and Notice of Non-Voting Status are approved in all respects.

9. The forms of Ballot are approved in all respects.

10. April 15, 2021 is established as the Voting Record Date for the purposes of determining the creditors and equity interest holders entitled to receive the Solicitation Package or the Notice of Non-Voting Status and to vote on the Plan.

11. The Solicitation Package and Non-Voting Notices shall be sent for distribution not later than April 22, 2021.

12. If multiple Solicitation Packages would otherwise go to the same physical address, the Proponents shall be entitled, but not required, to combine the Solicitation Packages into a single Solicitation Package with multiple ballots, even if the claimant names are not identical.

13. Any Plan Supplement must be filed with this Court not later than May 6, 2021.

14. Ballots must be received on or before **May 13, 2021 at 4:00 p.m. (Pacific Time)** ("**Voting Deadline**") in accordance with the instructions on the applicable Ballot, unless extended by the Debtors in writing.

15.     The Vote Tabulation Rules attached as **<u>Exhibit E</u>** to the Motion are approved in all respects.  Any Other Rule 3018 Motion (as defined therein) must be filed with the Court, together with proof of service thereof, and served upon: (i) the Office of the United States Trustee; (ii) counsel for the Debtors; (iii) counsel for the Committee; (iv) counsel for the Ad Hoc Committees; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002 by hand delivery or in a manner as will cause such objection to be received by all such parties on or before **April 29, 2021 at 4:00 p.m. (Pacific Time)**. Any objections not filed and served as set forth above will not be considered by the Court. Any objection to an Other Rule 3018 Motion must be filed by no later than **May 13, 2021**.  Replies, if any, in support of the Other Rule 3018 Motion must be filed no later than **May 20, 2021**.

16.     Any such Other Rule 3018 Motion may be resolved by agreement between the Proponents, in consultation with the Ad Hoc Committees, and the movant without the requirement for further order or approval of the Court.

17.     As to any creditor filing an Other Rule 3018 Motion, such creditor's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes after notice and a hearing, prior to the Combined Hearing.

18.     Any objection to an Investor Rule 3018 Motion must be filed by no later than May 20, 2021, and shall be heard at the Combined Hearing.

19.     Objections to the adequacy of the Disclosure Statement or confirmation of the Plan must be in writing, must conform to the Bankruptcy Rules, must set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors, the basis for the objection and the specific grounds of the objection, and must be filed with the Bankruptcy Court, together with proof of service thereof, and served upon: (i) the Office of the United States Trustee; (ii) counsel for the Debtors; (iii) counsel for the Committee; (iv) counsel for the Ad Hoc Committees; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002 by hand delivery or in a manner as will cause such objection to be received by all such parties on or before **May 13, 2021 at 4:00 p.m. (Pacific Time)**. Any objections not filed and served as set forth above will not be considered by the Court.

Case: 20-30604   Doc# 513   Filed: 03/30/21   Entered: 03/30/21 13:39:03   Page 89 of 90

20. Any party supporting the Plan may file a reply to any objection to confirmation of the Plan or adequacy of the Disclosure Statement by **May 20, 2021**.

21. The Plan voting certification shall be filed by **May 20, 2021**.

22. A hearing shall be held before this Court on **May 27, 2021 at ___ a.m. (Pacific Time)** or as soon thereafter as counsel can be heard, to consider confirmation of the Plan (the "**Combined Hearing**") before the Honorable Hannah L. Blumenstiel, United States Bankruptcy Judge via video or teleconference.

23. The Combined Hearing may be adjourned from time to time without further notice to creditors and other parties-in-interest by an announcement of the adjourned date at the Combined Hearing or any adjournment thereof or by an appropriate filing with the Court.

24. The relief granted herein shall apply to all Debtors, including PFI Glenwood LLC.

25. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

26. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, Plan, Ballots, Combined Hearing Notice, Notice of Non-Voting Status, Non-Investor Bar Date Notice, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the aforementioned documents prior to their distribution.

27. This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

**\*\*\*\*\* END OF ORDER \*\*\*\*\***