Entered on Docket
April 19, 2021
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: April 19, 2021

HANNAH L. BLUMENSTIEL
U.S. Bankruptcy Judge

Ori Katz (CA Bar No. 209561)
J. Barrett Marum (CA Bar No. 228628)
Matt Klinger (CA Bar No. 307362)
SHEPPARD, MULLIN, RICHTER & **** LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4019
Telephone: (415) 434.9100
Facsimile: (415) 434.3947
Email: okatz@sheppardmullin.com
bmarum@sheppardmullin.com
mklinger@sheppardmullin.com

*Counsel to Debtors and Debtors in Possession*

Debra I. Grassgreen (CA Bar ****)
John D. Fiero (CA Bar No. ******)
Cia H. Mackle (admitted *pro hac vice*)
**** & JONES LLP
****
****
Telephone: (415) 263.7000
Facsimile: (415) 263.7010
E-mail: dgrassgreen@pszjlaw.com
jfiero@pszjlaw.com
cmackle@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>PROFESSIONAL FINANCIAL INVESTORS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-30604<br><br>(Jointly Administered)<br><br>**ORDER (I) APPROVING THE PLAN SUMMARY AND CONDITIONALLY APPROVING DISCLOSURE STATEMENT; (II) SCHEDULING COMBINED HEARING ON APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN AND APPROVING THE FORM AND MANNER OF SERVICE OF THE COMBINED HEARING NOTICE; (III) ESTABLISHING NON-INVESTOR BAR DATES FOR FILING PROOFS OF CLAIM; (IV) APPROVING FORM AND MANNER OF NOTICE OF NON-INVESTOR BAR DATES; (V) ESTABLISHING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES ON PLAN; AND (VI) APPROVING RELATED MATTERS**<br><br>**Hearing Date**:<br>Date: April 15, 2021<br>Time: 11:00 a.m. (Pacific Time)<br>Place: 450 Golden Gate Avenue, 16th Floor<br>San Francisco, CA 94102<br>Judge: Honorable Hannah Blumenstiel |

---

[1] A complete list of the Debtors and their respective chapter 11 case numbers may be found at www.donlinrecano.com/pfi. The federal tax identification numbers of each of the Debtors is also available in the bankruptcy petitions of each Debtor, also available at the Donlin Recano website.

This matter coming before the Court on the *Motion for an Order (I) Approving the Plan Summary and Conditionally Approving Disclosure Statement; (II) Scheduling Combined Hearing on Approval of Disclosure Statement and Confirmation of Plan and Approving the Form and Manner of Service of the Combined Hearing Notice; (III) Establishing Non-Investor Bar Dates for Filing Proofs of Claim; (IV) Approving Form and Manner of Notice of Non-Investor Bar Dates; (V) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; and (VI) Approving Related Matters* (the "Motion")[2] [Docket No. 513], jointly filed by the above-captioned debtors and debtors-in-possession (the "Debtors") and Official Committee of Unsecured Creditors (the "Committee"); the Court having reviewed the Motion, the timely-filed objections thereto (the "Objections"), and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Objections are overruled, without prejudice to renewal in connection with final approval of the Disclosure Statement.

3. The Plan Summary, Cover Letter, AD Hoc LLC Members Committee Plan Support Letter, and Ad Hoc DOT Noteholders Committee Plan Support Letter, to the extent modified by Docket No. 560 (the "Modified Exhibit Notice") and on the record, are approved as part of the Solicitation Package.

4. The Disclosure Statement is conditionally approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code. Any objections to the adequacy of the information contained in the Disclosure Statement are expressly reserved for consideration at the Combined Hearing (defined below).

5. The following Non-Investor bar dates are set:

---

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

a. **May 13, 2021** (the "Non-Investor General Bar Date") as the **last day** for the filing of Proofs of Claim in this Case for all non-Investor claims (except as set forth below) against the Debtors arising prior to the time the petition in the applicable case was filed (the "Petition Date"), as set forth in the chart below;

b. **May 13, 2021** (the "PFI/PISF Governmental Claims Bar Date") as the **last day** for all governmental units, as defined in section 101(27) of the Bankruptcy Code, to file Proofs of Claim against Debtors Professional Financial Investors, Inc., and Professional Investors Security Fund, Inc. arising before the applicable Petition Date, as set forth in the chart below; and

c. **180 days after the date of the entry of the Order for Relief** (the "LLC/LP Governmental Claims Bar Dates") as the **last day** for all governmental units, as defined in section 101(27) of the Bankruptcy Code, to file Proofs of Claim against all remaining Debtors arising before the applicable Petition Date, which the Debtors have calculated as follows:

   i. **June 9, 2021** as to claims against those certain LLC/LP Debtors for which Orders for Relief were entered on December 11, 2020;

   ii. **August 16, 2021** as to claims against those certain LLC/LP Debtors for which Orders for Relief were entered on February 17, 2021;

   iii. **August 17, 2021** as the Governmental Claims Bar Date as to claims against those certain LLC/LP Debtors for which Orders for Relief were entered on February 18, 2021.

6. The following persons and other entities whose claims otherwise would be subject to the Non-Investor Bar Dates are excepted from the provisions herein and are <u>not</u> required to file proofs of claim against the Debtors on or before the Non-Investor Bar Dates:

a. Claims of Investors;

b. Claims of Holders of TIC Interests who make the TIC Investor Treatment Election;

c. Claims already duly filed in these cases with the Clerk of this Court;

d. Claims listed in the Debtor's Schedules, <u>if</u> the claimant does not dispute the amount or manner in which its claim is listed in the Schedules or the nature of the claim <u>and</u> if such claim is not designated therein as "contingent," "unliquidated," "disputed" or "unknown;"

e. Claims arising on or after the Petition Date;

f. Claims of professionals retained by the Debtors or the Committees who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 328, 330, and 331 of the Bankruptcy Code;

g. Claims by any person or entity whose claim has been paid by the Debtor or has been otherwise satisfied;

        h.   Claims for cure payments if the Debtors assume a contract pursuant to 11 U.S.C. section 365; and

        i.   Any claim for fees relating to this Case under 28 U.S.C. § 1930;

7. Any proof of Claim required to be filed pursuant to the provisions of this Order and not filed on or before the applicable Non-Investor Bar Date shall be forever barred from assertion against the Debtors, the Debtors' estates, and any successor to the foregoing under a confirmed plan of reorganization and/or liquidation or structured dismissal or otherwise (a "Confirmed Plan"), and the holder of such Claim shall be forever barred and prohibited from participating in any distribution in these cases including, but not limited to, any distribution under a Confirmed Plan and in a subsequent chapter 7 liquidation of the Debtors' estates.

8. The Non-Investor Notice of Bar Date is approved in all respects. In accordance with Bankruptcy Rule 2002, the Debtors are hereby authorized to cause the Non-Investor Notice of Bar Date to be given by first class mail, postage prepaid, on or before April 22, 2021, upon (i) all known creditors, including those entities set forth in the section D.b. of the Motion, except that with respect to parties to contracts other than known Investors, counterparties within four years prior to the Petition Date shall be served; (ii) all parties listed on the Debtors' master mailing matrix; (iii) all entities having filed a notice of appearance and demand for papers; and (iv) the Office of the United States Trustee, except that the Non-Investor Notice of Bar Date shall be not be sent to known Investors. For any non-Investor claimants entitled to vote on the Plan, the Non-Investor Notice of Bar Date, together with the standard form Proof of Claim may (but are not required to) be sent in the Solicitation Package.

9. The Combined Hearing Notice and Notice of Non-Voting Status are approved in all respects.

10. The forms of Ballot are approved in all respects.

11. April 15, 2021 is established as the Voting Record Date for the purposes of determining the creditors and equity interest holders entitled to receive the Solicitation Package or the Notice of Non-Voting Status and to vote on the Plan.

12. The Solicitation Package and Non-Voting Notices shall be sent for distribution not later than April 22, 2021.

13. If multiple Solicitation Packages would otherwise go to the same physical address, the Proponents shall be entitled, but not required, to combine the Solicitation Packages into a single Solicitation Package with multiple ballots, even if the claimant names are not identical.

14. By not later than May 6, 2021, the Proponents shall file a proofs of service of the Solicitation Package, Notice Non-Investor Notice of Bar Date, and Non-Voting Notices demonstrating compliance with the service requirements hereof.

15. Any Plan Supplement must be filed with this Court not later than May 6, 2021.

16. Ballots must be received on or before **May 13, 2021 at 4:00 p.m. (Pacific Time)** ("**Voting Deadline**") in accordance with the instructions on the applicable Ballot, unless extended by the Debtors in writing.

17. The Vote Tabulation Rules, attached as **Exhibit E** to the Motion, as amended by the Modified Exhibit Notice and on the record, are approved in all respects. Any Other Rule 3018 Motion (as defined therein) must be filed with the Court, together with proof of service thereof, and served upon: (i) the Office of the United States Trustee; (ii) counsel for the Debtors; (iii) counsel for the Committee; (iv) counsel for the Ad Hoc Committees; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002 by hand delivery or in a manner as will cause such objection to be received by all such parties on or before **April 29, 2021 at 4:00 p.m. (Pacific Time)**. Any objections not filed and served as set forth above will not be considered by the Court. Any objection to an Other Rule 3018 Motion must be filed by no later than **May 13, 2021**. Replies, if any, in support of the Other Rule 3018 Motion must be filed no later than **May 20, 2021**.

18. Any such Other Rule 3018 Motion may be resolved by agreement between the Proponents, in consultation with the Ad Hoc Committees, and the movant without the requirement for further order or approval of the Court.

19. As to any creditor filing an Other Rule 3018 Motion, such creditor's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes after notice and a hearing, prior to the Combined Hearing. Should any Other Rule 3018 Motion be timely filed and should the Plan Proponents deem material for purposes of voting and tabulation, the Plan Proponents shall file by no later than May 21, 2021 a notice and request for hearing on the Other Rule 2018 Motion.

20. Any objection to an Investor Rule 3018 Motion must be filed by no later than May 20, 2021, and shall be heard at the Combined Hearing.

21. Objections to the adequacy of the Disclosure Statement or confirmation of the Plan must be in writing, must conform to the Bankruptcy Rules, must set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtors, the basis for the objection and the specific grounds of the objection, and must be filed with the Bankruptcy Court, together with proof of service thereof, and served upon: (i) the Office of the United States Trustee; (ii) counsel for the Debtors; (iii) counsel for the Committee; (iv) counsel for the Ad Hoc Committees; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002 by hand delivery or in a manner as will cause such objection to be received by all such parties on or before **May 13, 2021 at 4:00 p.m. (Pacific Time)**. Any objections not filed and served as set forth above will not be considered by the Court.

22. Any Plan Proponent or Ad Hoc Committee may file a reply to any objection to confirmation of the Plan or adequacy of the Disclosure Statement by **May 20, 2021**.

23. The Plan voting certification shall be filed by **May 20, 2021**.

24. A hearing shall be held before this Court on **May 27, 2021 at 10:00 a.m. (Pacific Time)** or as soon thereafter as counsel can be heard, to consider confirmation of the Plan (the "**Combined Hearing**") before the Honorable Hannah L. Blumenstiel, United States Bankruptcy Judge via video or teleconference.

25. The Combined Hearing may be adjourned from time to time without further notice to creditors and other parties-in-interest by an announcement of the adjourned date at the Combined Hearing or any adjournment thereof or by an appropriate filing with the Court.

26. The relief granted herein shall apply to all Debtors.

27. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

28. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, Plan, Ballots, Combined Hearing Notice, Notice of Non-Voting Status, Non-Investor

Bar Date Notice, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the aforementioned documents prior to their distribution.

29. This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

***** END OF ORDER *****