| | |
|---|---|
| 1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| 2 |   A Limited Liability Partnership<br>  Including Professional Corporations |
| 3 | ORI KATZ, Cal. Bar No. 209561<br>J. BARRETT MARUM, Cal. Bar No. 228628 |
| 4 | MATT KLINGER, Cal. Bar No. 307362<br>GIANNA SEGRETTI, Cal. Bar No. 323645 |
| 5 | Four Embarcadero Center, 17th Floor<br>San Francisco, California 94111-4109 |
| 6 | Telephone:    415.434.9100<br>Facsimile:    415.434.3947 |
| 7 | Email:      okatz@sheppardmullin.com<br>           bmarum@sheppardmullin.com |
| 8 |            mklinger@sheppardmullin.com<br>           gsegretti@sheppardmullin.com |
| 9 | Counsel for the Debtors |
| 10 | Richard A. Lapping (SBN: 107496)<br>TRODELLA & LAPPING LLP |
| 11 | 540 Pacific Avenue<br>San Francisco, CA 94133 |
| 12 | Telephone:    415.399.1015<br>Facsimile:    415.651.9004 |
| 13 | Email: Rich@TrodellaLapping.com |
| 14 | Conflicts Counsel for the Debtors and Counsel<br>for Professional Investors 28, LLC and PFI |
| 15 | Glenwood, LLC |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 20-30604 |
| PROFESSIONAL FINANCIAL INVESTORS, INC., a California corporation, *et al.*, | (Jointly Administered)<br><br>Chapter 11 |
| Debtors. | **MOTION TO APPROVE STIPULATION FOR JUDGMENT ON THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PROFESSIONAL FINANCIAL INVESTORS, INC. AND PROFESSIONAL INVESTORS SECURITY FUNDS, INC.'S COMPLAINT FOR DECLARATORY RELIEF** |
| | Judge: Hon. Hannah L. Blumenstiel<br>Date:  May 20, 2021<br>Time:  10:00 a.m.<br>Place:  **Telephonic/Video Appearances Only**<br>        450 Golden Gate Ave.<br>        16th Fl. Ctrm. 19<br>        San Francisco, CA 94102 |

-1-

Case: 20-30604    Doc# 591    Filed: 04/29/21    Entered: 04/29/21 13:13:17    Page 1 of 25

**TO THE HONORABLE HANNAH L. BLUMENSTIEL, UNITED STATES BANKRUPTCY JUDGE, AND ALL PARTIES IN INTEREST:**

Debtors Professional Financial Investors, Inc. ("PFI"); Professional Investors Security Fund, Inc. ("PISF," and together with PFI, the "Companies"); Professional Investors Security Fund I, A California Limited Partnership; Professional Investors Security Fund IV, A California Limited Partnership; Professional Investors Security Fund VII, A California Limited Partnership; Professional Investors Security Fund IX, A California Limited Partnership; Professional Investors Security Fund XII, A California Limited Partnership; Professional Investors Security Fund XIII, A California Limited Partnership; Professional Investors Security Fund XIV, A California Limited Partnership; Professional Investors Security Fund XV, A California Limited Partnership; Professional Investors Security Fund XVII, A California Limited; Professional Investors Security Fund XVIII, A California Limited Partnership; Professional Investors 20, LLC;  Professional Investors 21, LLC; Professional Investors 22, LLC; Professional Investors 23, LLC; Professional Investors 24, LLC; Professional Investors 25, LLC; Professional Investors 26, LLC; Professional Investors 27, LLC; Professional Investors 29, LLC; Professional Investors 30, LLC;  Professional Investors 31, LLC; Professional Investors 32, LLC; Professional Investors 33, LLC; Professional Investors 34, LLC; Professional Investors 35, LLC; Professional Investors 36, LLC; Professional Investors 37, LLC; Professional Investors 38, LLC; Professional Investors 39, LLC; Professional Investors 40, LLC;  Professional Investors 41, LLC; Professional Investors 42, LLC; Professional Investors 43, LLC; Professional Investors 44, LLC; Professional Investors 45, LLC; Professional Investors 46, LLC; Professional Investors 47, LLC; Professional Investors 48, LLC; and Professional Investors 49, LLC (collectively, the "Debtors") hereby move (the "Motion") the Court for the entry of an order authorizing and approving the *Stipulation for Entry of Judgment on the Official Committee of Unsecured Creditors of Professional Financial Investors, Inc. and Professional Investors Security Funds, Inc.'s Complaint for Declaratory Relief (the*

Case: 20-30604   Doc# 591   Filed: 04/29/21   Entered: 04/29/21 13:13:47   Page 4 of
MOTION FOR APPROVAL OF STIPULATION AND
STIPULATED JUDGMENT ON COMMITTEE'S COMPLAINT

"Stipulation")[1] entered into by and between the Official Committee of Unsecured Creditors of Professional Financial Investors, Inc. and Professional Investors Security Fund, Inc. (the "Committee" or "Plaintiffs"), on the one hand, and the Debtors and non-debtors Professional Investors 28, LLC and PFI Glenwood, LLC (together with the Debtors, "Defendants," and together with the Plaintiffs, the "Parties"), on the other hand, for entry of a stipulated judgment in substantially the form attached as **Exhibit A** to the Stipulation (the "Stipulated Judgment," and together with the Stipulation, the "Stipulations") under section 105 of the Bankruptcy Code[2] and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and for a finding that the Stipulated Judgment is reasonable and in the best interest of the creditors of the Debtors' estates.

# I.

# INTRODUCTION

Following the death of Ken Casey on May 6, 2020, Mr. Casey's ex-wife and trustee of Mr. Casey's shares of PFI sought review of the Companies' real estate holdings and debt financing. This review ultimately led to a Company-prompted SEC investigation, resignation of the Companies' corporate officers, appointment of a Chief Restructuring Officer ("CRO")[3] to oversee the Companies' day-to-day operations, and the commencement of the Debtors' bankruptcy cases. The ongoing review of the Companies' real estate holdings and debt financing reveals that beginning at least in 2007 Mr. Casey operated a fraudulent scheme in which investors loaned

---

[1] As set forth herein, on April 29, 2021, the Debtors filed the Stipulation with the Court as Docket No. [5] (Adv. P. No. 21-03018). A conformed copy of the Stipulation also is appended to this Motion as Exhibit B.

[2] Unless otherwise indicated, all section references in this Motion shall be to 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

[3] On October 9, 2020, the Court entered an order authorizing PFI and PISF to retain and employ Michael Hogan of Armanino LLP as their CRO, effective as of July 26, 2021. *See* Docket No. 202. On March 3, 2021, the Court entered an order authorizing PFI and PISF to retain and employ Andrew Hinkelman of FTI as their CRO, effective as of January 4, 2021. *See* Docket No. 442.

1  funds to the Companies, which funds Mr. Casey used to service the debt owed to existing

2  investors and to enrich Mr. Casey's personal funds.

3          On April 13, 2021, the Committee filed its *Complaint for Declaratory Relief* seeking a

4  declaration that Defendants' businesses were all part of an overarching Ponzi scheme that began

5  no later than January 1, 2007 (the "Complaint").

6          After the commencement of the Debtors' bankruptcy cases, the Debtors retained FTI

7  Consulting ("FTI") as their financial advisor to analyze the Defendants' business records and

8  conduct a forensic investigation and accounting of the Defendants' businesses.  Based on the

9  findings of FTI's forensics team, the Debtors have determined that Mr. Casey orchestrated a

10  fraudulent scheme such that the Defendants' businesses were all part of an overarching Ponzi

11  scheme.  As a result, the Defendants answered the Committee's Complaint by admitting to all of

12  the substantive allegations set forth therein.  Based on the foregoing, the Committee and the

13  Defendants have agreed to enter into the Stipulation, a copy of which is appended to this Motion

14  as Exhibit B, for entry of the Stipulated Judgment and seek Court approval of the Stipulations.

15          This Motion is based on the concurrently filed declaration of David Alfaro (the "Alfaro

16  Declaration"), other relevant pleadings and documents of record, and upon such further oral and

17  documentary evidence as may be presented in connection with this Motion.

18                                              **II.**

19                                **STATEMENT OF FACTS**

20          On or about August 15, 1990, Mr. Casey founded PFI and served as its sole officer,

21  director and shareholder until 1998, when he relinquished his corporate positions and placed his

22  shares of PFI in an irrevocable trust for which his ex-wife, Charlene Albanese[4], is the current

23  trustee and lifetime income beneficiary.  Despite these actions, Mr. Casey maintained complete *de*

24  *facto* control over PFI until his death on May 6, 2020.  On or about November 1, 1983, Mr. Casey

25  founded PISF and served as its sole shareholder, officer, and director from that date until his

26

27

28  _____
    [4] Mr. Casey and Ms. Albanese divorced in 1996.

death.  Mr. Casey's shares in PISF were held in a revocable trust.  Upon Mr. Casey's death, Ms. Albanese became the trustee and beneficiary of that revocable trust.

Over a period of at least fourteen (14) years, Mr. Casey operated a fraudulent scheme in which investors loaned funds to the Companies, which funds Mr. Casey used to service the debt owed to existing investors and to enrich Mr. Casey personally.

On June 13, 2020, and July 21, 2020, all of the Companies' respective officers resigned, and Michael Hogan was appointed as the Companies' Chief Restructuring Officer.[5]

On July 16, 2020, certain creditors of PISF commenced an involuntary chapter 11 bankruptcy action against PISF (Bankruptcy Case No. 20-30579, the "PISF Case").  On July 26, 2020, PISF filed a consent to the entry of an order for relief in the PISF Case, and on July 27, 2020, the Court entered such order for relief.  On July 26, 2020, PFI filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and thereby commenced its bankruptcy case (Bankruptcy Case No. 20-30604, the "PFI Case").  Thereafter, on December 11, 2020, and February 18, 2021, the Court entered orders for relief under chapter 11 in the involuntary chapter 11 proceedings commenced by PFI against thirty-nine affiliates of the Companies, each of which the Plaintiffs name as a debtor and defendant in the Complaint (defined herein).

On September 3, 2020, and thereafter as the Companies commenced the chapter 11 proceedings of their affiliates, each of the Debtors retained FTI to analyze the Defendants' business records and conduct a forensic investigation and accounting of the Defendants' businesses.  Based on the findings of FTI's forensics team, the Debtors have determined that Mr. Casey orchestrated a fraudulent scheme such that the Defendants' businesses all were part of an overarching Ponzi scheme.

On April 13, 2021, the Committee filed its Complaint and commenced that certain adversary proceeding styled, *The Official Committee of Unsecured Creditors v. PFI, et al.*, Adversary Proceeding No. 20-3018 (the "Adversary Proceeding") to seek a judgment that declares that all of the Defendants' businesses were part of an overarching Ponzi scheme that began no

---

[5] Effective January 4, 2021, Mr. Hinkelman has been the Companies' CRO.

-5-

MOTION FOR APPROVAL OF STIPULATION AND
STIPULATED JUDGMENT ON COMMITTEE'S COMPLAINT

later than January 1, 2007. The Debtors understand that the Complaint is based, at least in part, on FTI's forensic investigation and resulting conclusions, which include, but are not limited to the following:

- No later than January 1, 2007, the Defendants' business records and other available evidence presents attributes commonly seen in Ponzi schemes, and such attributes continued through Casey's death.

- Many Debtors had either negative equity or a disabling lack of liquidity that demanded the use of cash belonging to other related entities.

- The "debt service" and investment returns paid to investors could never have been paid without the use of new capital from new investors because the Real Properties were not sufficiently profitable to have done so.

- The Debtors' cash flows were commingled, and this commingling was a prevalent feature of Defendants' operations.

- Mr. Casey and Lewis Wallach removed millions of dollars from the Defendants.

As the Debtors received the same information and forensic analysis from FTI that the Committee did, the Defendants answered the Committee's Complaint by admitting to all of the substantive allegations set forth therein. The Debtors and the Committee have been discussing the best, most equitable way to ensure that creditors of the Debtors' estates and victims of Mr. Casey's Ponzi scheme recover the maximum amount of their respective claims.

As set forth in the Stipulation, the Debtors believe that a judicial finding that at least since January 1, 2007, the Defendants' businesses were operated as a Ponzi scheme is in the best interest of the Debtors' estates because such finding will be (1) integral to future "netting" and claims allowance in the Debtors' bankruptcy cases; and (2) the basis of future actions to avoid and recover against persons who received more proceeds from Mr. Casey's Ponzi scheme than they invested. Based on the foregoing, the Committee and the Defendants have agreed to enter into the Stipulation for entry of the Stipulated Judgment and to seek Court approval of the Stipulations.

**III.**

**RELIEF REQUESTED**

By this Motion, the Debtors seek entry of (1) an order, in substantially the form attached hereto as **Exhibit A**, approving and authorizing the Debtors to enter into the Stipulation and the Stipulated Judgment; and (2) entry of the Stipulated Judgment in the Adversary Proceeding.

**IV.**

**ARGUMENT**

The Stipulations are a compromise between the Parties that should be approved under Bankruptcy Rule 9019(a), which sets forth authority for a trustee or debtor in possession to compromise a controversy.  Specifically, Bankruptcy Rule 9019(a) states, in relevant part:  "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a).

The Ninth Circuit has established the following four-factor test that courts routinely consider when determining whether to approve a settlement or compromise of controversy:

> In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir.), *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854 (1986), *overruled in part on other grounds by In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 823 F.2d 1349, 1350 (9th Cir. 1987).

The decision of whether to approve or reject a proposed compromise is addressed to the sound discretion of the Court and is to be determined by the particular circumstances of each case. *See United States v. Alaska Nat'l Bank of the North (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982); *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1987); *In re A & C Props., supra*, at 1381.  In deciding whether to approve a settlement a court should not substitute its own judgment for the judgment of a trustee or a debtor.  *See Matter*

Case 20-30604   Doc# 591   Filed: 04/29/21   Entered: 04/29/21 12:13:47   Page 7 of 25
SMRH:4804-6269-8154.2                                                           2019 MOTION RE APPROVAL OF STIPULATION AND
                                                                               STIPULATED JUDGMENT ON COMMITTEE'S COMPLAINT

1    *of Carla Leather, Inc*., 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984).  In approving a settlement, the

2    Court need not conduct an exhaustive investigation of the claims sought to be compromised.  *See*

3    *In re Walsh Constr., Inc.*, 669 F.2d at 1328.  Rather, it is sufficient for the court to find that the

4    settlement was negotiated in good faith and is reasonable, "fair[,] and equitable" based on an

5    "educated estimate of the complexity, expense, and likely duration of such litigation, the possible

6    difficulties of collecting on any judgment which might be obtained, and all other factors relevant

7    to a full and fair assessment of the wisdom of the proposed compromise"  *Protective Comm. of*

8    *Indep. Stockholders for TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *see also*

9    *A & C Props.*, 784 F.2d at 1381.  In fact, the court's only responsibility is "to canvass the issues to

10    see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *In re*

11    *W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir. 1983) (*quoting Newman v. Stein*, 464 F.2d 683, 693

12    (2d Cir. 1972); *see In re Milden*, 111 F.3d 138 (9th Cir. 1997); *In re Pac. Gas and Elec. Co.,* 304

13    B.R. 395, 417 (Bankr. N.D. Cal. 2004).

14       An analysis of the *A&C Properties* factors in this case, as set forth below and based on the

15    facts in the Alfaro Declaration, demonstrates that the Stipulations are fair and equitable, and

16    should be approved.

17    **A.**      **The Probability of Success in Litigation**

18       Traditionally, a "Ponzi scheme" is defined as "an investment fraud that pays existing

19    investors with funds collected from new investors."  Ponzi Scheme, INVESTOR.GOV, U.S.

20    SECURITIES AND EXCHANGE COMMISSION, https://www.investor.gov/protect-your-

21    investments/fraud/types-fraud/ponzi-scheme (last visited April 28, 2021).

> 22 Ponzi scheme organizers often promise high returns with little or no
> 23 risk.  Instead, they use money from new investors to pay earlier
> investors and may steal some of the money for themselves.  With
> 24 little … earnings, Ponzi schemes require a constant flow of new
> money to survive. When it becomes hard to recruit new investors, or
> 25 when large numbers of existing investors cash out, these schemes
> tend to collapse.

26    *Id.*

27       The Ninth Circuit defines Ponzi schemes as "[a] fraudulent arrangement in which an entity

28    makes payments to investors from later investors rather than from any "profits" of the underlying

…alleged business venture, thereby cultivating an illusion that a legitimate profit-making business opportunity exists and inducing further investment." *Wyle v. C.H. Rider & Family (In re United Energy Corp.)*, 944 F.2d 589, 590 n.1 (9th Circ. 1991). Notwithstanding that, often, Ponzi schemes are not based on legitimate business ventures, "[a]t bottom, the label Ponzi scheme applies to any sort of inherently fraudulent arrangement under which the debtor-transferor must utilize after-acquired investment funds to pay off previous investors in order to forestall disclosure of the fraud." *Gowan v. Amaranth Advisers L.L.C. (In re Dreier L.L.P.)*, 08-15051 (SMB), Adv. Proc. No. 10-03493 (SMB), Adv. Proc. No. 10-05547 (SMB), 2014 WL 47774, at *9 (Bankr. S.D.N.Y. Jan. 2, 2014) (internal quotations omitted) (In *Dreier LLP*, the underlying business venture was the legitimate law practice of which the perpetrator of the fraudulent arrangement was the sole equity partner.). Further, the Ninth Circuit has held that, "[d]istributing funds to earlier investors from the receipt of monies from later investors is the hallmark of Ponzi schemes." *Hayes v. Palm Seedlings Partners-A (In re Agric. Rsch. & Tech. Grp., Inc.)*, 916 F.2d 528, 536 (9th Cir. 1990); *see also Forman v. Salzano* (*In re Norvergence, Inc.*), 405 B.R. 709, 730 (Bankr. D.N.J. 2009); *Auza v. United Dev., Inc. (In re United Dev., Inc.),* 319 F. App'x 685, 687 (9th Cir. 2009) (affirming the bankruptcy court's finding that the debtor operated a Ponzi scheme where the debtor "made payments to lenders from money obtained from later lenders, rather than from business profits."); even assuming [the fraudster] did not promise or represent high rates of return, this does not mean that he was not running a Ponzi scheme.*Armstrong v. Collins*, No. 01 Civ. 2437(PAC), 02 Civ. 2796(PAC), 02 Civ. 3520(PAC), 2010 WL 1141158, at *23 (S.D.N.Y. Mar. 24, 2010) (citing *Forman v. Salzano* (*In re Norvergence, Inc.*), 405 B.R. 709, 730 (Bankr. D.N.J. 2009)) (noting that "even assuming [the fraudster] did not promise or represent high rates of return, this does not mean that he was not running a Ponzi scheme…a clever twist on the Ponzi concept will not remove a fraudulent scheme from the definition of Ponzi.").

Here, the investigation into the Debtors' books and records identified many of the attributes of a typical Ponzi scheme and the Defendants here have therefore answered the Complaint admitting to all of the substantive allegations set forth therein. The Stipulations are the end result of that extensive evaluation of the Defendants' books and records, reviewed and

analyzed by a team of forensic accountants that the Debtors employed for the express purpose of unraveling and determining the extent and nature of the fraud Mr. Casey and his associates perpetrated on the Debtors' investors. As the Defendants do not have any credible basis for denying the allegations set forth in the Complaint, the Defendants will not succeed in the Adversary Proceeding. The Stipulations, however, provide the Debtors with some amount of control over the language of the Stipulated Judgment.

Moreover, the Debtors have a fiduciary duty to their creditors to pursue their best interests, and neither the interests of the Defendants' nor the creditors of the Debtors' estates will be served by any result other than the declaratory relief that the Committee seeks by the Complaint. The Debtors believe then, in their business judgment, that Court approval of the Stipulations is not only more beneficial to their estates, but necessary as the Defendants cannot in good faith litigate the Adversary Proceeding.

**B.      The Difficulties, if Any, to Be Encountered in Collection**

The Debtors are defendants in the Adversary Proceeding and have admitted all of the substantive allegations set forth in the Complaint. As defendants, the Debtors would never collect on the pending litigation, nor is the Committee seeking monetary damages by the Complaint. Thus, this factor of the *A&C Properties* test is inapplicable. Nevertheless, entry of the Stipulated Judgment is the first step that the Debtors and the Committee must take toward reconciling and "netting" claims filed against the Debtors in their respective bankruptcy cases and avoiding and recovering monies from persons who received more proceeds from Mr. Casey's Ponzi scheme than they invested for redistribution to <u>all</u> of the Debtors' creditors on the terms set forth in the *Amended Chapter 11 Plan of Reorganization of Professional Financial Investors, Inc., and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee Filed by Debtor Professional Financial Investors, Inc.* filed with the Court on April 9, 2021, as Docket No. 554.

DEBTORS' MOTION FOR APPROVAL OF STIPULATION AND
STIPULATED JUDGMENT ON COMMITTEE'S COMPLAINT

**C.** **The Complexity of the Litigation Involved and the Expense, Inconvenience and Delay Necessarily Attending It**

This factor of the *A&C Properties* test is inapplicable to the facts at hand. Litigation of the Adversary Proceeding is not complex because the Defendants must admit all of the substantive allegations set forth in the Complaint. Rather than forcing the Parties to go through the procedural motions attendant to entry of a judgment in favor of the Committee, the Parties have agreed to enter into the Stipulation for entry of the Stipulated Judgment.

**D.** **The Paramount Interest of the Creditors**

The interests of creditors are best served if the Court approves the Stipulations. Entry of the Stipulated Judgment will allow the Debtors' estates to "net" claims allowed in the Debtors' bankruptcy cases against the investments those claimants already have recovered and to avoid and recover monies from persons who received more proceeds from Mr. Casey's Ponzi scheme than they invested. Thus, on balance and in light of the results of FTI's forensic accounting and investigation, the Debtors are not giving up actual value by entering into the Stipulations but, in fact, stand to gain significant value from the entry of the Stipulated Judgment. The anticipated outcomes of the Court's approval of the Stipulations will benefit and protect the interests of the Debtors' estates and their creditors without requiring the Debtors to sacrifice any rights or claims they actually have.

Based on the fourth factor of the *A&C Properties* test, the Stipulations are fair and equitable and in the best interest of the Debtors' estates and their creditors.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

SKARTH 4904-209-8159 v9 MOTION TO APPROVE STIPULATION AND
STIPULATED JUDGMENT ON COMMITTEE'S COMPLAINT

## V.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request entry of an order authorizing the Debtors to enter into the Stipulations and approving them, and providing such other and further relief as is just and proper.

Dated: April 29, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By _____
              */s/ J. Barrett Marum*
              J. BARRETT MARUM

Attorneys for Debtors

-12-

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 20-30604 |
| PROFESSIONAL FINANCIAL INVESTORS, INC., a California corporation, *et al.*, | (Jointly Administered) |
| | Chapter 11 |
| Debtors. | Adv No. 21-3018 |
| | **[PROPOSED] ORDER GRANTING MOTION TO APPROVE STIPULATION TO SEEK ENTRY OF STIPULATED JUDGMENT ON THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PROFESSIONAL FINANCIAL INVESTORS, INC. AND PROFESSIONAL INVESTORS SECURITY FUNDS, INC.'S COMPLAINT FOR DECLARATORY RELIEF** |
| | Judge: Hon. Hannah L. Blumenstiel<br>Date: May 10, 2021<br>Time: 10:00 a.m.<br>Place: **Telephonic/Video Appearances Only**<br>450 Golden Gate Ave.<br>16th Fl. Ctrm. 19<br>San Francisco, CA 94102 |

The *Motion to Approve Stipulation to Seek Entry of Stipulated Judgment on the Official Committee of Unsecured Creditors of Professional Financial Investors, Inc. and Professional Investors Security Funds, Inc.'s Complaint for Declaratory Relief* (the "Motion")[6] filed by the

---

[6] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion.

SMRH:4849-0209-8151.9   [PROPOSED] ORDER GRANTING MOTION TO APPROVE STIPULATION AND
STIPULATED JUDGMENT ON COMMITTEE'S COMPLAINT – EXHIBIT A

Debtors on April 29, 2021, as Docket No. [5] came before the Court for consideration. Based upon the Court's review of the Motion, the Stipulation, and the Alfaro Declaration filed in support of the Motion, notice given of the Motion, and all other pleadings and evidence of record in the above-captioned jointly administered chapter 11 bankruptcy cases,

**IT IS HEREBY ORDERED that:**

1. The Motion is GRANTED.

2. The Stipulation is APPROVED, and the Debtors are authorized to enter into the Stipulation and the Stipulated Judgment.

3. This Court finds that entry of the Stipulated Judgment is reasonable and in the best interest of the creditors of the Debtors' estates.

4. Upon the entry of this Order, the Defendants shall submit to the Court the Stipulated Judgment for entry on the docket of the Adversary Proceeding.

**\* \* \* END OF [PROPOSED] ORDER \* \* \***

**Exhibit B**

**Stipulation**

DEBTORS' MOTION RE APPROVAL OF STIPULATION AND
STIPULATED JUDGMENT ON COMMITTEE'S COMPLAINT – EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
J. BARRETT MARUM, Cal. Bar No. 228628
MATT KLINGER, Cal. Bar No. 307362
GIANNA SEGRETTI, Cal. Bar No. 323645
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:     415.434.3947
Email:         okatz@sheppardmullin.com
               bmarum@sheppardmullin.com
               mklinger@sheppardmullin.com
               gsegretti@sheppardmullin.com

Counsel for the Debtors

Richard A. Lapping (SBN: 107496)
TRODELLA & LAPPING LLP
540 Pacific Avenue
San Francisco, CA 94133
Telephone:    415.399.1015
Facsimile:     415.651.9004
Email: Rich@TrodellaLapping.com

Conflicts Counsel for Debtors and Counsel for
Professional Investors 28, LLC and PFI
Glenwood, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 20-30604 |
| PROFESSIONAL FINANCIAL INVESTORS, INC., a California corporation, *et al.*, | (Jointly Administered) |
| | Chapter 11 |
| Debtors. | Adv No. 21-03018 |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | **STIPULATION FOR ENTRY OF JUDGMENT ON THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PROFESSIONAL FINANCIAL INVESTORS, INC. AND PROFESSIONAL INVESTORS SECURITY FUNDS, INC.'S COMPLAINT FOR DECLARATORY RELIEF** |
| Plaintiffs, | |
| v. | |
| PROFESSIONAL FINANCIAL INVESTORS, INC.; PROFESSIONAL INVESTORS SECURITY FUNDS, INC.; PROFESSIONAL INVESTORS SECURITY | The Hon. Hannah L. Blumenstiel |

-1-

| | |
|---|---|
| 1 | FUND I, A California Limited Partnership; |
| | PROFESSIONAL INVESTORS SECURITY |
| 2 | FUND IV, A California Limited Partnership; |
| | PROFESSIONAL INVESTORS SECURITY |
| 3 | FUND VII, A California Limited Partnership; |
| | PROFESSIONAL INVESTORS SECURITY |
| 4 | FUND IX, A California Limited Partnership; |
| | PROFESSIONAL INVESTORS SECURITY |
| 5 | FUND XII, A California Limited Partnership; |
| | PROFESSIONAL INVESTORS SECURITY |
| 6 | FUND XIII, A California Limited Partnership; |
| | PROFESSIONAL INVESTORS SECURITY |
| 7 | FUND XIV, A California Limited Partnership; |
| | PROFESSIONAL INVESTORS SECURITY |
| 8 | FUND XV, A California Limited Partnership; |
| | PROFESSIONAL INVESTORS SECURITY |
| 9 | FUND XVII, A California Limited |
| | Partnership; PROFESSIONAL INVESTORS |
| 10 | SECURITY FUND XVIII, A California |
| | Limited Partnership; PROFESSIONAL |
| 11 | INVESTORS 20, LLC; PROFESSIONAL |
| | INVESTORS 21, LLC; PROFESSIONAL |
| 12 | INVESTORS 22, LLC; PROFESSIONAL |
| | INVESTORS 23, LLC; PROFESSIONAL |
| 13 | INVESTORS 24, LLC; PROFESSIONAL |
| | INVESTORS 25, LLC; PROFESSIONAL |
| 14 | INVESTORS 26, LLC; PROFESSIONAL |
| | INVESTORS 27, LLC; PROFESSIONAL |
| 15 | INVESTORS 28, LLC; PROFESSIONAL |
| | INVESTORS 29, LLC; PROFESSIONAL |
| 16 | INVESTORS 30, LLC; PROFESSIONAL |
| | INVESTORS 31, LLC; PROFESSIONAL |
| 17 | INVESTORS 32, LLC; PROFESSIONAL |
| | INVESTORS 33, LLC; PROFESSIONAL |
| 18 | INVESTORS 34, LLC; PROFESSIONAL |
| | INVESTORS 35, LLC; PROFESSIONAL |
| 19 | INVESTORS 36, LLC; PROFESSIONAL |
| | INVESTORS 37, LLC; PROFESSIONAL |
| 20 | INVESTORS 38, LLC; PROFESSIONAL |
| | INVESTORS 39, LLC; PROFESSIONAL |
| 21 | INVESTORS 40, LLC; PROFESSIONAL |
| | INVESTORS 41, LLC; PROFESSIONAL |
| 22 | INVESTORS 42, LLC; PROFESSIONAL |
| | INVESTORS 43, LLC; PROFESSIONAL |
| 23 | INVESTORS 44, LLC; PROFESSIONAL |
| | INVESTORS 45, LLC; PROFESSIONAL |
| 24 | INVESTORS 46, LLC; PROFESSIONAL |
| | INVESTORS 47, LLC; PROFESSIONAL |
| 25 | INVESTORS 48, LLC; PROFESSIONAL |
| | INVESTORS 49, LLC; and PFI |
| 26 | GLENWOOD, LLC |
| 27 | Defendants. |
| 28 | |

SMRH:4836-4557-4780.2 ... MOTION FOR
JUDGMENT ON COMMITTEE'S COMPLAINT

This *Stipulation for Entry of Judgment on the Official Committee of Unsecured Creditors of Professional Financial Investors, Inc. and Professional Investors Security Funds, Inc.'s Complaint for Declaratory Relief* (the "Stipulation") is entered into by and between Plaintiffs Official Committee of Unsecured Creditors of Professional Financial Investors, Inc. and Professional Investors Security Fund, Inc. (the "Committee" or "Plaintiffs"), on the one hand, and Debtors Professional Financial Investors, Inc. ("PFI"); Professional Investors Security Fund, Inc. ("PISF," and together with PFI, the "Companies"); Professional Investors Security Fund I, A California Limited Partnership; Professional Investors Security Fund IV, A California Limited Partnership; Professional Investors Security Fund VII, A California Limited Partnership; Professional Investors Security Fund IX, A California Limited Partnership; Professional Investors Security Fund XII, A California Limited Partnership; Professional Investors Security Fund XIII, A California Limited Partnership; Professional Investors Security Fund XIV, A California Limited Partnership; Professional Investors Security Fund XV, A California Limited Partnership; Professional Investors Security Fund XVII, A California Limited; Professional Investors Security Fund XVIII, A California Limited Partnership; Professional Investors 20, LLC; Professional Investors 21, LLC; Professional Investors 22, LLC; Professional Investors 23, LLC; Professional Investors 24, LLC; Professional Investors 25, LLC; Professional Investors 26, LLC; Professional Investors 27, LLC; Professional Investors 29, LLC; Professional Investors 30, LLC; Professional Investors 31, LLC; Professional Investors 32, LLC; Professional Investors 33, LLC; Professional Investors 34, LLC; Professional Investors 35, LLC; Professional Investors 36, LLC; Professional Investors 37, LLC; Professional Investors 38, LLC; Professional Investors 39, LLC; Professional Investors 40, LLC; Professional Investors 41, LLC; Professional Investors 42, LLC; Professional Investors 43, LLC; Professional Investors 44, LLC; Professional Investors 45, LLC; Professional Investors 46, LLC; Professional Investors 47, LLC; Professional Investors 48, LLC; and Professional Investors 49, LLC (collectively, the "Debtors") and non-debtors Professional Investors 28, LLC and PFI Glenwood, LLC (together with the Debtors, "Defendants"), on the other hand, by and through their respective undersigned counsel. The Plaintiffs and Defendants may be referenced herein, collectively, as the "Parties" and represent as follows:

STIPULATION FOR ENTRY OF JUDGMENT ... ION FOR
JUDGMENT ON COMMITTEE'S COMPLAINT

# RECITALS

A.     On or about August 15, 1990, Ken Casey founded PFI and served as its sole officer, director and shareholder until 1998, when he relinquished his corporate positions and placed his shares of PFI in an irrevocable trust for which his ex-wife, Charlene Albanese ("Ms. Albanese")[1], is the current trustee and lifetime income beneficiary.  Despite these actions, Mr. Casey maintained complete *de facto* control over PFI until his death on May 6, 2020.

B.     On or about November 1, 1983, Mr. Casey founded PISF and served as its sole shareholder, officer, and director from that date until his death.  Mr. Casey's shares in PISF were held in a revocable trust.  Upon Mr. Casey's death, Ms. Albanese became the trustee and beneficiary of that revocable trust.

C.     Over a period of at least fourteen (14) years, Mr. Casey operated a fraudulent scheme in which investors loaned funds to the Companies, which funds Mr. Casey used to service the debt owed to existing investors and to personally enrich Mr. Casey himself.

D.     On June 13, 2020, and July 21, 2020, all of the Companies' respective officers resigned, and Michael Hogan was appointed as the Companies' Chief Restructuring Officer.

E.     On July 16, 2020, certain creditors of PISF commenced an involuntary chapter 11 bankruptcy action against PISF (Bankruptcy Case No. 20-30579, the "PISF Case").  On July 26, 2020, PISF filed a consent to the entry of an order for relief in the PISF Case, and on July 27, 2020, the Court entered such order for relief.

F.     On July 26, 2020, PFI filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and thereby commenced its bankruptcy case (Bankruptcy Case No. 20-30604, the "PFI Case").

G.     Thereafter, on December 11, 2020, and February 18, 2021, the Court entered orders for relief under chapter 11 in the involuntary chapter 11 proceedings commenced by PFI against thirty-nine affiliates of the Companies, each of which the Plaintiffs name as a debtor and defendant in the Complaint (defined herein).

---

[1] Mr. Casey and Ms. Albanese divorced in 1996.

Case 20-30604   Doc# 591   Filed 04/29/21   Entered 04/29/21 15:51:47   Page 19 of 25
SMRH:4850-4517-4790.2                                                 ...TION FOR JUDGMENT ON COMMITTEE'S COMPLAINT

H. On April 13, 2021, the Plaintiffs filed their *Complaint for Declaratory Relief* seeking a declaration that Defendants' businesses were all part of an overarching Ponzi scheme that began no later than January 1, 2007 (the "Complaint"). The filing of the Complaint commenced that certain adversary proceeding styled, *The Official Committee of Unsecured Creditors v. PFI, et al.*, Adversary Proceeding No. 20-3018 (the "Adversary Proceeding").

I. On April 27, 2021, the Defendants answered the Complaint and admitted all of the substantive allegations and contentions stated by the Plaintiffs in the Complaint (the "Answer").

J. The Defendants agree with the Plaintiffs that a formal judicial finding that at least since January 1, 2007, the Defendants' businesses were operated as a Ponzi scheme will be integral to future "netting" and claims allowance in the Debtors' bankruptcy cases.

K. The Defendants also agree with the Plaintiffs that a formal judicial finding that prior to June 13, 2020, and at least since January 1, 2007, the Defendants' businesses were operated as a Ponzi scheme will be the basis of future actions to avoid and recover against persons who received more proceeds from Mr. Casey's Ponzi scheme than they invested.

L. In the interest of judicial economy and in light of the Answer, the Parties have agreed to the entry of a stipulated judgment in substantially the form attached hereto as **Exhibit A** (the "Stipulated Judgment"), subject to Court approval.

## STIPULATION

NOW THEREFORE, the Parties agree to enter into this Stipulation, subject to Court approval and effective as of the date of entry of an order approving this Stipulation pursuant to agreement of the Parties:

1. On or before April 29, 2021, the Debtors will seek Court approval of this Stipulation and the proposed Stipulated Judgment (collectively, the "Stipulations") by filing with the Court a motion to approve the Stipulations under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion").

2. Upon the entry of an order approval of the Motion, the Debtors will submit (a) an order (x) granting the Motion; and (y) approving this Stipulation for entry on the bankruptcy

docket of lead debtor in possession PFI; and (b) the Stipulated Judgment for entry on the Adversary Proceeding docket.

3.     This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the some instrument.

4.     The Plaintiffs' and Defendants' respective counsel of record in this Adversary Proceeding represent that each is fully authorized to execute and enter into this Stipulated Judgment on behalf of the respective parties each and represents and acknowledges that each has authority to bind the parties to this Adversary Proceeding.

Dated: April 29, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
            _/s/ J. Barrett Marum_
            J. BARRETT MARUM

            Attorneys for Debtors

Dated: April 29, 2021

TRODELLA & LAPPING LLP

By _____
            _/s/ Richard A. Lapping_
            RICHARD A. LAPPING

            Conflicts Counsel for Debtors and Counsel for
            Professional Investors 28, LLC and
            PFI Glenwood, LLC

Dated: April 29, 2021

PACHULSKI STANG ZIEHL & JONES LLP

By _____
            _/s/ John D. Fiero_
            JOHN D. FIERO

            Attorneys for Plaintiffs

-4-

1    **Exhibit A**

2    **[Proposed Stipulated Judgment]**

3

4

5

6            UNITED STATES BANKRUPTCY COURT

7    NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

8

| | |
|---|---|
| 9  In re | Case No. 20-30604 |
| 10  PROFESSIONAL FINANCIAL<br>INVESTORS, INC., a California corporation, | (Jointly Administered) |
| 11  *et al.*, | Chapter 11 |
| 12           Debtors. | Adv No. 21-03018 |
| 13 ———————————————<br>THE OFFICIAL COMMITTEE OF | **[PROPOSED] STIPULATED JUDGMENT**<br>**ON THE OFFICIAL COMMITTEE OF** |
| 14  UNSECURED CREDITORS, | **UNSECURED CREDITORS OF**<br>**PROFESSIONAL FINANCIAL** |
| 15           Plaintiffs, | **INVESTORS, INC. AND PROFESSIONAL**<br>**INVESTORS SECURITY FUNDS, INC.'S** |
| 16           v. | **COMPLAINT FOR DECLARATORY**<br>**RELIEF** |
| 17  PROFESSIONAL FINANCIAL<br>INVESTORS, | |
| 18  INC.; PROFESSIONAL<br>INVESTORS SECURITY FUNDS, INC.; | The Hon. Hannah L. Blumenstiel |
| 19  PROFESSIONAL INVESTORS SECURITY<br>FUND I, A California Limited Partnership; | |
| 20  PROFESSIONAL INVESTORS SECURITY<br>FUND IV, A California Limited Partnership; | |
| 21  PROFESSIONAL INVESTORS SECURITY<br>FUND VII, A California Limited Partnership; | |
| 22  PROFESSIONAL INVESTORS SECURITY<br>FUND IX, A California Limited Partnership; | |
| 23  PROFESSIONAL INVESTORS SECURITY<br>FUND XII, A California Limited Partnership; | |
| 24  PROFESSIONAL INVESTORS SECURITY<br>FUND XIII, A California Limited Partnership; | |
| 25  PROFESSIONAL INVESTORS SECURITY<br>FUND XIV, A California Limited Partnership; | |
| 26  PROFESSIONAL INVESTORS SECURITY<br>FUND XV, A California Limited Partnership; | |
| 27  PROFESSIONAL INVESTORS SECURITY<br>FUND XVII, A California Limited<br>Partnership; PROFESSIONAL INVESTORS | |
| 28  SECURITY FUND XVIII, A California | |

Limited Partnership; PROFESSIONAL
INVESTORS 20, LLC; PROFESSIONAL
INVESTORS 21, LLC; PROFESSIONAL
INVESTORS 22, LLC; PROFESSIONAL
INVESTORS 23, LLC; PROFESSIONAL
INVESTORS 24, LLC; PROFESSIONAL
INVESTORS 25, LLC; PROFESSIONAL
INVESTORS 26, LLC; PROFESSIONAL
INVESTORS 27, LLC; PROFESSIONAL
INVESTORS 28, LLC; PROFESSIONAL
INVESTORS 29, LLC; PROFESSIONAL
INVESTORS 30, LLC; PROFESSIONAL
INVESTORS 31, LLC; PROFESSIONAL
INVESTORS 32, LLC; PROFESSIONAL
INVESTORS 33, LLC; PROFESSIONAL
INVESTORS 34, LLC; PROFESSIONAL
INVESTORS 35, LLC; PROFESSIONAL
INVESTORS 36, LLC; PROFESSIONAL
INVESTORS 37, LLC; PROFESSIONAL
INVESTORS 38, LLC; PROFESSIONAL
INVESTORS 39, LLC; PROFESSIONAL
INVESTORS 40, LLC; PROFESSIONAL
INVESTORS 41, LLC; PROFESSIONAL
INVESTORS 42, LLC; PROFESSIONAL
INVESTORS 43, LLC; PROFESSIONAL
INVESTORS 44, LLC; PROFESSIONAL
INVESTORS 45, LLC; PROFESSIONAL
INVESTORS 46, LLC; PROFESSIONAL
INVESTORS 47, LLC; PROFESSIONAL
INVESTORS 48, LLC; PROFESSIONAL
INVESTORS 49, LLC; and PFI
GLENWOOD, LLC

       Defendants.

Plaintiffs Official Committee of Unsecured Creditors of Professional Financial Investors,

Inc. and Professional Investors Security Fund, Inc. (the "Committee" or "Plaintiffs") and Debtors

Professional Financial Investors, Inc.; Professional Investors Security Fund, Inc.; Professional

Investors Security Fund I, A California Limited Partnership; Professional Investors Security Fund

IV, A California Limited Partnership; Professional Investors Security Fund VII, A California

Limited Partnership; Professional Investors Security Fund IX, A California Limited Partnership;

Professional Investors Security Fund XII, A California Limited Partnership; Professional Investors

Security Fund XIII, A California Limited Partnership; Professional Investors Security Fund XIV,

A California Limited Partnership; Professional Investors Security Fund XV, A California Limited

Partnership; Professional Investors Security Fund XVII, A California Limited; Professional
Investors Security Fund XVIII, A California Limited Partnership; Professional Investors 20, LLC;
Professional Investors 21, LLC; Professional Investors 22, LLC; Professional Investors 23, LLC;
Professional Investors 24, LLC; Professional Investors 25, LLC; Professional Investors 26, LLC;
Professional Investors 27, LLC; Professional Investors 29, LLC; Professional Investors 30, LLC;
Professional Investors 31, LLC; Professional Investors 32, LLC; Professional Investors 33, LLC;
Professional Investors 34, LLC; Professional Investors 35, LLC; Professional Investors 36, LLC;
Professional Investors 37, LLC; Professional Investors 38, LLC; Professional Investors 39, LLC;
Professional Investors 40, LLC;  Professional Investors 41, LLC; Professional Investors 42, LLC;
Professional Investors 43, LLC; Professional Investors 44, LLC; Professional Investors 45, LLC;
Professional Investors 46, LLC; Professional Investors 47, LLC; Professional Investors 48, LLC;
and Professional Investors 49, LLC (collectively, the "Debtors") and non-debtors Professional
Investors 28, LLC and PFI Glenwood, LLC (together with the Debtors, "Defendants") agree to
entry of this "Stipulated Judgment" granting Plaintiffs' Complaint for Declaratory Relief (the
"Complaint") as set forth herein.

**I.**

**CONCLUSIONS OF LAW**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.
§§ 147(a) and 1334(a).

2. Venue in the Northern District of California is proper under 28 U.S.C. § 1409(a).

3. By filing the Complaint, the Plaintiffs commenced an adversary proceeding (the
"Adversary Proceeding") that is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (M).

4. This Adversary Proceeding relates to the Debtors' bankruptcy jointly administered
chapter 11 bankruptcy cases pending in this Court and styled, *In re Professional Financial
Investors, Inc. et al.*, Case No. 20-30604 (the "Bankruptcy Case").

5. The members of the Committee hold general unsecured claims against the Debtors
as a result of their respective investments in investment vehicles or debt instruments sponsored by
one or more of the Defendants.

## II.

## JUDGMENT

Judgment is hereby entered in favor of the Plaintiffs and against the Defendants, determining that the Defendants' businesses were all part of an overarching Ponzi scheme that began no later than January 1, 2007.

**\* \* \* END OF JUDGMENT \* \* \***