Ori Katz (CA Bar No. 209561)
J. Barrett Marum (CA Bar No. 228628)
Matt Klinger (CA Bar No. 307362)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4019
Telephone:     (415) 434-9100
Facsimile:     (415) 434-3947
Email:     okatz@sheppardmullin.com
               bmarum@sheppardmullin.com
               mklinger@sheppardmullin.com

*Counsel to Debtors and Debtors in Possession*

Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Cia H. Mackle (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA  94111
Telephone:     (415) 263-7000
Facsimile:     (415) 263-7010
E-mail:     dgrassgreen@pszjlaw.com
               jfiero@pszjlaw.com
               cmackle@pszjlaw.com
*Counsel to the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC., *et al.*,<br><br>          Debtors. | Chapter 11<br><br>Case No. 20-30604<br><br>(Jointly Administered)<br><br>**JOINT MOTION FOR AN ORDER (1) ESTABLISHING INVESTOR BAR DATE; (2) ESTABLISHING BAR DATES FOR CREDITORS OF PROFESSIONAL INVESTORS 28, LLC AND PFI GLENWOOD LLC; AND (3) APPROVING FORM AND MANNER OF NOTICE OF BAR DATES AND PROCEDURES WITH RESPECT THERETO**<br><br>**Hearing Date**:<br>Date:    June 17, 2021<br>Time:    10:00 a.m. (Pacific Time)<br>Place:    450 Golden Gate Avenue, 16th Floor<br>          San Francisco, CA 94102<br>Judge:   Honorable Hannah Blumenstiel |

Professional Financial Investors, Inc. ("PFI") and its affiliated debtors and debtors in possession (collectively, with PFI, the "Debtors")[1] and the Official Committee of Unsecured Creditors (the "Committee" and together with the Debtors, the "Proponents"), hereby move the Court (the

---

[1] A complete list of the Debtors and their respective chapter 11 case numbers may be found at www.donlinrecano.com/pfi. The federal tax identification numbers of each of the Debtors is also available in the bankruptcy petitions of each Debtor, also available at the Donlin Recano website.

"Motion"), pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure and Bankruptcy Local Rule 3003-1, for entry of an order (1) establishing **August 20, 2021, at 11:59 p.m. (prevailing Pacific Time)** as the deadline (the "Investor Bar Date") by which the Debtors' claims agent must receive proofs of claim submitted by Investors[2] that invested in the "PFI Enterprise"[3] that wish to assert claims pursuant to section 501 of the Bankruptcy Code or forever be barred from asserting such claims against the Debtors and their affiliates, Professional Investors 28, LLC and PFI Glenwood LLC (the "SubCon Entities"), that have or will be substantively consolidated with the Debtors, and approving procedures with respect thereto (the "Investor Claims Procedures"); (2) establishing general and governmental bar dates with respect to creditors of the SubCon Entities (the "SubCon Entities Bar Dates" and, together with the Investor Bar Date, the "Bar Dates"); and (3) approving the forms of notice of the Bar Dates (the "Bar Date Notices") and documents related to the Investor Claims Procedures, substantially in the forms attached hereto.

In support of this Motion, the Proponents attach the following exhibits:

| Exhibit | Description |
| --- | --- |
| Exhibit A | Claims Package Cover Letter for Current Investors |
| Exhibit B | "Notice of Investor Claims Bar Date and Procedures for Submitting Proofs of Claims" (for Current Investors only) (the "Current Investors Bar Date Notice") |
| Exhibit C | "Notice to Past Investors in the PFI Enterprise of Bar Date for Filing Proofs of Claim" (the "Former Investors Bar Date Notice") |

---

[2] The Plan (as defined below) defines "Investor" as "[a] Person or Entity that purchased an investment product or made an investment offered by any Debtor, including, without limitation, any investments, interests and/or other rights with respect to any Debtor that were styled, marketed or sold as, among others, 'PISF LP notes,' 'PFI DOT notes,' 'straight notes,' 'DOT notes,' or 'membership interests' in limited liability companies. Investors include, without limitation, PISF Straight Noteholders, DOT Noteholders, LP Interest Holders, and PFI LLC Members, but expressly excludes any of the Debtors, the Excluded Parties and the Holder of a TIC Interest solely on account of such TIC Interest." Plan, 1.77. As used herein, "Investor" shall have the meaning ascribed to it in the Plan, and shall also include: (1) Holders of TIC Interests who made the TIC Investor Treatment Election (as defined in the Plan); (2) any Investors in Professional Investors 28, LLC and PFI Glenwood LLC (the "LLC 28/PFI Glenwood Investors"); and (3) any Investors in Professional Investors 50, LLC (the "LLC 50 Investors").

[3] As described in greater detail in Section D of the Background section, for purposes of this Motion and the calculation of netted claims for Investors, the PFI Enterprise is defined as and includes the Debtors, the SubCon Entities (as defined above) and Professional Investors 50, LLC ("LLC 50").

Case: 20-30604   Doc# 661   Filed: 05/26/21   Entered: 05/26/21 19:01:18   Page 2 of 66

| Exhibit D | Schedule of Allowed Netted Claims package (for Current Investors only), composed of: |
| --- | --- |
| | • D-1: "Notice of Determination of Allowed Investor Claims" (the "<u>Netting Analysis Notice</u>") |
| | • D-2: "Schedule A: Summary of Allowed Restitution Claim" |
| | • D-3: "Schedule B1: Detailed Report of Account Activity"[4] |
| Exhibit E | "Contributed Claim Election Form"[5] |
| Exhibit F | "Customized Investor Proof of Claim Form" (for use by Current Investors only) (the "<u>Customized POC Form</u>") |
| Exhibit G | Bar Date Notice (Non-Investors and Governmental Units of Professional Investors 28, LLC and PFI Glenwood LLC) (the "<u>SubCon Bar Date Notice</u>") |
| Exhibit H | Proposed Order Approving this Motion |

The Proponents consulted with the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee in formulating the relief sought in this Motion, and both Ad Hoc Committees support the Motion. In further support of this Motion, the Proponents respectfully state as follows:

**<u>PRELIMINARY STATEMENT</u>**

Since even before the commencement of the Debtors' chapter 11 cases, the Investor body has played a critical and active role by organizing themselves to ensure that Investors' interests are well-represented and heard, and, through both the appointment of the Committee and the formation of the Ad Hoc Committees, Investors of all types have been ensured an active and representative role in the bankruptcy process. Two issues of paramount importance to the Investor body are: (1) confirmation of the Plan in the most expeditious manner, and (2) resolution of claims held by Investors.

While the Proponents were able to reach a global resolution and propose a Plan in record time for a Ponzi scheme of this size and duration, the Proponents knew the reconciliation of the Debtors' books and records and bank accounts by FTI to determine proposed claim amounts for each Investor would not be completed prior to the filing of the Plan. Accordingly, the Proponents filed their *Motion*

---

[4] Some, but not all, Investors also may receive a "Schedule B2: Detailed Report of Other Payments Received" as part of their Schedule of Allowed Netted Claims package if they received payments, such as referral fees, from the Debtors that were not part of a particular investment. For ease of reference, a sample of what such Schedule B2 will look like is attached and included in **Exhibit D-3**.

[5] As explained in greater detail below, the Contributed Claim Election Form is only applicable, and will only be sent, to current Investors that have a claim greater than zero and that did not previously elect to contribute such claims as part of the Plan voting process, including eligible LLC 28/PFI Glenwood Investors and LLC 50 Investors.

Case: 20-30604    Doc# 661    Filed: 05/26/21    Entered: 05/26/21 19:01:18    Page 3 of 66

*for an Order (I) Approving the Plan Summary and Conditionally Approving Disclosure Statement; (II) Scheduling Combined Hearing on Approval of Disclosure Statement and Confirmation of Plan and Approving the Form and Manner of Service of the Combined Hearing Notice; (III) Establishing Non-Investor Bar Dates for Filing Proofs of Claim; (IV) Approving Form and Manner of Notice of Non-Investor Bar Dates; (V) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; and (VI) Approving Related Matters* (the "<u>Solicitation Procedures Motion</u>")[6] [Docket No. 513] seeking, *inter alia*, approval of a bar date with respect to **non-Investors**, and informing the Court of their intention to file a motion to set a bar date and to establish specialized procedures for the filing of claims of **Investors** at a later time.

FTI's reconciliation work is now complete, and the Proponents seek to establish the Investor Claims Procedures for (i) those Investors that held a current investment in the PFI Enterprise as of July 26, 2020 ("<u>Current Investors</u>"), and (ii) those Investors that were formerly invested in the PFI Enterprise, and did not hold a current investment in the PFI Enterprise as of July 26, 2020 (the "<u>Former Investors</u>"). With respect to Current Investors, the Proponents seek to establish a process, described in greater detail below, by which the Debtors will provide each Current Investor with a summary of FTI's reconciliation calculations and the proposed allowed "Investor Restitution Claim" on a personalized "Schedule of Allowed Netted Claims" (as defined in the Plan), and allow the Current Investor to accept FTI's calculations (in which case the Current Investor shall not be required to take any further action), or if such Current Investor believes there is an error in FTI's calculation, file a Customized POC Form (substantially in the form attached hereto as **Exhibit F**), with supporting documentation, asserting a different amount.[7]

With respect to Former Investors, the Debtors' books and records and FTI's reconciliation thereof indicate that all Former Investors were fully cashed out of the PFI Enterprise as of July 26, 2020 and, as such, do not hold an Investor Claim (as defined in the Plan) in these cases. Out of an abundance of caution, however, the Debtors propose sending Former Investors the Former Investors

---

[6] Unless otherwise specified, a capitalized term used but not defined herein shall have the meaning ascribed to it in the Solicitation Procedures Motion.

[7] The Debtors or the PFI Trustee, as applicable, will file an omnibus objection to all proofs of claim previously filed by Current Investors using a standard proof of claim form conforming to Official Bankruptcy Form B410.

Bar Date Notice, substantially in the form attached as **Exhibit C**, together with a proof of claim form, substantially conforming to Official Bankruptcy Form B410.

In addition, the Proponents seek approval of a general bar date for non-Investor and governmental unit creditors of the SubCon Entities -- affiliates involved in the PFI-Ponzi scheme against whom the Court has authorized substantive consolidation because there is no previous bar date established for claims against those entities.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**A.     The Commencement of the Chapter 11 Cases**

On July 16, 2020, Jacques Achsen, Samuel Goldberger, Elizabeth Goldblatt, Arthur Indenbaum, Andrew Michaels, Mary Michaels, and Joel Rubenzahl, each of whom assert they are creditors of Professional Investors Security Fund, Inc. ("PISF"), commenced an involuntary chapter 11 bankruptcy action against PISF, Case No. 20-30579 (the "PISF Case"). On July 26, 2020, PISF filed a consent to the entry of an order for relief in the PISF Case, entered by the Court on July 27, 2020.

On July 26, 2020, PFI (together with PISF, the "Original Debtors") commenced its bankruptcy case by filing a voluntary chapter 11 petition. Subsequently, PFI commenced involuntary petitions against all of its affiliated LLCs and limited partnerships other than the SubCon Entities (the "LLC/LP Debtors"), as follows:

    i)    On November 20, 2020, under authority granted by the Bankruptcy Court, PFI commenced involuntary petitions against twenty-nine LLC/LP Debtors and on December 11, 2020, PFI consented to such involuntary petitions and the Court entered orders for relief.

    ii)    On February 3, 2021 and February 4, 2021, PFI commenced involuntary petitions against ten additional LLC/LP Debtors. On February 17, 2021, PFI consented to the ten additional involuntary petitions and on February 18, 2021, the Court entered orders for relief.

The Debtors' Chapter 11 Cases are jointly administered under Case No. 20-30604.

**B.     Prior Bar Date for the Debtors' Non-Investors and Governmental Units**

On April 19, 2021, the Court entered an order approving the Solicitation Procedures Motion [Docket No. 575] (the "Solicitation Procedures Order"), which, *inter alia*, established certain bar dates for the Debtors' non-Investors and governmental units as follows:

a.  May 13, 2021 as the Non-Investor General Bar Date by which all creditors, excluding Investors and governmental units, must file proofs of claim in these cases;

b.  May 13, 2021 as the Governmental Claims Bar Date as to claims against PFI and PISF; and

c.  180 days after the date of the entry of the Order for Relief as the Governmental Claims Bar Dates as to the LLC/LP Debtors (which the Proponents calculate to be June 9, 2021 as to claims against those certain LLC/LP Debtors for which Orders for Relief were entered on December 11, 2020; August 16, 2021 as to claims against those certain LLC/LP Debtors for which Orders for Relief were entered on February 17, 2021; and August 17, 2021 as to claims against those certain LLC/LP Debtors for which Orders for Relief were entered on February 18, 2021).

The Solicitation Procedures Order expressly excepted Claims of "Investors" and "Holders of TIC Interests who make the TIC Investor Treatment Election" from the applicable provisions of the Solicitation Procedures Order, and thus such Investors were not subject to the May 13, 2021 Non-Investor General Bar Date. Solicitation Procedures Order, ¶6. The Solicitation Procedures Order also did not establish any bar dates for creditors, investors or governmental units of the SubCon Entities.

**C.     Plan Provisions Regarding Investor Claims Process**

The *Second Amended Joint Chapter 11 Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee Dated May 20, 2021* [Docket No. 649] (the "Plan"), if confirmed, will effectuate the following provisions related to Investor Claims, set forth in Article 2.11.2:

(a) Unless held by Excluded Parties or Disputing Claimants or where a Cause of Action has been commenced against an Investor, including, without limitation, any Avoidance Action (in which case any Claims held by such Excluded Parties, Disputing Claimants or Investors against whom Causes of Action are commenced are deemed Disputed Claims), all Investor Claims are deemed Allowed under the Plan in the amounts set forth in the Schedule of Allowed Netted Claims prepared by the Debtors and/or the PFI Trust.

Plan, Art. 2.11.2(a).

Article 7.2 of the Plan provides that with respect to Investor Claims, "if an Investor does not file an objection to the amount set forth in the Schedule of Allowed Netted Claims in accordance with further order of the Bankruptcy Court . . . such Investor Claim will be treated as an Allowed Claim in the amounts set forth in the Schedule of Allowed Netted Claims."  Plan, Art. 7.2.

**D.      The Investor Claim Reconciliation for All of the PFI Enterprise**

FTI's netting analysis includes a reconciliation of both payments made by all Investors into the PFI Enterprise, and payments made to Investors by the PFI Enterprise, including the SubCon Entities and LLC 50.  To ensure the fair and equitable treatment of all Investors, for purposes of this Motion, all Investors in the PFI Enterprise (*i.e.*, Investors in the Debtors, the SubCon Entities and LLC 50) will receive an applicable Bar Date Notice, and all Current Investors in the PFI Enterprise also will receive a personalized Schedule of Allowed Netted Claims package.  To further ensure that all Investor Claims can be reconciled and allowed amounts fixed for purposes of an expedient distribution to aggrieved victims of this Ponzi scheme, as well as to avoid confusion among Investors, the Proponents seek to establish one, consolidated Investor Claims Procedures for notifying and establishing Investor Claims for all Investors that invested in the PFI Enterprise.

The following provides some additional background and describes the status of the non-Debtor affiliates that are included in the PFI Enterprise:

**a.      The SubCon Entities**

PFI was unable to commence, before the filing of the Plan, involuntary petitions against the two SubCon Entities -- Professional Investors 28, LLC and PFI Glenwood LLC -- involved in the Ponzi scheme.  The Plan provides that the SubCon Entities will be substantively consolidated with the Debtors' estates.  To that end, on April 29, 2021, the Proponents filed a motion seeking such

substantive consolidation (the "SubCon Motion") [Docket No. 594]. The SubCon Motion was approved by the Court on or about May 24, 2021, pending the Debtors' lodgment of an order. Pursuant to the Plan and SubCon Motion, the SubCon Entities will be substantively consolidated with the Debtors' estates effective as of the "Effective Date" of the Plan (as defined in the Plan). For the reasons stated above, the Proponents seek to include the LLC 28/PFI Glenwood Investors in the Investor Claims Procedures described herein, although the preclusive effect of the Investor Bar Date (see below, Basis for Relief Requested, Section A.d), shall be applied retroactively for Investors in the SubCon Entities subject to and effective immediately upon the substantive consolidation becoming effective.

**b.     LLC 50**

LLC 50 is a limited liability company that was formed by PFI shortly before Ken Casey's death. Although Investors were solicited and made initial investments in LLC 50 as part of the on-going Ponzi scheme, as a result of Mr. Casey's intervening death, LLC 50 never purchased any real property or other assets, and PFI returned the initial investments received by Investors to them before the first involuntary bankruptcy case was filed. Although the Proponents seek to include the LLC 50 Investors in the Investor Claims Procedures (since the netting analysis includes all monies paid to and from Investors in connection with that prospective investment), nothing herein is deemed to establish a bar as against LLC 50. Rather, because LLC 50 does not have any assets or creditors, the Debtors anticipate simply dissolving LLC 50 prior to the Effective Date of the Plan.

## RELIEF REQUESTED

By this Motion, the Proponents respectfully request the entry of an order (the "Investor Bar Date Order") which, among other things, (1) establishes the Investor Bar Date and approves the Investor Claims Procedures; (2) establishes the SubCon Entities Bar Dates; and (3) approves the forms of notice of the Bar Dates and Investor Claims Procedures, substantially in the forms attached hereto.

A chart listing certain dates and deadlines requested herein is provided below:

| Date | Description |
|------|-------------|
| June 10, 2021 | Deadline to Object to this Motion |

| Date | Description |
|---|---|
| June 17, 2021 at 10:00 a.m. | Hearing on this Motion |
| July 9, 2021 | Deadline to Serve Bar Date Notices |
| August 20, 2021 | Investor Bar Date |
| 45 days after the Effective Date of the Plan | Non-Investor General Bar Date for the SubCon Entities |
| 180 days after the Effective Date of the Plan | Governmental Claims Bar Date for the SubCon Entities |

## BASIS FOR RELIEF REQUESTED

**A.** **Investor Claim Deadlines and Procedures**

    **a.** **Proposed Investor Bar Date**

The Proponents request that the Court fix **August 20, 2021** as the deadline by which all Investors, including those of Holders of TIC Interests who made the TIC Investor Treatment Election (as defined in the Plan), as well as Investors in the SubCon Entities and LLC 50, must file a proof of claim in these cases in accordance with the Investor Claims Procedures described herein, **if and only if**: (i) with respect to Current Investors, such Investor disputes FTI's calculation of their Total Restitution Claim identified in the Schedule of Netted Claims package sent to such Investor; or (ii) with respect to Former Investors, if such Investor believes he or she has an Investor Claim in these cases.  If Investors agree with FTI's calculations with respect their Investor Claims, such Investors do not need to take any further action and their Allowed Restitution Claim, if any, shall be set in the amount provided in the Schedule of Netted Claims (for Current Investors) or zero (for Former Investors).

The Proponents also seek authority to provide an extension of the August 20, 2021 deadline for cause without seeking Court approval if an Investor and the Proponents, in consultation with the Ad Hoc Committees, reach an agreement for such extension.  If an agreement to extend cannot be reached, any extension will need to be approved by the Court.

SMRH:4852-3674-0076.1
052621

73ZL-319169

### b.  Investor Bar Date Notices

In accordance with Bankruptcy Rule 9007, the Debtors propose to provide: (1) the Claims Package Cover Letter, the Current Investors Bar Date Notice, the Schedule of Allowed Netted Claims package and the Customized POC Form, substantially in the forms attached as **Exhibits A, B, D and F** respectively, via first class mail only to Current Investors, *i.e.*, including Holders of TIC Interests who made the TIC Investor Treatment Election under the Plan, LLC 28/PFI Glenwood Investors and LLC 50 Investors, who PFI's records, as reconciled by FTI, show a current investment in the PFI Enterprise as of July 26, 2020; and (2) the Former Investors Bar Date Notice, substantially in the form attached as **Exhibit C** hereto, via first class mail only to Former Investors (including LLC 28/PFI Glenwood Investors and LLC 50 Investors) who PFI's records, as reconciled by FTI, show were Investors within four years of July 26, 2020, but did not hold a current investment in the PFI Enterprise as of July 26, 2020.

The Debtors propose to serve the foregoing documents as described herein by the later of July 9, 2021 or two weeks after an order is entered approving this Motion (the "Service Deadline"). As long as an order on the Motion is entered by June 25, 2021, Investors would receive at least five weeks' notice of the Investor Bar Date.

### c.  Special Proposed Procedures for Current Investors

As the Investor claims process centers around FTI's reconciliation, which may be confusing and complicated for Investors, and Investors are concerned that they may miss applicable deadlines, the Proponents seek to establish a process by which the Debtors will provide each Current Investor with a summary of FTI's reconciliation calculations and the proposed allowed "Investor Restitution Claim" on a personalized "Schedule of Allowed Netted Claims" (as defined in the Plan), and allow the Current Investor to accept FTI's calculations (in which case the Current Investor shall not be required to take any further action), or alternatively file a customized proof of claim form, with supporting documentation, asserting a different amount if such Current Investor believes there is an

error in FTI's calculation.  The Proponents intend to encourage Investors to attempt to resolve any disputes consensually.

           1.   <u>Current Investor Claim Packages</u>

       The Proponents propose to send "Claim Packages" to each Current Investor by the Service Deadline, composed of:

      a.    The Claims Package Cover Letter describing a general overview of the documents and procedures (see **<u>Exhibit A</u>**)

      b.    The Current Investors Bar Date Notice (see **<u>Exhibit B</u>**)

      c.    The Schedule of Allowed Netted Claims package, composed of:

            i.   Netting Analysis Notice (see **<u>Exhibit D-1</u>**)

           ii.   Schedule A: Summary of Allowed Restitution Claim (see **<u>Exhibit D-2</u>**)

          iii.   Schedule B1: Detailed Report of Account Activity (see **<u>Exhibit D-3</u>**)[8]

      d.    The Customized POC Form (only to be used if the Investor disputes the FTI reconciliation of the Investor Claim) (see **<u>Exhibit F</u>**).[9]

           2.   <u>Schedule of Allowed Netted Claims</u>

       The Schedule of Allowed Netted Claims (as defined in the Plan), substantially in the form attached hereto as **<u>Exhibit D</u>**, applicable to that Investor, is composed of:

       **Exhibit D-1:** Netting Analysis Notice

       **Exhibit D-2:** Schedule A: Summary of Allowed Restitution Claim

       **Exhibit D-3:** Schedule B1: Detailed Report of Account Activity

       The Schedule of Allowed Netted Claims shall include the Investors' proposed Investor Restitution Claim, defined in the Plan as:

       **<u>Investor Restitution Claim:</u>** A Claim for restitution of an Investor to be treated pari passu with Other Unsecured Claims. Such claim is in lieu of contractual or other rights

---

[8] As previously stated, **<u>Exhibit D-3</u>** also includes a sample of the "Schedule B2: Detailed Report of Other Payments Received" that some Investors also may receive if they received payments from the Debtors other than return of principal or interest payments on their investments.

[9] The Claim Packages also may include a Contributed Claim Election Form (see **<u>Exhibit E</u>**) only to those Investors that did not previously make a Contributed Claims Election under the Plan.

Case: 20-30604   Doc# 661   Filed: 05/26/21   Entered: 05/26/21 19:01:18   Page 11 of 66

to return of principal investment, and is calculated as follows for a particular Investor: total Outstanding Principal Amount minus the Prepetition Distribution. For clarity purposes, although the calculation set forth herein is based on a method accounting for the Debtors' record keeping methods, in plain terms, the Investor Restitution is intended to be a "netted claim," that, in broad terms, calculates the remaining principal owed to a "cash-Investor" by looking at the "starting balance" plus "cash-in" minus "cash-out" transactions during the relevant time periods.

Plan, 1.81.

The Schedule of Allowed Netted Claims shall not provide the proposed Investor Subordinated Claim amount, as the calculation thereof will take considerable time. If it becomes likely that there will be a recovery on the Subordinated Claims, then at that time, the PFI Trust will expend the resources to calculate those amounts and see appropriate relief from this Court. An allowed Investor Restitution Claim, including one allowed at $0.00 because such claim was fully netted, will entitle the applicable Investor to an Investor Subordinated Claim in an amount to be fixed at a subsequent time, through a process to be approved by the Court, should any recovery of Investor Subordinated Claims be projected.

3.    No Action Required If Acceptance of Schedule of Allowed Netted Claims

Current Investors may accept the Schedule of Allowed Netted Claims by taking no further action, or may object to such amount by filing a Customized POC Form, substantially in the form attached hereto as **Exhibit F**, asserting an alternative Investor Restitution Claim amount by the Investor Bar Date.

4.    Contributed Claims Election Form

The Plan allows for Investors to elect to make the "Contributed Claims Election" for which each electing Investor's Investor Claim would be increased by five percent. The Schedule A: Summary of Allowed Restitution Claim sent to each Investor (see **Exhibit D-2**) identifies which Investor has made that election to date according to the Debtors' books and records. Attached hereto as **Exhibit E** is a proposed Contributed Claim Election Form. The Contributed Claim Election Form is only applicable, and will only be sent, to Current Investors that have an Investor Restitution Claim greater than zero and that did not previously elect to contribute such claims, including eligible LLC 28/PFI Glenwood Investors and LLC 50 Investors.

### d. **Effect of Bar Date on Investors**

All Current Investors that accept the information and amounts in the Schedule of Allowed Netted Claims provided to them do not need to take any further action, and such Investors' Investor Restitution Claim will be deemed allowed for purposes of receiving distributions under the Plan.

To the extent any Current Investor believes he or she has a claim against the PFI Enterprise other than as set forth in the Schedule of Allowed Netted Claims, or any Former Investor believes he or she has a claim against the PFI Enterprise (all such Investors, an "Objecting Investor"), the Investor Bar Date will apply to each and every such claim asserted by such Objecting Investors, whether of a general unsecured, priority, or secured status. If an Objecting Investor fails to properly and timely file a proof of claim by the Investor Bar Date, such Objecting Investor shall be forever barred, estopped, and enjoined to the fullest extent allowed by applicable law from asserting, in any manner, (a) as to Current Investors, a claim amount different or greater than the amount set forth in Schedule of Allowed Netted Claim applicable to such Objecting Investor against any of the PFI Enterprise entities, the PFI Trust and their respective estates or assets or (b) as to Former Investors, a claim against any of the PFI Enterprise entities, the PFI Trust and their respective estates or assets.

The Proponents also request a determination by the Court that any Investor that fails to file a proof of claim in these cases in accordance in accordance with the deadline and procedures set forth herein: (1) shall not, with respect to any such claim, be treated as a creditor of the Debtors or SubCon Entities for the purposes of distribution under the Plan; and (2) shall be forever barred from (a) filing a proof of claim with respect to such claim, (b) asserting such claim against the Debtors, the SubCon Entities, the PFI Trust, and their respective estates or property, and (c) participating in any distribution in these cases on account of such claim.[10]

---

[10] As previously discussed, the Proponents are not seeking to bar any creditors or Investors from asserting claims against LLC 50 as a result of the Investor Bar Date. As a practical matter, however, the Proponents believe that LLC 50 does not have any assets, and that any Investors that did invest in LLC 50 received their money back before the first involuntary bankruptcy case was filed. As such, transfers to and from such Investors relating to LLC 50 are included in FTI's netting calculations. With respect to the SubCon Entities, the preclusive effects of the Investor Bar Date described above will apply retroactively to the LLC 28/PFI Glenwood Investors once the substantive consolidation occurs on the Effective Date of the Plan.

**B.**     **Bar Date Notice for SubCon Entities' Non-Investor and Governmental Unit Creditors**

   **a.   Deadlines and Procedures**

The Proponents request that the Court fix the following Non-Investor Bar Dates with respect to the SubCon Entities:

i)   **45 days after the Effective Date of the Plan** as the SubCon Entities Non-Investor General Bar Date by which all creditors, excluding Investors and governmental units, must file proofs of claim in these cases so as to be actually received by the Debtors' claim agent; and

ii)  **180 days after the Effective Date of the Plan** as the SubCon Entities Governmental Claims Bar Dates.

The SubCon Entities Bar Dates will apply to each and every claim asserted by such parties, except as specifically set forth herein, whether of a general unsecured, priority, or secured status. The parties may, but need not, file proofs of claim in these cases: (i) any party that has already properly filed a proof of claim against the SubCon Entities with the Clerk of this Court or the Debtors' claims agent; (ii) holders of (a) claims arising on or after the Effective Date of the Plan; (b) claims of professionals retained by the Debtors or any official or ad hoc committee appointed in these cases pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 328, 330, and 331 of the Bankruptcy Code; (c) claims by any person or entity whose claim has been paid by either of the SubCon Entities or any other Debtor, or has been otherwise satisfied; (d) any claim for fees relating to these cases under 28 U.S.C. § 1930; and (e) claims of any Investors in the SubCon Entities (which Investors shall be subject to the Investor Bar Date and Investor Claims Procedures set forth herein).

The Debtors request a determination by the Court that any creditor that fails to file a proof of claim against the applicable SubCon Entities in accordance with the procedures set forth herein: (1) shall not, with respect to any such claim, be treated as a creditor of the applicable SubCon Entity for the purposes of distribution under the Plan; and (2) shall be forever barred from (a) filing a proof of claim with respect to such claim, (b) asserting such claim against the Debtors, the SubCon Entities,

the PFI Trust and their respective estates or property, and (c) participating in any distribution in these cases on account of such claim.

### b. Bar Date Notice for Non-Investors and Governmental Units

In accordance with Bankruptcy Rule 9007, the Debtors propose to provide the SubCon Bar Date Notice for non-Investors and governmental units of the SubCon Entities, substantially in the form attached as **Exhibit G** hereto, along with a proof of claim form, substantially conforming to Official Bankruptcy Form B410, via first class mail only to the following entities:

a) **Vendors** – all vendors with which the SubCon Entities have conducted business within four years prior to the Petition Date;

b) **Employees** – all employees that worked for SubCon Entities within four years prior to the Petition Date;

c) **Parties to any litigation** – any party and counsel of record, if any, with which litigation was pending as of the Petition Date;

d) **Parties to contracts other than known Investors** – all parties, other than known Investors, with which SubCon Entities entered into, or maintained, contracts or other agreements within four year prior to the Petition Date;

e) **Directors and Officers** – any current and past directors and officers of the SubCon Entities that served the SubCon Entities within four years prior to the Petition Date;

f) **Taxing authorities** – all taxing authorities for the places where the SubCon Entities conducted business within four years prior to the Petition Date;

g) **Lessors** – all landlords from which the SubCon Entities leases real and/or personal property;

h) **Governmental Units** – any necessary or appropriate agencies and/or representatives of the United States federal government at the locations required by Bankruptcy Rule 2002(j), and any other applicable agencies and/or representatives of local and state government; and

i) **Tenants** – all tenants to whom the SubCon Entities presently lease real and/or

Case: 20-30604    Doc# 661    Filed: 05/26/21    Entered: 05/26/21 19:01:18    Page 15 of 66

personal property.

The Debtors propose to serve the SubCon Bar Date Notice as described herein by no later than five business days after the Effective Date of the Plan (the "SubCon Service Deadline"), which will provide creditors of the SubCon Entities at least four weeks' notice of the Bar Date.

Accordingly, the Debtors submit that parties will have more than sufficient notice, time, and opportunity to file their proofs of claim, and that service of the SubCon Bar Date Notice as described herein is adequate and appropriate under the circumstances.

**C.    Other General Relief Relating to Service of Bar Dates**

Given the state of the Debtors' records and to help reduce the confusion to Investors and administrative costs associated with serving the various notices and other materials contemplated herein, the Proponents seek approval to combine any of the bar date packages into a single package, even if the claimant names are not identical.

In addition, with respect to any bar date packages that are returned by the United States Postal Service as undeliverable as a result of incomplete or inaccurate addresses, the Proponents may, in their discretion, but without any requirement, attempt to determine a correct address and resend the applicable materials. Any delay in such re-delivery, or the Proponents' determination not to attempt any such redelivery, will not be deemed to be inadequate notice.

## NOTICE

Notice of this Motion has been given to: (i) the Office of the United States Trustee for the Northern District of California; (ii) counsel to the Ad Hoc Committees; (iii) the Securities and Exchange Commission; and (iv) all parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Proponents submit that no further notice is necessary.

WHEREFORE, the Proponents respectfully request that the Bankruptcy Court enter an order, substantially in the form attached hereto as **Exhibit H**: (i) establishing the Investor Bar Date and approving the Investor Claims Procedures; (ii) establishing the SubCon Entities Bar Dates; (iii) approving the forms of notice of the Bar Dates and Investor Claims Procedures, substantially in the

forms attached hereto; and (iv) granting such other and further relief as the Bankruptcy Court deems proper.

Dated:  May 26, 2021                           SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                               By:  _/s/ Ori Katz_____
                                                    Ori Katz
                                                    J. Barrett Marum
                                                    Matt Klinger

                                               Attorneys for the Debtors

Dated:  May 26, 2021                           PACHULSKI STANG ZIEHL & JONES LLP

                                               By:  _/s/ Cia Mackle_____
                                                    Debra Grassgreen
                                                    John D. Fiero
                                                    Cia H. Mackle

                                               Attorneys for the Official Committee of Unsecured
                                               Creditors

# EXHIBIT A

## Claims Package Cover Letter (for Current Investors only)

## IN RE PROFESSIONAL FINANCIAL INVESTORS, INC. AND AFFILIATES

**DATE:**     June [•], 2021

**TO:**     Investors in the PFI Enterprise[1] (with outstanding investments)

**FROM:**     Professional Financial Investors, Inc. and its affiliated debtors (the "Debtors") and the Official Committee of Unsecured Creditors (the "UCC")

**RE:     INVESTOR CLAIMS PROCESS**

FTI, the Debtors' forensic accountant, has undertaken a reconciliation of the Debtors' books and records in order to determine the amount of your Investor Restitution Claim (as defined in the confirmed *Second Amended Joint Chapter 11 Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee Dated May 2021* (the "Plan").[2]

### Why You Are Receiving This Claims Package.

The purpose of this package is to inform you of the results of FTI's reconciliation with respect to your PFI investment(s) and provide a process by which you can accept or dispute the amount attributable to your investment(s).

### What You Are Receiving.

The materials enclosed (the "Claims Package") are being provided to enable you to establish your claim against the Debtors. The Claims Package consists of the following information regarding your investments:

    a.   Notice of Investor Claims Bar Date and Procedures for Submitting Proofs of Claims

    b.   Notice of Determination of Allowed Investor Claims

    c.   Schedule A: Summary of Allowed Restitution Claim

    d.   Schedule B1: Detailed Report of Account Activity[3]

    e.   Customized Investor Proof of Claim Form (only to be used if you dispute the FTI reconciliation of your Claim)

---

[1] The PFI Enterprise includes the Debtors and three non-debtor affiliates, Professional Investors 28, LLC, PFI Glenwood LLC and Professional Investors 50, LLC.

[2] All capitalized terms not defined herein shall have the meaning ascribed to such terms in the Plan.

[3] Some, but not all, Investors also may receive a "Schedule B2: Detailed Report of Other Payments Received" as part of their Claims Package if they received payments, such as referral fees, from the Debtors that were not part of a particular investment.

SMRH:4852-3674-0076.1
052621
-1-
73ZL-319169

Case: 20-30604     Doc# 661     Filed: 05/26/21     Entered: 05/26/21 19:01:18     Page 19 of 66

**What Actions You Need To Take.**

1. Locate and review "Schedule A: Summary of Allowed Restitution Claim" and "Schedule B1: Detailed Report of Account Activity."

   ***If you need help understanding these forms, please contact [questionspfi@gmail.com](mailto:questionspfi@gmail.com) so that your fellow investors can direct you to the right person to help.***

   The amount set forth in the highlighted box on the Schedule A summary represents your allowed Total Allowed Restitution Claim amount. ***IF YOU ACCEPT THE AMOUNT STATED THEREIN, YOU DO NOT NEED TO TAKE ANY FURTHER ACTION OR RETURN ANY FORMS.***

2. If you dispute the information or amounts in the "Schedule A: Summary of Allowed Restitution Claim" and "Schedule B1: Detailed Report of Account Activity," please do the following:

   a. If you dispute the amount because the FTI reconciliation doesn't correctly account for the funds you put into PFI (the "cash in") or overstates the amount you received in return from PFI (the "cash out") over the years, you must fill out and return the Customized Investor Proof of Claim Form, together with documentation that supports the amount you assert.

   b. If you dispute the amount for some other reason (*i.e.*, because you don't think the math is correctly calculated or you think certain investments you made are missing), we encourage you to contact [questionspfi@gmail.com](mailto:questionspfi@gmail.com) so that we can arrange for the right person to explain your claim or check to see if you are missing paperwork before you file the Customized Investor Proof of Claim Form in a different amount.

   c. If you accept the Total Allowed Restitution Claim, but there is a different problem, please complete Part 1, Items 2 and 8, and Part 2 of the Customized Investor Proof of Claim Form only. You will not need to fill out the entirety of the Customized Investor Proof of Claim Form.

   *The Customized Investor Proof of Claim Form may be uploaded to Donlin Recano's portal or you may mail forms to Donlin Recano as set forth on the form.* ***DO NOT MAIL YOUR CLAIM FORM TO THE BANKRUPTCY COURT.***

   **More Information or Help.**

Michael Goldberg and the attorneys for the UCC will participate in all-investor calls to discuss the contents of this Claims Package and logistics of filing the Customized Investor Proof of Claim Form. If you have questions about submitting your Customized Proof of Claim, please contact the Voting Agent at: [pfiinfo@donlinrecano.com](mailto:pfiinfo@donlinrecano.com) or 1-877-283-0316. Any further

Case: 20-30604   Doc# 661   Filed: 05/26/21   Entered: 05/26/21 19:01:18   Page 20 of 66

questions should be directed to counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, Attn:  Cia H. Mackle at cmackle@pszjlaw.com or (310) 772-2328.

SMRH:4852-3674-0076.1
052621

73ZL-319169

3

# EXHIBIT B

**Proposed Current Investor Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

In re:

PROFESSIONAL FINANCIAL
INVESTORS, INC., *et al.*,[14]

                                    Debtors.

Chapter 11

Case No. 20-30604

(Jointly Administered)

**NOTICE OF INVESTOR CLAIMS BAR DATE
AND PROCEDURES FOR SUBMITTING
PROOFS OF CLAIM**

**(FOR CURRENT INVESTORS THAT HELD AN
INVESTMENT IN THE PFI ENTERPRISE AS
OF JULY 26, 2020)**

**TO: ALL INVESTORS THAT HELD AN INVESTMENT IN THE PFI ENTERPRISE AS OF
JULY 26, 2020:**

      PLEASE TAKE NOTICE OF THE FOLLOWING:

      On June [*], 2021, the Court entered an order (the "Investor Bar Date Order") in the Cases in accordance with Bankruptcy Rule 3003(c) fixing the deadline for all Investors to file proofs of claim on account of their Investor Claims.  Pursuant to the Investor Bar Date Order, **August 20, 2021, at 11:59 p.m. (prevailing Pacific Time)** is the deadline (the "Investor Bar Date") by which the Debtors' Claims Agent **must actually receive** proofs of claim submitted by Investors in these Cases for any Investor Claim arising prior to the time the petition in the applicable Case was filed (the "Petition Date"), as set forth in the attached list of Debtors and non-Debtor affiliates.

     1.    **WHAT DOES THE TERM INVESTOR BAR DATE MEAN?**

      The Investor Bar Date is the date by which individuals and entities who invested in the PFI Enterprise by purchasing an investment product or making an investment offered by any Debtor or non-Debtor affiliate, whether through straight notes, deeds of trust on PFI-owned property, or equity interests in PFI-managed LLCs or LPs, or as a tenant-in-common investor that elected to be treated as an investor in Class 5 under the Plan, must submit a proof of claim with the Claims Agent in the manner indicated below.

     2.    **NETTING ANALYSIS NOTICE AND INSTRUCTIONS RELATED THERETO**

      Each Investor receiving this Bar Date Notice also should receive copies of the following documents:

          (a) A "Notice of Determination of Allowed Investor Claim" (the "Netting Analysis Notice");

---

[14] A complete list of the Debtors and non-Debtor affiliates that comprise the PFI Enterprise, their federal tax identification numbers, and their address is attached hereto.

(b) "Schedule A: Summary of Total Allowed Restitution Claim" that accompanies the Netting Analysis Notice and provides an overview of the netting calculation per investment for each Unit of Account held by an Investor;

(c) "Schedule B1: Detailed Report of Account Activity" that all Investors will receive and "Schedule B2: Detailed Report of Other Payments Received" that some Investors may also receive with the Netting Analysis Notice;[15] and

(d) "Customized Investor Proof of Claim Form (the "Customized POC Form") to submit in accordance with the instructions set forth herein **only if you dispute the amounts provided in Schedules A and B of the Netting Analysis Notice**.

**3. DO YOU NEED TO SUBMIT A CUSTOMIZED POC FORM?**

Your Total Allowed Restitution Claim, as calculated by FTI, is set forth in the box on Schedule A. If you **ACCEPT** the amounts in Schedule A, then **NO**, you do not need to submit a Customized POC Form. Rather, the amount set forth in Schedule A of the Netting Analysis Notice will be your Allowed Restitution Claim amount in these Cases and will form the basis for fixing the your Investor Claim for distribution under the Plan, **and no further action is needed by you.**

If you **DISPUTE** the Total Allowed Restitution Claim amount in Schedule A and want to assert an Investor Restitution Claim that is different, then you MUST timely and properly submit a Customized POC Form, including the supporting documents as set forth in this Bar Date Notice.

**Carefully review the Netting Analysis Notice, the instructions and the attachments that contain the Debtors' netting analysis for further information.**

**4. WHAT ARE THE CONSEQUENCES OF NOT TIMELY AND PROPERLY SUBMITTING A CUSTOMIZED POC FORM?**

If you **ACCEPT** the amounts in Schedules A and B accompanying the Netting Analysis Notice, then **no further action is needed by you**.

**ANY INVESTOR WHO DISPUTES THE AMOUNTS IN SCHEDULES A AND B ACCOMPANYING THE NETTING ANALYSIS NOTICE, OR THAT DID NOT RECEIVE A NETTING ANALYSIS NOTICE BUT WANTS TO ASSERT AN INVESTOR CLAIM IN THESE CASES (AN "OBJECTING INVESTOR"), IS REQUIRED TO SUBMIT A CUSTOMIZED POC FORM SO THAT IT IS ACTUALLY RECEIVED BY THE CLAIMS AGENT ON OR BEFORE THE INVESTOR BAR DATE. IF AN OBJECTING INVESTOR FAILS TO DO SO IN A TIMELY MANNER OR IN THE PROPER FORM, SUCH OBJECTING INVESTOR SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED TO THE FULLEST EXTENT ALLOWED BY APPLICABLE LAW FROM ASSERTING, IN ANY MANNER, A CLAIM AMOUNT DIFFERENT OR**

---

[15] Schedule B may consist of two schedules: (i) all Investors will receive a Schedule B1, which provides a detailed report of the account activity for each of the investments identified on Schedule A that supports the netting analysis set forth therein; and (ii) some Investors, as applicable, also may receive a Schedule B2, which provides a detailed report of other payments you may have received (e.g., referral fees) as summarized on Schedule A.

Case: 20-30604    Doc# 661    Filed: 05/26/21    Entered: 05/26/21 19:01:18    Page 24 of 66

**GREATER THAN THE AMOUNT SET FORTH IN SCHEDULE A TO THE NETTING ANALYSIS NOTICE AGAINST THE DEBTORS, PROFESSIONAL INVESTORS 28, LLC, PFI GLENWOOD LLC, THE PFI TRUST AND THEIR RESPECTIVE ESTATES OR ASSETS.**

**5.    WHERE CAN I GET A COPY OF THE CUSTOMIZED POC FORM?**

For your convenience, enclosed with this Bar Date Notice is a Customized POC Form. Copies of this Bar Date Notice and the Customized POC Forms can also be obtained for free at the Claims Agent's dedicated PFI website at www.donlinrecano.com/pfi.

**6.    HOW DO I SUBMIT MY CUSTOMIZED POC FORM?**

A properly completed and signed Customized POC Form, together with supporting documentation, must be submitted to the Claims Agent **so they are actually received** on or before **the Investor Bar Date**, in one of the following ways:

**If a Customized POC Form is sent by mail, send to:**

Donlin, Recano & Company, Inc.
Re: Professional Financial Investors, Inc., et al.
P.O. Box 199043
Blythebourne Station
Brooklyn, NY 11219

**If a Customized POC Form is sent by Overnight Courier or Hand Delivery, send to:**

Donlin, Recano & Company, Inc.
Re: Professional Financial Investors, Inc., et al.
6201 15th Avenue
Brooklyn, NY 11219

**If a Customized POC Form is Uploaded to Donlin Recano's Claims Portal:**

https://www.donlinrecano.com/pfiFileClaim[16]

Facsimile and e-mail delivery methods are not acceptable. **If submitting by hard copy, you must submit an originally executed Customized POC Form. If you file an originally executed Customized POC Form and would like a copy returned to you as proof of receipt, please enclose an additional copy of the Customized POC Form and a self-addressed postage-paid envelope.**

**CUSTOMIZED POC FORMS SHOULD NOT BE FILED WITH THE COURT, OR SENT TO THE DEBTORS' LEGAL COUNSEL, RETAINED PROFESSIONALS, OR OTHERWISE DELIVERED TO THE DEBTORS, AND ANY SUCH FORMS SO FILED OR SENT WILL NOT BE CONSIDERED PROPERLY SUBMITTED.**

---

[16] This portal is not yet live.

SMRH:4852-3674-0076.1
052621

732L-319169

**7. CLAIM IDENTIFIERS AND SUPPORTING DOCUMENTS**

For those Investors disputing the amount of their Investor Claim, each submitted Customized POC Form must include:

(a) The Debtors' unique UOA Claim Number (*i.e.,* this refers to an internal "Unit of Account" Number reference) set forth in the upper left hand corner on Schedules A and B.

(b) With respect to any disputes of your investment activity detailed in Schedule B1, specify investment transactions that you dispute, including providing the Investment ID identified on Schedule B1 for any such investment activity objected to. With respect to any disputes of other payments you received as detailed in Schedule B2, specify the transactions that you dispute, including describing the Category and Date provided on Schedule B2. If there is insufficient space on the Customized POC Form, include such information in an addendum attached to the Customized POC Form (and include the UOA Claim No. on all separately attached continuation sheets).

(c) Redacted copies of all documents that support the claim asserted in the Customized POC Form. <u>Please include your name and the UOA Claim No. on each page of every document that you submit.</u> DO NOT SEND ORIGINAL DOCUMENTS.

Such documentation may include, but is not limited to: copies of personal checks, cashier's checks, wire transfer advices, and other documents evidencing the investment of funds; copies of each signed investment contract; copies of all agreements, promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, evidence of perfection lien; and other documents evidencing the amount and basis of the claim. <u>If such supporting documentation is not available, in an addendum that is attached to your Customized POC Form, please explain why it is not available.</u>

As applicable, supporting documentation must also include a chronological accounting of any withdrawals made by or payments received from any of the PFI Enterprise entities, whether such payments were denominated as the return of principal, interest, commissions, finder's fee, or otherwise, indicating the date and amount of each withdrawal or payment and the Investment ID associated with each such investment set forth in Schedule B1.

**PLEASE DO NOT SUBMIT THE FOLLOWING TYPES OF DOCUMENTS WITH THE CUSTOMIZED POC FORM AS THEY WILL NOT SUBSTANTIATE YOUR CLAIM:** i) marketing brochures and other marketing materials received by you, ii) routine or form correspondence received by you, iii) copies of pleadings on file in any case involving the Debtors, iv) any interest schedule sent to you by the Debtors**,** and v) other documents received by you that do not reflect specific information concerning the existence or value of your claim.

**8.     REQUESTS FOR ADDITIONAL INFORMATION AND COOPERATION**

If after receiving a Customized POC Form, the Debtors or the PFI Trustee, as applicable, determine that additional information is needed to process your claim, the Debtors or the PFI Trustee may contact you by telephone, mail or email to request such additional information. Please cooperate with the Debtors and the PFI Trustee to the maximum extent possible to achieve swift resolution of disputes concerning Investor Claims without the need for a determination by the Court.

**9.     CONSENT TO JURISDICTION**

If you dispute the amount of your Investor Claim and submit a Customized POC Form in these Cases, you consent to the jurisdiction of the Court for all purposes and agree to be bound by its decisions, including, without limitation, a determination as to the extent, validity, priority and amount of any Investor Claim you assert against the Debtors, Professional Investors 28, LLC, PFI Glenwood LLC, the PFI Trust and their respective estates and assets. You also will be responsible for your own costs and attorneys' fees in disputing the Total Allowed Restitution Claim, as calculated by FTI.

**10.     RESERVATION OF RIGHTS**

The Debtors and the PFI Trust reserve the right to dispute, or assert offsets or defenses as to the extent, validity, priority, or otherwise against, any amounts asserted in any Customized POC Form or against the Net Claim of any recipient of a Netting Analysis Notice, including but not limited to the manner in which accounts will be aggregated and treated under the Plan. Nothing set forth in this Bar Date Notice, the Customized POC Form, or the Netting Analysis Notice or the accompanying schedules thereto shall preclude the Debtors or the PFI Trustee, as applicable, from objecting to any Investor Claim, on any grounds.

# List of Debtors and Non-Debtor Affiliates Comprising the PFI Enterprise

The following is a list of the entities comprising the PFI Enterprise. The address of each of the following entities is: 350 Ignacio Blvd, Suite 300, Novato, CA, 94949-7202.

| Debtor or Non-Debtor Affiliate | Case No. | Federal Tax I.D. # | Petition Date/Entry of Order for Relief (if applicable) |
|---|---|---|---|
| Professional Financial Investors, Inc. | 20-30604 | 68-0233228 | July 26, 2020 |
| Professional Investors Security Fund, Inc. | 20-30579 | 68-0040208 | July 16, 2020 |
| Professional Investors Security Fund I, A California Limited Partnership | 20-30908 | 68-0022483 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund IV, A California Limited Partnership | 20-30909 | 68-0049491 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund VII, A California Limited Partnership | 20-30911 | 68-0115840 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund IX, A California Limited Partnership | 20-30910 | 68-0184540 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund XII, A California Limited Partnership | 20-30912 | 68-0233359 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund XIII, A California Limited Partnership | 20-30913 | 68-0264951 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund XIV, A California Limited Partnership | 20-30914 | 68-0287489 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund XV, A California Limited Partnership | 20-30915 | 68-0298084 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund XVII, A California Limited Partnership | 20-30916 | 68-0322071 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund XVIII, A California Limited Partnership | 20-30917 | 68-0340123 | November 20, 2020/ December 11, 2020 |
| Professional Investors 20, LLC | 20-30919 | 46-3353668 | November 20, 2020/ December 11, 2020 |
| Professional Investors 21, LLC | 20-30920 | 46-5084863 | November 20, 2020/ December 11, 2020 |
| Professional Investors 22, LLC | 20-30922 | 47-1285602 | November 20, 2020/ December 11, 2020 |
| Professional Investors 23, LLC | 20-30923 | 47-1699320 | November 20, 2020/ December 11, 2020 |
| Professional Investors 24, LLC | 20-30924 | 47-3144421 | November 20, 2020/ December 11, 2020 |
| Professional Investors 25, LLC | 20-30925 | 47-3879056 | November 20, 2020/ December 11, 2020 |
| Professional Investors 26, LLC | 20-30927 | 47-4335145 | November 20, 2020/ December 11, 2020 |
| Professional Investors 27, LLC | 20-30928 | 47-4930703 | November 20, 2020/ December 11, 2020 |
| Professional Investors 29, LLC | 20-30929 | 81-2625418 | November 20, 2020/ December 11, 2020 |
| Professional Investors 30, LLC | 20-30930 | 37-1827607 | November 20, 2020/ December 11, 2020 |
| Professional Investors 31, LLC | 21-30093 | 81-3273083 | February 4, 2021/ February 18, 2021 |
| Professional Investors 32, LLC | 20-30934 | 81-3281756 | November 20, 2020/ December 11, 2020 |
| Professional Investors 33, LLC | 20-30935 | 81-3302457 | November 20, 2020/ December 11, 2020 |
| Professional Investors 34, LLC | 20-30936 | 81-4307357 | November 20, 2020/ December 11, 2020 |
| Professional Investors 35, LLC | 20-30937 | 81-4323161 | November 20, 2020/ December 11, 2020 |
| Professional Investors 36, LLC | 20-30938 | 82-1387886 | November 20, 2020/ December 11, 2020 |
| Professional Investors 37, LLC | 20-30939 | 82-1409164 | November 20, 2020/ December 11, 2020 |
| Professional Investors 38, LLC | 21-30082 | 82-2734722 | February 3, 2021/February 17, 2021 |
| Professional Investors 39, LLC | 21-30083 | 82-3661635 | February 3, 2021/February 17, 2021 |
| Professional Investors 40, LLC | 20-30940 | 82-3823200 | November 20, 2020/ December 11, 2020 |
| Professional Investors 41, LLC | 20-30941 | 82-3839566 | November 20, 2020/ December 11, 2020 |
| Professional Investors 42, LLC | 21-30084 | 82-5497471 | February 3, 2021/February 17, 2021 |
| Professional Investors 43, LLC | 21-30085 | 83-2208999 | February 3, 2021/February 17, 2021 |
| Professional Investors 44, LLC | 21-30086 | 83-2294816 | February 3, 2021/February 17, 2021 |
| Professional Investors 45, LLC | 21-30087 | 83-2315445 | February 3, 2021/February 17, 2021 |
| Professional Investors 46, LLC | 20-30942 | 84-1743732 | November 20, 2020/ December 11, 2020 |

SMRH:4852-3674-0076.1
05262021

732L-319169

Case: 20-30604   Doc# 661   Filed: 05/26/21   Entered: 05/26/21 19:01:18   Page 28 of 66

| | | | |
|---|---|---|---|
| Professional Investors 47, LLC | 21-30088 | 84-2157268 | February 3, 2021/February 17, 2021 |
| Professional Investors 48, LLC | 21-30089 | 84-3537563 | February 3, 2021/February 17, 2021 |
| Professional Investors 49, LLC | 21-30094 | 84-3792687 | February 4, 2021/ February 18, 2021 |
| Professional Investors 28, LLC | N/A | 47-5310122 | Order Authorizing Substantive Consolidation with Debtors' Estates Entered May [*], 2021 |
| PFI Glenwood LLC | N/A | 82-2779085 | Order Authorizing Substantive Consolidation with Debtors' Estates Entered May [*], 2021 |
| Professional Investors 50, LLC | N/A | 84-5177038 | N/A |

# EXHIBIT C

## Proposed Former Investors Bar Date Notice

SMRH:4852-3674-0076.1
052621

73ZL-319169

| In re: | Chapter 11 |
| --- | --- |
| PROFESSIONAL FINANCIAL INVESTORS, INC., *et al.*,[1] | Case No. 20-30604 |
| | (Jointly Administered) |
| Debtors. | **NOTICE TO FORMER INVESTORS IN THE PFI ENTERPRISE OF BAR DATE FOR FILING PROOFS OF CLAIM** |

**TO: FORMER INVESTORS THAT DID NOT HOLD A CURRENT INVESTMENT IN THE PFI ENTERPRISE AS OF JULY 26, 2020:**

The United States Bankruptcy Court for the Northern District of California (the "Court") entered an order (the "Investor Bar Date Order") in the above-captioned chapter 11 cases (the "Cases") of the below-listed debtors and debtors-in-possession (the "Debtors") fixing the deadline as **August 20, 2021, at 11:59 p.m. (prevailing Pacific Time)** (the "Investor Bar Date Deadline") for all individuals and entities who invested in the Debtors and their non-debtor affiliates, Professional Investors 28, LLC, PFI Glenwood LLC and Professional Investors 50, LLC (collectively with the Debtors, the "PFI Enterprise") by purchasing an investment product or making an investment offered by any of the PFI Enterprise entities, whether through straight notes, deeds of trust on PFI-owned property, or equity interests in PFI-managed LLCs or LPs (an "Investor"), to submit completed and signed proofs of claim ("Proofs of Claim") under penalty of perjury, together with supporting documentation, in these Cases.

You are receiving this notice because, at one time, you may have been an Investor in the PFI Enterprise, although the Debtors' books and records show that you did not hold any investments in the PFI Enterprise as of July 26, 2020 (a "Former Investor"). As a Former Investor, the Debtors' books and records show that you do not have a claim, as defined in section 101(5) of title 11 of the United States Code (the "Bankruptcy Code"), in these Cases. If you disagree and believe that you have a claim on account of your past investments in the PFI Enterprise, you must submit a Proof of Claim as set forth herein by the Investor Bar Date Deadline of **August 20, 2021, at 11:59 p.m. (prevailing Pacific Time)**.

All Proofs of Claims shall be in writing, together with supporting documentation, substantially conforming with Official Bankruptcy Form 410, or as otherwise prescribed or authorized under the Bankruptcy Rules, **so they are actually received** on or before the Investor Bar Date Deadline, as follows:

**If Proof of Claim is sent by mail, send to:**

Donlin, Recano & Company, Inc.
Re: Professional Financial Investors, Inc., et al.
P.O. Box 199043
Blythebourne Station
Brooklyn, NY 11219

---

[1] A complete list of the Debtors and non-Debtor affiliates that comprise the PFI Enterprise, their federal tax identification numbers, and their address is attached as a Schedule to this Notice.

**If Proof of Claim is sent by Overnight Courier or Hand Delivery, send to:**

Donlin, Recano & Company, Inc.
Re: Professional Financial Investors, Inc., et al.
6201 15th Avenue
Brooklyn, NY 11219

Please file Proofs of Claim, if any, via U.S. Mail, overnight courier or other hand delivery system as indicated above. Facsimile and e-mail delivery methods are not acceptable. You must file an originally executed Proof of Claim as indicated above. If you file an originally executed Proof of Claim and would like a copy of your Proof of Claim returned to you as proof of receipt, please enclose an additional copy of the Proof(s) of Claim and a self-addressed postage-paid envelope.

**PROOFS OF CLAIM SHOULD NOT BE FILED WITH THE COURT, OR SENT TO THE DEBTORS' LEGAL COUNSEL, RETAINED PROFESSIONALS, OR OTHERWISE DELIVERED TO THE DEBTORS, AND ANY PROOF OF CLAIM SO FILED OR SENT WILL NOT BE CONSIDERED PROPERLY SUBMITTED.**

Any Former Investor that fails to file a Proof of Claim in accordance with the applicable procedures set forth herein: (1) shall not, with respect to any such claim, be treated as a creditor of any of the Debtors, Professional Investors 28, LLC and PFI Glenwood LLC for the purposes of distribution under any plan; and (2) shall be forever barred from (a) filing a proof of claim with respect to such claim, (b) asserting such claim against any of the Debtors, Professional Investors 28, LLC, PFI Glenwood LLC, the PFI Trustee or their respective estates or property, and (c) participating in any distribution in these Cases on account of such claim.

If you submit a Proof of Claim Form in these Cases, you consent to the jurisdiction of the Court for all purposes and agree to be bound by its decisions, including, without limitation, a determination as to the extent, validity, priority and amount of any Investor Claim you assert against the Debtors, the PFI Trust and their respective estates and assets.

A Proof of Claim form (Official Bankruptcy Form 410) is enclosed in this notice for your convenience. The Bar Date Order and additional copies of the Proof of Claim form (Official Bankruptcy Form 410) may be obtained: (i) for a fee, on the Court's website, www.canb.uscourts.gov (a PACER account is required); (ii) for free at the Claims Agent's dedicated PFI website at www.donlinrecano.com/pfi; or (iii) by contacting counsel for the Official Committee of Unsecured Creditors ("OCUC") as set forth below.

Any questions concerning this notice should be directed to counsel for the OCUC, Pachulski Stang Ziehl & Jones LLP, Attn: Cia H. Mackle at cmackle@pszjlaw.com or (310) 772-2328.

Case: 20-30604   Doc# 661   Filed: 05/26/21   Entered: 05/26/21 19:01:18   Page 32 of 66

## List of Debtors and Non-Debtor Affiliates Comprising the PFI Enterprise

The following is a list of the entities comprising the PFI Enterprise. The address of each of the following entities is: 350 Ignacio Blvd, Suite 300, Novato, CA, 94949-7202.

| Debtor or Non-Debtor Affiliate | Case No. | Federal Tax I.D. # | Petition Date/Entry of Order for Relief (if applicable) |
|---|---|---|---|
| Professional Financial Investors, Inc. | 20-30604 | 68-0233228 | July 26, 2020 |
| Professional Investors Security Fund, Inc. | 20-30579 | 68-0040208 | July 16, 2020 |
| Professional Investors Security Fund I, A California Limited Partnership | 20-30908 | 68-0022483 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund IV, A California Limited Partnership | 20-30909 | 68-0049491 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund VII, A California Limited Partnership | 20-30911 | 68-0115840 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund IX, A California Limited Partnership | 20-30910 | 68-0184540 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund XII, A California Limited Partnership | 20-30912 | 68-0233359 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund XIII, A California Limited Partnership | 20-30913 | 68-0264951 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund XIV, A California Limited Partnership | 20-30914 | 68-0287489 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund XV, A California Limited Partnership | 20-30915 | 68-0298084 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund XVII, A California Limited Partnership | 20-30916 | 68-0322071 | November 20, 2020/ December 11, 2020 |
| Professional Investors Security Fund XVIII, A California Limited Partnership | 20-30917 | 68-0340123 | November 20, 2020/ December 11, 2020 |
| Professional Investors 20, LLC | 20-30919 | 46-3353668 | November 20, 2020/ December 11, 2020 |
| Professional Investors 21, LLC | 20-30920 | 46-5084863 | November 20, 2020/ December 11, 2020 |
| Professional Investors 22, LLC | 20-30922 | 47-1285602 | November 20, 2020/ December 11, 2020 |
| Professional Investors 23, LLC | 20-30923 | 47-1699320 | November 20, 2020/ December 11, 2020 |
| Professional Investors 24, LLC | 20-30924 | 47-3144421 | November 20, 2020/ December 11, 2020 |
| Professional Investors 25, LLC | 20-30925 | 47-3879056 | November 20, 2020/ December 11, 2020 |
| Professional Investors 26, LLC | 20-30927 | 47-4335145 | November 20, 2020/ December 11, 2020 |
| Professional Investors 27, LLC | 20-30928 | 47-4930703 | November 20, 2020/ December 11, 2020 |
| Professional Investors 29, LLC | 20-30929 | 81-2625418 | November 20, 2020/ December 11, 2020 |
| Professional Investors 30, LLC | 20-30930 | 37-1827607 | November 20, 2020/ December 11, 2020 |
| Professional Investors 31, LLC | 21-30093 | 81-3273083 | February 4, 2021/ February 18, 2021 |
| Professional Investors 32, LLC | 20-30934 | 81-3281756 | November 20, 2020/ December 11, 2020 |
| Professional Investors 33, LLC | 20-30935 | 81-3302457 | November 20, 2020/ December 11, 2020 |
| Professional Investors 34, LLC | 20-30936 | 81-4307357 | November 20, 2020/ December 11, 2020 |
| Professional Investors 35, LLC | 20-30937 | 81-4323161 | November 20, 2020/ December 11, 2020 |
| Professional Investors 36, LLC | 20-30938 | 82-1387886 | November 20, 2020/ December 11, 2020 |
| Professional Investors 37, LLC | 20-30939 | 82-1409164 | November 20, 2020/ December 11, 2020 |
| Professional Investors 38, LLC | 21-30082 | 82-2734722 | February 3, 2021/February 17, 2021 |
| Professional Investors 39, LLC | 21-30083 | 82-3661635 | February 3, 2021/February 17, 2021 |
| Professional Investors 40, LLC | 20-30940 | 82-3823200 | November 20, 2020/ December 11, 2020 |
| Professional Investors 41, LLC | 20-30941 | 82-3839566 | November 20, 2020/ December 11, 2020 |
| Professional Investors 42, LLC | 21-30084 | 82-5497471 | February 3, 2021/February 17, 2021 |
| Professional Investors 43, LLC | 21-30085 | 83-2208999 | February 3, 2021/February 17, 2021 |
| Professional Investors 44, LLC | 21-30086 | 83-2294816 | February 3, 2021/February 17, 2021 |

SMRH:4852-3674-0076.1
052621

73ZL-319169

| Professional Investors 45, LLC | 21-30087 | 83-2315445 | February 3, 2021/February 17, 2021 |
|---|---|---|---|
| Professional Investors 46, LLC | 20-30942 | 84-1743732 | November 20, 2020/ December 11, 2020 |
| Professional Investors 47, LLC | 21-30088 | 84-2157268 | February 3, 2021/February 17, 2021 |
| Professional Investors 48, LLC | 21-30089 | 84-3537563 | February 3, 2021/February 17, 2021 |
| Professional Investors 49, LLC | 21-30094 | 84-3792687 | February 4, 2021/ February 18, 2021 |
| Professional Investors 28, LLC | N/A | 47-5310122 | Order Authorizing Substantive Consolidation with Debtors' Estates Entered May [*], 2021 |
| PFI Glenwood LLC | N/A | 82-2779085 | Order Authorizing Substantive Consolidation with Debtors' Estates Entered May [*], 2021 |
| Professional Investors 50, LLC | N/A | 82-5177038 | N/A |

# EXHIBIT D

## Proposed Schedule of Allowed Netted Claims

SMRH:4852-3674-0076.1
052621

73ZL-319169

# EXHIBIT D-1

**Notice of Determination of Allowed Investor Claims
(the "Netting Analysis Notice")**

Case: 20-30604   Doc# 661   Filed: 05/26/21   Entered: 05/26/21 19:01:18   Page 36 of
66

In re:

PROFESSIONAL FINANCIAL
INVESTORS, INC., *et al.*,[18]

                                    Debtors.

Chapter 11

Case No. 20-30604

(Jointly Administered)

**NOTICE OF DETERMINATION OF ALLOWED
INVESTOR CLAIMS**

Dear Investor:

     **PLEASE READ THIS NOTICE CAREFULLY.**

     The Debtors' retained forensic accountants in the above-captioned Chapter 11 cases (the "Cases") have made the following determination, based on a review and forensic investigation of the Debtors' books and records, regarding the amount of your Allowed Investor Claim. Accompanying this Notice, you also should receive the following documents:

    1.    Schedule A: Summary of Allowed Restitution Claim;
    2.    Schedule B1: Detailed Report of Account Activity;[19]
    3.    Notice of Investor Claims Bar Date and Procedures for Submitting Proofs of Claims (the "Bar Date Notice"); and
    4.    Customized Investor Proof of Claim Form (the "Customized POC Form").

     **Schedule A** accompanying this Notice provides an overview of the netting calculation per investment for each Unit of Account held by an Investor(s). **Schedule B1** accompanying this Notice provides a detailed summary of the account activity supporting the netting calculation set forth in **Schedule A**. Some Investors (but not all) also may receive a **Schedule B2**, which provides a detailed report of other payments you may have received (*e.g.*, referral fees) as summarized on **Schedule A**.

     If you **ACCEPT** with the information and amounts contained in the accompanying Schedules, you do **NOT** need to take any further action and you do **NOT** need to file a Customized POC Form in these Cases.

     If you **DISPUTE** the information or amounts in the accompanying Schedules and want to assert a claim that is different, then you have the right to and **MUST** submit a Customized POC Form, including supporting documents as set forth in the Bar Date Notice. If you fail to submit a Customized POC Form in a timely manner or in the proper form, you may be forever barred, estopped and enjoined to the fullest extent allowed by applicable law from asserting, in any manner,

---

[18] A complete list of the Debtors and their respective chapter 11 case numbers, as well as the federal tax identification numbers for each of the Debtors, may be found at www.donlinerecano.com/pfi. The federal tax identification numbers of each of the Debtors is also available in the bankruptcy petitions of each Debtor.

[19] Schedule B may consist of two schedules: (i) all Investors will receive a Schedule B1, which provides a detailed report of the account activity for each of the investments identified on Schedule A that supports the netting analysis set forth therein; and (ii) some Investors, as applicable, also may receive a Schedule B2, which provides a detailed report of other payments you may have received (*e.g.*, referral fees) as summarized on Schedule A.

a claim amount different or greater than the amount set forth in **Schedule A** against any of the PFI Enterprise entities, the PFI Trust and their respective estates or assets.

## UNDERSTANDING COMBINING INVESTMENTS INTO "UNITS OF ACCOUNT"

In calculating the "Net Claim" amount, **Schedule A** aggregates certain investors and investments into one Unit of Account, meaning that all individuals and entities that invested in the PFI Enterprise that share the same taxpayer identification number, without regard to the type of investment or investment vehicle, are aggregated into a single Unit of Account for purposes of determining the Net Claim amount. For example, if an IRA and personal investment have the same taxpayer identification number, both investors and their respective investments are grouped into one Unit of Account with a single, aggregated Net Claim. Likewise, some investments may be under the same name (*e.g.*, Jane Doe Family Trust), but may nonetheless appear under two different Units of Account if different taxpayer identification numbers were used for different investments.

**If you DISPUTE any information or amount provided in Schedules A or B and decide to file a Proof of Claim Form, THE CORRECT "UOA CLAIM NO." SET FORTH IN THE UPPER LEFT HAND CORNER ON THE FRONT PAGE OF SCHEDULES A AND B MUST BE INCLUDED ON YOUR CUSTOMIZED POC FORM OR YOUR CLAIM MAY NOT BE CONSIDERED PROPERLY SUBMITTED.**

## UNDERSTANDING SCHEDULE A

**Schedule A** identifies the Total Allowed Restitution Claim for each Investor's Unit of Account, including a summary of the Net Claim amount on an investment by investment basis. **PLEASE REFER TO THE BOX AT THE END OF SCHEDULE A, WHICH PROVIDES YOUR TOTAL ALLOWED RESTITUTION CLAIM AMOUNT. THE SUMMARY INFORMATION PRECEDING THAT BOX IS THE SUMMARY BACKUP TO CALCULATING THE TOTAL NET CLAIM SET FORTH IN THE BOX.**

The following information will assist you in better understanding the information contained in **Schedule A**:

- **"Investment ID"**: This field is an internal reference number assigned to each investment. This number will assist you in cross-referencing the detailed account activity for each investment on **Schedule B**1 (if you receive a **Schedule B2**, there are no Investment ID numbers). In addition, if you dispute the amounts provided in **Schedules A or B** with respect to a particular investment or other payment and decide to file a Customized POC Form, **YOU MUST REFERENCE ANY INVESTMENT ID NUMBER PROVIDED IN SCHEDULE B1 FOR ANY INVESTMENT THAT YOU DISPUTE IN YOUR CUSTOMIZED POC FORM.**

- **"2007 Starting Balance"**: This field identifies the total balance on the Debtors' books and records as of January 1, 2007 (the effective start of the Ponzi scheme), inclusive of accrued interest, for each investment identified in the applicable Schedule. For clarity purposes, the "2007 Starting Balance" is only applicable for investors who had an investment balance in a particular investment on January 1, 2007. If you invested in an investment on or after January 1, 2007, you will not have a "2007 Starting Balance" for that investment.

- **"Cash In"**: This field calculates actual dollars invested by or on behalf of an investor on or after January 1, 2007.

Case: 20-30604   Doc# 661   Filed: 05/26/21   Entered: 05/26/21 19:01:18   Page 38 of 66

- **"Rollover Cash In"**: This field includes any dollars transferred in to a PFI related investment (*i.e.,* rolled over) from another PFI related investment on or after January 1, 2007.

- **"Total Cash In"**: This field simply adds the amounts in the "2007 Starting Balance," "Cash In" and "Rollover Cash In" columns for each investment.

- **"Cash Out"**: This field calculates all actual payments made to an investor on or after January 1, 2007.

- **"Rollover Cash Out"**: This field includes any dollars transferred out from a PFI related investment (*i.e.*, rolled over) to another PFI related investment on or after January 1, 2007.

- **"Total Cash Out"**: This field simply adds the amounts in the "Cash Out" and "Rollover Cash Out" columns for each investment.

- **"Net Amount/Net Claim"**: The "Net Claim" is the Total Cash In net of the Total Cash Out. Your Total Net Claim for all investments listed in the Unit of Account is the greater of $0.00 or the aggregate sum of all of the Net Claims for the Unit of Account. For clarity purposes, your Total Net Claim can never be less than zero.

- "**Total Allowed Restitution Claim**": This is the amount of your fixed Allowed Restitution Claim. It will be the same as your Total Net Claim, unless you contributed your claims under the Plan on your ballot when you voted for or against the Plan (see Answers to Questions below for further explanation), in which case your Total Allowed Restitution Claim will be 5% greater than your Total Net Claim.

## UNDERSTANDING SCHEDULE B

**Schedule B** may consist of two schedules: (i) all investors will receive a **Schedule B1**, which provides a detailed report of the account activity for each of the investments identified on **Schedule A** that supports the netting analysis set forth therein; and (ii) some investors, as applicable, also may receive a **Schedule B2**, which provides a detailed report of other payments you may have received (*e.g.*, referral fees) as summarized on **Schedule A**.

In addition to showing the detailed account activity that is the basis for calculating the Net Claim on **Schedule A**, **Schedule B1** also identifies account activity that did not involve any cash transactions, whereas such non-cash activity is NOT included as part of the Net Claim calculation. This type of non-cash activity identified for each investment account includes:

- **"Non Cash In"**: This includes increases in the investment balance on or after January 1, 2007 that were not a result of cash contributions from an investor (such as accrued interest, referral fee credits, etc.), and is therefore excluded from the Net Claim calculation.

- **"Rolled Over Investment (In)"**: This includes amounts transferred in from one PFI related investment to another PFI related investment on or after January 1, 2007 that were not contributed by the investor (such as accrued interest, referral fee credits, etc.).

- **"Non Cash Out"**: This includes reinvestments of interest distributions and account adjustments on or after January 1, 2007.

- **"Rolled Over Investment (Out)"**: This includes funds transferred out from one PFI related investment to another PFI related on or after January 1, 2007 that were not contributed by the investor (such as accrued interest, referral fee credits, etc.).

SMRH:4852-3674-0076.1
05262L
732L-319169

***What if Schedule A shows that I received payments in excess of what I invested (a "Net Winner")?*** The Total Net Claim amount cannot be less than $0.00. If your Total Net Claim is listed as $0.00, the PFI Trust may bring an avoidance action against you at a later time to "clawback" fictitious profits that you received in excess of the amount that you invested. If your Total Net Claim is listed as $0.00, the amount that the PFI Trust may be able to clawback from you, if any, will be identified on Schedule A.

***I contributed my Contributed Claims under the Plan when I voted on the Plan. What about the 5% increase to my Investor Claims for such contribution?*** If you agreed to contribute litigation claims to the PFI Trust under the Plan (defined as "Contributed Claims" in the Plan), your Total Net Claim will be increased by 5%. Schedule A identifies whether the Debtors' records show that you contributed your Contributed Claims, and the Total Allowed Restitution Claim amount on Schedule A will reflect the 5% increase, if applicable. If (i) your Total Net Claim is $0.00 or (ii) the Debtors' records show that you did <u>NOT</u> elect on your ballot to contribute the Contributed Claims, then your Total Allowed Restitution Claim will not include a 5% increase. So long as your Total Net Claim is greater than $0.00, if you believe that the Debtors erroneously recorded you as <u>not</u> contributing your Contributed Claims, or if you wish to have your Total Net Claim increased by 5% by contributing such Contributed Claims now, please complete and submit the Contributed Claim Election Form accompanying this Notice in accordance with the instructions contained therein. A copy of the Contributed Claim Election Form can also be found on the Claims Agent website at www.donlinrecano.com/pfi.

***I don't dispute the Total Allowed Restitution Claim amount provided in Schedule A, but there is other information that I believe may be incorrect.*** If there are material issues or disputes about your Total Allowed Restitution Claim not related to the amount of such Total Allowed Restitution Claim -- for example, if your investment is correctly listed in amount, but is not in the correct name – then you can complete Section 1, Item Nos. 2 and 8 and Part 2 of the Customized POC Form only. If you determine that such non-monetary errors or omissions in Schedules A and/or B are immaterial, you DO NOT need to complete a Customized POC Form. Please be conscientious that every Customized POC Form submitted will need to undergo a claims reconciliation process by the PFI Trust and its retained professionals, the costs of which will only serve to reduce recoveries to Investors.

***Why doesn't FTI's netting analysis include a calculation of my Subordinated Claim?*** Under the Plan, Investors become beneficiaries under the PFI Trust and will receive, for each dollar of their Allowed Restitution Claim, one "Class A PFI Trust Interest." Although Investors also will receive one "Class B PFI Trust Interest" for each dollar of their Allowed Subordinated Claim, no distributions will be made on account of any Class B PFI Trust Interests until the Class A PFI Trust Interests are paid in full. In order to reduce administrative costs and maximize distributions made on account of Class A PFI Trust Interests, Investor Subordinated Claims are not being calculated at this time. If and when the PFI Trust calculates Investor Subordinated Claims, the Trustee of the PFI Trust will determine a method to notify Investors of the amount of those claims.

***I am confused by the use of the term "rollover" in the Schedules.*** The use of the term "Rollover" or "Rolled Over" in the Schedules generally refers to the transfer of monies from one PFI-related investment to another PFI-related investment, either as between the same investor or different investors (such as from an individual to a family trust or another family member). Some investors

may have had personal, non-PFI related investments (such as IRAs), where they took money from their personal investment vehicles and transferred it to a PFI-related investment. Although you may consider these type of transactions (*i.e.*, from a personal investment account to a PFI-related investment) as a "rollover," such transactions are not treated as "rollovers" for purposes of the Schedules A and B you received, but rather would be treated as "Cash In" or "Cash Out" transactions, as applicable.

***Why am I receiving multiple Notices and Investor Claim Packages?*** You may receive multiple copies of this Notice because, among other things: (i) there are multiple addresses in the Debtors' books and records associated with each investment account; or (ii) you have different Units of Account for different investments that you made. If you receive multiple copies of the same Unit of Account (with the same UOC Claim No.), these are duplicate copies and if you decide to challenge the Debtors' netting analysis and file a Customized POC Form, you only need to file ONE Customized POC Form for each unique UOA Claim Number. If you receive multiple Notices with different UOA Claim Nos. and you decide to challenge the Debtors' netting analysis by filing a Customized POC Form, you must file a separate Customized POC Form for each unique UOA Claim Number that you object to.

# EXHIBIT D-2

## Sample Schedule A: Summary of Allowed Restitution Claim

SMRH:4852-3674-0076.1
052621

73ZL-319169

**SCHEDULE A: SUMMARY OF TOTAL ALLOWED RESTITUTION CLAIM**

**UOA CLAIM NO. 20601**

| Investment ID | Name | Investment | [A] 2007 Starting Balance | [B] Cash In | [C] Rollover Cash In | [D]=[A]+[B]+[C] Total Cash In | [E] Cash Out | [F] Rollover Cash Out | [G]=[E]+[F] Total Cash Out | [H]=[D]+[G] Net Amount / Net Claim |
|---|---|---|---|---|---|---|---|---|---|---|
| 4000699 | JOHN DOE FAMILY TRUST | LLC [##]: [PROPERTY ADDRESS] | $0.00 | $0.00 | $100,000.00 | $100,000.00 | -$3,739.73 | $0.00 | -$3,739.73 | $96,260.27 |
| 1001398 | JOHN S. DOE | Note | 0.00 | 0.00 | 271,591.22 | 271,591.22 | -82,030.00 | -160,000.00 | -242,030.00 | 29,561.22 |
| 1001399 | JOHN DOE | Note | 101,807.65 | 389,099.74 | 60,000.00 | 550,907.39 | -300,166.04 | -271,591.22 | -571,757.26 | -20,849.87 |
| | JOHN S. DOE | Referral/Finder's Fees Paid | 0.00 | 0.00 | 0.00 | 0.00 | -10,000.00 | 0.00 | -10,000.00 | -10,000.00 |
| | | **TOTALS:** | **$101,807.65** | **$389,099.74** | **$431,591.22** | **$922,498.61** | **-$395,935.77** | **-$431,591.22** | **-$827,526.99** | **$94,971.62** |

| | |
|---|---|
| **TOTAL NET CLAIM:** | **$94,971.62** |
| 5% Increase for Contributed Claim: | Yes |
| | |
| **TOTAL ALLOWED RESTITUTION CLAIM:** | **$99,720.20** |
| **MAXIMUM AMOUNT SUBJECT TO CLAWBACK:** | **$0.00** |

# EXHIBIT D-3

**Sample Schedule B1: Detailed Report of Account Activity and Schedule B2: Detailed Report of Other Payments Received**

# SCHEDULE B1: DETAILED REPORT OF ACCOUNT ACTIVITY
## UOA CLAIM NO. 20601

| Investment ID | Investment | Date | Transaction Type | INCLUDED IN NET CLAIM CALCULATION | | | | | | EXCLUDED FROM NET CLAIM CALCULATION | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2007 Starting Balance | Cash In | Rollover Cash In | Cash Out | Rollover Cash Out | Check / Voucher* | Non Cash In | Rolled Over Investment (In) | Non Cash Out | Rolled Over Investment (Out) |
| 4000699 | LLC [##]: [PROPERTY ADDRESS] | 8/16/2019 | ROLLOVER - IN | | | $100,000.00 | | | | | | | |
| 4000699 | LLC [##]: [PROPERTY ADDRESS] | 10/31/2019 | INTEREST RECEIVED - QUARTERLY INTEREST | | | | -739.73 | | 1016 | | | | |
| 4000699 | LLC [##]: [PROPERTY ADDRESS] | 1/31/2020 | INTEREST RECEIVED - QUARTERLY INTEREST | | | | -1,500.00 | | 1039 | | | | |
| 4000699 | LLC [##]: [PROPERTY ADDRESS] | 4/30/2020 | INTEREST RECEIVED - QUARTERLY INTEREST | | | | -1,500.00 | | 1064 | | | | |
| | | | **Total Investment ID 4000699:** | **$0.00** | **$0.00** | **$100,000.00** | **-$3,739.73** | **$0.00** | | | | | |
| 1001398 | Note | 2/16/2018 | ROLLOVER - IN | | | $271,591.22 | | | | | | | |
| 1001398 | Note | 6/21/2018 | PAYDOWN - GENERAL | | | | -20,000.00 | | 99999 | | | | |
| 1001398 | Note | 6/21/2018 | CONTRIBUTION - ACCRUED INTEREST | | | | | | | 9,522.74 | | | |
| 1001398 | Note | 6/21/2018 | PAYDOWN - FEE | | | | -30.00 | | | | | | |
| 1001398 | Note | 1/3/2019 | PAYDOWN - GENERAL | | | | -20,000.00 | | 1516 | | | | |
| 1001398 | Note | 1/3/2019 | CONTRIBUTION - ACCRUED INTEREST | | | | | | | 14,227.38 | | | |
| 1001398 | Note | 6/16/2019 | CONTRIBUTION - ACCRUED INTEREST | | | | | | | 11,733.77 | | | |
| 1001398 | Note | 6/16/2019 | ROLLOVER - OUT | | | | | -60,000.00 | | | | | |
| 1001398 | Note | 7/2/2019 | PAYDOWN - GENERAL | | | | -22,000.00 | | 1651 | | | | |
| 1001398 | Note | 7/2/2019 | CONTRIBUTION - ACCRUED INTEREST | | | | | | | 903.34 | | | |
| 1001398 | Note | 8/16/2019 | CONTRIBUTION - ACCRUED INTEREST | | | | | | | 2,247.18 | | | |
| 1001398 | Note | 8/16/2019 | ROLLOVER - OUT | | | | | -100,000.00 | | | | | |
| 1001398 | Note | 11/5/2019 | CONTRIBUTION - ACCRUED INTEREST | | | | | | | 1,940.02 | | | |
| 1001398 | Note | 11/5/2019 | PAYDOWN - GENERAL | | | | -20,000.00 | | 1743 | | | | |
| | | | **Total Investment ID 1001398:** | **$0.00** | **$0.00** | **$271,591.22** | **-$82,030.00** | **-$160,000.00** | | | | | |
| 1001399 | Note | 1/1/2007 | BEGINNING BALANCE | $101,807.65 | | | | | | | | | |
| 1001399 | Note | 6/13/2007 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -700.00 | | 329989 | | | | |
| 1001399 | Note | 7/13/2007 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -700.00 | | 334763 | | | | |
| 1001399 | Note | 8/13/2007 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -700.00 | | 340320 | | | | |
| 1001399 | Note | 9/13/2007 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -700.00 | | 603226 | | | | |
| 1001399 | Note | 10/12/2007 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -700.00 | | 608404 | | | | |
| 1001399 | Note | 11/13/2007 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -700.00 | | 614243 | | | | |
| 1001399 | Note | 12/13/2007 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -700.00 | | 619820 | | | | |
| 1001399 | Note | 1/11/2008 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -700.00 | | 625837 | | | | |
| 1001399 | Note | 2/13/2008 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -700.00 | | 630997 | | | | |
| 1001399 | Note | 3/13/2008 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -700.00 | | 700283 | | | | |
| 1001399 | Note | 4/8/2008 | CONTRIBUTION - GENERAL | | 94,954.85 | | | | | | | | |
| 1001399 | Note | 4/8/2008 | CONTRIBUTION - ACCRUED INTEREST | | | | | | | 3,237.50 | | | |
| 1001399 | Note | 4/11/2008 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -700.00 | | 705471 | | | | |
| 1001399 | Note | 4/30/2008 | INTEREST ACCRUED - MONTHLY INTEREST | | | | | | | 1,236.04 | | | |
| 1001399 | Note | 6/24/2010 | CONTRIBUTION - GENERAL | | 44,144.89 | | | | | | | | |
| 1001399 | Note | 6/24/2010 | CONTRIBUTION - ACCRUED INTEREST | | | | | | | 55,855.11 | | | |
| 1001399 | Note | 9/30/2011 | INTEREST ACCRUED - MONTHLY INTEREST | | | | | | | 2,971.45 | | | |
| 1001399 | Note | 10/31/2011 | INTEREST ACCRUED - MONTHLY INTEREST | | | | | | | 2,997.45 | | | |
| 1001399 | Note | 11/30/2011 | INTEREST ACCRUED - MONTHLY INTEREST | | | | | | | 3,023.67 | | | |
| 1001399 | Note | 12/31/2011 | INTEREST ACCRUED - MONTHLY INTEREST | | | | | | | 3,050.13 | | | |

| | | | | | INCLUDED IN NET CLAIM CALCULATION | | | | | EXCLUDED FROM NET CLAIM CALCULATION | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Investment ID | Investment | Date | Transaction Type | 2007 Starting Balance | Cash In | Rollover Cash In | Cash Out | Rollover Cash Out | Check / Voucher* | Non Cash In | Rolled Over Investment (In) | Non Cash Out | Rolled Over Investment (Out) |
| 1001399 | Note | 3/12/2012 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -6,000.00 | | 2103 | | | | |
| 1001399 | Note | 11/27/2012 | PAYDOWN - GENERAL | | | | -20,000.00 | | 2299 | | | | |
| 1001399 | Note | 11/27/2012 | CONTRIBUTION - ACCRUED INTEREST | | | | | | | 20,000.00 | | | |
| 1001399 | Note | 5/16/2014 | CONTRIBUTION - GENERAL | | 50,000.00 | | | | | | | | |
| 1001399 | Note | 5/22/2014 | CONTRIBUTION - ACCRUED INTEREST | | | | | | | 107,547.48 | | | |
| 1001399 | Note | 7/10/2014 | PAYDOWN - GENERAL | | | | -10,000.00 | | 2658 | | | | |
| 1001399 | Note | 7/10/2014 | CONTRIBUTION - ACCRUED INTEREST | | | | | | | 24,545.11 | | | |
| 1001399 | Note | 7/24/2014 | PAYDOWN - GENERAL | | | | -10,000.00 | | 2669 | | | | |
| 1001399 | Note | 7/24/2014 | CONTRIBUTION - ACCRUED INTEREST | | | | | | | 1,806.22 | | | |
| 1001399 | Note | 9/11/2014 | CONTRIBUTION - ACCRUED INTEREST | | | | | | | 6,169.50 | | | |
| 1001399 | Note | 9/12/2014 | PAYDOWN - GENERAL | | | | -10,000.00 | | 2705 | | | | |
| 1001399 | Note | 10/23/2014 | PAYDOWN - GENERAL | | | | -15,000.00 | | 2741 | | | | |
| 1001399 | Note | 10/23/2014 | CONTRIBUTION - ACCRUED INTEREST | | | | | | | 5,174.93 | | | |
| 1001399 | Note | 6/1/2015 | CONTRIBUTION - ACCRUED INTEREST | | | | | | | 27,969.38 | | | |
| 1001399 | Note | 6/1/2015 | PAYDOWN - GENERAL | | | | -8,000.00 | | 3093 | | | | |
| 1001399 | Note | 10/12/2015 | PAYDOWN - GENERAL | | | | -15,000.00 | | 3152 | | | | |
| 1001399 | Note | 10/12/2015 | CONTRIBUTION - ACCRUED INTEREST | | | | | | | 17,335.67 | | | |
| 1001399 | Note | 12/9/2015 | PAYDOWN - GENERAL | | | | -15,000.00 | | 3176 | | | | |
| 1001399 | Note | 12/9/2015 | CONTRIBUTION - ACCRUED INTEREST | | | | | | | 7,460.33 | | | |
| 1001399 | Note | 3/9/2016 | CONTRIBUTION - FINDERS OR REFERRAL FEE | | | | | | | 2,000.00 | | | |
| 1001399 | Note | 4/4/2016 | CONTRIBUTION - FINDERS OR REFERRAL FEE | | | | | | | 2,000.00 | | | |
| 1001399 | Note | 4/4/2016 | CONTRIBUTION - ACCRUED INTEREST | | | | | | | 14,942.88 | | | |
| 1001399 | Note | 7/11/2016 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,096.59 | | 3303 | | | | |
| 1001399 | Note | 8/2/2016 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,096.59 | | 99999 | | | | |
| 1001399 | Note | 9/2/2016 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,096.59 | | 99999 | | | | |
| 1001399 | Note | 10/3/2016 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,096.59 | | 99999 | | | | |
| 1001399 | Note | 11/2/2016 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,096.59 | | 99999 | | | | |
| 1001399 | Note | 12/1/2016 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,096.59 | | 99999 | | | | |
| 1001399 | Note | 1/3/2017 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,096.59 | | 99999 | | | | |
| 1001399 | Note | 2/2/2017 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,096.59 | | 99999 | | | | |
| 1001399 | Note | 3/2/2017 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,096.59 | | 99999 | | | | |
| 1001399 | Note | 4/5/2017 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,096.59 | | 99999 | | | | |
| 1001399 | Note | 5/2/2017 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,096.59 | | 99999 | | | | |
| 1001399 | Note | 6/1/2017 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,096.59 | | 99999 | | | | |
| 1001399 | Note | 7/3/2017 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,096.59 | | 99999 | | | | |
| 1001399 | Note | 8/1/2017 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,096.59 | | 99999 | | | | |
| 1001399 | Note | 9/1/2017 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,096.59 | | 99999 | | | | |
| 1001399 | Note | 10/3/2017 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,096.59 | | 99999 | | | | |
| 1001399 | Note | 10/3/2017 | CONTRIBUTION - ACCRUED INTEREST | | | | | | | 7,639.72 | | | |
| 1001399 | Note | 11/1/2017 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,096.59 | | 99999 | | | | |
| 1001399 | Note | 12/1/2017 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,096.59 | | 99999 | | | | |
| 1001399 | Note | 1/3/2018 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,096.59 | | 99999 | | | | |
| 1001399 | Note | 1/18/2018 | CONTRIBUTION - GENERAL | | 200,000.00 | | | | | | | | |

# SCHEDULE B1: DETAILED REPORT OF ACCOUNT ACTIVITY
## UOA CLAIM NO. 20601

| Investment ID | Investment | Date | Transaction Type | INCLUDED IN NET CLAIM CALCULATION | | | | | | EXCLUDED FROM NET CLAIM CALCULATION | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2007 Starting Balance | Cash In | Rollover Cash In | Cash Out | Rollover Cash Out | Check / Voucher* | Non Cash In | Rolled Over Investment (In) | Non Cash Out | Rolled Over Investment (Out) |
| 1001399 | Note | 2/13/2018 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -5,630.83 | | 61375 | | | | |
| 1001399 | Note | 2/16/2018 | ROLLOVER - OUT | | | | | -271,591.22 | | | | | |
| 1001399 | Note | 3/13/2018 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -3,500.00 | | 62037 | | | | |
| 1001399 | Note | 4/13/2018 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -3,500.00 | | 62702 | | | | |
| 1001399 | Note | 5/11/2018 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -3,500.00 | | 63374 | | | | |
| 1001399 | Note | 6/13/2018 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -3,500.00 | | 64043 | | | | |
| 1001399 | Note | 7/13/2018 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -3,500.00 | | 64716 | | | | |
| 1001399 | Note | 8/13/2018 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -3,500.00 | | 65396 | | | | |
| 1001399 | Note | 9/13/2018 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -3,500.00 | | 66083 | | | | |
| 1001399 | Note | 10/12/2018 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -3,500.00 | | 66770 | | | | |
| 1001399 | Note | 11/13/2018 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -3,500.00 | | 67464 | | | | |
| 1001399 | Note | 12/13/2018 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -3,500.00 | | 68167 | | | | |
| 1001399 | Note | 1/11/2019 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -3,500.00 | | 68875 | | | | |
| 1001399 | Note | 2/13/2019 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -3,500.00 | | 69581 | | | | |
| 1001399 | Note | 3/13/2019 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -3,500.00 | | 70286 | | | | |
| 1001399 | Note | 4/12/2019 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -3,500.00 | | 70994 | | | | |
| 1001399 | Note | 5/13/2019 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -3,500.00 | | 71706 | | | | |
| 1001399 | Note | 6/13/2019 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -3,500.00 | | 72417 | | | | |
| 1001399 | Note | 6/16/2019 | ROLLOVER - IN | | | 60,000.00 | | | | | | | |
| 1001399 | Note | 7/12/2019 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,000.00 | | 73138 | | | | |
| 1001399 | Note | 8/13/2019 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,000.00 | | 73861 | | | | |
| 1001399 | Note | 9/13/2019 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,000.00 | | 74592 | | | | |
| 1001399 | Note | 10/11/2019 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,000.00 | | 75327 | | | | |
| 1001399 | Note | 11/13/2019 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,000.00 | | 76070 | | | | |
| 1001399 | Note | 12/13/2019 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,000.00 | | 76824 | | | | |
| 1001399 | Note | 1/13/2020 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,000.00 | | 77580 | | | | |
| 1001399 | Note | 2/13/2020 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,000.00 | | 78331 | | | | |
| 1001399 | Note | 3/13/2020 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,000.00 | | 79095 | | | | |
| 1001399 | Note | 4/13/2020 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,000.00 | | 79875 | | | | |
| 1001399 | Note | 5/13/2020 | INTEREST RECEIVED - MONTHLY INTEREST | | | | -4,000.00 | | 80655 | | | | |
| | | | **Total Investment ID 1001399:** | **$101,807.65** | **$389,099.74** | **$60,000.00** | **-$300,166.04** | **-$271,591.22** | | | | | |
| | | | **GRAND TOTAL UOA Claim No. 20601:** | **$101,807.65** | **$389,099.74** | **$431,591.22** | **-$385,935.77** | **-$431,591.22** | | | | | |

**Note:**

* Any Check/Voucher reference that includes all 9s (*e.g.* , 99999) refers to a wire transfer.

**SCHEDULE B2: DETAILED REPORT OF OTHER PAYMENTS RECEIVED**

**UOA CLAIM NO. 20601**

| Category | Date | Name | Debtor's Disbursement Note | Amount | Check / Voucher |
|---|---|---|---|---|---|
| FINDERS OR REFERRAL FEE | 11/24/2015 | John Doe | Referral fee for Jane Doe | -$4,000.00 | 3170 |
| FINDERS OR REFERRAL FEE | 3/1/2017 | John Doe | J. Doe finders fee | -2,000.00 | 56731 |
| FINDERS OR REFERRAL FEE | 12/18/2017 | John Doe | ref fee J. Doe | -2,000.00 | 56874 |
| FINDERS OR REFERRAL FEE | 5/10/2018 | John Doe | Jane Doe finders fees | -2,000.00 | 56956 |
| | | | TOTAL: | -$10,000.00 | |

# EXHIBIT E

**Proposed Contributed Claim Election Form**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-30604<br><br>(Jointly Administered) |

## CONTRIBUTED CLAIM ELECTION FORM

**You are being sent this Contributed Claim Election Form (the "Election Form") to allow you the opportunity to contribute the Contributed Claims if you failed to do so as part of the Plan confirmation process.**

The United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court") has approved a bankruptcy plan, entitled the *Second Amended Joint Chapter 11 Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee Dated May 20, 2021* (the "Plan") in the above-captioned Chapter 11 cases. In connection with voting on the Plan, you were previously given the opportunity to contribute to the PFI Trust all Contributed Claims (as defined in the Plan) in exchange for an increase to your Investor Claim by 5%.

You may return this completed and executed this Election Form to the Claims Agent via first class mail, overnight courier, or hand delivery by following the instructions set forth below.

**For this election to be valid, this Election Form must be properly completed, signed, and returned so that it is *actually received* by the Claims Agent by no later than 11:59 p.m. (Pacific Time) on August 20, 2021. Please submit this election form by *one* of the following methods:**

| **If by First Class Mail:** | **If by Overnight Courier or Hand Delivery:** |
|---|---|
| Donlin, Recano & Company, Inc.<br>Re: Professional Financial Investors, Inc., *et al.*<br>P.O. Box 199043<br>Blythebourne Station<br>Brooklyn, NY 11219 | Donlin, Recano & Company, Inc.<br>Re: Professional Financial Investors, Inc., *et al.*<br>6201 15th Avenue<br>Brooklyn, NY 11219 |

### DO NOT SUBMIT THIS FORM TO THE BANKRUPTCY COURT

Election forms submitted by facsimile, email or other means of electronic transmission will not be accepted.

**PLEASE COMPLETE THE FOLLOWING:**

**Contribution of Contributed Claims.** I elect to contribute to the PFI Trust all Contributed Claims (as defined in the Plan) in exchange for an increase to my Investor Claim by 5%.

☐ **YES, I elect to contribute my Contributed Claims to the PFI Trust**.

**Acknowledgement.** By signing this Election Form, the undersigned acknowledges and certifies that the undersigned is the claimant or has the power and authority to make the election provided herein. The undersigned agrees that this election supersedes and amends all other elections previously made by claimant with respect to the contribution of the Contributed Claims.

YOUR RECEIPT OF THIS ELECTION FORM DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.

**Signature:** _____

**Your Printed Name:** _____

**Email Address**: _____

**Date Completed:** _____

# EXHIBIT F

**Proposed Customized Investor Proof of Claim Form**

| Case Information: |
| --- |
| In re: Professional Financial Investors, Inc., et al. |
| Case No. 20-30604 (jointly administered) |
| United States Bankruptcy Court for the Northern District of California |

# Customized Investor Proof of Claim Form

**THIS CLAIM FORM SHOULD ONLY BE USED IF YOU WISH TO <u>DISPUTE</u> YOUR PROPOSED TOTAL NET CLAIM CALCULATED BY FTI.**

**IF YOU DO NOT WISH TO DISPUTE THE PROPOSED TOTAL NET CLAIM, YOU DO NOT NEED TO SUBMIT THIS FORM OR TAKE ANY FURTHER ACTION.**

**Read the instructions before filling out this form.   Do not send original documents;** they may be destroyed after scanning. If copies of your documents are not available, please explain the situation in an attachment to this form.

Under the *Second Amended Joint Chapter 11 Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Holders Committee Dated May 20, 2021* (the "Plan"),[1] Investor Claims are composed of Investor Restitution Claims and Investor Subordinated Claims.  At this time, only Investor Restitution Claims are being confirmed.  If Investor Subordinated Claims are later projected to receive a recovery, you will be notified and a separate process will be set up.  In broad terms, Investor Restitution Claims are calculated using the remaining principal owed to a "cash-Investor" by looking at the "starting balance" plus "cash-in" minus "cash-out" transactions during the relevant time periods.  This is referred to herein as your "Total Net Claim."  Your Investor Restitution Claim will either be equal to your Total Net Claim, or, if you made the Contributed Claim Election, will be increased by 5%.

If you assert a claim other than an Investor Claim (as defined in the Plan), please submit a Non-Investor Proof of Claim Form, available at: https://www.donlinrecano.com/Clients/pfi/Static/BDPOC.

| Part 1: | Identify the Claim |
| --- | --- |
| 1.   **Identification of Creditor** | [Prepopulate, including UOA Claim #] |
| 2.   **Do you wish to dispute the amount of the Total Net Claim listed on your Schedule A: Summary of Total Allowed Restitution Claim?** | ☐ No.  If you DO NOT wish to dispute the amount of the Total Net Claim, you DO NOT need to complete this Form.  Your Investor Restitution Claim will be allowed in the amount stated on the Summary of Total Allowed Restitution Claim.  If there is a problem with your claim other than the amount set forth as the Total Net Claim, please move directly to Item 8.<br><br>☐ Yes.  Please complete Items 3, 4, 5, 6, and 7, as applicable. |
| 3.   **Do you hold investments not accounted for in your Schedule A: Summary of Total Allowed Restitution Claim?** | ☐ No<br><br>☐ Yes.  How much is your net claim on account of any unlisted investments?  $_____, composed of $_____ (cash in) ***minus*** $_____ (cash out).  You must include supporting documentation regarding any unlisted investments.  Before checking this box, please contact {_____} to ensure you received all relevant claims documentation. |

---

[1] A copy of the Plan is available at: www.donlinrecano.com/Clients/pfi/Static/ConfirmationDocuments.

Case: 20-30604    Doc# 661    Filed: 05/26/21    Entered: 05/26/21 19:01:18    Page 53 of 66

| | |
|---|---|
| **4.** **Do you dispute FTI's calculation of the "Total Cash In" for any investments identified in your "Schedule B1: Detailed Report of Account Activity"? If yes, you MUST identify with specificity any missing payments and include the Investment ID number provided in Schedule B1, as well as the last 4 digits of the Tax ID or Social Security No., as applicable, associated with the holder of such investment.** | ☐ No<br><br>☐ Yes. Please identify the investments by "Investment No." for which the total cash in is **incorrectly** listed and supply the correct amount:<br><br>Investment ID:_____ Tax ID or SSN (last 4 digits): _____ Correct Total Cash In: _____<br><br>Date of Missing Cash In: _____ Amount of Missing Cash In: _____ Check No. _____<br><br>Date of Missing Cash In: _____ Amount of Missing Cash In: _____ Check No. _____<br><br>Date of Missing Cash In: _____ Amount of Missing Cash In: _____ Check No. _____<br><br>Investment ID:_____ Tax ID or SSN (last 4 digits): _____ Correct Total Cash In: _____<br><br>Date of Missing Cash In: _____ Amount of Missing Cash In: _____ Check No. _____<br><br>Date of Missing Cash In: _____ Amount of Missing Cash In: _____ Check No. _____<br><br>Date of Missing Cash In: _____ Amount of Missing Cash In: _____ Check No. _____<br><br>Investment ID:_____ Tax ID or SSN (last 4 digits): _____ Correct Total Cash In: _____<br><br>Date of Missing Cash In: _____ Amount of Missing Cash In: _____ Check No. _____<br><br>Date of Missing Cash In: _____ Amount of Missing Cash In: _____ Check No. _____<br><br>Date of Missing Cash In: _____ Amount of Missing Cash In: _____ Check No. _____<br><br>Please attach additional pages if necessary. You must attach supporting documentation if you assert that the "cash in" listed is incorrect. |
| **5.** **Do you dispute FTI's calculation of the "Total Cash Out" for any investments identified in your "Schedule B1: Detailed Report of Account Activity"? If yes, you MUST identify with specificity any disputed payments and include the Investment ID number provided in Schedule B1, as well as the last 4 digits of the Tax ID or Social Security No., as applicable, associated with the holder of such investment.** | ☐ No<br><br>☐ Yes. Please identify the investments by Investment No. for which the total cash out is **incorrectly** listed and supply the correct amount:<br><br>Investment ID:_____ Tax ID or SSN (last 4 digits): _____ Correct Total Cash Out: _____<br><br>Cash Out Entry Disputed (Date): _____ Cash Out Entry Disputed (Amount): _____<br><br>Cash Out Entry Disputed (Date): _____ Cash Out Entry Disputed (Amount): _____<br><br>Cash Out Entry Disputed (Date): _____ Cash Out Entry Disputed (Amount): _____<br><br>Investment ID:_____ Tax ID or SSN (last 4 digits): _____ Correct Total Cash Out: _____<br><br>Cash Out Entry Disputed (Date): _____ Cash Out Entry Disputed (Amount): _____<br><br>Cash Out Entry Disputed (Date): _____ Cash Out Entry Disputed (Amount): _____<br><br>Cash Out Entry Disputed (Date): _____ Cash Out Entry Disputed (Amount): _____<br><br>Investment ID:_____ Tax ID or SSN (last 4 digits): _____ Correct Total Cash Out: _____<br><br>Cash Out Entry Disputed (Date): _____ Cash Out Entry Disputed (Amount): _____<br><br>Cash Out Entry Disputed (Date): _____ Cash Out Entry Disputed (Amount): _____<br><br>Cash Out Entry Disputed (Date): _____ Cash Out Entry Disputed (Amount): _____<br><br>Please attach additional pages if necessary. You must identify with specificity which cash out entries were not received. |
| **6.** **If you received a Schedule B2, do you dispute FTI's calculation of any other payments you received that are listed on "Schedule B2: Detailed Report of Other Payments Received"? If yes, you MUST identify with specificity any disputed payments, including the "Category" and "Date" provided in Schedule B2, as well as the last 4 digits of the Tax ID or Social Security No., as applicable, associated with the holder of such investment.** | ☐ No<br><br>☐ Yes. Please identify the category (from Schedule B) and date of any other payments you received that are **incorrectly** listed and supply the correct amount:<br><br>Category:_____ Tax ID or SSN (last 4 digits): _____ Correct Amount Paid: _____<br><br>Disputed Payment Received (Date): _____ Disputed Payment Received (Amount): _____<br><br>Disputed Payment Received (Date): _____ Disputed Payment Received (Amount): _____<br><br>Disputed Payment Received (Date): _____ Disputed Payment Received (Amount): _____<br><br>Category:_____ Tax ID or SSN (last 4 digits): _____ Correct Amount Paid: _____<br><br>Disputed Payment Received (Date): _____ Disputed Payment Received (Amount): _____<br><br>Disputed Payment Received (Date): _____ Disputed Payment Received (Amount): _____<br><br>Disputed Payment Received (Date): _____ Disputed Payment Received (Amount): _____<br><br>Please attach additional pages if necessary. You must identify with specificity which other payment entries you did not receive. |

Case: 20-30604   Doc# 661   Filed: 05/26/21   Entered: 05/26/21 19:01:18   Page 54 of
66

I declare under penalty of perjury that the correct amount of my Total Restitution Claim is:

**7. Your Recalculation of Total Restitution Claim:**

$_____ ***Revised Total Cash In Amount*** (*i.e.*, "Total Cash In" on Schedule A: Summary of Total Allowed Restitution Claim, as modified by any disputed calculations identified in Item 4 above)

$_____ ***Additional Net Investments*** Not Included in Schedule A: Summary of Total Allowed Restitution Claim (Insert Amount from Item 3), if applicable.

$_____ ***Revised Total Cash Out Amount*** (*i.e.*, "Total Cash Out" on Schedule A: Summary of Total Allowed Restitution Claim, as modified by any disputed calculations identified in Items 5 and 6 above)

$_____ ***Total Net Claim*** ("Revised Total Cash In Amount" ***plus*** "Additional Net Investments," if any, ***minus*** "Revised Total Cash Out Amount")

$_____ **TOTAL RESTITUTION CLAIM** (Increase Total Net Claim by 5% if you made (or are hereby making) the Contributed Claims Election. If you did not make the Contributed Claims Election, insert the Total Net Claim here with no increase)

SMRH:4841-3186-8652.1
052621

73ZL-319169

Case: 20-30604    Doc# 661    Filed: 05/26/21    Entered: 05/26/21 19:01:18    Page 55 of 66

☐ No

☐ Yes.  Please specify and attach supporting documentation:

_____

_____

_____

8.  **Are there any material issues or disputes about your Total Net Claim not related to the amount of such Total Net Claim? (For example, if your investment is correctly listed in amount, but is not in the correct name).** If you believe that a non-monetary error or omission in Schedules A and B is immaterial, you DO NOT need to fill out this section.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

SMRH:4841-3186-8652.1
052621

73ZL-319169

| | |
|---|---|
| **Part 2:** | **Sign Below** |

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the Investor.

☐ I am the Investor's attorney or authorized agent.

☐ I am an authorized agent of the Investor.  List capacity in which you are signing: _____

I understand that in choosing to dispute the proposed Total Net Claim, my ability to receive a distribution from the PFI Trust will be delayed until my Claim becomes allowed.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                                    MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
          First name                    Middle name                    Last name

Title _____

Company _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
          Number          Street

_____
City                                          State        ZIP Code

Contact phone _____        Email _____

Case: 20-30604    Doc# 661    Filed: 05/26/21    Entered: 05/26/21 19:01:18    Page 57 of 66

# EXHIBIT G

**Proposed Bar Date Notice (Non-Investors and Governmental Units of Professional Investors 28, LLC and PFI Glenwood LLC)**

In re:

PROFESSIONAL FINANCIAL
INVESTORS, INC., *et al.*,[1]

            Debtors.

Chapter 11

Case No. 20-30604

(Jointly Administered)

**NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM FOR NON-INVESTORS AND GOVERNMENTAL UNITS OF PROFESSIONAL INVESTORS 28, LLC AND PFI GLENWOOD LLC**

**TO: ALL NON-INVESTOR CREDITORS, GOVERNMENTAL UNITS, AND OTHER PARTIES IN INTEREST (OTHER THAN INVESTORS) WITH CLAIMS AGAINST PROFESSIONAL INVESTORS 28, LLC OR PFI GLENWOOD LLC:**

On May [*], 2021, the United States Bankruptcy Court for the Northern District of California (the "Court") entered an order (the "SubCon Order") in the chapter 11 cases (the "Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors") authorizing the Debtors to substantively consolidate certain of their non-debtor affiliates, Professional Investors 28, LLC ("LLC 28") and PFI Glenwood, Inc. ("PFI Glenwood"), with the Debtors' bankruptcy estates pursuant to the terms set forth in the Chapter 11 plan filed in these Chapter 11 Cases. Please be advised that the substantive consolidation contemplated in the SubCon Order occurred on [*], 2021 (the "Effective Date"). The Court also entered an order (the "Bar Date Order") in these Cases fixing the deadlines by which non-investor creditors and governmental units with claims against LLC 28 and PFI Glenwood must file proofs of claim ("Proofs of Claim") in these Cases as follows:

    a. **[*], 2021, at 11:59 p.m. (prevailing Pacific Time)** (the "Non-Investor General Bar Date for LLC 28 and PFI Glenwood") as the **last day** for the filing of Proofs of Claim in these Cases for all non-investor claims against LLC 28 and PFI Glenwood arising prior to the Effective Date; and

    b. **[*], 2021, at 11:59 p.m. (prevailing Pacific Time)** (the "LLC 28/PFI Glenwood Governmental Claims Bar Date") as the **last day** for all governmental units, as defined in section 101(27) of the Bankruptcy Code, to file Proofs of Claim against LLC 28 and PFI Glenwood arising prior to the Effective Date.

**All claims**, as defined in section 101(5) of title 11 of the United States Code (the "Bankruptcy Code"), **against LLC 28 and PFI Glenwood arising before the Effective Date,** except as otherwise provided for or specifically excepted herein, shall be in writing, together with supporting documentation, substantially conforming with Official Bankruptcy Form 410, or as otherwise prescribed or authorized under the Bankruptcy Rules, **so they are actually received** on or before the Non-Investor General Bar Date for LLC 28 and PFI Glenwood or the LLC 28/PFI Glenwood Governmental Claims Bar Dates, as applicable, as follows:

---

[1] A complete list of the Debtors and their respective chapter 11 case numbers, as well as the federal tax identification numbers for each of the Debtors, may be found at www.donlinerecano.com/pfi. The federal tax identification numbers of each of the Debtors is also available in the bankruptcy petitions of each Debtor.

**If Proof of Claim is sent by mail, send to:**

Donlin, Recano & Company, Inc.
Re: Professional Financial Investors, Inc., et al.
P.O. Box 199043
Blythebourne Station
Brooklyn, NY 11219

**If Proof of Claim is sent by Overnight Courier or Hand Delivery, send to:**

Donlin, Recano & Company, Inc.
Re: Professional Financial Investors, Inc., et al.
6201 15th Avenue
Brooklyn, NY 11219

Please file Proofs of Claim, if any, via U.S. Mail, overnight courier or other hand delivery system as indicated above. Facsimile and e-mail delivery methods are not acceptable. You must file an originally executed Proof of Claim as indicated above. If you file an originally executed Proof of Claim and would like a copy of your Proof of Claim returned to you as proof of receipt, please enclose an additional copy of the Proof(s) of Claim and a self-addressed postage-paid envelope.

**PROOFS OF CLAIM SHOULD NOT BE FILED WITH THE COURT, OR SENT TO THE DEBTORS' LEGAL COUNSEL, RETAINED PROFESSIONALS, OR OTHERWISE DELIVERED TO THE DEBTORS, AND ANY PROOF OF CLAIM SO FILED OR SENT WILL NOT BE CONSIDERED PROPERLY SUBMITTED.**

The following claims, administrative requests, and interests are excepted from the provisions of the Bar Date Order (the "Excepted Claims/Interests") and are <u>not</u> required to be filed on or before the Non-Investor General Bar Date for LLC 28 and PFI Glenwood or the LLC 28/PFI Glenwood Governmental Claims Bar Date: (a) claims already received by the Court or Claims Agent; (b) claims arising on or after the Effective Date; (c) claims of professionals retained by the Debtors or any official or ad hoc committee appointed in these Cases pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 328, 330, and 331 of the Bankruptcy Code; (d) claims by any person or entity whose claim has been paid by LLC 28, PFI Glenwood or any other Debtor, or has been otherwise satisfied; (e) any claim for fees relating to these Cases under 28 U.S.C. § 1930; and (f) claims of any investors in LLC 28 or PFI Glenwood. Should the Court fix a date by which the Excepted Claims/Interest must be filed, you will be notified separately.

Any creditor that fails to file a proof of claim against LLC 28 or PFI Glenwood in accordance with the applicable procedures set forth herein: (1) shall not, with respect to any such claim, be treated as a creditor of LLC 28 or PFI Glenwood, as applicable, for the purposes of distribution under any plan; and (2) shall be forever barred from (a) filing a proof of claim with respect to such claim, (b) asserting such claim against LLC 28, PFI Glenwood, any other Debtor in these Cases, or their respective estates or property, and (c) participating in any distribution in these Cases on account of such claim.

The Bar Date Order, the SubCon Order and additional copies of the Proof of Claim form (Official Bankruptcy Form 410) may be obtained (i) for a fee, on the Court's website, www.canb.uscourts.gov (a PACER account is required); (ii) for free at the Claims Agent's dedicated PFI website at www.donlinrecano.com/pfi or (iii) by contacting counsel for the Official Committee of Unsecured Creditors ("OCUC") as set forth below.

SMRH:4852-3674-0076.1
052621

73ZL-319169

1     Any questions concerning this notice should be directed to counsel for the OCUC, Pachulski Stang

2 Ziehl & Jones LLP, Attn: Cia H. Mackle at cmackle@pszjlaw.com or (310) 772-2328.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT H

**Proposed Order**

| | |
|---|---|
| Ori Katz (CA Bar No. 209561) | Debra I. Grassgreen (CA Bar No. 169978) |
| J. Barrett Marum (CA Bar No. 228628) | John D. Fiero (CA Bar No. 136557) |
| Matt Klinger (CA Bar No. 307362) | Cia H. Mackle (admitted *pro hac vice*) |
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP | PACHULSKI STANG ZIEHL & JONES LLP |
| Four Embarcadero Center, 17th Floor | 150 California Street, 15th Floor |
| San Francisco, CA 94111-4019 | San Francisco, CA 94111 |
| Telephone: (415) 434.9100 | Telephone: (415) 263.7000 |
| Facsimile: (415) 434.3947 | Facsimile: (415) 263.7010 |
| Email: okatz@sheppardmullin.com | E-mail: dgrassgreen@pszjlaw.com |
| bmarum@sheppardmullin.com | jfiero@pszjlaw.com |
| mklinger@sheppardmullin.com | cmackle@pszjlaw.com |

*Counsel to Debtors and Debtors in Possession*

*Counsel to the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC., *et al.*,[21]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-30604<br><br>(Jointly Administered)<br><br>**ORDER (1) ESTABLISHING INVESTOR BAR DATE; (2) ESTABLISHING BAR DATES FOR CREDITORS OF PROFESSIONAL INVESTORS 28, LLC AND PFI GLENWOOD LLC; AND (3) APPROVING FORM AND MANNER OF NOTICE OF BAR DATES AND PROCEDURES WITH RESPECT THERETO** |

This matter coming before the Court on the *Motion for an Order (I) Establishing Investor Bar Date; (2) Establishing Bar Dates for Creditors of Professional Investors 28, LLC and PFI Glenwood LLC; and (3) Approving Form and Manner of Notice of Bar Dates and Procedures With Respect Thereto* (the "Motion")[22] [Docket No. [•]], jointly filed by the above-captioned debtors and debtors-in-possession (the "Debtors") and Official Committee of Unsecured Creditors (the "Committee"); the

---

[21] A complete list of the Debtors and their respective chapter 11 case numbers may be found at www.donlinrecano.com/pfi. The federal tax identification numbers of each of the Debtors is also available in the bankruptcy petitions of each Debtor, also available at the Donlin Recano website.

[22] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

Case: 20-30604   Doc# 661   Filed: 05/26/21   Entered: 05/26/21 19:01:18   Page 63 of 66

Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED.

2.      The following Bar Dates are set:

> a.      **August 20, 2021 at 11:59 p.m. Pacific Time** (the "Investor Bar Date") as the **last day** for the filing of Proofs of Claim in this Case for all Investor claims against the PFI Enterprise;
>
> b.      **45 days after the Effective Date of the Plan** (the "SubCon Entities Non-Investor General Bar Date") as the **last day** for the filing of Proofs of Claim in this Case for all non-Investor claims, excluding governmental units, (except as set forth below) against the SubCon Entities arising prior to the Effective Date of the Plan;
>
> c.      **180 days after the Effective Date of the Plan** (the "SubCon Governmental Claims Bar Date") as the **last day** for all governmental units, as defined in section 101(27) of the Bankruptcy Code, to file Proofs of Claim against all the SubCon Entities arising prior to the Effective Date of the Plan.

3.      The following persons and other entities whose claims otherwise would be subject to the SubCon Entities Non-Investor General Bar Date and the SubCon Governmental Claims Bar Date (together, the "SubCon Bar Dates") are excepted from the provisions herein and are not required to file proofs of claim against the SubCon Entities on or before the applicable SubCon Bar Dates:

> a.      Claims already duly filed in these cases with the Clerk of this Court;
>
> b.      Claims arising on or after the Effective Date of the Plan, as applicable;
>
> c.      Claims by any person or entity whose claim has been paid by the SubCon Entities or any other Debtor or has been otherwise satisfied;

4.      Any proof of Claim required to be filed pursuant to the provisions of this Order and not filed on or before the applicable Bar Date shall be forever barred from assertion against the Debtors or SubCon Entities, the Debtors' estates, and any successor to the foregoing under a confirmed plan of reorganization and/or liquidation or structured dismissal or otherwise (a "Confirmed Plan"), and the holder of such Claim shall be forever barred and prohibited from participating in any distribution in these cases including, but not limited to, any distribution under a Confirmed Plan and in a subsequent chapter 7 liquidation of the Debtors' estates.

SMRH:4852-3674-0076.1
05262 1
732L-319169

Case: 20-30604    Doc# 661    Filed: 05/26/21    Entered: 05/26/21 19:01:18    Page 64 of 66

5. The Investor Claims Procedures are approved.

6. The Current Investors Bar Date Notice, Former Investors Bar Date Notice, and SubCon Bar Date Notice are approved in all respects.

7. In accordance with Bankruptcy Rule 2002, the Debtors are hereby authorized to cause the Current Investors Bar Date Notice and the Former Investors Bar Date Notice to be given by first class mail, postage prepaid on or before the later of July 9, 2021 or two weeks following the entry of this order (the "Service Deadline"), upon: (i) as to Current Investors, Investors who PFI's records show a current investment in the PFI Enterprise as of July 26, 2020; (ii) as to Former Investors, Investors who PFI's records show were investors within four years of July 26, 2020, but did not hold a current investment in the PFI enterprise as of July 26, 2020; and (iii) the Office of the United States Trustee.

8. In accordance with Bankruptcy Rule 2002, the Debtors are hereby authorized to cause the SubCon Bar Date Notice to be given by first class mail, postage prepaid on or before five business days after the Effective Date of the Plan (the "SubCon Service Deadline"), to all known creditors, including those entities set forth in the "Basis for Relief Requested," Section B.b of the Motion (other than Investors) of the SubCon Entities, and the Office of the United States Trustee.

9. The Claims Package Cover Letter, Netting Analysis Notice, Schedule A: Summary of Allowed Restitution Claim, Schedule B1: Detailed Report of Account Activity, Schedule B2: Detailed Report of Other Payments Received, and Contributed Claim Election Form are approved as part of the Claims Package for Current Investors. The Claims Packages shall be sent for distribution on or before the Service Deadline.

10. If multiple Claims Packages would otherwise go to the same physical address, the Proponents shall be entitled, but not required, to combine the Claims Packages into a single Claims Package, even if the Investor names are not identical.

11. By not later than three weeks after the expiration of the Service Deadline, the Proponents shall file a proof of service of the Claims Packages, and applicable Bar Date Notices demonstrating compliance with the service requirements hereof.

12.     By not later than three weeks after the expiration of the SubCon Service Deadline, the Proponents shall file a proof of service of the Claims Packages, and SubCon Bar Date Notice demonstrating compliance with the service requirements hereof.

13.     The Proponents are authorized (but not required) to provide an extension of the Investment Bar Date for cause without seeking Court approval if an Investor and the Proponents, in consultation with the Ad Hoc Committees, reach an agreement for such extension. If an agreement to extend the Investor Bar Date cannot be consensually agreed to, any such extension will require Court approval.

14.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

15.     The Debtors are authorized to make non-substantive changes to the documents referenced herein without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, formatting changes and conforming changes among the aforementioned documents prior to their distribution.

16.     This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

**\*\*\*\*\* END OF ORDER \*\*\*\*\***