Entered on Docket
June 09, 2021
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: June 9, 2021

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

Ori Katz (CA Bar No. 209561)
J. Barrett Marum (CA Bar No. 228628)
Matt Klinger (CA Bar No. 307362)
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP

Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4019
Telephone:    (415) 434-9100
Facsimile:     (415) 434-3947
Email:           okatz@sheppardmullin.com
                      bmarum@sheppardmullin.com
                      mklinger@sheppardmullin.com

*Counsel to Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 20-30604<br><br>(Jointly Administered)<br><br>**ORDER FINALLY APPROVING AMENDED DISCLOSURE STATEMENT AND CONFIRMING SECOND AMENDED JOINT CHAPTER 11 PLAN OF PROFESSIONAL FINANCIAL INVESTORS, INC. AND ITS AFFILIATED DEBTORS PROPOSED BY THE DEBTORS AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND SUPPORTED BY THE AD HOC LLC MEMBERS COMMITTEE AND THE AD HOC DOT NOTEHOLDERS COMMITTEE (DATED MAY 20, 2021)**<br><br>Plan Confirmation Hearing:<br>Date:    May 27, 2021<br>Time:    10:00 a.m. (Pacific Time)<br>Place:   **Telephonic/Video Appearances Only**<br><br>            450 Golden Gate Avenue, 16th Floor<br>            San Francisco, CA 94102<br>Judge:   Hon. Hannah L. Blumenstiel |

DOCS_SF:105587.1 70041/002

-1-

SMRH:4808060-689.4     ORDER CONFIRMING SECOND AMENDED JOINT CHAPTER 11 PLAN
OF PROFESSIONAL FINANCIAL INVESTORS, INC.

Case: 20-30604    Doc# 678    Filed: 06/09/21    Entered: 06/09/21 09:40:07    Page 1 of 15

On May 27, 2021, at approximately 10:00 a.m., this Court held a hearing (the "Confirmation Hearing") on: (i) confirmation of the *Second Amended Joint Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee (Dated May 20, 2021)* filed on May 20, 2021 as Exhibit A to the notice that is Docket No. 649, an identical, standalone version of which was also filed on June 8, 2021 as Docket No. 677 (as amended or modified to date, and including all supplements, exhibits and schedules thereto, the "Plan"), by plan proponents Professional Financial Investors, Inc. ("PFI") and its affiliated debtors and debtors in possession (collectively, with PFI, the "Debtors")[1] and the Official Committee of Unsecured Creditors (together with the Debtors, the "Proponents");[2] and (ii) final approval of the *Amended Disclosure Statement for the Amended Joint Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc DOT Noteholders Committee,* filed on April 16, 2021 as Docket No. 572 (as amended or modified to date, and including all exhibits and schedules thereto, the "Disclosure Statement").

The Court, having considered the Plan, the Disclosure Statement, all declarations, pleadings, and evidence submitted in support of the Plan; the *Limited Objection of Christina Ensign, Felix Arts and Carol Sue Sproule to Confirmation of Chapter 11 Plan* filed on May 13, 2021, as Docket No. 636 (the "Limited Objection"); all other relevant facts, pleadings, and evidence of record in the Chapter 11 Cases; and the arguments of

---

[1] A complete list of the Debtors and their respective chapter 11 case numbers may be found at www.donlinrecano.com/pfi. The federal tax identification numbers of each of the Debtors is also available in the bankruptcy petitions of each Debtor, also available at the Donlin Recano website. As used in this Order and the Plan, use of the term "Debtors" also includes Professional Investors 28, LLC and PFI Glenwood LLC as of the Effective Date.

[2] Capitalized terms used but not defined in this order shall have the meaning given to them in the Plan

counsel at the Confirmation Hearing, issued detailed findings of fact and conclusions of law on the record at the Confirmation Hearing, which constitute the Court's findings of fact and conclusions of law for the purposes of Federal Rule of Bankruptcy Procedure 7052, as made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 9014, and which findings of fact and conclusions of law are incorporated herein by this reference.

For the reasons stated by the Court on the record at the Confirmation Hearing, and for good cause appearing therefore,

**IT HAS BEEN DETERMINED BY THE COURT THAT:**

A. **Jurisdiction and Venue.** This Court has jurisdiction to confirm the Plan pursuant to 28 U.S.C. §§ 1334 and 157. The Confirmation Hearing is a core proceeding under 28 U.S.C. § 157(b)(2)(L) and venue of the Chapter 11 Cases in the Northern District of California is proper under 28 U.S.C. § 1408.

B. **Notice of Confirmation Hearing.** Due and sufficient notice of the Confirmation Hearing has been provided under the circumstances and under applicable rules and consistent with the requirements imposed by this Court in its *Order (I) Approving the Plan Summary and Conditionally Approving Disclosure Statement; (II) Scheduling Combined Hearing on Approval of Disclosure Statement and Confirmation of Plan and Approving the Form and Manner of Service of the Combined Hearing Notice; (III) Establishing Non-Investor Bar Dates for Filing Proofs of Claim; (IV) Approving Form and Manner of Notice of Non-Investor Bar Dates; (V) Establishing Procedures for the Solicitation and Tabulation of Votes on Plan; and (VI) Approving Related Matters* entered on April 19, 2021, as Docket No. 575 (the "Solicitation Procedures Order").

C. **Voting on Plan.** The Solicitation Procedures Order fixed May 13, 2021, at 4:00 p.m. Pacific Time as the deadline to submit ballots to accept or reject the Plan. The Proponents have tabulated the ballots received, as evidenced by the Declaration of John Burlacu filed on May 20, 2021 as Docket No. 650-1 (the "Burlacu Declaration") and the Final Tabulation Results attached as Exhibit A thereto (the "Final Tabulation Results").

As set forth in the Burlacu Declaration, out of 2,193 timely ballots cast, a total of 2,188 voted to accept the Plan and only five (5) voted to reject the Plan.

  **D.**   **Objections.** No formal objections to the Plan other than the Limited Objection were filed. No formal objections to the adequacy of the information contained in the Disclosure Statement (as that term is defined in the Solicitation Procedures Order) were filed.

  **E.**   **Compliance with Confirmation Requirements of Bankruptcy Code Sections 1123 and 1129.** The Plan, as modified by this Order, complies with the applicable requirements of sections 1123 and 1129 of the Bankruptcy Code, which set forth the conditions necessary for confirmation.

  **F.**   **Settlement of Claims and Controversies**. Pursuant to Bankruptcy Code sections 1123(a)(5), 1123(b)(3), and 1123(b)(6), as well as Bankruptcy Rule 9019, and in consideration for the Distributions and other benefits provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all claims and controversies relating to the rights that a Holder of a Claim or an Equity Interest may have against any Debtor with respect to any Claim, Equity Interest, or any Distribution on account thereof, as well as of all potential Intercompany Claims, Intercompany Liens, and Causes of Action against any Debtor. The compromise and settlement of all such claims or controversies are (i) in the best interest of the Debtors, the Estates, and their respective property and stakeholders; and (ii) fair, equitable, and reasonable.

  Based upon the record of the Confirmation Hearing, all the proceedings held before this Court in these Chapter 11 Cases, and the foregoing findings of fact and conclusions of law,

**IT IS HEREBY ORDERED THAT:**

**A.**   **Final Approval of Disclosure Statement**

  1.   The Disclosure Statement, which was conditionally approved in the Solicitation Procedures Order, is finally approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

DOCS_SF:105587.1 70041/002 -4- ORDER CONFIRMING SECOND AMENDED JOINT CHAPTER 11 PLAN OF PROFESSIONAL FINANCIAL INVESTORS, INC.

Case: 20-30604   Doc# 678   Filed: 06/09/21   Entered: 06/09/21 09:40:07   Page 4 of 15

## B. Confirmation of the Plan

2. The Plan and each of its provisions (whether or not specifically approved herein) is hereby APPROVED and CONFIRMED in all respects, as modified herein; *provided, however,* that if there is any direct conflict between the terms of the Plan and the terms of this Order, the terms of this Order shall control. Each of the terms and conditions of the Plan, including the *Supplement to Amended Joint Chapter 11 Plan of Professional Financial Investors, Inc. and Its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and the Ad Hoc Dot Noteholders Committee*, filed on May 6, 2021 as Docket No. 612, and all other exhibits and schedules thereto, are an integral part of the Plan and are incorporated by reference into this Order. All objections and responses to, and statements regarding, the Plan, to the extent that they have not been withdrawn, waived, or settled prior to the entry of this Order or are not cured by the relief granted herein, are hereby expressly overruled.

3. The Limited Objection is rendered moot by the Plan.

4. With respect to the twenty-nine (29) ballots received after the voting deadline that are summarized on <u>Exhibit B</u> to the Burlacu Declaration, the Proponents are authorized to honor the following elections made on such ballots as valid and binding:

    (a) Any election to contribute Contributed Claims to the PFI Trust;

    (b) Any election to treat a Class 4 DOT Noteholder Claim as an unsecured claim under the Plan and release and reconvey any DOT Noteholders' Deed of Trust in such claimant's name; and

    (c) Any TIC Investor Treatment Election.

## C. Conditions Precedent

5. The Effective Date shall not occur and the Plan shall not be consummated unless and until each of the conditions set forth in Section 8.1 of the Plan have been satisfied or duly waived pursuant to Section 8.2 of the Plan.

DOCS_SF:105587.1 70041/002
-5-
ORDER CONFIRMING SECOND AMENDED JOINT CHAPTER 11 PLAN OF PROFESSIONAL FINANCIAL INVESTORS, INC.

Case: 20-30604    Doc# 678    Filed: 06/09/21    Entered: 06/09/21 09:40:07    Page 5 of 15

6. Notwithstanding Bankruptcy Rule 3020(e), and to the extent applicable, Bankruptcy Rules 7062 and 9014, this Order is not subject to any stay, and the Plan shall become effective at the option of the Debtors at any time in their sole discretion, after consultation with the Committees, following (i) entry of this Order, and (ii) satisfaction of the requirements set forth in the preceding paragraph 5 of this Order.

**D.  Successors and Assigns**

7. Pursuant to Bankruptcy Code section 1141, effective as of the Effective Date, the provisions of the Plan (including all documents and agreements executed pursuant to or in connection with the Plan) and the terms of this Order are binding on the Debtors, any and all holders of Claims and Interests (irrespective of whether such Claims or Interests are impaired under the Plan or whether the holders of such Claims or Interests accepted, rejected or are deemed to have accepted or rejected the Plan), any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors and any and all Persons who are parties to or are subject to the settlements, compromises, releases, discharges and injunctions set forth in the Plan, including, without limitation, any Person deemed a beneficiary under the PFI Trust, and the respective heirs, executors, administrators, representatives, agents, beneficiaries, guardians, successors or assigns, if any, of any of the foregoing.

**E.  Substantive Consolidation**

8. On the Effective Date, PFI, PISF, the LLC/LP Debtors, Professional Investors 28, LLC, and PFI Glenwood LLC (collectively, the "<u>Consolidated Estates</u>") shall be substantively consolidated pursuant to sections 105(a), 541, 1123, and 1129 of the Bankruptcy Code. As a result of such substantive consolidation, on the Effective Date, all property, rights and claims of the Consolidated Estates and all Claims against the Consolidated Estates shall be deemed to be pooled for purposes of distributions under the Plan and, in the PFI Trustee's discretion, other purposes. Further, as a result of such substantive consolidation, all claims between and among the Consolidated Estates shall be cancelled, subject to any Alternative Restructuring Transactions; provided, however, that

(i) while all Consolidated Estates shall be substantively consolidated for purposes of distribution to creditors, such that all Investors shall have claims against a single pool of the Consolidated Estates' assets, the actual substantive consolidation of entities, particularly for tax purposes, shall be at the option of the Debtors or the PFI Trust, as applicable, and subject to any Alternative Restructuring Transactions, and (ii) any and all TIC Interests in the Real Properties that are held by any Consolidated Estate shall not be substantively consolidated.

**F.     Vesting of Assets**

9.      On the Effective Date, and subject to Section 2.2 of the Plan, the PFI Trust shall be automatically vested with all of the Debtors' and the Estates' respective rights, title, and/or interest in and to all PFI Trust Assets, and the OpCo shall be automatically vested with all of the Debtors' and the Estates' respective rights, title and/or interest in and to all OpCo Assets.  Except as specifically provided in the Plan or this Order, in accordance with Bankruptcy Code sections 1141 and 1146(a), the PFI Trust Assets, the OpCo Assets and any other assets shall automatically vest in the PFI Trust and the OpCo, as applicable, free and clear of all Claims, Liens, or interests (including, without limitation, any and all DOT Noteholders' Deeds of Trust), subject only to the PFI Trust Interests and the PFI Trust Expenses, as provided for in the PFI Trust Agreement, and such vesting shall be exempt from any stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax.  The PFI Trustee shall be the exclusive trustee of the PFI Trust Assets (which PFI Trust Assets include all ownership interests in the OpCo) for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estates appointed pursuant to Bankruptcy Code section 1123(b)(3) regarding all PFI Trust Assets, the OpCo and the OpCo Assets.  The PFI Trust shall hold and distribute the PFI Trust Assets and shall collect and distribute all proceeds from the operations and/or sale of the OpCo and the OpCo Assets in accordance with the provisions of the Plan and the PFI Trust Agreement.

DOCS_SF:105587.1 70041/002

-7-

ORDER CONFIRMING SECOND AMENDED JOINT CHAPTER 11 PLAN OF PROFESSIONAL FINANCIAL INVESTORS, INC.

Case: 20-30604    Doc# 678    Filed: 06/09/21    Entered: 06/09/21 09:40:07    Page 7 of 15

### G. Expungement of DOT Noteholder Liens

10. The liens of the DOT Noteholders shall be expunged from the record of the Real Properties, or the sale proceeds thereof, in accordance with the provisions of the Plan. Any DOT Noteholder that wishes to challenge the expungement of its lien shall file an objection with this Court and serve its objection on the PFI Trustee and counsel for the Proponents and Ad Hoc Committees no later than twenty (20) days after entry of this Order (a "<u>Lien Expungement Objection</u>"). The Debtors or PFI Trustee, as applicable, shall file an Avoidance Action no later than thirty (30) days after service of any such Lien Expungement Objection. All such lien expungements shall become effective with respect to each Real Property, or the sale proceeds thereof, on either (i) the twentieth (20th) day after entry of this Order with respect to a lien on any given Real Property or the sale proceeds thereof if no Lien Expungement Objection is filed; or (ii) the date of entry of a final order adjudicating an Avoidance Action with respect to a lien on any given Real Property or the sale proceeds thereof if a Lien Expungement Objection is timely filed.

### H. Executory Contracts and Unexpired Leases

11. On the Effective Date, the Debtors shall assume all executory contracts and unexpired leases that are listed on the Schedule of Assumed Agreements, and shall assign such contracts and leases to the PFI Trust or the OpCo, as appropriate. The Debtors shall have the right to amend the Schedule of Assumed Agreements at any time prior to the Effective Date, in the Debtors' reasonable discretion after consultation with each of the Committees. The Debtors shall provide notice of any amendment to the Schedule of Assumed Agreements to the party or parties to those agreements affected by the amendment.

12. On the Effective Date all executory contracts and unexpired leases of the Debtors shall be rejected except for (i) executory contracts and unexpired leases that have been previously assumed or rejected by the Debtors, (ii) all executory contracts and unexpired leases specified as to be assumed in paragraph 11 above (including all contracts and leases set forth in the Schedule of Assumed Agreements, as may be amended), and

(iii) any agreement, obligation, security interest, transaction, or similar undertaking that the Debtors believe is not executory or a lease, but that is later determined by this Court to be an executory contract or unexpired lease that is subject to assumption or rejection under Bankruptcy Code section 365.

13. Any Rejection Claim or other Claim for damages arising from the rejection under the Plan of an executory contract or unexpired lease must be Filed and served no later than the Rejection Claims Bar Date. Any such Rejection Claims that are not timely Filed and served will be forever disallowed, barred, and unenforceable, and Persons holding such Claims will not receive and be barred from receiving any Distributions on account of such untimely Claims. If one or more Rejection Claims are timely Filed pursuant to the Plan, the PFI Trust may object to any Rejection Claim on or prior to the Claim Objection Deadline. For the avoidance of doubt, the Rejection Claims Bar Date established by the Plan does not alter any rejection claims bar date established by a prior order of this Court with respect to any executory contract or unexpired leases that was previously rejected in these Chapter 11 Cases.

**I.   Plan Classification Controlling.**

14. The classification of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications and amounts of Claims, if any, set forth on the Ballots tendered to or returned by Holders of Claims or Interests in connection with voting on the Plan (i) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan, (ii) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims or Interests under the Plan for distribution purposes, (iii) shall not be binding on the Debtors or the PFI Trust except with respect to voting on the Plan, and (iv) may not be relied upon by any Holder of a Claim or Interest as representing the actual classification of such Claims or Interests under the Plan for distribution or any other purpose (other than for evidencing the vote of such party on the Plan).

DOCS_SF:105587.1 70041/002   -9-   ORDER CONFIRMING SECOND AMENDED JOINT CHAPTER 11 PLAN OF PROFESSIONAL FINANCIAL INVESTORS, INC.

Case: 20-30604   Doc# 678   Filed: 06/09/21   Entered: 06/09/21 09:40:07   Page 9 of 15

## J. Preservation of Causes of Action

15. Except as otherwise provided in the Plan or the Order (including in the Investor Claims Special Provisions), from and after the Effective Date, the PFI Trust will retain all rights to institute, commence, file, pursue, prosecute, enforce, abandon, settle, compromise, release, waive, dismiss, or withdraw, as appropriate, (a) any and all of the Debtors' or Estates' Causes of Action, (b) Causes of Action that are Contributed Claims (whether existing as of the Petition Date or thereafter arising), and (c) all Avoidance Actions, all as PFI Trust Actions, in each case in any court or other tribunal, including in an adversary proceeding Filed in the Chapter 11 Cases, subject to the requirements set forth in the Plan and the PFI Trust Agreement.

16. The PFI Trust shall have the exclusive right, power, and interest on behalf of itself, the Debtors, the Estates, and the Contributing Claimants, to enforce, sue on, settle, compromise, transfer, or assign (or decline to do any of the foregoing) any or all of the PFI Trust Actions without notice to or approval from this Court, subject to the PFI Trust Agreement. In accordance with the Plan, without any further notice to or action, order, or approval of this Court, from and after the Effective Date, the PFI Trust may compromise and settle PFI Trust Actions, subject to the PFI Trust Agreement.

17. The failure to specifically identify in the Disclosure Statement (including the exhibits and schedules thereto) or the Plan any potential or existing Avoidance Actions or Causes of Action as a PFI Trust Action shall not limit the rights of the PFI Trust to pursue any such Avoidance Actions or Causes of Action. Unless a PFI Trust Action is expressly waived, relinquished, released, compromised, or settled in the Plan or any Final Order (including this Order), the Debtors have expressly reserved such PFI Trust Actions for later resolution by the PFI Trust (including any Avoidance Actions or Causes of Action not specifically identified or of which the Debtors may presently be unaware or that may arise or exist by reason of additional facts or circumstances unknown to the Debtors at this time or facts or circumstances that may change or be different from those the Debtors now believe to exist). In addition, the right to pursue or adopt any claims alleged in any lawsuit

in which any Debtor, the PFI Trust, or the OpCo is a plaintiff, defendant, or an interested party is fully reserved as against any Person that is not a Released Party, including the plaintiffs or co-defendants in such lawsuits.

### K.     Actions in Furtherance of the Plan

18.     The Proponents and the PFI Trustee are authorized to: (a) take any and all such actions as may be necessary or appropriate to implement, effectuate, and consummate the Plan in accordance with its terms as modified by this Order; and (b) execute any and all such documents and instruments as may be required to effectuate the Plan.

### L.     Releases

19.     Any releases contained in the Plan are approved in all respects.  The commencement or prosecution by any entity, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities released pursuant to the Plan are permanently enjoined.

### M.     Non-Discharge of the Debtors; Property Free and Clear

20.     In accordance with Bankruptcy Code section 1141(d)(3)(A), the Plan does not discharge the Debtors. Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan, including, without limitation, the Real Properties, is free and clear of all Claims and Equity Interests against the Debtors, except as otherwise provided with respect to the Non-Investor First-Priority Lenders in Section 2.2 of the Plan. As such, no Person holding a Claim (other than the Non-Investor First-Priority Lenders as provided in Section 2.2 of the Plan) or an Equity Interest may receive any payment from, or seek recourse against, any assets that are to be distributed under the Plan other than assets required to be distributed to that Person under the Plan.

### N.     Injunction

21.     As of the Effective Date, all Persons are precluded and barred from asserting against any property to be distributed under the Plan any Claims, rights, Causes of Action, liabilities, Interests, or other action or remedy based on any act, omission, transaction, or other activity that occurred before the Effective Date except as expressly provided in the

Plan or this Order. The foregoing discharge, release and injunction are an integral part of the Plan and are essential to its implementation.

22. Notwithstanding any provision in the Plan to the contrary or an abstention from voting on the Plan, no provision of the Plan, or this Order: (i) releases any non-debtor person or entity from any claim or cause of action of the SEC; or (ii) enjoins, limits, impairs, or delays the SEC from commencing or continuing any claims, causes of action, proceedings, or investigations against any non-debtor person or entity in any forum.

### O. Term of Injunctions or Stays

23. Unless otherwise provided in the Plan, all injunctions or stays in the Chapter 11 Cases under Bankruptcy Code sections 105 or 362 or otherwise, and extant as of the Confirmation Hearing (excluding any injunctions or stays contained in or arising from the Plan or this Order), shall remain in full force and effect through and inclusive of the Effective Date and thereafter shall automatically terminate unless otherwise ordered by this Court, at which time they are replaced with the injunction set forth in Section N above.

### P. Plan Modifications

24 As none of the modifications to the Plan made in filings with the Court or on the record at the Confirmation Hearing violate Bankruptcy Code sections 1122 or 1123, such modifications meet the requirements of Bankruptcy Code section 1127(a) and are approved.

### Q. Payment of Statutory Fees

25. All fees payable pursuant to 28 U.S.C. § 1930, shall be paid by the Debtors on or before the Effective Date. All such fees that arise after the Effective Date shall be paid by the PFI Trust.

### R. Reference to and Validity and Enforceability of the Plan Provisions

26. The failure to reference any particular provision in the Plan in this Order shall have no effect on the binding effect, enforceability or legality of such provision and such provision shall have the same binding effect, enforceability or legality as every other

provision of the Plan. Each term and provision of the Plan, as modified or interpreted by the Court, is valid and enforceable pursuant to its terms.

## S. Notice of Entry of Confirmation Order

27. Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Debtors are hereby directed to serve a notice of the entry of this Order, on all parties that received notice of the Confirmation Hearing, no later than 15 Business Days after the date of entry of this Order; *provided, however,* that the Debtors shall be obligated to serve such notice only on the record holders of Claims and Interests.

## T. SEC Related Provisions

28. Nothing in the Plan or this Order constitutes a determination as to whether any claim by the SEC for disgorgement or civil penalties is entitled to be subordinated to payment of general unsecured claims, notwithstanding the definition of Other Subordinated Claims in the Plan. Further, the SEC shall retain the right, at any time after the Effective Date, to amend any timely filed proofs of claim to assert such claims in specific dollar amounts.

## U. Retention of Jurisdiction

29. This Court shall retain jurisdiction to the fullest extent permitted by the Plan and applicable law to enforce, implement, interpret and resolve issues and disputes with respect to the Plan and all matters related to the Plan.

## V. Headings

30. The headings contained within this Order are used for the convenience of the parties and shall not alter or affect the meaning of the text of this Order.

**\*\*END OF ORDER\*\***

DOCS_SF:105587.1 70041/002

-13-

SMRH:4816-8160-6891.4      ORDER CONFIRMING SECOND AMENDED JOINT CHAPTER 11 PLAN
OF PROFESSIONAL FINANCIAL INVESTORS, INC.

Case: 20-30604    Doc# 678    Filed: 06/03/21    Entered: 06/09/21 09:40:07    Page 13 of 15

| | |
|---|---|
| Ori Katz (CA Bar No. 209561) | Debra I. Grassgreen (CA Bar No. 169978) |
| J. Barrett Marum (CA Bar No. 228628) | John D. Fiero (CA Bar No. 136557) |
| Matt Klinger (CA Bar No. 307362) | Cia H. Mackle (admitted *pro hac vice*) |
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP | PACHULSKI STANG ZIEHL & JONES LLP |
| Four Embarcadero Center, 17th Floor | 150 California Street, 15th Floor |
| San Francisco, CA 94111-4019 | San Francisco, CA 94111 |
| Telephone: (415) 434-9100 | Telephone: (415) 263-7000 |
| Facsimile: (415) 434-3947 | Facsimile: (415) 263-7010 |
| Email: okatz@sheppardmullin.com | E-mail: dgrassgreen@pszjlaw.com |
| bmarum@sheppardmullin.com | jfiero@pszjlaw.com |
| mklinger@sheppardmullin.com | cmackle@pszjlaw.com |
| *Counsel to Debtors and Debtors in Possession* | *Counsel to the Official Committee of Unsecured Creditors* |

# CERTIFICATION OF ENDORSEMENT

I hereby certify that the foregoing proposed order has been endorsed by the following parties:

1. Office of the United States Trustee;

2. Securities and Exchange Commission;

3. Official Committee of Unsecured Creditors;

4. Official Committee of DOT Noteholders;

5. Official Committee of LLC Members;

6. Nathan A. Schultz (counsel for parties to the Limited Objection); and

7. All bank lenders to the Debtors.

/s/ *Ori Katz*
ORI KATZ

**Court Service List**

Registered ECF Participants only.

DOCS_SF:105587.1 70041/002

-1-

Case: 20-30604 Doc# 678 Filed: 06/03/21 Entered: 06/09/21 09:40:07 Page 15 of 15

ORDER CONFIRMING SECOND AMENDED JOINT CHAPTER 11 PLAN OF PROFESSIONAL FINANCIAL INVESTORS, INC.