Bryan Cave Leighton Paisner LLP
H. Mark Mersel, California Bar No. 130382
Olivia J. Scott, California Bar No. 329735
olivia.scott3@bclplaw.com
1920 Main Street, Suite 1000
Irvine, California 92614-7276
Telephone: +1 949 223 7000
Facsimile: +1 949 223 7100
E-Mail: mark.mersel@bclplaw.com
olivia.scott3@bclplaw.com

Attorneys for Creditor
U.S. BANK NATIONAL ASSOCIATION, as trustee
for BANK OF AMERICA MERILL LYNCH
COMMERCIAL MORTGAGE TRUST 2015-UBS7,
COMMERCIAL MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2015-UBS7

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC., *et al.*,[1]<br><br>Debtor | Chapter 11<br><br>Case No. 20-30604<br><br>(Jointly Administered)<br><br>**STIPULATION ALLOWING FILING OF LATE FILED PROOF OF CLAIM OF CREDITOR U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BANK OF AMERICA MERRILL LYNCH COMMERCIAL MORTGAGE TRUST 215-UBS7** |

The above-captioned debtor together with Professional Investors 40, LLC ("PI 40") and multiple other Professional Investor's entities (collectively, "Professional Investors" or the "Debtors") and U.S. Bank National Association, as trustee for Bank of America Merrill Lynch Commercial Mortgage Trust 2015-UBS7, Commercial Mortgage Pass-Through Certificates, Series 2015-UBS7, the Trustee for the loan taken by PI 40 relating to the Madrone Apartment

---

[1] A complete list of the Debtors and their respective chapter 11 case numbers may be found at www.donlinrecano.com/clients/pfi/index. The federal tax identification numbers of each of the Debtors is also available in the bankruptcy petitions of each Debtor, also available at the Donline Recano website.

Complex ("Madrone Lender") ("Madrone Lender," and together with the Debtors, the "Parties") hereby enter into this Stipulation (the "Stipulation"), and file this Stipulation regarding the late filed proof of claim of Madrone Lender, Claim No. 148 (the "Madrone POC").

WHEREAS, on July 26, 2020, Professional Investor's, Inc. filed a voluntary petition (the "Main Bankruptcy Case") for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court").

WHEREAS, on November 20, 2020, PI 40 filed its voluntary petition for relief under the Bankruptcy Code in the Bankruptcy Court and its case was jointly administered under the Main Bankruptcy Case.

WHEREAS, on April 19, 2021, the Bankruptcy Court entered an order [Dkt. 575] establishing certain dates by which non-investor parties holding prepetition claims against the Debtors must file proofs of claim (the "Bar Date Order"). The Bar Date Order set May 13, 2021, as the Claims Bar Date (as defined in the Bar Date Order) for Madrone Lender.

WHEREAS, on January 8 and January 15, 2021, PI 40 filed its Global Notes to Schedules of Assets and Liabilities [Dkt. Nos. 22 and 23 for Case No. 20-30940] (the "Schedules"). PI 40 scheduled Madrone Lender's claim in the amount of $4,550,000.00 [Claim No. 50336].

WHEREAS, PI 40 and Debtor scheduled the incorrect holder of Claim No. 50336 and did not provide notice to Madrone Lender concerning any events in the Main Bankruptcy Case.

WHEREAS, the Parties have agreed to deem the Madrone POC as timely filed, subject to the conditions set forth in this Stipulation.

**THEREFORE, IT IS STIPULATED, AGREED, AND ORDERED** as follows:

1. Madrone Lender's proof of claim [Claim No. 148 shall be deemed timely filed.

2. The Parties shall retain any and all rights and defenses with respect to the Madrone POC, including with respect to the validity, amount, and liability. Nothing herein shall constitute or be deemed to constitute an admission of liability by the Debtors with respect to the Madrone POC.

3.   This Stipulation shall not become effective unless and until it is approved and entered by the Bankruptcy Court.

4.   Neither the Stipulation nor any negotiations and writings in connection with this Stipulation shall in any way be construed as or deemed to be evidence of or an admission on behalf of any party regarding any claim or right that such party may have against the other party, other than as provided herein.

5.   Each of the Parties represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

6.   This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one instrument.

7.   Notwithstanding the terms and conditions of this Stipulation and any actions taken pursuant to such terms or conditions, nothing in this Stipulation shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Stipulation or any order granting the relief requested by the Stipulation or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Stipulation are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

BRYAN CAVE LEIGHTON
PAISNER LLP
ATTORNEYS AT LAW
IRVINE

- 3 -    20-30604

Case: 20-30604    Doc# 735    Filed: 07/02/21    Entered: 07/02/21 15:30:38    Page 3 of 4

8. Similarly, notwithstanding the terms and conditions of this Stipulation and any actions taken pursuant to such terms or conditions, nothing in this Stipulation shall be deemed a waiver of Madrone Lender's rights to object or otherwise address events that occurred in the case prior to it receiving proper notice. Madrone Lender will also file a separate Reservation of Rights.

9. The Bankruptcy Court shall retain jurisdiction to hear any disputes relating to or arising from this Stipulation.

AGREED AND ACCEPTED:

TRODELLA & LAPPING
*/s/ Richard A. Lapping*
Richard A. Lapping
540 Pacific Avenue
San Francisco, CA 94133
(415) 434-9100
rich@trodellalapping.com
*Attorneys for Debtors*

BRYAN CAVE LEIGHTON PAISNER LLP
*/s/ H. Mark Mersel*
H. Mark Mersel, California Bar No. 130382
Olivia J. Scott, California Bar No. 329735
1920 Main Street, Suite 1000
Irvine, California 92614-7276
Telephone: +1 949 223 7000
Facsimile: +1 949 223 7100
mark.mersel@bclplaw.com
olivia.scott3@bclplaw.com
*Attorneys for Lender*