1  Debra I. Grassgreen (CA Bar No. 169978)
   John D. Fiero (CA Bar No. 136557)
2  Cia H. Mackle (admitted *pro hac vice*)
   PACHULSKI STANG ZIEHL & JONES LLP
3  One Market Plaza, Spear Tower
   40th Floor
4  San Francisco, CA 94105-1020
   Telephone:    (415) 263-7000
5  Facsimile:    (415) 263-7010
   E-mail:       dgrassgreen@pszjlaw.com
6                 jfiero@pszjlaw.com
                  cmackle@pszjlaw.com
7
   Counsel for Michael Goldberg, Trustee of the PFI Trust
8
                    **UNITED STATES BANKRUPTCY COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10
                         **SAN FRANCISCO DIVISION**
11

| | |
|---|---|
| In re: | Case No. 20-30604 (HLB) |
| **PROFESSIONAL FINANCIAL INVESTORS, INC.**, a California corporation, et al., | (Jointly Administered) |
| Debtors. | Chapter 11 |
| | **PFI TRUSTEE'S FIRST OMNIBUS OBJECTION TO CLAIMS (NON-NETTED INVESTOR CLAIMS SUPERSEDED BY UOA CLAIMS)** |
| | Date:      February 10, 2022<br>Time:      10:00 a.m.<br>Judge:     Hon. Hannah L. Blumenstiel<br>Place:     Telephonic/Video<br>                Appearances Only |

21 **TO THE HONORABLE HANNAH L. BLUMENSTIEL, UNITED STATES BANKRUPTCY**
22 **JUDGE:**

23         Pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"),

24 Federal Rule of Bankruptcy Procedure 3007, and Rule 3007-1 of the Bankruptcy Local Rules,

25 Michael Goldberg (the "PFI Trustee"), trustee for the PFI Trust (the "PFI Trust") established

26 pursuant to the *Modified Second Amended Joint Chapter 11 Plan of Professional Financial*

27 *Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of*

28 *Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and Ad Hoc DOT*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

*Noteholders Committee filed on November 1, 2021* [Dkt. No. 964] (the "<u>Plan</u>"), hereby objects (the "<u>Objection</u>") to the filed claims identified in the attached **<u>Exhibit 1</u>** (the "<u>Claims</u>") for the persons and entities identified in the attached **<u>Exhibit 1</u>** (the "<u>Claimants</u>") on the grounds that the Claims were filed by investors at the outset of these bankruptcy cases who (understandably) did not incorporate applicable netting principles applicable to Investor Restitution Claims (as defined and described in the Plan and herein) and were superseded by an Investor Restitution Claim (the "<u>UOA Claim</u>") calculated by FTI Consulting, Inc. ("<u>FTI</u>") that was served on the Claimant in connection with the investor claims process approved by the Court. The PFI Trustee seeks to clean up PFI's bankruptcy records and have these originally-filed Claims disallowed in favor of each Claimant's UOA Claim as calculated by FTI and identified on **<u>Exhibit 1</u>**.

The Objection is based on the *Declaration of Michelle Herman in Support of Trustee's First through Third Omnibus Objections* (the "<u>Herman Declaration</u>") filed herewith, and any other evidence properly before the Court, prior to or at any hearing on the Objection. Pursuant to the Court's *Order Approving Joint Motion For Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) The Form and Manner of Notice of Omnibus Objections* [Docket No. 1032], the PFI Trust is not required to attach the Proofs of Claim to this Objection.

## I.

## BACKGROUND

### A.  The Bankruptcy Case

On July 16, 2020, creditors of Professional Investors Security Fund, Inc. ("<u>PISF</u>"), commenced an involuntary chapter 11 bankruptcy action against PISF, Case No. 20-30579 (the "<u>PISF Case</u>"). On July 26, 2020, PISF filed a consent to the entry of an order for relief in the PISF Case, entered by the Court on July 27, 2020.

On July 26, 2020, PFI (together with PISF, the "<u>Original Debtors</u>") commenced its bankruptcy case by filing a voluntary chapter 11 petition. Subsequently, PFI commenced involuntary petitions against its affiliated LLCs and limited partnerships (the "<u>LLC/LP Debtors</u>").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**B.     The Confirmed Plan and the PFI Trust**

By order dated November 2, 2021, this Court confirmed the Plan [Docket No. 966]. December 15, 2021 is the Effective Date of the Plan.

Pursuant to Section 7.2 of the Plan, the PFI Trust, acting through the PFI Trustee, is authorized to object to claims.

The Court retained jurisdiction under the Plan to hear and determine commenced claims objections.  Plan, Article IX.

Pursuant to the Plan, the Claim Objection Deadline is 180 days after the Effective Date (*i.e.*, July 13, 2022).  Plan, §1.26.

**C.     The Proofs of Claim**

After the commencement of these cases, approximately 175 investors filed proofs of claim which did not incorporate applicable netting principles subsequently adopted by the Plan.

Pursuant to the Plan and in conformity with claim calculation law applicable to Ponzi scheme bankruptcies, Investor Claims are defined by the Plan as: "Any and all Claims of an Investor against any Debtor, which shall be composed of (i) an Investor Restitution Claim and (ii) an Investor Subordinated Claim."  Plan, §1.81.  An Investor Restitution Claim is defined as:

> **Investor Restitution Claim:** A Claim for restitution of an Investor to be treated *pari passu* with Other Unsecured Claims. Such claim is in lieu of contractual or other rights to return of principal investment, and is calculated as follows for a particular Investor: total Outstanding Principal Amount minus the Prepetition Distribution. For clarity purposes, although the calculation set forth herein is based on a method accounting for the Debtors' record keeping methods, in plain terms, the Investor Restitution is intended to be a "netted claim," that, in broad terms, calculates the remaining principal owed to a "cash-Investor" by looking at the "starting balance" plus "cash-in" minus "cash-out" transactions during the relevant time periods.

Plan, §1.84.

On May 26, 2021, the Debtors and Official Committee of Unsecured Creditors filed their joint motion to establish an investor bar date and procedures with respect thereto [Docket No. 661], which was approved on June 14, 2021 [Docket No. 688] (the "Bar Date and Claims Procedure Order").

DOCS_LA:341043.7 70934/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1  Pursuant thereto, on or about July 1, 2021, investor claims packages were served on all

2  current investors [Docket No. 788], each of which included a "Schedule of Netted Claims" prepared

3  by FTI, the Debtors' financial advisor, for all investments associated with a particular tax ID or

4  social security number (each, a "Unit of Account" or "UOA").  Specifically, the Schedule of Netted

5  Claims provided each investor with the amount of their Investor Restitution Claim or UOA Claim.

6  The investor claim packages included a specially-designed "Customized Investor Proof of Claim

7  Form" for any investor who disputed FTI's calculations.

8  The Debtors, Committee and/or PFI Trustee, as applicable, have resolved almost all claims

9  filed in connection with the investor claims process which utilized the Customized Investor Proof of

10  Claim Form, and this Objection does not relate to such resolved claims.

## II.

## ARGUMENT

### A. The Court Must Determine the Allowance of a Claim Subject to Objection

14  With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part,

15  that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the

16  amount of such claim in lawful currency of the United States as of the date of the filing of the

17  petition, and shall allow such claim in such amount, except to the extent that -- (1) such claim is

18  unenforceable against the debtor and property of the debtor, under any agreement or applicable law

19  for a reason other than because such claim is contingent or unmatured . . . ."

### B. Burden of Proof

21  All allegations set forth in a properly filed proof of claim are taken as true and, if the

22  allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof

23  constitutes *prima facie* evidence of the validity and amount of the claim.  11 U.S.C. § 502(a); Fed. R.

24  Bankr. P. 3001(f).  However, a claimant must attach copies of writings upon which claims are based

25  in order to carry its burden of establishing a *prima facie* case against the debtor.  *Hardin v. Gianni*

26  *(In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998).  Further, a claim should not

27  be allowed if that claim is unenforceable against the debtor and property of the debtor, under any

28  agreement or applicable law.  11 U.S.C. § 502(b)(1).

Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623. In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case. *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

## C.     **The Objection**

Based upon a review of each of the Claims listed on **Exhibit 1**, their supporting documentation and PFI's books and records, the Trustee has determined that each Claim was filed in an incorrect amount because (a) the Claim does not incorporate netting principles applicable to Investor Restitution Claims and (b) the underlying investments on which each Claim was based are now calculated as the Investor Restitution Claim sent to each Claimant in connection with the investor claims process.  Additionally, as a result of the Court's approval of the Bar Date and Claims Procedure Order, each Claimant has already effectively agreed to FTI's calculations (which do take netting into account).

Based upon the foregoing, the Claims should be disallowed in their entirety and deemed replaced by the UOA Claim applicable to each Claimant as listed on **Exhibit 1**, and such UOA Claim should be deemed Allowed as a superseding claim.

## III.

## **RESERVATION OF RIGHTS**

Notwithstanding anything contained in this Motion or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Trustee may have to (a) bring avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, 11 U.S.C. § 547, against the holders of the Claims; or (b) exercise any right of setoff against the holders of the Claims relating to such avoidance actions.

5

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# IV.

## CONCLUSION

WHEREFORE, the PFI Trustee respectfully requests that the Court enter an Order:

1.      Sustaining the Objection in its entirety;

2.      Disallowing the Claims in favor of the UOA Claims listed on **Exhibit 1** applicable to the Claimant;

3.      Preserving any and all rights of the PFI Trustee to pursue affirmative claims against any Claimant; and

4.      Granting such other relief as is just and proper.

Dated:    January 7, 2022                    PACHULSKI STANG ZIEHL & JONES LLP

                                             By      */s/ Debra I. Grassgreen*
                                                     Debra I. Grassgreen
                                                     John D. Fiero
                                                     Cia H. Mackle

                                                     Attorneys for Michael I. Goldberg,
                                                     Trustee of the PFI Trust

6

**EXHIBIT 1**

| | | Filed Claim to be Disallowed | | | | | Superseding Unit of Account (UOA) Claim to be Allowed | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | *(Basis: the filed Claim did not incorporate applicable netting principles applicable to Investor Restitution Claims and was superseded by the Investor Restitution Claim (the "UOA Claim") calculated by FTI and served on the Claimant in connection with the investor claims process approved by the Court. The PFI Trustee seeks disallowance of the filed Claim in favor of the remaining UOA Claim identified in the right-hand column.)* | | | | | *(Consistent with UOA Claim provided to Claimant in connection with Investor Claims Process)* | | | | |
| **Date** | **Claim #** | **Claimant Name** (listed alphabetically) | **Debtor** | **Classification** | **Amount** | **UOA Claim #** | **UOA Claimant Name** | **Debtor** | **Classification** | **Amount** |
| 4/29/2021 | 185 | ALTHUIZEN FAMILY TRUST, JOHN ALTHUIZEN AND JEANNE ALTHUIZEN TTEES, FARLEY LAW OFFICES | PROFESSIONAL FINANCIAL INVESTORS, INC. ("PFI") | SECURED | 150,000.00 | 21423 | John Althuizen | PFI | General Unsecured | 108,144.25 |
| 9/8/2020 | 78 | ANODEA, JUDITH | PFI | UNSECURED | 250,911.35 | 20052 | Anodea Judith | PFI | General Unsecured | 236,250.00 |
| 9/15/2020 | 89 | ARDON, ANA MARIA | PFI | UNSECURED | 20,750.00 | 21655 | Ana Maria Ardon | PFI | General Unsecured | 17,395.76 |
| 11/10/2020 | 130 | BABAZADEH, NATHALIE | PFI | UNSECURED | 44,000.00 | 21376 | Nathalie Babazadeh | PFI | General Unsecured | 41,172.84 |
| 8/24/2020 | 59 | BABBITT, PAUL | PFI | UNSECURED | 50,000.00 | 21232 | Paul Babbitt | PFI | General Unsecured | 45,775.03 |
| 9/21/2020 | 94 | BERLING, ROBERT | PFI | UNSECURED | 250,000.00 | 21452 | Robert Berling | PFI | General Unsecured | 242,355.82 |
| 8/18/2020 | 41 | BOOTH, LINDA | PROFESSIONAL INVESTORS SECURITY FUND, INC. ("PISF") | UNSECURED | 50,000.00 | 20747 | Linda Booth | PFI | General Unsecured | 27,203.35 |

1

# EXHIBIT 1

| Filed Claim to be Disallowed *(Basis: the filed Claim did not incorporate applicable netting principles applicable to Investor Restitution Claims and was superseded by the Investor Restitution Claim (the "UOA Claim") calculated by FTI and served on the Claimant in connection with the investor claims process approved by the Court. The PFI Trustee seeks disallowance of the filed Claim in favor of the remaining UOA Claim identified in the right-hand column.)* | | | | | | Superseding Unit of Account (UOA) Claim to be Allowed (Consistent with UOA Claim provided to Claimant in connection with Investor Claims Process) | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Date** | **Claim #** | **Claimant Name** (listed alphabetically) | **Debtor** | **Classification** | **Amount** | **UOA Claim #** | **UOA Claimant Name** | **Debtor** | **Classification** | **Amount** |
| 8/4/2020 | 7 | BRADY, DAVID CLAYTON | PFI | UNSECURED | 120,000.00 | 20780 | David Clayton Brady | PFI | General Unsecured | 126,000.00 |
| 8/21/2020 | 55 | CALES, DONNA | PFI | SECURED | 112,555.68 | 20899 | Donna R. Cales | PFI | General Unsecured | 83,968.50 |
| 10/23/2020 | 109 | CAREDIS, JON A/K/A LACONIA INVESTMENTS | PFI | SECURED | 100,000.00 | 20533 | Laconia Investments | PFI | General Unsecured | 84,755.86 |
| 9/11/2020 | 86 | COLE, RICHARD G TTEE OF MIRIAN C CLARK FAMILY, TRUST BBO ANTHONY CLARK | PFI | SECURED | 144,162.50 | 21740 | Richard G. Cole, Trustee of the Miriam C. Clark Family Trust, FBO Anthony Clark | PFI | General Unsecured | 78,150.60 |
| 9/11/2020 | 83 | COLE, RICHARD G AND ALETA J DRUMMOND TTEE OF THE DRUMMOND COLE FAMILY TRUST DTD 8/13/98 | PFI | SECURED | 532,482.90 | 20272 | Richard G. Cole | PFI | General Unsecured | 273,089.30 |

2

DOCS_LA:341410.3 70042/001

**EXHIBIT 1**

| Filed Claim to be Disallowed | | | | | | Superseding Unit of Account (UOA) Claim to be Allowed | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| (Basis: the filed Claim did not incorporate applicable netting principles applicable to Investor Restitution Claims and was superseded by the Investor Restitution Claim (the "UOA Claim") calculated by FTI and served on the Claimant in connection with the investor claims process approved by the Court. The PFI Trustee seeks disallowance of the filed Claim in favor of the remaining UOA Claim identified in the right-hand column.) | | | | | | (Consistent with UOA Claim provided to Claimant in connection with Investor Claims Process) | | | | |
| **Date** | **Claim #** | **Claimant Name** (listed alphabetically) | **Debtor** | **Classification** | **Amount** | **UOA Claim #** | **UOA Claimant Name** | **Debtor** | **Classification** | **Amount** |
| 9/11/2020 | 81 | COLE, RICHARD G AND JAN L COLE, TTEES OF THE STANLEY COLE DECEDENT TRUST | PFI | SECURED | 105,213.30 | 20443 | Stanley Cole Decedent's Trust; Richard G. Cole and Jan L. Cole Trustees | PFI | General Unsecured | 68,670.21 |
| 9/11/2020 | 85 | COLE, RICHARD G TRUSTEE OF MIRIAM C CLARK, FAMILY TRUST FBO TERESA CLARK C/O RICHARD G COLE | PFI | SECURED | 144,162.50 | 21741 | Richard G. Cole, Trustee of the Miriam C. Clark Family Trust, FBO Teresa Clark | PFI | General Unsecured | 78,150.60 |
| 9/11/2020 | 84 | COLE, RICHARD G TTEE OF THE COLE MARITAL TRUST | PFI | SECURED | 94,085.00 | 20445 | Richard G. Cole Trustee of the Cole Marital Trust | PFI | General Unsecured | 61,332.38 |

**EXHIBIT 1**

| | | Filed Claim to be Disallowed | | | | Superseding Unit of Account (UOA) Claim to be Allowed | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | *(Basis: the filed Claim did not incorporate applicable netting principles applicable to Investor Restitution Claims and was superseded by the Investor Restitution Claim (the "UOA Claim") calculated by FTI and served on the Claimant in connection with the investor claims process approved by the Court. The PFI Trustee seeks disallowance of the filed Claim in favor of the remaining UOA Claim identified in the right-hand column.)* | | | | (Consistent with UOA Claim provided to Claimant in connection with Investor Claims Process) | | | | |
| **Date** | **Claim #** | **Claimant Name** (listed alphabetically) | **Debtor** | **Classification** | **Amount** | **UOA Claim #** | **UOA Claimant Name** | **Debtor** | **Classificatio n** | **Amount** |
| 9/11/2020 | 82 | COLE, RICHARD G TTEE OF THE COLE SURVIVOR TRUST ESTABLISHED UNDER TRUST AGREEMENT DTD | PFI | SECURED | 314,628.30 | 20444 | Frances Cole Survivor Trust Established under Trust agreement dated 5/29/89 | PFI | General Unsecured | 211,215.99 |
| 12/22/2020 | 166 | CORZINE, STANLEY | PISF | UNSECURED | 75,998.48 | 20835 | Stanley Corzine | PFI | General Unsecured | 56,726.25 |
| 12/18/2020 | 165 | CRUZ, FRANCISCO | PFI | UNSECURED | 11,575.00 | 21639 | Francisco J. Cruz | PFI | General Unsecured | 10,000.00 |
| 10/6/2020 | 102 | DENNEY, PENNY | PISF | SECURED | 40,000.00 | 20960 | Penny J. Denney | PFI | General Unsecured | 19,003.77 |
| 9/1/2020 | 73 | DODT, DAN | PFI | SECURED | 100,000.00 | 20640 | Linda Blacketer and Dan Dodt Family Revocable Trust Dtd 10/27/17 | PFI | General Unsecured | 100,102.39 |
| 8/3/2020 | 2 | DOERING / GLADSTONE TRUST | PISF | UNSECURED | 400,000.00 | 20334 | Christian Von Eggers Doering | PFI | General Unsecured | 382,461.05 |

4

DOCS_LA:341410.3 70042/001

**EXHIBIT 1**

| Filed Claim to be Disallowed | | | | | | Superseding Unit of Account (UOA) Claim to be Allowed | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| *(Basis: the filed Claim did not incorporate applicable netting principles applicable to Investor Restitution Claims and was superseded by the Investor Restitution Claim (the "UOA Claim") calculated by FTI and served on the Claimant in connection with the investor claims process approved by the Court. The PFI Trustee seeks disallowance of the filed Claim in favor of the remaining UOA Claim identified in the right-hand column.)* | | | | | | (Consistent with UOA Claim provided to Claimant in connection with Investor Claims Process) | | | | |
| **Date** | **Claim #** | **Claimant Name** (listed alphabetically) | **Debtor** | **Classification** | **Amount** | **UOA Claim #** | **UOA Claimant Name** | **Debtor** | **Classification** | **Amount** |
| 8/25/2020 | 63 | DONEGAN, LAWRENCE C AND SHERRI J DONEGAN | PISF | UNSECURED | 88,179.26 | 21214 | Larry Donegan | PFI | General Unsecured | 63,000.00 |
| 11/3/2020 | 128 | EWING, HAROLD JESSE | PFI | SECURED | 165,452.36 | 20453 | Harold Jesse Ewing | PFI | General Unsecured | 157,500.00 |
| 8/27/2020 | 61 | FINDLAY, KIRSTEN, THE KIRSTEN FINDLAY REVOCABLE LIVING TRUST | PISF | UNSECURED | 400,000.00 | 21603 | Kirsten Findlay Revocable Living Trust | PFI | General Unsecured | 397,846.44 |
| 8/14/2020 | 35 | FREDERICKSON, ANDREA | PISF | SECURED | 95,200.00 | 20834 | Andrea Frederickson | PFI | General Unsecured | 66,188.76 |
| 8/18/2020 | 43 | FRIEDMAN, JUDITH | PFI | SECURED | 50,000.00 | 20115 | Judith B. Friedman | PFI | General Unsecured | 35,164.76 |
| 8/21/2020 | 49 | GILLIHAN, ANDREW THOMAS | PISF | UNSECURED | 5,843.14 | 20787 | Andrew Gillihan | PFI | General Unsecured | 5,000.00 |
| 3/9/2021 | 178 | GREASON, ELIZABETH | PFI | UNSECURED | 0.00 | 20117 | The Elizabeth Greason Living Trust | PFI | General Unsecured | 473,040.12 |

DOCS_LA:341410.3 70042/001

**EXHIBIT 1**

| Filed Claim to be Disallowed | | | | | | Superseding Unit of Account (UOA) Claim to be Allowed | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| *(Basis: the filed Claim did not incorporate applicable netting principles applicable to Investor Restitution Claims and was superseded by the Investor Restitution Claim (the "UOA Claim") calculated by FTI and served on the Claimant in connection with the investor claims process approved by the Court. The PFI Trustee seeks disallowance of the filed Claim in favor of the remaining UOA Claim identified in the right-hand column.)* | | | | | | (Consistent with UOA Claim provided to Claimant in connection with Investor Claims Process) | | | | |
| **Date** | **Claim #** | **Claimant Name** (listed alphabetically) | **Debtor** | **Classification** | **Amount** | **UOA Claim #** | **UOA Claimant Name** | **Debtor** | **Classification** | **Amount** |
| 8/20/2021 | 372 | HALL, LAUREN CHRISTINE, TRUSTEE OF THE KATHRYN WILLIAMS STEWART TRUST | PFI | UNSECURED | 150,000.00 | 21414 | Kathryn Williams Stewart | PFI | General Unsecured | 118,500.00 |
| 5/20/2021 | 348 | HALLIN, KATHLEEN | PROFESSIONAL INVESTORS 26, LLC | PRIORITY | 200,900.00 | 21127 | Kathleen Ann Hallin | PFI | General Unsecured | 200,900.00 |
| 4/30/2021 | 190 | HAYDON, SHANTI | PFI | SECURED | 50,000.00 | 21426 | Shanti Haydon | PFI | General Unsecured | 44,733.96 |
| 10/30/2020 | 110 | HOLTZ, ROBERT H | PISF | SECURED | 34,602.14 | 20463 | Robert Holtz | PFI | General Unsecured | 25,000.00 |
| 8/28/2020 | 62 | ILLIEN, HENRI | PISF | UNSECURED | 50,000.00 | 21641 | Henri Illien Trust | PFI | General Unsecured | 48,739.38 |
| 8/24/2020 | 60 | ITO, MOMOKO | PFI | UNSECURED | 50,022.19 | 21642 | Momoko Ito | PFI | General Unsecured | 50,000.00 |
| 6/11/2021 | 360 | JACKSON, ELLEN M | PFI | UNSECURED | 0.00 | 20496 | Ellen Marie Jackson | PFI | General Unsecured | 34,558.78 |
| 5/13/2021 | 263 | JACKSON, SUNNY | PFI | UNSECURED | 95,982.00 | 20039 | Sunny Chen Jackson | PFI | General Unsecured | 82,000.00 |

**EXHIBIT 1**

| Filed Claim to be Disallowed | | | | | | Superseding Unit of Account (UOA) Claim to be Allowed | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| *(Basis: the filed Claim did not incorporate applicable netting principles applicable to Investor Restitution Claims and was superseded by the Investor Restitution Claim (the "UOA Claim") calculated by FTI and served on the Claimant in connection with the investor claims process approved by the Court. The PFI Trustee seeks disallowance of the filed Claim in favor of the remaining UOA Claim identified in the right-hand column.)* | | | | | | (Consistent with UOA Claim provided to Claimant in connection with Investor Claims Process) | | | | |
| **Date** | **Claim #** | **Claimant Name** (listed alphabetically) | **Debtor** | **Classification** | **Amount** | **UOA Claim #** | **UOA Claimant Name** | **Debtor** | **Classification** | **Amount** |
| 9/1/2020 | 66 | LARUSSO, SANDRA KRUSE | PISF | UNSECURED | 289,000.00 | 21042 | Sandra Y. Kruse (LaRusso) | PFI | General Unsecured | 38,821.71 |
| 8/4/2020 | 30 | LEONARDI-HOLZAPFEL, JULIA | PISF | UNSECURED | 1,129.36 | 21563 | Julia Leonardi-Holzapfel | PFI | General Unsecured | 51,982.19 |
| 11/1/2020 | 115 | LI, VALENCE WAN YU | PISF | UNSECURED | 67,248.55 | 20808 | Valence Wan Yu Li | PFI | General Unsecured | 63,000.00 |
| 2/2/2021 | 175 | MAZAR FAMILY LIVING TRUST, WALTER OR VIVIAN MAZAR | PISF | SECURED | 300,000.00 | 21174 | Walter Mazar | PFI | General Unsecured | 49,438.27 |
| 11/12/2020 | 134 | MCKEE, BENJAMIN | PFI | SECURED | 350,000.00 | 21825 | Benjamin McKee | PFI | General Unsecured | 336,453.09 |
| 5/11/2021 | 224 | MEMISEVIC, ALAN PERSONAL REPRESENTATIVE, MIDHAT MEMISEVIC | PFI | UNSECURED | 183,333.33 | 20527 | Midhat Memisevic | PFI | General Unsecured | 113,499.87 |
| 11/12/2020 | 138 | MENEFEE, CURT | PFI | SECURED | 100,000.00 | 21784 | Curtis Menefee | PFI | General Unsecured | 97,578.09 |

DOCS_LA:341410.3 70042/001

EXHIBIT 1

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Filed Claim to be Disallowed** *(Basis: the filed Claim did not incorporate applicable netting principles applicable to Investor Restitution Claims and was superseded by the Investor Restitution Claim (the "UOA Claim") calculated by FTI and served on the Claimant in connection with the investor claims process approved by the Court. The PFI Trustee seeks disallowance of the filed Claim in favor of the remaining UOA Claim identified in the right-hand column.)* | | | | | | **Superseding Unit of Account (UOA) Claim to be Allowed** (Consistent with UOA Claim provided to Claimant in connection with Investor Claims Process) | | | | |
| **Date** | **Claim #** | **Claimant Name** (listed alphabetically) | **Debtor** | **Classification** | **Amount** | **UOA Claim #** | **UOA Claimant Name** | **Debtor** | **Classification** | **Amount** |
| 8/3/2020 | 5 | MERRON, KEITH | PFI | UNSECURED | 875,000.00 | 20336 | Keith Merron | PFI | General Unsecured | 767,287.50 |
| 12/1/2020 | 158 | MORA, JUAN C | PFI | PRIORITY | 14,000.00 | 21725 | Juan C. Mora | PFI | General Unsecured | 3,444.26 |
| 8/5/2020 | 16 | MUZICK, TERESA | PFI | UNSECURED | 26,015.64 | 20507 | Teresa Muzick | PFI | General Unsecured | 128,245.14 |
| 9/25/2020 | 96 | NANTEL, VIVIANNE | PISF | PRIORITY | 500,000.00 | 20330 | Vivianne Nantel | PFI | General Unsecured | 498,438.58 |
| 5/10/2021 | 210 | PERRY, JANTJE J | PFI | UNSECURED | 210,000.00 | 21087 | Jantje Perry | PFI | General Unsecured | 145,663.78 |
| 2/10/2021 | 177 | PETRINI, SHERRY LYNN SPECIAL NEEDS TRUST, SYDNEY E FAIRBAIRN ATTORNEY AT LAW | PFI | SECURED | 260,000.00 | 21789 | Sherry C. Petrini Special Needs Trust Randall J. Petrini; TTEE | PFI | General Unsecured | 414,592.93 |
| 8/25/2020 | 64 | PYSAREVA, IRYNA | PISF | UNSECURED | 27,000.00 | 21665 | Iryna Pysareva | PFI | General Unsecured | 13,937.37 |

8

**EXHIBIT 1**

| Filed Claim to be Disallowed | | | | | | Superseding Unit of Account (UOA) Claim to be Allowed | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| *(Basis: the filed Claim did not incorporate applicable netting principles applicable to Investor Restitution Claims and was superseded by the Investor Restitution Claim (the "UOA Claim") calculated by FTI and served on the Claimant in connection with the investor claims process approved by the Court. The PFI Trustee seeks disallowance of the filed Claim in favor of the remaining UOA Claim identified in the right-hand column.)* | | | | | | *(Consistent with UOA Claim provided to Claimant in connection with Investor Claims Process)* | | | | |
| **Date** | **Claim #** | **Claimant Name** (listed alphabetically) | **Debtor** | **Classification** | **Amount** | **UOA Claim #** | **UOA Claimant Name** | **Debtor** | **Classification** | **Amount** |
| 8/9/2020 | 24 | REED, GWYN L | PFI | UNSECURED | 10,000.00 | 21256 | Gwyn L. Reed | PFI | General Unsecured | 9,091.35 |
| 12/8/2020 | 160 | REINHARDT, ELKE, CHERYL REINHARDT | PFI | UNSECURED | 75,000.00 | 20389 | Elke Reinhardt Trust Est. 2/20/2006 | PFI | General Unsecured | 39,300.00 |
| 8/5/2020 | 12 | REVELLE, THOMAS W | PISF | UNSECURED | 200,000.00 | 20703 | Thomas W. Revelle | PFI | General Unsecured | 179,904.56 |
| 11/12/2020 | 140 | REYNOLDS, MATTHEW | PFI | SECURED | 700,000.00 | 21797 | Matthew Reynolds | PFI | General Unsecured | 667,857.53 |
| 9/1/2020 | 65 | RIENECKER, DEAN | PISF | UNSECURED | 157,000.00 | 21595 | Dean Rienecker | PFI | General Unsecured | 137,817.14 |
| 1/15/2021 | 172 | RMJ WILSON FAMILY LLC | PFI | SECURED | 205,200.00 | 21704 | RMJ Wilson Family LLC | PFI | General Unsecured | 194,944.72 |
| 11/12/2020 | 135 | ROJAS, GEOFFREY R | PFI | SECURED | 50,000.00 | 21829 | Geoffrey R. Rojas | PFI | General Unsecured | 48,187.09 |
| 4/26/2021 | 183 | RUSSELL, EDWARD AND LISA, ALAN W ZIFF TRUST | PFI | UNSECURED | 40,000.00 | 21201 | Edward J. Russell | PFI | General Unsecured | 15,439.08 |
| 4/30/2021 | 189 | SALO, CHRISTY | PFI | SECURED | 100,000.00 | 20933 | Christy Ann Salo | PFI | General Unsecured | 176,277.74 |

DOCS_LA:341410.3 70042/001

**EXHIBIT 1**

| | | Filed Claim to be Disallowed | | | | Superseding Unit of Account (UOA) Claim to be Allowed | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | *(Basis: the filed Claim did not incorporate applicable netting principles applicable to Investor Restitution Claims and was superseded by the Investor Restitution Claim (the "UOA Claim") calculated by FTI and served on the Claimant in connection with the investor claims process approved by the Court. The PFI Trustee seeks disallowance of the filed Claim in favor of the remaining UOA Claim identified in the right-hand column.)* | | | | (Consistent with UOA Claim provided to Claimant in connection with Investor Claims Process) | | | | |
| **Date** | **Claim #** | **Claimant Name** (listed alphabetically) | **Debtor** | **Classification** | **Amount** | **UOA Claim #** | **UOA Claimant Name** | **Debtor** | **Classification** | **Amount** |
| 8/5/2020 | 17 | SCHILD, ROBIN L | PFI | UNSECURED | 649,000.00 | 21275 | Robin L. Schild | PFI | General Unsecured | 423,777.84 |
| 11/12/2020 | 139 | SCHWARTZ, JEFFREY AND MARNIE NIEVES | PFI | SECURED | 350,000.00 | 21781 | Jeffrey Schwartz | PFI | General Unsecured | 471,193.55 |
| 8/21/2020 | 58 | SEAGO, JOHN | PFI | SECURED | 510,000.00 | 20954 | John Lyle Seago | PFI | General Unsecured | 344,377.68 |
| 5/11/2021 | 213 | SEIPP TRUST, MICHELE SEIPP | PFI | SECURED | 76,000.00 | 20390 | Martin Harvey Seipp Trust | PFI | General Unsecured | 69,231.97 |
| 11/12/2020 | 136 | SERMON, DANIEL WAYNE | PFI | SECURED | 1,266,707.86 | 20774 | Daniel Wayne Sermon | PFI | General Unsecured | 1,200,915.46 |
| 11/12/2020 | 141 | SERMON, TAYLOR N | PFI | SECURED | 75,000.00 | 20775 | Taylor Sermon | PFI | General Unsecured | 77,285.58 |
| 8/9/2020 | 22 | SHI, WEN OR FUYUAN SHI (erroneously stated in the name of PFI) | PISF | UNSECURED | 730,000.00 | 21903 | Wen Shi or Fuyuan Shi | PFI | General Unsecured | 421,751.69 |

**EXHIBIT 1**

| | | Filed Claim to be Disallowed | | | | Superseding Unit of Account (UOA) Claim to be Allowed | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | *(Basis: the filed Claim did not incorporate applicable netting principles applicable to Investor Restitution Claims and was superseded by the Investor Restitution Claim (the "UOA Claim") calculated by FTI and served on the Claimant in connection with the investor claims process approved by the Court. The PFI Trustee seeks disallowance of the filed Claim in favor of the remaining UOA Claim identified in the right-hand column.)* | | | | (Consistent with UOA Claim provided to Claimant in connection with Investor Claims Process) | | | | |
| **Date** | **Claim #** | **Claimant Name** (listed alphabetically) | **Debtor** | **Classification** | **Amount** | **UOA Claim #** | **UOA Claimant Name** | **Debtor** | **Classification** | **Amount** |
| 2/16/2021 | 176 | SIMKO, NOREEN | PISF | UNSECURED | 111,438.20 | 21101 | Noreen Simko | PFI | General Unsecured | 48,683.71 |
| 11/24/2020 | 157 | SOLOMON, EVE GERSON TRUST, EVE GERSON TRUSTEE | PFI | SECURED | 300,000.00 | 20099 | Eve Solomon | PFI | General Unsecured | 57,941.67 |
| 8/2/2020 | 8 | TRA 401K PENSION PLAN, THEODORE REICH | PFI | SECURED | 100,000.00 | 21676 | TRA Inc. 401K Pension Plan | PFI | General Unsecured | 77,784.87 |
| 11/12/2020 | 142 | TURNER, POPE | PFI | SECURED | 104,649.00 | 20776 | Turner Pope | PFI | General Unsecured | 103,425.00 |
| 9/25/2020 | 95 | UJLAKI, PETER | PISF | UNSECURED | 90,000.00 | 20258 | Peter Ujlaki | PFI | General Unsecured | 84,130.03 |
| 9/4/2020 | 75 | VASCONCELLOS, THOMAS J AND JOAN A VASCONCELLOS | PISF | SECURED | 80,000.00 | 21381 | Thomas Vasconcellos | PFI | General Unsecured | 17,772.68 |
| 10/30/2020 | 111 | VOGL, HANS PAUL | PISF | SECURED | 100,000.00 | 21261 | Hans Paul Vogl | PFI | General Unsecured | 55,795.28 |

DOCS_LA:341410.3 70042/001

## EXHIBIT 1

| Filed Claim to be Disallowed *(Basis: the filed Claim did not incorporate applicable netting principles applicable to Investor Restitution Claims and was superseded by the Investor Restitution Claim (the "UOA Claim") calculated by FTI and served on the Claimant in connection with the investor claims process approved by the Court. The PFI Trustee seeks disallowance of the filed Claim in favor of the remaining UOA Claim identified in the right-hand column.)* | | | | | | Superseding Unit of Account (UOA) Claim to be Allowed (Consistent with UOA Claim provided to Claimant in connection with Investor Claims Process) | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Date** | **Claim #** | **Claimant Name** (listed alphabetically) | **Debtor** | **Classification** | **Amount** | **UOA Claim #** | **UOA Claimant Name** | **Debtor** | **Classification** | **Amount** |
| 8/4/2020 | 29 | WHITEHURST, JOSIE T | PISF | UNSECURED | 120,496.87 | 21096 | Josie T. Whitehurst | PFI | General Unsecured | 105,000.00 |
| 8/6/2020 | 18 | WILSON, SUSAN | PFI | UNSECURED | 197,102.33 | 20404 | Susan Wilson | PFI | General Unsecured | 155,271.61 |

12

DOCS_LA:341410.3 70042/001