Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Cia H. Mackle (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower
40th Floor
San Francisco, CA 94105-1020
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: dgrassgreen@pszjlaw.com
jfiero@pszjlaw.com
cmackle@pszjlaw.com

Counsel for Michael Goldberg, Trustee of the PFI Trust

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PROFESSIONAL FINANCIAL INVESTORS, INC.**, a California corporation, et al.,<br><br>Debtors. | Case No. 20-30604 (HLB)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**PFI TRUSTEE'S SIXTH OMNIBUS OBJECTION TO CLAIMS (MODIFICATIONS TO NETTED CLAIMS WHERE ROLLOVER CAME FROM CLAWBACK UNIT OF ACCOUNT)**<br><br>Date: March 17, 2022<br>Time: 10:00 a.m.<br>Judge: Hon. Hannah L. Blumenstiel<br>Place: Telephonic/Video Appearances Only |

**TO THE HONORABLE HANNAH L. BLUMENSTIEL, UNITED STATES BANKRUPTCY JUDGE:**

Pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 3007, and Rule 3007-1 of the Bankruptcy Local Rules, Michael Goldberg (the "PFI Trustee"), trustee for the PFI Trust (the "PFI Trust") established pursuant to the *Modified Second Amended Joint Chapter 11 Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and Ad Hoc DOT*

*Noteholders Committee filed on November 1, 2021* [Dkt. No. 964] (the "Plan"), hereby objects (the "Objection") to the scheduled claims identified on the attached **Exhibit 1** (the "Claims") for the persons and entities identified thereon (the "Claimants") on the grounds that the FTI Consulting has determined that the claims were overstated as a result of rollovers with other units of account, and the Claims should be reduced as set forth on **Exhibit 1**.

The Objection is based on the *Declaration of Michelle Herman in Support of Trustee's Sixth Omnibus Objection* (the "Herman Declaration") filed herewith, and any other evidence properly before the Court, prior to or at any hearing on the Objection. Pursuant to the Court's *Order Approving Joint Motion For Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) The Form and Manner of Notice of Omnibus Objections* [Docket No. 1032], the PFI Trust is not required to attach the Proofs of Claim to this Objection.

# I.

# BACKGROUND

### A. The Bankruptcy Case

On July 16, 2020, creditors of Professional Investors Security Fund, Inc. ("PISF"), commenced an involuntary chapter 11 bankruptcy action against PISF, Case No. 20-30579 (the "PISF Case"). On July 26, 2020, PISF filed a consent to the entry of an order for relief in the PISF Case, entered by the Court on July 27, 2020.

On July 26, 2020, PFI (together with PISF, the "Original Debtors") commenced its bankruptcy case by filing a voluntary chapter 11 petition. Subsequently, PFI commenced involuntary petitions against its affiliated LLCs and limited partnerships (the "LLC/LP Debtors").

### B. The Confirmed Plan and the PFI Trust

By order dated November 2, 2021, this Court confirmed the Plan [Docket No. 966]. December 15, 2021 is the Effective Date of the Plan.

Pursuant to Section 7.2 of the Plan, the PFI Trust, acting through the PFI Trustee, is authorized to object to claims.

The Court retained jurisdiction under the Plan to hear and determine commenced claims objections. Plan, Article IX.

Pursuant to the Plan, the Claim Objection Deadline is 180 days after the Effective Date (*i.e.*, July 13, 2022). Plan, §1.26.

## C. The Claims

On May 26, 2021, the Debtors and Official Committee of Unsecured Creditors filed their joint motion to establish an investor bar date and procedures with respect thereto [Docket No. 661], which was approved on June 14, 2021 [Docket No. 688] (the "Bar Date and Claims Procedure Order").

Pursuant thereto, on or about July 1, 2021, investor claims packages were served on all current investors [Docket No. 788], each of which included a "Schedule of Netted Claims" prepared by FTI, the Debtors' financial advisor, for all investments associated with a particular tax ID or social security number (each, a "Unit of Account" or "UOA"). Specifically, the Schedule of Netted Claims provided each investor with the amount of their Investor Restitution Claim or UOA Claim. The investor claim packages included a specially-designed "Customized Investor Proof of Claim Form" for any investor who disputed FTI's calculations. Those packages also made clear that the estates were reserving their rights to challenge any claim in the event of additional facts coming to light. Specifically, the Schedule of Netted Claims stated:

> The Total Net Claim amount and Potential Clawback Liability may be affected by any proofs of claim filed or other objections raised in these cases challenging, among other things, the amount and/or validity of any distributions or transfers made between Units of Account and/or investments held in joint accounts. The Debtors and the PFI Trust reserve all rights, claims, objections and defenses with respect to the Total Net Claim and Potential Clawback Liability set forth herein; provided however, that affected investors shall receive notice and an opportunity to object to any such proposed changes.

The Schedule of Allowed Netted Claims provided to each investor was calculated using a "cash in" minus "cash out" netting methodology applicable in Ponzi schemes. As a result, some investors received a Schedule of Allowed Netted Claims that described a clawback liability because that specific Unit of Account received more in "cash out" than they contributed in "cash in." This situation became more complex when investors rolled over funds from one UOA to another UOA. In those case, the Schedule of Allowed Netted Claims credited the rollover the receiving investor as "cash in" to their UOA and "cash out" of a different UOA. These rollovers out resulted in a reduced

3

claim (or clawback) on the transferring UOA but increased the "cash in" or net positive claim on the transferee UOA.

In a limited number of these cases, the Schedule of Allowed Netted Claims gave transferee investors "cash in" credit for monies from the transferor UOA that were actually subject to clawback. In these cases, FTI has determined that the Schedule of Allowed Netted Claims for the transferee UOA was incorrect because it is inappropriate to give "cash in" credit for book entries purporting to transfer funds from an account which is technically negative as a result of clawback liability to another account where these negative amounts are credited as positive "cash in." In those instances, the Schedule of Allowed Netted Claim must be modified to reduce the "cash in" for the transferee UOA to the extent that such funds were the product of a different UOA holder's clawback liability. The UOAs to which these unique circumstances apply as all described in Exhibit 1.

## II.

## ARGUMENT

### A. The Court Must Determine the Allowance of a Claim Subject to Objection

With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part, that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that -- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . ."

### B. Burden of Proof

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof constitutes *prima facie* evidence of the validity and amount of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). However, a claimant must attach copies of writings upon which claims are based in order to carry its burden of establishing a *prima facie* case against the debtor. *Hardin v. Gianni (In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998). Further, a claim should not

4

be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law. 11 U.S.C. § 502(b)(1).

Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623. In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case. *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

## C. **The Objection**

Based upon a review of each of the Claims listed on **Exhibit 1**, their supporting documentation and PFI's books and records, the Trustee has determined that each Claim on **Exhibit 1** should be reduced as set forth on **Exhibit 1**, because the Schedule of Allowed Netted Claims provided for Claimant overstated the "cash in" on account of having received a rollover from a UOA for which a clawback liability is owed.

## III.

## RESERVATION OF RIGHTS

Notwithstanding anything contained in this Motion or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Trustee may have to (a) bring avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, 11 U.S.C. § 547, against the holders of the Claims; or (b) exercise any right of setoff against the holders of the Claims relating to such avoidance actions.

## IV.

## CONCLUSION

WHEREFORE, the PFI Trustee respectfully requests that the Court enter an Order:

1. Sustaining the Objection in its entirety;

5

2. Reducing the Claims listed on **Exhibit 1** applicable to the Claimant as set forth on **Exhibit 1**;

3. Preserving any and all rights of the PFI Trustee to pursue affirmative claims against any Claimant; and

4. Granting such other relief as is just and proper.

Dated: February 10, 2022  PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ John D. Fiero*
Debra I. Grassgreen
John D. Fiero
Cia H. Mackle

Attorneys for Michael I. Goldberg,
Trustee of the PFI Trust

# EXHIBIT 1
# SCHEDULE OF NETTED CLAIMS TO BE MODIFIED

| Date Scheduled | UOA Claim No. | Claimant Name | Debtor | Amount Scheduled | Basis for Modification | Modified Amount[1] |
|---|---|---|---|---|---|---|
| 7/1/2021 | 21136 | JAMES DUKES FAMILY REVOCABLE LIVING TRUST | PFI | $244,884.84 | Claimant was credited with $333,333.33 of "cash in" based on a rollover in that amount on 7/16/2015 from Jimmy Dukes (UOA: 20627; Rollover ID: 566). However, rollover cash in should only have been credited in the amount of $60,912.51 as a result of UOA 20627's negative net amount and clawback liability. | $0.00 |
| 7/1/2021 | 21294 | ROBERT A. DUKES | PFI | $180,833.21 | Claimant was credited with $333,333.34 of "cash in" based on a rollover in that amount on 7/16/2015 from Jimmy Dukes (UOA: 20627; Rollover ID: 564). However, rollover cash in should only have been credited in the amount of $60,912.52 as a result of UOA 20627's negative net amount and clawback liability. | $0.00 |
| 7/1/2021 | 21461 | JOSEPH PAUL DUKES | PFI | $172,222.09 | Claimant was credited with $333,333.33 of "cash in" based on a rollover in that amount on 7/16/2015 from Jimmy Dukes (UOA: 20627; Rollover ID: 1768). However, rollover cash in should only have been credited in the amount of $60,912.51 as a result of UOA 20627's negative net amount and clawback liability. | $0.00 |
| 7/1/2021 | 20154 | HENRY ORCHIER | PFI | $26,407.94 | Claimant was credited with $125,000 of "cash in" based on a rollover in that amount on 10/16/2015 from Gail Orchier (UOA: 20163; Rollover ID: 3495). However, rollover cash in should only have been credited in the amount of $69,768.33 as a result of UOA 20163's negative net amount and clawback liability. | $0.00 |

---

[1] To the extent a Claimant's UOA Claim is reduced to $0.00, there may be clawback liability associated therewith, for which the PFI Trust intends to make a demand pursuant to the clawback settlement procedures approved by the Court.

| Date Scheduled | UOA Claim No. | Claimant Name | Debtor | Amount Scheduled | Basis for Modification | Modified Amount[1] |
|---|---|---|---|---|---|---|
| 7/1/2021 | 21329 | JOHN H. ROBBINS | PFI | $15,251.92 | Claimant was credited with $22,500 of "cash in" based on a rollover in that amount on 5/16/2017 from Virginia Laudisio (UOA: 21508; Rollover ID: 1757). However, rollover cash in should only have been credited in the amount of $0.00 as a result of UOA 21508's negative net amount and clawback liability. | $0.00 |
| 7/1/2021 | 20054 | SALLY PHILLIPS | PFI | $115,833.32 | Claimant was credited with $120,000 of "cash in" based on rollovers in that amount on 1/16/2020 from Paul Reffell (UOA: 21523; Rollover IDs: 550, 1764). However, rollover cash in should only have been credited in the amount of $0.00 as a result of UOA 21523's negative net amount and clawback liability. | $0.00 |
| 7/1/2021 | 21751 | NATHANIEL CHAVIN | PFI | $100,690.65 | Claimant was credited with $101,833.65 of "cash in" based on rollovers in that amount on 1/1/2020 and 5/1/2020 from Janice Jacobson (UOA: 21482; Rollover IDs: 1916, 2227). However, rollover cash in should only have been credited the amount of $72,178.82 as a result of UOA 21482's negative net amount and clawback liability. | $71,035.82 |
| 7/1/2021 | 21633 | MATT SHUTMAN | PFI | $62,475.00 | Claimant was credited with $60,000 of "cash in" based on a rollover in that amount on 4/16/2020 from Jan Harvey (UOA: 21332; Rollover ID: 2023). However, rollover cash in should only have been credited the amount of $30,332.74 as a result of UOA 21332's negative net amount and clawback liability. | $31,324.38 |
| 7/1/2021 | 20781 | TERESA ANN CLARK TRUST DTD 8/14/97 | PFI | $148,404.12 | Claimant was credited with $50,000 of "cash in" based on a rollover in that amount on 2/16/2014 from Teresa Ann Clark Trust (UOA: 20475; Rollover ID: 1744). However, rollover cash in should only have been credited the amount of $38,151.27 as a result of UOA 20475's negative net amount and clawback liability. | $136,555.49 |