Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Cia H. Mackle (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower
40th Floor
San Francisco, CA 94105-1020
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: dgrassgreen@pszjlaw.com
jfiero@pszjlaw.com
cmackle@pszjlaw.com

Counsel for Michael Goldberg, Trustee of the PFI Trust

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>**PROFESSIONAL FINANCIAL INVESTORS, INC.**, a California corporation, et al.,<br><br>Debtors. | Case No. 20-30604 (HLB)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**PFI TRUSTEE'S SEVENTH OMNIBUS OBJECTION TO CLAIMS (SATISFIED SCHEDULED REAL ESTATE PROPERTY TAX CLAIMS)**<br><br>Date: March 17, 2022<br>Time: 10:00 a.m.<br>Judge: Hon. Hannah L. Blumenstiel<br>Place: Telephonic/Video Appearances Only |

**TO THE HONORABLE HANNAH L. BLUMENSTIEL, UNITED STATES BANKRUPTCY JUDGE:**

Pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 3007, and Rule 3007-1 of the Bankruptcy Local Rules, Michael Goldberg (the "PFI Trustee"), trustee for the PFI Trust (the "PFI Trust") established pursuant to the *Modified Second Amended Joint Chapter 11 Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and Ad Hoc DOT Noteholders Committee filed on November 1, 2021* [Dkt. No. 964] (the "Plan"), hereby objects (the

"Objection") to the scheduled claims identified on the attached **Exhibit 1** (the "Claims") for the persons and entities identified thereon (the "Claimants") on the grounds that the Claims have already been satisfied in whole by PFI and its affiliated debtors (the "Debtors"), and the Claims should be disallowed.

The Objection is based on the *Declaration of Michelle Herman in Support of Trustee's Seventh Omnibus Objection* (the "Herman Declaration") filed herewith, and any other evidence properly before the Court, prior to or at any hearing on the Objection. Pursuant to the Court's *Order Approving Joint Motion For Order Approving (A) Procedures for Filing Omnibus Objections to Claims and (B) The Form and Manner of Notice of Omnibus Objections* [Docket No. 1032], the PFI Trust is not required to attach the Proofs of Claim to this Objection.

# I.

# BACKGROUND

### A. The Bankruptcy Case

On July 16, 2020, creditors of Professional Investors Security Fund, Inc. ("PISF"), commenced an involuntary chapter 11 bankruptcy action against PISF, Case No. 20-30579 (the "PISF Case"). On July 26, 2020, PISF filed a consent to the entry of an order for relief in the PISF Case, entered by the Court on July 27, 2020.

On July 26, 2020, PFI (together with PISF, the "Original Debtors") commenced its bankruptcy case by filing a voluntary chapter 11 petition. Subsequently, PFI commenced involuntary petitions against its affiliated LLCs and limited partnerships (the "LLC/LP Debtors").

### B. The Confirmed Plan and the PFI Trust

By order dated November 2, 2021, this Court confirmed the Plan [Docket No. 966]. December 15, 2021 is the Effective Date of the Plan.

Pursuant to Section 7.2 of the Plan, the PFI Trust, acting through the PFI Trustee, is authorized to object to claims.

The Court retained jurisdiction under the Plan to hear and determine commenced claims objections. Plan, Article IX.

Pursuant to the Plan, the Claim Objection Deadline is 180 days after the Effective Date (*i.e.*, July 13, 2022). Plan, §1.26.

**C. <u>The Claims</u>**

On May 13, 2021, the Debtors filed their amended schedules, which listed certain secured real estate taxes owed to governmental authorities.

The Debtors' scheduled real estate tax obligations were paid during the pendency of the cases.

## II.

## ARGUMENT

**A. <u>The Court Must Determine the Allowance of a Claim Subject to Objection</u>**

With certain exceptions, section 502(b) of the Bankruptcy Code requires, in relevant part, that if a party in interest objects to a claim, "the Court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that -- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . ."

**B. <u>Burden of Proof</u>**

All allegations set forth in a properly filed proof of claim are taken as true and, if the allegations set forth all facts necessary to establish a claim and are not self-contradictory, the proof constitutes *prima facie* evidence of the validity and amount of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). However, a claimant must attach copies of writings upon which claims are based in order to carry its burden of establishing a *prima facie* case against the debtor. *Hardin v. Gianni (In re King Investments Inc.)*, 219 B.R. 848, 858 (B.A.P. 9th Cir. 1998). Further, a claim should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law. 11 U.S.C. § 502(b)(1).

Once the objector raises "facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a

preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm*, 931 F.2d at 623. In considering an objection to a claim, a bankruptcy court may take judicial notice of the underlying records in a bankruptcy case. *O'Rourke v. Seaboard Surety Co., (In re ER Fergert, Inc.)*, 887 F.2d 955, 957-958 (9th Cir. 1998).

### C. The Objection

Based upon a review of each of the Claims listed on **Exhibit 1**, their supporting documentation and PFI's books and records, the Trustee has determined that each Claim on **Exhibit 1** should be disallowed because they are unenforceable against the Debtors under applicable law as they have been satisfied and should therefore be disallowed and expunged from the claims registry in order to ensure that a double recovery is not received.

### III.

### RESERVATION OF RIGHTS

Notwithstanding anything contained in this Motion or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Trustee may have to (a) bring avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, 11 U.S.C. § 547, against the holders of the Claims; or (b) exercise any right of setoff against the holders of the Claims relating to such avoidance actions.

//
//
//
//
//
//
//
//
//

4

## IV.

## CONCLUSION

WHEREFORE, the PFI Trustee respectfully requests that the Court enter an Order:

1. Sustaining the Objection in its entirety;

2. Disallowing the Claims listed on **Exhibit 1** applicable to the Claimant;

3. Preserving any and all rights of the PFI Trustee to pursue affirmative claims against any Claimant; and

4. Granting such other relief as is just and proper.

Dated: February 10, 2022  PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ John D. Fiero*
Debra I. Grassgreen
John D. Fiero
Cia H. Mackle

Attorneys for Michael I. Goldberg,
Trustee of the PFI Trust

5

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

DOCS_LA:342191.1 70012/001

# EXHIBIT 1
## Claims to be Disallowed

| Date Scheduled | Claim No. | Claimant Name | Debtor | Classification | Amount | Basis for Disallowance |
|---|---|---|---|---|---|---|
| 5/13/2021 | 50600 | MARIN COUNTY | PROFESSIONAL INVESTORS 48, LLC | SECURED | $42,689.76 | The full amount was paid across two checks; check 1195 ($29,708.67) and check 1196 ($12,981.09), both dated 4/9/2021 |
| 5/13/2021 | 50601 | MARIN COUNTY | PROFESSIONAL INVESTORS 49, LLC | SECURED | $65,765.84 | The originally scheduled claim amount was incorrect and should have been reflected as $63,778.78. The tax bill ($63,778.78) and two supplemental tax bills ($20,267.34 and 47,485.46) totaling $131,531.68 were paid by check 1127, dated 4/9/2021 |
| 5/13/2021 | 50584 | MARIN COUNTY TAX COLLECTOR | PROFESSIONAL INVESTORS 46, LLC | SECURED | $106,544.36 | Full amount paid; check 1199, dated 4/9/2021 |
| 5/13/2021 | 50585 | MARIN COUNTY TAX COLLECTOR | PROFESSIONAL INVESTORS 23, LLC | SECURED | $139,555.56 | Full amount paid; check 2291, dated 4/9/2021 |
| 5/13/2021 | 50586 | MARIN COUNTY TAX COLLECTOR | PROFESSIONAL INVESTORS 25, LLC | SECURED | $99,280.96 | Full amount paid; check 2130, dated 4/9/2021 |
| 5/13/2021 | 50587 | MARIN COUNTY TAX COLLECTOR | PROFESSIONAL INVESTORS 34, LLC | SECURED | $146,768.94 | Full amount paid; check 1829, dated 4/9/2021 |
| 5/13/2021 | 50588 | MARIN COUNTY TAX COLLECTOR | PROFESSIONAL INVESTORS 27, LLC | SECURED | $82,161.88 | Full amount paid; check 2244, dated 4/9/2021 |
| 5/13/2021 | 50589 | SONOMA COUNTY TAX COLLECTOR | PROFESSIONAL INVESTORS 29, LLC | SECURED | $16,736.72 | The tax bill was corrected. The full amount of the corrected bill, $16,386.06, was paid; check 1739, dated 5/26/2021 |