Lisa de Mondesir
2170 Century Park East, #1106
Los Angeles, CA 90067
(310) 266-8118
ldemondesir@gmail.com

March 24, 2022

By Overnight Mail

Judge Hannah L. Blumenstiel
U.S. Bankruptcy Court for the Northern District of California
450 Golden Gate Avenue
Mail Box 36099
San Francisco, CA 94102

Re: In re Professional Financial Investors, Inc., Case 3:20-bk-30604

Dear Judge Blumenstiel:

I am a creditor, and a member of the Official Committee of Unsecured Creditors. I write in relation to the Declaration of Keith Merron (Doc. #1342) filed in support of the Pachulski firm's final fee application, with its reply (Doc. #1340), which declaration purports to articulate "the Committee's position" as to various matters (¶¶2, 6, 8).

The declaration should be disregarded. The decision to submit a declaration was not unanimous. I for one opposed its submission and believe the Committee's supporting any fee application is inconsistent with its fiduciary duty to maximize recoveries. Also, none of the facts proffered have any bearing on the issues raised in the SEC's objection. Indeed, it acknowledges "the committee has no expertise determining 'reasonable compensation for actual, necessary services rendered' as dictated by Bankruptcy Code section 330 [and so will] defer to the Court on the subject of reasonableness" (¶8). If that is the case, what was the purpose of the declaration? There is none.

The Court has an independent duty to evaluate fee application considering all relevant factors, including the results achieved. In re Allied Computer Repair Inc., 202 B.R. 877 (Bankr. W.D. Ky. 1996) ("the majority of Courts agree that the results obtained is a major factor in determining whether the services at issue bestowed a benefit on the estate", and reducing fees based on the results achieved). And whether the fees charged are commensurate with the results achieved. Id. at 888 ("billable hours do not necessarily translate into compensable hours"; "The prudent attorney routinely deducts charges for services rendered on claims that have not been wholly successful, and adjust the bill to make the charge for a given service commensurate with the benefit to the client generated by that service" and the same should occur in bankruptcy); see also In re Chas. A. Stevens & Co., 105 B.R. 866, 872 (Bankr. N.D. Ill. 1989) ("The estate is not a cash cow to be milked to death by professionals seeking compensation for services rendered to the estate which have not produced a benefit commensurate with the fees sought").

The Court should undertake the analysis required under section 330 without considering the declaration. I am sensitive to the volume of letters being transmitted to Your Honor in relation to

professional fee applications, but the record needs to be corrected in light of the representation that the declaration, and the decision to support any professional's fee application, represents the position of "the Committee".

Respectfully,

*[signature]*

Lisa de Mondesir

```
3/25/22, 12:09 PM
```

ORIGIN ID:TSSA  (212) 490-4700          SHIP DATE: 25MAR22
SYDNEY CALHOUN                           ACTWGT: 0.50 LB
                                         CAD: 250845709/INET4460
131 WEST 35TH STREET
12TH FLOOR                               BILL SENDER
NEW YORK, NY 10001
UNITED STATES US

TO  JUDGE HANNAH L. BLUMENSTIEL
    U.S. BANKRUPTCY COURT N. DIST. CA
    450 GOLDEN GATE AVENUE
    MALI BOX 36099
    SAN FRANCISCO CA 94102
    (212) 490-4700       REF: 53100122
    INV:
    PO:                          DEPT:




FedEx Express

MON - 28 MAR 4:30P
STANDARD OVERNIGHT

TRK# 7764 0063 0118
0201

XW APCA                          94102
                          CA-US  SFO



**RECEIVED**
MAR 28 2022
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

